## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ROBERT DAVIS,**                Case No. 20-cv-
**VENIAS JORDAN, JR.,** and      **Hon.**
**LEIGH REED-PRATT,**
         Plaintiffs,

v.

**WAYNE COUNTY BOARD OF CANVASSERS,**
         Defendant.
_____/

**ANDREW A. PATERSON (P18690)**
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com
_____/

## <u>COMPLAINT AND JURY DEMAND</u>

**NOW COME** Plaintiffs, ROBERT DAVIS, VENIAS JORDAN,

JR., and LEIGH REED-PRATT, by and through their attorney,

ANDREW A. PATERSON, and for their Complaint and Jury Demand

("Complaint"), state as follows:

## I.    NATURE OF PLAINTIFFS' CLAIMS

1. Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983; 28
   U.S.C. §§ 1331, 1337, 1343, and 1367; and, the Declaratory
   Judgment Act, 28 U.S.C. § 2201, *et. seq.*

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' claims pursuant to 42
   U.S.C. 1983; 28 U.S.C. §§ 1331, 1332, 1337, 1343, and 1367.

3. This Court also has jurisdiction to render and issue a declaratory
   judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §
   2201, *et. seq.*

4. Venue is proper in the Eastern District of Michigan under 28
   U.S.C. § 1391(b)(1). Under 28 U.S.C. § 1391(b)(1), venue is proper
   in "a judicial district in which any defendant resides, if all
   defendants are residents of the State in which the district is
   located."   Upon information and belief, all of the named
   Defendants are residents of the State of Michigan or have a place
   of business in the State of Michigan, and at least one of the
   Defendants reside in the Eastern District of Michigan. Therefore,

venue is proper within the Eastern District of Michigan under 28 U.S.C. § 1391(b)(1).[1]

5. All events giving rise to the causes of action pleaded and alleged herein occurred in the Eastern District of Michigan.

## III. **PARTIES**

6. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

7. Plaintiff, Robert Davis ("**Plaintiff Davis**"), is a resident and registered voter of the City of Highland Park, County of Wayne, State of Michigan. Plaintiff Davis voted in the August 4, 2020 primary election.

8. Plaintiff, Venias Jordan, Jr. ("**Plaintiff Jordan**"), is a resident and registered voter of the County of Wayne, State of Michigan. Plaintiff Jordan voted in the August 4, 2020 primary election.

---

[1] Under 28 U.S.C. § 1391(b)(1) venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Furthermore, under 28 U.S.C. § 1391(c)(2), a corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction." The determination of the proper venue for a civil action in federal court is "generally governed by 28 U.S.C. 1391." *Atlantic Marine Const. Co. v U.S. District. Court for W.Dist. of Texas*, 571 U.S. 49, 55 (2013). "[T]he court must determine whether the case falls within one of the three categories set out in 1391(b). If it does, venue is proper[.]" *Id*. at 55.

9. Plaintiff, Leigh Reed-Pratt ("**Plaintiff Reed-Pratt**"), is a resident and registered voter of the City of Detroit, County of Wayne, State of Michigan.   Plaintiff Reed-Pratt voted in the August 4, 2020 primary election.

10. Defendant, Wayne County Board of Canvassers ("**Defendant Board of Canvassers**"), pursuant to Mich. Comp. Laws §§168.24a, 168.24c and 168.822, and 168.826, is the four-member board selected by a majority of the Wayne County Board of Commissioners that is charged with the statutory duties of canvassing, certifying, determining and declaring the results of elections held in Wayne County.  In accordance with MCL 168.821 and 168.822, the Defendant Board of Canvassers "shall meet at the office of the county clerk no later than 9 a.m. on the Thursday after any election held in the county" and "shall then proceed without delay to canvass the returns of votes cast for all candidates for offices voted for and all questions voted on at the election, according to the precinct returns filed with the probate judge or presiding probate judge by the several city and township clerks[.]"

11.     An actual controversy exists between the Plaintiffs and the named Defendants.

## GENERAL ALLEGATIONS AND STATEMENT OF FACTS

12.     Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

### Candidates Filing To Run For The Office of Wayne County Prosecutor

13.     On November 4, 2019, Victoria Burton-Harris filed an affidavit of identity, along with a $100 filing fee, with the Wayne County Clerk to qualify as a candidate for the Democratic Party for the office of prosecuting attorney for the County of Wayne.

14.     On March 18, 2020, Kym Worthy filed an affidavit of identity, along with a $100 filing fee, with the Wayne County Clerk to qualify as a candidate for the Democratic Party for the office of prosecuting attorney for the County of Wayne. (**See Kym Worthy's affidavit of identity attached as Exhibit A**).

15.     The filing deadline for a candidate to file an affidavit of identity and $100 filing fee to qualify to have their name printed on the August 4, 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor was by 4 p.m. on April 21, 2020.

16.     Kym Worthy and Victoria Burton-Harris were only two (2)
candidates who timely filed affidavits of identity and the $100 filing
fee to have their names printed on the August 4, 2020 primary
election ballot as candidates for the Democratic Party's nomination
for the office of Wayne County Prosecutor.

17.     According to the Wayne County Clerk, no person timely filed
an affidavit of identity and $100 filing fee by the filing deadline date
to have their name printed on the August 4, 2020 primary election
as a candidate for the Republican Party's nomination for the office
of Wayne County Prosecutor.

18.     However, on July 23, 2020, pursuant to Mich. Comp. Laws
§168.737a(1), Shane Anders timely filed with the Wayne County
Clerk a declaration of intent to run as a write-in candidate as a
Republican in the August 4, 2020 primary election for the office of
Wayne County Prosecutor. (**See Shane Anders' Declaration of
Intent to Be A Write-In Candidate attached as Exhibit B**).

19.     Pursuant to Mich. Comp. Laws §168.737a(1), the statutory
deadline for a person to file a declaration of intent to be a write-in

candidate for any office appearing on the August 4, 2020 primary election ballot was by 4 p.m. on July 24, 2020.

20.     As of Friday, July 31, 2020, Shane Anders was the only candidate who timely filed with the Wayne County Clerk a declaration of intent to run as a write-in candidate as a Republican in the August 4, 2020 primary election for the office of Wayne County Prosecutor.

21.     Pursuant to Mich. Comp. Laws §168.191, Shane Anders' satisfies the statutory requirements to be eligible to run for the office of Wayne County Prosecutor.

### Victoria Burton-Harris' State-Court Case

22.     On or about June 2, 2020, Victoria Burton-Harris, who was a democratic candidate for the office of Wayne County Prosecutor, filed a legal challenge with the Wayne County Clerk and Wayne County Election Commission, challenging the certification of Kym Worthy's name to appear on the August 4, 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor for the Democratic Party. (**See Victoria Burton-Harris' Legal Challenge attached as Exhibit C)**.

23. On June 5, 2020, the Wayne County Election Commission convened to formally approve and certify the names of the candidates whose names would appear on the August 2020 primary election ballot.

24. However, prior to the June 5, 2020 meeting of the Wayne County Election Commission, the Wayne County Clerk issued a written determination rejecting Victoria Burton-Harris' legal challenge and further advising that the Wayne County Clerk would be certifying Kym Worthy's name to appear on the August 4, 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor for the Democratic Party. (**See Wayne County Clerk's June 5, 2020 Determination letter attached as Exhibit D**).

25. During the Wayne County Election Commission's June 5th meeting, they also discussed Victoria Burton-Harris' legal challenge. After hearing arguments from counsel representing Victoria Burton-Harris and Kym Worthy, the Wayne County Election Commission voted to approve the Wayne County Clerk's certification of Kym Worthy's name to appear on the August 2020

primary election ballot as a candidate for the office of Wayne County Prosecutor for the Democratic Party.

26.     That same day, on June 5, 2020, Victoria Burton-Harris filed a state-court complaint and emergency motion for declaratory judgment, writ of mandamus and temporary restraining order in the Wayne County Circuit Court.

27.     Pursuant to the Third Judicial Circuit Court's Local Administrative Order 2017-08, Wayne County Circuit Court Chief Judge Tim Kenny ("Chief Judge Kenny") was automatically assigned Victoria Burton-Harris' election case. (**See Local Administrative Order 2017-08 attached as Exhibit E**).

28.     Victoria Burton-Harris also filed an *ex parte* motion for temporary restraining order and order to show cause.  However, Chief Judge Kenny did not grant Victoria Burton-Harris' *ex parte* motion for temporary restraining order, but instead, entered an order to show cause requiring the Wayne County Clerk and Wayne County Election Commission to show cause why a writ of mandamus and/or preliminary injunction should not issue.

29.     Chief Judge Kenny set a hearing for Victoria Burton-Harris' order to show cause to be heard on June 15, 2020 at Noon.

30.     On June 9, 2020, Victoria Burton-Harris filed with the Michigan Court of Appeals an emergency Application for Leave to Appeal Chief Judge Kenny's June 8, 2020 order denying Victoria Burton Harris' *ex parte* motion for temporary restraining order. See Michigan Court of Appeals Docket No. 353770.

31.     That same day, the Michigan Court of Appeals promptly entered an order denying Victoria Burton-Harris' emergency Application for Leave to Appeal. *See Burton-Harris v Wayne County Clerk*, unpublished order of the Court of Appeals, entered June 9, 2020 (Docket No. 353770).[2]

---

[2] Notably, Chief Judge Kenny's June 8, 2020 order to show cause did not explicitly state that the state-court denied Victoria Burton Harr's *ex parte* motion for temporary restraining order.  Thus, one could conclude that the Michigan Court of Appeals lacked jurisdiction over Victoria Burton-Harris' emergency application for leave to appeal.  It is well-settled that the Michigan Court of Appeals has jurisdiction to hear appeals from orders, whether they be final orders for purposes of an appeal of right, or interlocutory for purposes of an application for leave to appeal.  See, generally, MCR 7.203(A) & (B); *Chen v Wayne State University*, 284 Mich App 172, 192-193; 771 NW2d 820 (2009).  Appealable orders, of course, are the written variety, not simply oral rulings made by the court from the bench.  *City of Sterling Heights v Chrysler Group LLC*, 309 Mich App 676, 682; 873 NW2d 342 (2015).  However, Chief Judge Kenny never signed and entered a written order denying Victoria Burton-Harris' *ex parte* motion for temporary restraining order.

32.     On June 11, 2020, while the Victoria Burton-Harris election case was pending in the state court, community activist Plaintiff Davis timely filed an Emergency Motion to Intervene as a plaintiff in the case pursuant to MCR 2.209(A)(3) and MCR 2.209(B)(2).

33.     Chief Judge Kenny set a hearing for Plaintiff Davis' emergency motion to intervene to be held on Monday, June 15, 2020 at Noon, on the same day as Victoria Burton-Harris' show cause hearing.

34.     On June 15, 2020, Chief Judge Kenny heard arguments in Victoria Burton-Harris' matter and after hearing arguments, Chief Judge Kenny denied Plaintiff Davis' Emergency Motion to Intervene on the basis of laches and also denied Victoria Burton-Harris' motions for writ of mandamus and declaratory judgment.

35.     That same day, Chief Judge Kenny entered a final order denying the requested relief and dismissing with prejudice Victoria Burton-Harris' case. (**See Chief Judge Kenny's June 15, 2020 Order in Burton-Harris case attached as Exhibit F**).

36.     Victoria Burton-Harris chose not to appeal Chief Judge Kenny's erroneous decision.

37.     However, on June 29, 2020, Plaintiff Davis timely filed a claim of appeal with the Michigan Court of Appeals appealing Chief Judge Kenny's June 15, 2020 Order denying Plaintiff Davis' motion to intervene. *See* Michigan Court of Appeals Docket No. 353999.

38.     The next day, on June 30, 2020, Plaintiff Davis filed a motion to expedite the appeal along with a motion for immediate consideration. On July 1, 2020, the Michigan Court of Appeals issued an order granting Plaintiff Davis' motion for immediate consideration, but **denying** Plaintiff Davis' motion to expedite the appeal. *See Vitoria Burton-Harris v Wayne County Clerk*, unpublished order of the Court of Appeals, entered July 1, 2020 (Docket No. 353999).

39.     Undeterred, on July 6, 2020, Plaintiff Davis filed with the Michigan Supreme Court an emergency bypass application and application for leave to appeal the July 1, 2020 order of the Michigan Court of Appeals.

40.     On July 15, 2020, the Justices of the Michigan Supreme Court entered an order granting immediate consideration, but denying Plaintiff Davis' emergency bypass application and application for

leave to appeal because the Michigan Supreme Court was "not persuaded that the remaining questions presented should be reviewed by this Court before consideration by the Court of Appeals." (**See Michigan Supreme Court's July 15, 2020 Order attached as Exhibit G**).

41.     Thus, Plaintiff Davis' appeal of Chief Judge Kenny's decision denying Plaintiff Davis' motion to intervene in the Burton-Harris' election case remains pending in the Michigan Court of Appeals. *See* Michigan Court of Appeals Docket No. 353999.

## Brenda Jones' Candidacy for U.S. Congress for 13th Congressional District.

42.     On April 19, 2020, pursuant to Mich. Comp. Laws §§ 168.133 and 168.558, Brenda Jones filed with the Wayne County Clerk nominating petitions along with an affidavit of identity to qualify as a candidate for U.S. Congress for the 13th Congressional District. (**See Brenda Jones' Affidavit of Identity attached as Exhibit H**).

43.     Mich. Comp. Laws §168.558(4) states in relevant part:

An affidavit of identity must include a statement that as of the date of the affidavit, all statements, reports, late filing fees, and fines required of the candidate or any candidate committee organized to support the candidate's election under

the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid; and a statement that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both.

44.    Mich. Comp. Laws §168.558(4) further provides:

> An officer shall not certify to the board of election commissioners the name of a candidate who fails to comply with this section, or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section. (emphasis supplied).

45.    On May 30, 2020, Plaintiff Davis sent an email to Gil Flowers, the Campaign Finance Manager for the Office of the Wayne County Clerk, seeking to confirm information contained on Defendant Wayne County Clerk's public campaign finance website regarding Defendant Jones and her campaign committee for re-election to the Detroit City Council. (**See Plaintiff Davis' May 30, 2020 Email attached as Exhibit I**).

46.    Specifically, Plaintiff Davis' May 30th email communication sought to confirm that Brenda Jones' City Council Candidate Committee had multiple campaign finance reports and/or statements that remained unfiled as of the date of her affidavit of

identity and as of the date of Plaintiff Davis' May 30th email. (**See Plaintiff Davis' May 30, 2020 Email attached as Exhibit I**).

47.     On June 2, 2020, Gil Flowers responded and advised Plaintiff Davis that "Per our online record this committee has failed to file several amendment campaign statements." (**See Gil Flowers' June 2, 2020 Email Reply attached as Exhibit I**).

48.     Then on June 1, 2020, Plaintiff Davis sent another email communication to Gil Flowers seeking confirmation as to whether Brenda Jones had filed a postelection statement required under Mich. Comp. Laws §168.848 prior to Defendant Jones assuming the duties of Detroit City Councilwoman on January 1, 2018. (**See Plaintiff Davis' June 1, 2020 Email to Gil Flowers attached as Exhibit J**).

49.     On June 3, 2020, Gil Flowers responded and advised Plaintiff Davis that, as of June 3, 2020, neither Brenda Jones nor Wayne County Prosecutor Kym Worthy had filed with the Wayne County Clerk the postelection statement required under Mich. Comp. Laws §168.848. (**See Gil Flowers' June 3, 2020 Response attached as Exhibit J**).

50.    Despite having this information, which included Plaintiff Davis' detailed emails and Gil Flowers' responses, on June 5, 2020, the Wayne County Clerk certified Brenda Jones' name to the Wayne County Election Commission to appear on the August 4, 2020 primary election ballot as a candidate for the office of U.S. Congress for the 13th Congressional District.

51.    Despite having this information, which included Plaintiff Davis' detailed emails and Gil Flowers' responses, on June 5, 2020, members of the Wayne County Election Commission convened and voted to approve the Wayne County Clerk's certification of Brenda Jones' name to appear on the August 4, 2020 primary election ballot.

52.    The Wayne County Election Commission and Wayne County Clerk were aware of the deficiencies in Brenda Jones' affidavit of identity prior to the Wayne County Election Commission convening and meeting on June 5, 2020 to approve the Wayne County Clerk's certification of candidates' names to appear on the primary election ballots.

## CAUSES OF ACTION

### COUNT I
### Plaintiffs Davis, Jordan and Reed-Pratt's Right To Vote Was Violated With The Dilution Of Plaintiffs' Legitimate Votes By Defendant County Board of Canvassers Counting Improper Votes Cast For Kym Worthy.

53.     Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

54.     This claim is brought by Plaintiffs Davis, Jordan, and Reed-Pratt against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

55.     This claim, which is brought by Plaintiffs Davis, Jordan, and Reed-Pratt against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

56.     On August 4, 2020, Plaintiff Davis voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor.

57.     On August 4, 2020, Plaintiff Jordan voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor.

58.     On August 4, 2020, Plaintiff Reed-Pratt voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor.

59.     On Wednesday, August 5, 2020 at 3 p.m., Defendant Wayne County Board of Canvassers convened to begin their statutory duty of tallying, counting and certifying the election results from the August 4, 2020 primary election.

60.     Prior to their August 5, 2020 meeting, counsel for Plaintiffs sent members of the Defendant Wayne County Board of Canvassers and their legal counsel, Janet Anderson-Davis, an email requesting that the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Kym Worthy.

61.     At the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, Plaintiffs' counsel spoke during citizens' participation and again, requested the members of the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Kym Worthy.

62.     After Plaintiffs' counsel spoke during the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, counsel for the Defendant Wayne County Board of Canvassers advised Plaintiffs' counsel on the record that any and all votes cast for Kym Worthy would be counted, tallied and certified by the Defendant Wayne County Board of Canvassers absent an order for a court ordering the Defendant Wayne County Board of Canvassers not to count said votes cast for Kym Worthy.

63.     Pursuant to Mich.Comp.Laws §§ 168.822, 168.824, 168.825, and 168.826, Defendant Wayne County Board of Canvassers has the statutory duty to count, tally, and certify the election results from the August 4, 2020 primary election.

64.     Pursuant to Mich.Comp.Laws §§ 168.197 and 168.687, the Defendant Wayne County Board of Canvassers has the statutory duty to certify to the Wayne County Election Commission the names of each candidate who received the highest number of votes for each political party for the office of Wayne County Prosecutor.

65.     Mich.Comp.Laws §168.550 provides:

> ***No candidate shall have his name printed upon any official primary election ballot of any***

*political party* in any voting precinct in this state unless he shall have filed nominating petitions according to the provisions of this act, **and all other requirements of this act have been complied with in his behalf**, except in those counties qualifying candidates upon the payment of fees. (Emphasis supplied).

66.     However, Michigan Election Law allows candidates to qualify for the office of prosecuting attorney by filing a $100 filing fee in lieu of the nominating petitions.  Mich.Comp.Laws §168.193(2) provides, in relevant part:

> (2) To obtain the printing of the name of a candidate of a political party under the particular party's heading upon the primary election ballots in the various voting precincts of the county, there may be filed by the candidate, in lieu of filing nomination petitions, a filing fee of $100.00 to be paid to the county clerk. **Payment of the fee and certification of the candidate's name paying the fee shall be governed by the same provisions as in the case of nominating petitions**. (Emphasis supplied).

67.     Mich.Comp.Laws §168.560 provides:

> **Ballots other than those furnished by the board of election commissioners, *according to the provisions of this act, shall not be used, cast, or counted in any election precinct at any election*.** The size of all official ballots shall be as the board of

> election commissioners prescribes. (Emphasis
> supplied).

68.     As noted, on March 18, 2020, Kym Worthy executed and

filed her affidavit of identity, along with the $100 filing, with the

Wayne County Clerk and Gil Flowers. (Exhibit A).

69.     Kym Worthy did **not** file two (2) copies of the affidavit of

identity when she filed the original affidavit of identity with the

Wayne County Clerk and Gil Flowers on March 18, 2020.

70.     On June 1, 2020, Plaintiff Davis sent an email

communication to Gil Flowers seeking confirmation as to whether

Kym Worthy and Brenda Jones had filed a postelection statement

required under Mich. Comp. Laws §168.848 (**See Plaintiff Davis'**

**June 1, 2020 Email to Gil Flowers attached as Exhibit J**).

71.     On June 3, 2020, Gil Flowers responded and advised Activist

Davis that, as of June 3, 2020, neither Kym Worthy nor Brenda

Jones had filed with the Wayne County Clerk the postelection

statement required under Mich. Comp. Laws §168.848. (**See Gil**

**Flowers' June 3, 2020 Response attached as Exhibit J**).

72.     Despite having this information, members of the Defendant

County Election Commission convened and voted to certify and

approve Kym Worthy's name to appear on the August 4, 2020

primary election ballot.

73.     Mich. Comp. Laws §168.550 of Michigan Election Law,

states:

> *No candidate shall have his name printed upon any*
> *official primary election ballot of any political party* in
> any voting precinct in this state *unless he shall have filed*
> *nominating petitions according to the provisions of*
> *this act, and all other requirements of this act have*
> *been complied with in his behalf*, except in those counties
> qualifying candidates upon the payment of fees. (emphasis
> supplied).

74.     Mich. Comp. Laws §168.558(1) of Michigan Election Law,

states in relevant part:

> (1) When filing a nominating petition, qualifying petition,
> filing fee, or affidavit of candidacy for a federal, county,
> state, city, township, village, metropolitan district, or school
> district office in any election, a candidate *shall file with*
> *the officer* with whom the petitions, fee, or affidavit is filed
> *2 copies of an affidavit of identity*. (emphasis supplied).

75.     Mich. Comp. Laws §168.558(4) of Michigan Election Law,

further provides in pertinent part:

> (4) An affidavit of identity must include a statement that as
> of the date of the affidavit, all statements, reports, late filing
> fees, and fines required of the candidate or any candidate

committee organized to support the candidate's <u>election</u> under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid; and a statement that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both. If a candidate files the affidavit of identity with an officer other than the county clerk or secretary of state, the officer shall immediately forward to the county clerk 1 copy of the affidavit of identity by first-class mail. The county clerk shall immediately forward 1 copy of the affidavit of identity for state and federal candidates to the secretary of state by first-class mail. ***An officer shall not certify to the board of <u>election</u> commissioners the name of a candidate who fails to comply with this section***, ***or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section***.  (emphasis supplied).

76.     The ballot for the democratic primary for the office of Wayne County Prosecutor was **not** printed in accordance with Michigan Election Law because it included the name of Kym Worthy, whose name should not have been printed thereon.

77.     Kym Worthy's name should not have been printed on the August 4, 2020 primary election ballot as a candidate for Wayne County Prosecutor because (1) Kym Worthy failed to file 2 copies of her affidavit of identity as required under Mich.Comp.Laws

§168.558(1); and (2) Kym Worthy submitted an affidavit of identity that contained a false statement in violation of Mich.Comp.Laws §168.558(4).

78.      Thus, pursuant to Mich.Comp.Laws §168.560, the votes cast for Kym Worthy cannot be counted by the Defendant Wayne County Board of Canvassers.

79.      The counting, tallying and certification of the votes cast for Kym Worthy by the Defendant Wayne County Board of Canvassers will dilute the lawful votes cast by Plaintiffs Davis, Jordan and Reed-Pratt for Victoria Burton-Harris.

80.      The dilution of Plaintiffs Davis, Jordan and Reed-Pratt's lawful votes violates Plaintiffs Davis, Jordan and Reed-Pratt's fundamental right to vote and to have their votes counted.

81.       The lawful votes cast by Plaintiffs Davis, Jordan and Reed-Pratt for Victoria Burton-Harris will be nullified and cancelled out by the Defendant Wayne County Board of Canvassers' actions of counting and certifying the improper votes cast for Kym Worthy.

82.      Chief Judge Kenny's decision in the Victoria Burton-Harris state-court case amounted to an officially-sponsored election

procedure, which in its basis respects was flawed to the level of fundamental unfairness.

83.     Plaintiffs Davis, Jordan and Reed-Pratt have a fundamental right to have their votes counted, which can only be achieved by the Defendant Wayne County Board of Canvassers not being permitted to count, tally or certify any votes cast for Kym Worthy.

**WHEREFORE**, Plaintiffs Davis, Jordan and Reed-Pratt request this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

a. compensatory damages in whatever amount above $75,000.00 Plaintiffs are found to be entitled;

b. an award of exemplary and punitive damages;

c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

d. a declaration that Plaintiffs Davis, Jordan and Reed-Pratt's fundamental right to vote and to have their votes counted have been violated by the Defendant Wayne County Board of Canvassers by counting and/or certifying votes cast for Kym Worthy;

e. a declaration that Plaintiffs Davis, Jordan and Reed-Pratt's votes have been diluted with  votes cast for Kym Worthy in the August 4, 2020 primary election being counted and certified by the Defendant Wayne County Board of Canvassers;

f. a declaration that Defendant Wayne County Board of Canvassers cannot count and/or certify any votes cast for Kym Worthy in the August 4, 2020 primary election;

g. a declaration that the ballots printed with Kym Worthy's name on them were not printed in accordance with Michigan

Election Law and thus, pursuant to Mich.Comp.Laws §168.560, said ballots cannot be counted by the Defendant Wayne County Board of Canvassers;

h. a declaration that Kym Worthy submitted an affidavit of identity containing a false statement in violation of Mich.Comp.Laws §168.558;

i. a declaration that Kym Worthy failed to file 2 copies of her affidavit of identity in violation of Mich.Comp.Laws §168.558;

j. an injunction enjoining the Defendant Wayne County Board of Canvassers from counting, tallying, and/or certifying any votes cast for Kym Worthy in the August 4, 2020 primary election; and

k. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II
### Plaintiffs Davis, Jordan and Reed-Pratt's Substantive Due Process Rights Have Been Violated With The Dilution Of Plaintiffs' Legitimate Votes By Defendant County Board of Canvassers Counting Improper Votes Cast For Kym Worthy.

84.     Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

85.     This claim is brought by Plaintiffs Davis, Jordan, and Reed-Pratt against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

86.    This claim, which is brought by Plaintiffs Davis, Jordan, and Reed-Pratt against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

87.    On August 4, 2020, Plaintiff Davis voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor.

88.    On August 4, 2020, Plaintiff Jordan voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor.

89.    On August 4, 2020, Plaintiff Reed-Pratt voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor.

90.    On Wednesday, August 5, 2020 at 3 p.m., Defendant Wayne County Board of Canvassers convened to begin their statutory duty of tallying, counting and certifying the election results from the August 4, 2020 primary election.

91.    Prior to their August 5, 2020 meeting, counsel for Plaintiffs sent members of the Defendant Wayne County Board of Canvassers and their legal counsel, Janet Anderson-Davis, an

email requesting that the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Kym Worthy.

92.     At the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, Plaintiffs' counsel spoke during citizens' participation and again, requested the members of the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Kym Worthy.

93.     After Plaintiffs' counsel spoke during the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, counsel for the Defendant Wayne County Board of Canvassers advised Plaintiffs' counsel on the record that any and all votes cast for Brenda Jones would be counted, tallied and certified by the Defendant Wayne County Board of Canvassers absent an order for a court ordering the Defendant Wayne County Board of Canvassers not to count said votes cast for Kym Worthy.

94.     Pursuant to Mich.Comp.Laws §§ 168.822, 168.824, 168.825, and 168.826, Defendant Wayne County Board of Canvassers has

the statutory duty to count, tally, and certify the election results from the August 4, 2020 primary election.

95. Pursuant to Mich.Comp.Laws §§ 168.197 and 168.687, the Defendant Wayne County Board of Canvassers has the statutory duty to certify to the Wayne County Election Commission the names of each candidate who received the highest number of votes for each political party for the office of Wayne County Prosecutor.

96. The counting, tallying and certification of the votes cast for Kym Worthy by the Defendant Wayne County Board of Canvassers will dilute the lawful votes cast by Plaintiffs Davis, Jordan and Reed-Pratt for Victoria Burton-Harris.

97. The dilution of Plaintiffs Davis, Jordan and Reed-Pratt's lawful votes violates Plaintiffs Davis, Jordan and Reed-Pratt's fundamental right to vote and to have their votes counted.

98. The lawful votes cast by Plaintiffs Davis, Jordan and Reed-Pratt for Victoria Burton-Harris will be nullified and cancelled out by the Defendant Wayne County Board of Canvassers' actions of counting and certifying the improper votes cast for Kym Worthy.

99.    Chief Judge Kenny's decision in the Victoria Burton-Harris state-court case amounted to an officially-sponsored election procedure, which in its basis respects was flawed to the level of fundamental unfairness.

100.    Plaintiffs Davis, Jordan and Reed-Pratt have a fundamental right to have their votes counted, which can only be achieved by the Defendant Wayne County Board of Canvassers not being permitted to count, tally or certify any votes cast for Kym Worthy.

**WHEREFORE**, Plaintiffs Davis, Jordan and Reed-Pratt request this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

    a. compensatory damages in whatever amount above $75,000.00 Plaintiffs are found to be entitled;

    b. an award of exemplary and punitive damages;

    c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

    d. a declaration that Plaintiffs Davis, Jordan and Reed-Pratt's substantive due process rights have been violated by the Defendant Wayne County Board of Canvassers;

    e. a declaration that Plaintiffs Davis, Jordan and Reed-Pratt's fundamental right to vote and to have their votes counted have been violated by Defendant Wayne County Board of Canvassers with the counting and/or certification of votes cast for Kym Worthy;

    f. a declaration that Plaintiffs Davis, Jordan and Reed-Pratt's votes have been diluted with the counting and certification of votes cast for Kym Worthy in the August 4,

2020 primary election by the Defendant Wayne County Board of Canvassers;

g. a declaration that Defendant Wayne County Board of Canvassers cannot count and/or certify any votes cast for Kym Worthy in the August 4, 2020 primary election;

h. a declaration that the ballots printed with Kym Worthy's name on them were not printed in accordance with Michigan Election Law and thus, pursuant to Mich.Comp.Laws §168.560, said ballots cannot be counted by the Defendant Wayne County Board of Canvassers;

i. a declaration that Kym Worthy submitted an affidavit of identity containing a false statement in violation of Mich.Comp.Laws §168.558;

j. a declaration that Kym Worthy failed to file 2 copies of her affidavit of identity in violation of Mich.Comp.Laws §168.558;

k. an injunction enjoining the Defendant Wayne County Board of Canvassers from counting, tallying, and/or certifying any votes cast for Kym Worthy in the August 4, 2020 primary election; and

l. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT III
**Plaintiff Jordan's Right To Vote Was Violated With The Dilution Of Plaintiffs' Legitimate Votes By Defendant County Board of Canvassers Counting Improper Votes Cast For Brenda Jones.**

101.    Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

102.    This claim is brought by Plaintiff Jordan against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*.

103.    This claim, which is brought by Plaintiff Jordan against the

Defendant Wayne County Board of Canvassers, seeks prospective

declaratory and injunctive relief.

104.    On August 4, 2020, Plaintiff Davis voted in the democratic

primary election and voted for incumbent U.S. Congresswoman

Rashida Tlaib for U.S. Congress for the 13th Congressional

District.

105.    On August 4, 2020, Plaintiff Jordan voted in the democratic

primary election and voted for incumbent U.S. Congresswoman

Rashida Tlaib for U.S. Congress for the 13th Congressional

District.

106.    On Wednesday, August 5, 2020 at 3 p.m., Defendant Wayne

County Board of Canvassers convened to begin their statutory

duty of tallying, counting and certifying the election results from

the August 4, 2020 primary election.

107.    Prior to their August 5, 2020 meeting, counsel for Plaintiffs

sent members of the Defendant Wayne County Board of

Canvassers and their legal counsel, Janet Anderson-Davis, an

email requesting that the Defendant Wayne County Board of

Canvassers not to count, tally or certify any votes cast for Brenda Jones.

108.     At the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, Plaintiffs' counsel spoke during citizens' participation and again, requested the members of the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Brenda Jones.

109.     After Plaintiffs' counsel spoke during the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, counsel for the Defendant Wayne County Board of Canvassers advised Plaintiffs' counsel on the record that any and all votes cast for Brenda Jones would be counted, tallied and certified by the Defendant Wayne County Board of Canvassers absent an order for a court ordering the Defendant Wayne County Board of Canvassers not to count said votes cast for Brenda Jones.

110.     Pursuant to Mich.Comp.Laws §§ 168.822, 168.824, 168.825, and 168.826, Defendant Wayne County Board of Canvassers has the statutory duty to count, tally, and certify the election results from the August 4, 2020 primary election.

111.    Pursuant to Mich.Comp.Laws §§ 168.137, the Defendant

Wayne County Board of Canvassers has the statutory duty to

certify to the State Board of Canvassers the names of each

candidate who received the highest number of votes for each

political party for the office of U.S. Congress.

112.    Mich.Comp.Laws §168.550 provides:

> ***No candidate shall have his name printed upon
> any official primary election ballot of any
> political party*** in any voting precinct in this state
> unless he shall have filed nominating petitions
> according to the provisions of this act, **and all other
> requirements of this act have been complied with
> in his behalf**, except in those counties qualifying
> candidates upon the payment of fees. (Emphasis
> supplied).

113.    Pursuant to Mich.Comp.Laws §168.133, "[i]n order for the

name of a person as a candidate for nomination by a political

party for the office of representative in congress to appear under a

particular party heading on the official primary ballot in the

election precincts of a congressional district, a nominating petition

shall have been signed by a number of qualified and registered

electors residing in the district as determined under section 544f

[Mich.Comp.Laws §168.544f]."

114.    Mich. Comp. Laws §168.558(1) of Michigan Election Law,

states in relevant part:

> (1) ***When filing a nominating petition***, qualifying
> petition, filing fee, or affidavit of candidacy ***for a federal***,
> county, state, city, township, village, metropolitan district, or
> school district ***office in any election, a candidate shall
> file with the officer with whom the petitions***, fee, or
> affidavit ***is filed 2 copies of an affidavit of identity***.
> (emphasis supplied).

115.     Mich. Comp. Laws §168.558(4) of Michigan Election Law,

further provides in pertinent part:

> (4) **An affidavit of identity must include a statement
> that as of the date of the affidavit, *all statements,
> reports, late filing fees, and fines required of* the
> candidate *or any candidate committee organized to
> support the candidate's election under the Michigan
> campaign finance act, 1976 PA 388, MCL 169.201 to
> 169.282, have been filed* or paid**; and a statement that the
> candidate acknowledges that making a false statement in
> the affidavit is perjury, punishable by a fine up to $1,000.00
> or imprisonment for up to 5 years, or both. If a candidate
> files the affidavit of identity with an officer other than the
> county clerk or secretary of state, the officer shall
> immediately forward to the county clerk 1 copy of the
> affidavit of identity by first-class mail. The county clerk shall
> immediately forward 1 copy of the affidavit of identity for
> state and federal candidates to the secretary of state by first-
> class mail. ***An officer shall not certify to the board of
> election commissioners the name of a candidate who***

> *fails to comply with this section, or the name of a*
> *candidate who executes an affidavit of identity that*
> *contains a false statement with regard to any*
> *information or statement required under this section.*
> (emphasis supplied).

116.    It is undisputed that Brenda Jones did not file two (2) copies

of her affidavit of identity when she filed to run for U.S. Congress

as required under Mich.Comp.Laws §168.558(1).

117.    It is undisputed that Brenda Jones' candidate committee for

her election to the Detroit City Council had numerous campaign

finance reports and/or statements that were outstanding and due

as of the date she executed her affidavit of identity to run for U.S.

Congress for the 13th Congressional District.

118.    It is undisputed that as of the date Brenda Jones executed

her affidavit of identity to run for U.S. Congress for the 13th

Congressional District, she had not to filed with the Wayne

County Clerk's officer her postelection statement required under

Mich.Comp.Laws §168.848.

119.    The ballot for the democratic primary for the office of U.S.

Congress for the 13th Congressional District was **not** printed in

accordance with Michigan Election Law because it included the

name of Brenda Jones, whose name should not have been printed thereon.

120.     Brenda Jones' name should not have been printed on the August 4, 2020 primary election ballot as a candidate for U.S.C Congress because (1) Brenda Jones  failed to file 2 copies of her affidavit of identity as required under Mich.Comp.Laws §168.558(1); and (2) Brenda Jones submitted an affidavit of identity that contained a false statement in violation of Mich.Comp.Laws §168.558(4).

121.     Thus, pursuant to Mich.Comp.Laws §168.560, the votes cast for Brenda Jones cannot be counted by the Defendant Wayne County Board of Canvassers.

122.     The counting, tallying and certification of the votes cast for Brenda Jones by the Defendant Wayne County Board of Canvassers will dilute the lawful vote cast by Plaintiff Jordan for Rashida Tlaib.

123.     The dilution of Plaintiff Jordan's lawful vote violates Plaintiff Jordan's fundamental right to vote and to have his vote counted.

124.    The lawful vote cast by Plaintiff Jordan for Rashida Tlaib will be nullified and cancelled out by the Defendant Wayne County Board of Canvassers' actions of counting and certifying the improper votes cast for Brenda Jones.

125.    Chief Judge Kenny's decision in the state-court case amounted to an officially-sponsored election procedure, which in its basis respects was flawed to the level of fundamental unfairness.

126.    Plaintiff Jordan has a fundamental right to have his vote counted, which can only be achieved by the Defendant Wayne County Board of Canvassers not being permitted to count, tally or certify any votes cast for Brenda Jones.

**WHEREFORE**, Plaintiff Jordan requests this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

   a. compensatory damages in whatever amount above $75,000.00 Plaintiff Jordan is found to be entitled;
   b. an award of exemplary and punitive damages;
   c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;
   d. a declaration that Plaintiff Jordan's fundamental right to vote and to have his vote counted has been violated by the

Defendant Wayne County Board of Canvassers by counting and/or certifying votes cast for Brenda Jones;

e. a declaration that Plaintiff Jordan's vote has been diluted with votes cast for Brenda Jones in the August 4, 2020 primary election being counted and certified by the Defendant Wayne County Board of Canvassers;

f. a declaration that Defendant Wayne County Board of Canvassers cannot count and/or certify any votes cast for Brenda Jones in the August 4, 2020 primary election;

g. a declaration that the ballots printed with Brenda Jones' name on them were not printed in accordance with Michigan Election Law and thus, pursuant to Mich.Comp.Laws §168.560, said ballots cannot be counted by the Defendant Wayne County Board of Canvassers;

h. a declaration that Brenda Jones submitted an affidavit of identity containing a false statement in violation of Mich.Comp.Laws §168.558;

i. a declaration that Brenda Jones failed to file 2 copies of her affidavit of identity in violation of Mich.Comp.Laws §168.558;

j. an injunction enjoining the Defendant Wayne County Board of Canvassers from counting, tallying, and/or certifying any votes cast for Brenda Jones in the August 4, 2020 primary election; and

k. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT IV
## Plaintiff Jordan's Substantial Due Process Rights Are Being Violated By The Defendant Wayne County Board of Canvassers As A Result of the Dilution Of Plaintiff Jordan's Legitimate Vote By Defendant County Board of Canvassers Counting Improper Votes Cast For Brenda Jones.

127.    Plaintiffs repeat, reallege and incorporate, the foregoing

allegations, as though fully set forth and stated herein.

128. This claim is brought by Plaintiff Jordan against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

129. This claim, which is brought by Plaintiff Jordan against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

130. On August 4, 2020, Plaintiff Davis voted in the democratic primary election and voted for incumbent U.S. Congresswoman Rashida Tlaib for U.S. Congress for the 13th Congressional District.

131. On August 4, 2020, Plaintiff Jordan voted in the democratic primary election and voted for incumbent U.S. Congresswoman Rashida Tlaib for U.S. Congress for the 13th Congressional District.

132. On Wednesday, August 5, 2020 at 3 p.m., Defendant Wayne County Board of Canvassers convened to begin their statutory duty of tallying, counting and certifying the election results from the August 4, 2020 primary election.

133.    Pursuant to Mich.Comp.Laws §§ 168.822, 168.824, 168.825, and 168.826, Defendant Wayne County Board of Canvassers has the statutory duty to count, tally, and certify the election results from the August 4, 2020 primary election.

134.    Pursuant to Mich.Comp.Laws §§ 168.137, the Defendant Wayne County Board of Canvassers has the statutory duty to certify to the State Board of Canvassers the names of each candidate who received the highest number of votes for each political party for the office of U.S. Congress.

135.    It is undisputed that Brenda Jones did not file two (2) copies of her affidavit of identity when she filed to run for U.S. Congress as required under Mich.Comp.Laws §168.558(1).

136.    It is undisputed that Brenda Jones' candidate committee for her election to the Detroit City Council had numerous campaign finance reports and/or statements that were outstanding and due as of the date she executed her affidavit of identity to run for U.S. Congress for the 13th Congressional District.

137.    It is undisputed that as of the date Brenda Jones executed her affidavit of identity to run for U.S. Congress for the 13th

Congressional District, she had not to filed with the Wayne

County Clerk's officer her postelection statement required under

Mich.Comp.Laws §168.848.

138.    The ballot for the democratic primary for the office of U.S.

Congress for the 13th Congressional District was **not** printed in

accordance with Michigan Election Law because it included the

name of Brenda Jones, whose name should not have been printed

thereon.

139.    Brenda Jones' name should not have been printed on the

August 4, 2020 primary election ballot as a candidate for U.S.C

Congress because (1) Brenda Jones  failed to file 2 copies of her

affidavit of identity as required under Mich.Comp.Laws

§168.558(1); and (2) Brenda Jones submitted an affidavit of

identity that contained a false statement in violation of

Mich.Comp.Laws §168.558(4).

140.    Thus, pursuant to Mich.Comp.Laws §168.560, the votes cast

for Brenda Jones cannot be counted by the Defendant Wayne

County Board of Canvassers.

141.    The counting, tallying and certification of the votes cast for

Brenda Jones by the Defendant Wayne County Board of

Canvassers will dilute the lawful votes cast by Plaintiff Jordan for

Rashida Tlaib.

142.    The dilution of Plaintiff Jordan's lawful vote violates

Plaintiff Jordan's fundamental right to vote and to have his vote

counted.

143.     The lawful vote cast by Plaintiff Jordan for Rahida Tlaib

will be nullified and cancelled out by the Defendant Wayne

County Board of Canvassers' actions of counting and certifying the

improper votes cast for Brenda Jones.

144.    Chief Judge Kenny's decision in the state-court case

amounted to an officially-sponsored election procedure, which in

its basis respects was flawed to the level of fundamental

unfairness.

145.    Plaintiff Jordan has a fundamental right to have his vote

counted, which can only be achieved by the Defendant Wayne

County Board of Canvassers not being permitted to count, tally or

certify any votes cast for Brenda Jones.

**WHEREFORE**, Plaintiff Jordan requests this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

      a. compensatory damages in whatever amount above $75,000.00 Plaintiff Jordan is found to be entitled;

      b. an award of exemplary and punitive damages;

      c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

      d. a declaration that Plaintiff Jordan's substantial due process rights were violated by the Defendant Wayne County Board of Canvassers with the counting, tallying and certification of votes cast for Brenda Jones;

      e. a declaration that Plaintiff Jordan's vote has been diluted with votes cast for Brenda Jones in the August 4, 2020 primary election being counted and certified by the Defendant Wayne County Board of Canvassers;

      f. a declaration that Defendant Wayne County Board of Canvassers cannot count and/or certify any votes cast for Brenda Jones in the August 4, 2020 primary election;

      g. a declaration that the ballots printed with Brenda Jones' name on them were not printed in accordance with Michigan Election Law and thus, pursuant to Mich.Comp.Laws §168.560, said ballots cannot be counted by the Defendant Wayne County Board of Canvassers;

      h. a declaration that Brenda Jones submitted an affidavit of identity containing a false statement in violation of Mich.Comp.Laws §168.558;

      i. a declaration that Brenda Jones failed to file 2 copies of her affidavit of identity in violation of Mich.Comp.Laws §168.558;

      j. an injunction enjoining the Defendant Wayne County Board of Canvassers from counting, tallying, and/or certifying any votes cast for Brenda Jones in the August 4, 2020 primary election; and

k. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: August 7, 2020                    Respectfully submitted,

                                         */s/ ANDREW A. PATERSON*
                                         ANDREW A. PATERSON (P18690)
                                         Attorney for Plaintiffs
                                         2893 E. Eisenhower Pkwy
                                         Ann Arbor, MI 48108
                                         (248) 568-9712
                                         aap43@outlook.com

## JURY DEMAND

Plaintiffs, through counsel, respectfully demand a jury trial on all issues triable to a jury.

Dated: August 7, 2020                    Respectfully submitted,
                                         */s/ ANDREW A. PATERSON*
                                         ANDREW A. PATERSON (P18690)
                                         Attorney for Plaintiffs
                                         2893 E. Eisenhower Pkwy
                                         Ann Arbor, MI 48108
                                         (248) 568-9712
                                         aap43@outlook.com