## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ROBERT DAVIS,**
**VENIAS JORDAN, JR.,** and
**LEIGH REED-PRATT,**
       Plaintiffs,

v.

**WAYNE COUNTY BOARD OF CANVASSERS,**
       Defendant.

Case No. 20-cv-12127

**Hon. Chief Judge Denise Page Hood**

_____/

**ANDREW A. PATERSON (P18690)**
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com
_____/

### PLAINTIFFS' EMERGENCY *EX PARTE* MOTION FOR TERMPORARY RESTRAINING ORDER, OR IN THE ALTERNATIVE, MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANT WAYNE COUNTY BOARD OF CANVASSERS WITH RESPECT TO COUNTS I AND II ONLY.

**NOW COME** Plaintiffs, ROBERT DAVIS, VENIAS JORDAN,

JR., and LEIGH REED-PRATT, by and through their attorney,

ANDREW A. PATERSON, and for their Emergency *Ex Parte* Motion for

Temporary Restraining Order, or in the alternative, Motion for

Preliminary Injunction Against Defendant Wayne County Board of

Canvassers with respect to Counts I and II only, state as follows:

Plaintiffs Robert Davis ("Plaintiff Davis"), Venias Jordan, Jr. ("Plaintiff Jordan"), and Leigh Reed-Pratt ("Plaintiff Reed-Pratt") (collectively referred to herein as "Plaintiffs") respectfully move this Honorable Court to GRANT their Emergency *Ex Parte* Motion for Temporary Restraining Order (TRO), or in the alternative, Motion for Preliminary Injunction against Defendant Wayne County Board of Canvassers to enjoin the Defendant from counting and certifying any votes cast for Wayne County Prosecutor Kym Worthy in the August 4, 2020 democratic primary election.

## A. <u>Necessity for Immediate Consideration</u>

**There is an immediate need for the Court to address the merits of Plaintiffs' instant emergency motion ASAP, but no later than August 14, 2020.** Pursuant to Mich. Comp. Laws §168.822(1) has 14 days from the date of the August 4, 2020 primary election to complete the canvass and certification of votes cast for all candidates and ballot questions. In accordance with Mich. Comp. Laws §§ 168.821 and 168.822(1), on August 5, 2020 at 3 p.m., the Defendant Wayne County Board of Canvassers convened to commence the process

of counting, tallying and certifying all votes cast for candidates and

ballot questions in the August 4, 2020 primary election.

## B. <u>Notice To Defendant And Opposing Council</u>

Upon filing, Plaintiffs' counsel promptly emailed counsel for

Defendant Wayne County Board of Canvassers copies of Plaintiffs'

Complaint and the instant Emergency Motion for TRO, or in the

alternative, Motion for Preliminary Injunction and Brief in Support.

## C. <u>Concurrence</u>

The undersigned counsel certifies that counsel communicated in

writing with opposing counsel for Defendant Wayne County Board of

Canvassers, explaining the nature of the relief to be sought by way of

this motion and seeking concurrence in the relief; and opposing counsel

thereafter did not timely respond to Plaintiffs' counsel's request for

concurrence.

## CONCLUSION

**WHEREFORE**, for the reasons specified in the attached Brief in

Support, the Moving Plaintiffs respectfully request that this Court

enters an order GRANTING their Emergency *Ex Parte* Motion for

Temporary Restraining Order (TRO), or in the alternative, Motion for

Preliminary Injunction against Defendant Wayne County Board of

Canvassers with respect to Counts I and II only enjoining the

Defendant from counting, tallying, and/or certifying any votes cast for

Wayne County Prosecutor Kym Worthy in the August 4, 2020

democratic primary election; and granting any other relief this Court

deems necessary and appropriate.

Dated: August 12, 2020                    Respectfully submitted,

                              /s/ ANDREW A. PATERSON
                              ANDREW A. PATERSON (P18690)
                              Attorney for Plaintiffs
                              2893 E. Eisenhower Pkwy
                              Ann Arbor, MI 48108
                              (248) 568-9712

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2020, the foregoing

document(s) was electronically filed with the Clerk of the Court using

the ECF system, which will send notification of such filing to all parties

and counsel of record.

Dated: August 12, 2020                     Respectfully submitted,

                              /s/ ANDREW A. PATERSON
                              ANDREW A. PATERSON (P18690)
                              Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT DAVIS,**                          Case No. 20-cv-12127
**VENIAS JORDAN, JR.,** and            **Hon. Chief Judge Denise Page Hood**
**LEIGH REED-PRATT,**
                    Plaintiffs,

v.

**WAYNE COUNTY BOARD OF CANVASSERS,**
                    Defendant.
_____/

**ANDREW A. PATERSON (P18690)**
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com
_____/

## PLAINTIFFS' BRIEF IN SUPPORT OF EMERGENCY *EX PARTE* MOTION FOR TERMPORARY RESTRAINING ORDER, OR IN THE ALTERNATIVE, MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANT WAYNE COUNTY BOARD OF CANVASSERS WITH RESPECT TO COUNTS I AND II ONLY.

_____

# TABLE OF CONTENTS

**Statement of Issues Presented**...........................................................7

**Most Controlling or Appropriate Authority**.................................8

**Introduction**.................................................................9-12

**Arguments**......................................................................12-34

**Conclusion**.........................................................................34

## STATEMENT OF ISSUES PRESENTED

I.    Will Plaintiffs' lawful and legitimate votes for Victoria Burton-Harris in the August 4, 2020 democratic primary for Wayne County Prosecutor be unconstitutionally diluted if the Defendant Wayne County Board of Canvassers is permitted to count, tally and certify votes cast for Kym Worthy?

Moving Plaintiffs Answer:   Yes

II.   Have the Plaintiffs satisfied the four factors for the issuance of a temporary restraining order (TRO) and/or preliminary injunction?

Moving Plaintiffs Answer:   Yes

# MOST CONTROLLING OR APPROPRIATE AUTHORITIES

## Cases

*Berry v Garrett*, 316 Mich.App. 37; 890 NW2d 37 (2016)).

*Bush v. Gore*, 531 U.S. 98, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000)

*Gleason v Kincaid*, 323 Mich App 308; 917 NW2d 685, 691 (2018)

*Hunter v Hamilton County Bd. Of Elections*, 635 F.3d 219 (6th Cir. 2011).

*League of Women Voters v. Brunner*, 548 F.3d 463, 477 (6th Cir.2008)

*Martin v. Secretary of State*, 280 Mich.App. 417; 760 NW2d 726 (2008) ("*Martin I*")

*Martin v Secretary of State*, 482 Mich. 956; 755 NW2d 153 (2008) ("*Martin II*")

*Northeast Ohio Coalition for Homeless v Husted*, 696 F.3d 580 (6th Cir. 2012)

*Obama for America v Husted*, 697 F.3d 423 (6th Cir. 2012)

*Reynolds v Sims*, 377 U.S. 533; 84 S.Ct. 1362 (1964).

*Stumbo v Roe*, ___ Mich.App. ____; ___NW2d____ (2020) (decided June 5, 2020, Docket No.353695)

*Warf v. Bd. of Elections of Green Cnty., Ky.*, 619 F.3d 553 (6th Cir.2010)

## Rules
Fed. R. Civ. P. 65(a)
Fed. R. Civ. P. 65(b)

## State Statutes
Mich. Comp. Laws §168.558
Mich. Comp. Laws §168.560

## **INTRODUCTION**

On November 4, 2019, Victoria Burton-Harris filed an affidavit of identity, along with a $100 filing fee, with the Defendant Wayne County Clerk to qualify as a candidate for the Democratic Party for the office of prosecuting attorney for the County of Wayne. (Complaint, ECF No. 1, ¶13). On March 18, 2020, Kym Worthy filed an affidavit of identity, along with a $100 filing fee, with the Wayne County Clerk to qualify as a candidate for the Democratic Party for the office of prosecuting attorney for the County of Wayne. (*Id.,* ¶14).  The filing deadline for a candidate to file an affidavit of identity and $100 filing fee to qualify to have their name printed on the August 4, 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor was by 4 p.m. on April 21, 2020. (*Id.,* ¶15).

Kym Worthy and Victoria Burton-Harris were the only two (2) candidates who timely filed affidavits of identity and the $100 filing fee to have their names printed on the August 4, 2020 primary election ballot as candidates for the Democratic Party's nomination for the office of Wayne County Prosecutor. (*Id.,* ¶16).  According to the Wayne County Clerk, no person timely filed an affidavit of identity and $100 filing fee

by the filing deadline date to have their name printed on the August 4, 2020 primary election as a candidate for the Republican Party's nomination for the office of Wayne County Prosecutor. (*Id.*, ¶17).

However, on July 23, 2020, pursuant to Mich. Comp. Laws §168.737a(1), Shane Anders timely filed with the Wayne County Clerk a declaration of intent to run as a write-in candidate as a Republican in the August 4, 2020 primary election for the office of Wayne County Prosecutor. (*Id.*, ¶18).  Pursuant to Mich. Comp. Laws §168.737a(1), the statutory deadline for a person to file a declaration of intent to be a write-in candidate for any office appearing on the August 4, 2020 primary election ballot was by 4 p.m. on July 24, 2020. (*Id.*, ¶19).  As of Friday, July 31, 2020, Shane Anders was the only candidate who timely filed with the Wayne County Clerk a declaration of intent to run as a write-in candidate as a Republican in the August 4, 2020 primary election for the office of Wayne County Prosecutor. (*Id.*, ¶20).  Pursuant to Mich. Comp. Laws §168.191, Shane Anders' satisfied the statutory requirements to be eligible to run for the office of Wayne County Prosecutor. (*Id.*, ¶21).

On August 4, 2020, Plaintiff Davis voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County

Prosecutor. (*Id*., ¶56). On August 4, 2020, Plaintiff Jordan voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor. (*Id*., ¶57). On August 4, 2020, Plaintiff Reed-Pratt voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor. (*Id*., ¶58).

On Wednesday, August 5, 2020 at 3 p.m., Defendant Wayne County Board of Canvassers convened to begin their statutory duty of tallying, counting and certifying the election results from the August 4, 2020 primary election. (*Id*., ¶59). However, prior to their August 5, 2020 meeting, counsel for the Plaintiffs sent members of the Defendant Wayne County Board of Canvassers and their legal counsel, Janet Anderson-Davis, an email requesting that the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Kym Worthy. (*Id*., 60).

At the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, Plaintiffs' counsel spoke during citizens' participation and again, requested the members of the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Kym Worthy. (*Id*., ¶61). After Plaintiffs' counsel spoke during the Defendant Wayne

County Board of Canvassers' August 5, 2020 meeting, counsel for the Defendant Wayne County Board of Canvassers advised Plaintiffs' counsel on the record that any and all votes cast for Kym Worthy would be counted, tallied and certified by the Defendant Wayne County Board of Canvassers absent an order for a court ordering the Defendant Wayne County Board of Canvassers not to count said votes cast for Kym Worthy. (*Id.*, ¶62).

## LAW AND LEGAL ANALYSIS

### A. Issuance of an *Ex Parte* Temporary Restraining Order Pursuant To Fed.R.Civ.P. 65(b), Or In The Alternative, Preliminary Injunction Pursuant To Fed.R.Civ.P. 65(a).

"The only type of injunctive relief that a district court may issue *ex parte* is a temporary retaining order. Fed.R.Civ.P. 65(b)." *First Tech. Safety Systems, Inc. v Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). "[T]he same factors [are] considered in determining whether to issue a TRO or a preliminary injunction." *Ohio Republican Party v Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quoting *Ne. Ohio Coal. For Homeless & Serv. Emps. Union v Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); see also *Valenti v Snyder*, 853 F.Supp.2d 691 (E.D. Mich. 2012).

When considering a motion for preliminary injunction under Fed. R. Civ. P. 65(a), the Court must weigh the following four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction." *Certified Restoration v Dry Cleaning Network, L.L.C. v Tenke Corp*., 511 F.3d 535, 542 (6th Cir. 2007). Courts are generally required to balance these four factors, and none of the factors, standing alone, is a prerequisite to relief. *Folden v Kelsey-Hayes, Co.*, 73 F.3d 648, 653 (6th Cir. 1996).

At the preliminary injunction stage, "a plaintiff must show more than a mere possibility of success," but need not "prove his case in full." *Certified Restoration Dry Cleaning Network*, 511 F.3d at 543 (citations omitted). "[I]t is ordinarily sufficient if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.,* 119 F.3d 393, 402 (6th Cir.1997) (citation omitted). "When a party seeks a

preliminary injunction on the basis of a potential constitutional violation, 'the likelihood of success on the merits often will be the determinative factor.'" *Obama for America v Husted*, 697 F.3d 423, 436 (6th Cir. 2012) (quoting *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir.2009)).

## 1.  Likelihood of Success on the Merits

Plaintiffs, for the reasons set forth herein, are likely to succeed on the merits plead and alleged in Counts I and II of Plaintiffs' complaint. (ECF No. 1).

### a.  Plaintiffs Davis, Jordan and Reed-Pratt's Respective Right To Vote and To Have Them Counted Were Violated With The Dilution Of Plaintiffs' Legitimate Votes By Defendant County Board of Canvassers Counting Improper Votes Cast For Kym Worthy.

It is well-settled that "[o]ur Constitution accords special protection for the fundamental right of voting, recognizing its essential role in the preservati[on] of all rights[.]" *Northeast Ohio Coalition for Homeless v Husted*, 696 F.3d 580, 591 (6th Cir. 2012) (internal citations and quotation marks omitted).  Because "[o]ther rights, even the most basic, are illusory if the right to vote is undermined," *Wesberry v. Sanders*, 376 U.S. 1, 17, 84 S.Ct. 526, 11 L.Ed.2d 481 (1964), "'[t]he right to vote is protected in more than the initial allocation of the franchise. Equal protection applies

as well to the manner of its exercise,'" *League of Women Voters v. Brunner*, 548 F.3d 463, 477 (6th Cir.2008) (quoting *Bush v. Gore*, 531 U.S. 98, 104, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000)).

"The Due Process Clause protects against extraordinary voting restrictions that render the voting system 'fundamentally unfair.'" *Northeast Ohio Coalition for Homeless*, 696 F.3d at 597 (citing *Warf v. Bd. of Elections of Green Cnty., Ky.*, 619 F.3d 553, 559 (6th Cir.2010); *League of Women Voters*, 548 F.3d at 478). Although "garden variety election irregularities" do not rise to that level, *Griffin v. Burns*, 570 F.2d 1065, 1076 (1st Cir.1978), "substantial changes to state election procedures and/or the implementation of non-uniform standards run afoul of due process if they 'result in significant disenfranchisement and vote dilution[.]'" *Northeast Ohio Coalition for Homeless*, 696 F.3d at 597 (quoting *Warf*, 619 F.3d at 559). "So too do state actions that induce voters to miscast their votes." *Id.* (citing *Griffin*, 570 F.2d at 1074, 1078-79).

Moreover, "due process is implicated where the entire election process including as part thereof the state's administrative and judicial corrective process fails on its face to afford fundamental fairness." *Warf*,

619 F.3d at 559 (internal quotation marks and citations omitted). "The Due Process clause is implicated, §1983 relief is appropriate, in the exception case where a state's voting system is fundamentally unfair." *Id*. "Such an exceptional case may arise, for example, if a state employs 'non-uniform rules, standards and procedures,' that result in significant disenfranchisement and vote dilution or significantly departs from previous state election procedure." *Id*. (internal citations and quotation marks omitted).

"[T]he right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise." *Reynolds v Sims*, 377 U.S. 533, 555; 84 S.Ct. 1362 (1964). "[T]he issue of vote dilution turns, first, on whether unlawful votes have been counted." *Hunter v Hamilton County Bd. Of Elections*, 635 F.3d 219, 242-243 (6th Cir. 2011). "Voters who fear their legitimate votes will be outweighed by fraudulent ones will feel disenfranchised." *Purcell v Gonzalez*, 549 U.S. 1, 7 (2006). "Enabling the casting of one vote does little good if another voter fraudulently cancels it out." *Ohio Republican Party v Brunner*, 544 F.3d 711, 713 (6th Cir. 2008). "The right to an honest court is a right possessed by each voting

elector, and to the extent that the importance of his vote is nullified, wholly or in part , he has been injured in free exercise of a right or privilege secured to him by the laws and constitution of the United States." *Prichard v United States*, 181 F.2d 326, 331 (6th Cir. 1950).

However, "[i]t does not follow, though, that a party is absolutely entitled to have its nominee appear on the ballot as that party's candidate. A particular candidate might be ineligible for office." *Timmons v Twin Cities Area New Party*, 520 U.S. 351, 359 (1997). "That a particular individual may not appear on the ballot as a particular party's candidate does not severely burden that party's associational rights." *Id.* "It seems to us that limiting the choice of candidates to those who have complied with state election laws requirements is the prototypical example of a regulation that, while it affects the right to vote, is eminently reasonable." *Burdick v Takushi*, 504 U.S. 428, 440 fn. 10 (1992). "States certainly have an interest in protecting the integrity, fairness, and efficiency of their ballots and election processes as means for electing public officials." *Timmons*, 520 U.S. at 364. In that regard, "a state has an interest, if not a duty, to protect the integrity of its

political processes from frivolous or fraudulent candidacies." *Bullock v Carter*, 405 U.S. 134, 145 (1972).

Michigan appellate courts have recognized and so held that "there is no constitutional right to vote for an individual who did not meet the eligibility requirements to have their name placed on the ballot.  Indeed, voters have the right to expect that the candidates appearing on ballots have met the requirements…" *Barrow v Detroit Election Commission*, 301 Mich.App. 404, ___; 836 NW2d 498, 511 (2013).  For "the [United States Supreme] Court has never recognized a fundamental right to express one's political views through candidacy." *Carver v Dennis*, 104 F.3d 847, 851 (6th Cir. 1997).  "[R]unning for office is not a 'fundamental right'[.]" *Zielasko v State of Ohio*, 873 F.2d 957, 959 (6th Cir. 1989) (quoting *Bullock v Carter*, 405 U.S. 134, 142-143 (1972)).   More importantly, "[t]he Supreme Court has made clear that a candidate does not have a fundamental right to appear on the ballot." *Corrigan v City of Newaygo*, 55 F.3d 1211, 1214 (6th Cir. 1995) (citing *Bullock v Carter*, 405 U.S. 134, 142-143 (1972)).

Here, in the case at bar, pursuant to Mich.Comp.Laws §§ 168.822, 168.824, 168.825, and 168.826, Defendant Wayne County Board of

Canvassers has the statutory duty to count, tally, and certify the election results from the August 4, 2020 primary election.   Pursuant to Mich.Comp.Laws §§ 168.197 and 168.687, the Defendant Wayne County Board of Canvassers has the statutory duty to certify to the Wayne County Election Commission the names of each candidate who received the highest number of votes for each political party for the office of Wayne County Prosecutor.

However, Mich. Comp. Laws §168.560 provides:

> **Ballots other than those furnished by the board of election commissioners, *according to the provisions of this act*, *shall not be used, cast, or counted in any election precinct at any election*.** The size of all official ballots shall be as the board of election commissioners prescribes. (Emphasis supplied).

Pursuant to Mich. Comp. Laws §168.560, the Defendant Wayne County Board of Canvassers cannot count the ballots that were cast for Kym Worthy for the office of Wayne County Prosecutor because said ballots were not printed in accordance with Michigan Election Law. Specifically, Kym Worthy's name should not have been certified by the Wayne County Clerk and/or Wayne County Election to appear on the August 4, 2020 primary election ballot because Kym Worthy failed to

comply with the requirements of Mich. Comp. Laws §§168.558(1) and 168.558(4).

This Court must apply Michigan law to determine whether Plaintiffs have met the first factor of likelihood of success on the merits. As the Sixth Circuit explained, "[w]hile we apply our own procedural jurisprudence regarding the factors to consider in granting a preliminary injunction, we apply Michigan law to determine whether Plaintiff has met the first of these factors by demonstrating a substantial likelihood of success on the merits of his underlying diversity action." *Certified Restoration Dry Cleaning v Tenke*, 511 F.3d 535, 541 (6th Cir. 2007).  In applying Michigan law, "we follow the decisions of the state's highest court when that court has addressed the relevant issue." *Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 326 (6th Cir.2000). If the issue has not been directly addressed, this Court must "anticipate how the relevant state's highest court would rule in the case and are bound by controlling decisions of that court." *In re Dow Corning Corp.*, 419 F.3d 543, 549 (6th Cir.2005). "Intermediate state appellate courts' decisions are also viewed as persuasive unless it is

shown that the state's highest court would decide the issue differently."

*Id*.

Mich.Comp.Laws §168.550 provides:

> ***No candidate shall have his name printed upon any official primary election ballot of any political party*** in any voting precinct in this state unless he shall have filed nominating petitions according to the provisions of this act, ***and all other requirements of this act have been complied with in his behalf,*** except in those counties qualifying candidates upon the payment of fees. (Emphasis supplied).

However, Michigan Election Law allows candidates to qualify for the office of prosecuting attorney by filing a $100 filing fee in lieu of the nominating petitions.  Mich. Comp. Laws §168.193(2) provides, in relevant part:

> (2) To obtain the printing of the name of a candidate of a political party under the particular party's heading upon the primary election ballots in the various voting precincts of the county, there may be filed by the candidate, in lieu of filing nomination petitions, a filing fee of $100.00 to be paid to the county clerk. **Payment of the fee *and certification of the candidate's name paying the fee shall be governed by the same provisions as in the case of nominating petitions***. (Emphasis supplied).

As noted, on March 18, 2020, Kym Worthy executed and filed her affidavit of identity, along with the $100 filing, with the Wayne County Clerk and Gil Flowers. (*See* ECF No. 2-1).  However, at the time of filing her affidavit of identity, Kym Worthy did **not** file two (2) copies of the affidavit of identity when she filed the original affidavit of identity with the Wayne County Clerk and Gil Flowers as required under Mich. Comp. Laws 168.558(1). (*See* ECF No. 2-1).  This fact is easily proven by looking at the face of the affidavit of identity Kym Worthy filed with the Wayne County Clerk on March 18, 2020. (See ECF No. 2-1).  Moreover, staff from the Wayne County Clerk's office confirmed that Kym Worthy did not file 2 copies of her affidavit of identity when she filed the original with the Wayne County Clerk's office on March 18, 2020. (**See Plaintiff Davis' affidavit attached as Exhibit A**).

Mich. Comp. Laws §168.558(1) of Michigan Election Law, states in relevant part:

> (1) When filing a nominating petition, qualifying petition, filing fee, or affidavit of candidacy for a federal, county, state, city, township, village, metropolitan district, or school district office in any election, a candidate ***shall file with the officer*** with whom the petitions, fee, or affidavit is filed ***2 copies of an affidavit of identity***. (emphasis supplied).

Citing the landmark Michigan Supreme Court case, *Stand Up For Democracy v Secretary of State*, 492 Mich 588; 822 NW2d 159 (2012), the Michigan Court of Appeals, ***just two months ago,*** opined:

> ***Our Supreme Court instructs that a candidate for elected <u>office must strictly comply with the pre-election form and content requirements identified in the Michigan Election Law</u>***, MCL 168.1 *et seq.*, in the absence of any statutory language expressly indicating that substantial compliance with the statute's requirements suffices.

*Stumbo v Roe*, ___ Mich.App. ____; ___NW2d____ (2020) (decided June 5, 2020, Docket No.353695), slip op at p. 1, *lv denied* ___Mich. ___; ____NW2d ___ 2020 (Michigan Supreme Court order denying leave issued June 12, 2020) (emphasis supplied). (**See Opinion attached as Exhibit B**).

Under Michigan law, "[t]he failure to supply a facially proper [affidavit of identity], i.e., an affidavit that conforms to the requirements of the Election Law, is a ground to disqualify a candidate from inclusion on the ballot." *Stumbo*, ____Mich.App. at___; ____NW2d at _____; slip op at p 1 (citing *Berry v Garrett*, 316 Mich.App. 37, 43-45; 890 NW2d 37 (2016)). (**Exhibit B**).  Mich. Comp. Laws §§168.558(1) uses the mandatory term "shall", and its language is clear and unambiguous.

It is well-settled that this Court's interpretation of any statutory language always begins with the objective of discerning the Legislature's intent. "This task begins by examining the language of the statute itself. The words of a statute provide 'the most reliable evidence of its intent. ...'" *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999), quoting *United States v Turkette*, 452 US 576; 101 S Ct 2524; 69 L Ed2d 246 (1981).  "It is axiomatic that statutory language expresses legislative intent." *Mich. Dept. of Transp. v Tomkins*, 481 Mich. 184, ____; 749 NW2d 716, 720 (2008).  "Once the intention of the Legislature is discovered, it must prevail regardless of any rule of statutory construction to the contrary."  *Wilcoxon v City of Detroit Election Commission*, 301 Mich.App. 619, ___; 838 NW2d 183, 190 (2013) (citations omitted). "Where the statute unambiguously conveys the Legislature's intent, 'the proper role of a court is simply to apply the terms of the statute to the circumstances in a particular case.'" *Mich. Dept. of Transp. v Tomkins*, 481 Mich. 184, ____; 749 NW2d 716, 721 (2008), quoting *In re Certified Question*, 468 Mich. at 113, 659 NW2d 597.  "An overarching rule of statutory construction is that this Court must enforce clear and unambiguous statutory provisions as

written." *United States Fidelity & Guaranty Co. v. Mich. Catastrophic Claims Ass'n (On Rehearing),* 484 Mich. 1, 12, 795 N.W.2d 101 (2009) (*USF & G*) (quotation marks and citation omitted). "The Legislature's use of the word "shall"… indicates a mandatory directive, not a discretionary act." *Smitter v Thornapple Township*, 494 Mich. 121, ___; 833 NW2d 875, 884 (2013); see also <u>*People v Lown,* 488 Mich 242, 279</u>; 794 NW2d 9 (2011) (citation omitted) ("The use of the word 'shall' indicates a mandatory and imperative directive.").

Therefore, it was mandatory for Kym Worthy to file 2 copies of her affidavit of identity with the Wayne County Clerk's office and her failure to do so should have resulted in the Wayne County Clerk not certifying Kym Worthy's name to appear on the August 4, 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor. *See* Mich. Comp. Laws §§ 168.550 and 168.558(4); see also *Berry*, 316 Mich.App. at 43-45.

In addition to failing to file two (2) copies of her affidavit of identity, Kym Worthy's affidavit of identity contained a false statement in violation of Mich. Comp. Laws §168.558(4).  Mich. Comp. Laws §168.558(4) of Michigan Election Law, provides, in pertinent part:

(4) An affidavit of identity ***must include a statement that as of the date of the affidavit, all statements, reports, late filing fees, and fines required of the candidate*** or any candidate committee organized to support the candidate's election under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, ***have been filed or paid***;

On June 3, 2020, Gil Flowers , the Campaign Finance Manager for the Wayne County Clerk's office, confirmed that as of June 3, 2020, Prosecutor Worthy had **not** filed with the Wayne County Clerk's office the postelection statement required under Mich. Comp. Laws §168.848 of Michigan Election Law. (See ECF No. 2-10). In fact, as of the date of this filing, upon information and belief, Prosecutor Worthy still has **not** filed the postelection statement with the Wayne County Clerk as required under Mich. Comp. Laws §168.848.

Mich. Comp. Laws §168.848(1)(b) requires an elected candidate subject to the Campaign Finance Act, whose candidate committee received or expended more than $1,000 during the election cycle, to file a postelection statement ***before*** taking office. Mich. Comp. Laws §168.848(1)(b) provides:

(1) **Each elected candidate subject to the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, and whose candidate committee received or expended *more than $1,000 during the election cycle shall file a postelection statement with the***

> ___filing official designated to receive the elected
> candidate's candidate committee campaign
> statements___ under section 36 of the Michigan campaign
> finance act, 1976 PA 388, MCL 169.236.  All of the
> following apply to a postelection statement required by
> this section:
>> (b) The elected candidate **_shall_ file the postelection
>> statement _before_ the elected candidate assumes
>> office.** (emphasis supplied).

It is undisputed that in 2016, Prosecutor Kym Worthy's name
appeared on the August 2016 primary and November 2016 general
elections ballots as a candidate for the office of Wayne County Prosecutor
for the Democratic Party.   In the November 2016 general election,
Defendant Worthy was elected as the Wayne County Prosecutor to a
four-year term **commencing January 1, 2017** and ending on December
31, 2020.  Campaign finance records obtained from the Defendant Wayne
County Clerk's office indicate that during the 2016 "election cycle",
Prosecutor Kym Worthy's candidate committee **"_received or expended_"**
more than $1,000.  (**See Kym Worthy's 2016 Pre-General Election
Campaign Statement attached as Exhibit C**).

It is undisputed that according to Prosecutor Kym Worthy's
candidate committee's 2016 Pre-General Election Campaign Statement
filed with the Wayne County Clerk's office, Defendant Worthy's

candidate committee **received $22,275 in contributions and reported expending $6,330.45 during the 2016 election cycle[1]**. (**See Kym Worthy's 2016 Pre-General Election Campaign Statement attached as Exhibit C**). Prosecutor Kym Worthy's candidate committee's 2016 Pre-General Election Campaign Statement covered the period from August 23, 2016 to October 23, 2016. (**Exhibit C**).

Thus, because Prosecutor Kym Worthy's candidate committee received or expended more than a $1,000 during the 2016 election cycle, pursuant to Mich. Comp. Laws §168.848(1)(b), Prosecutor Kym Worthy was mandated and required to "file a postelection statement with the filing official designated to receive the elected candidate's candidate committee campaign statements under section 36 of the Michigan campaign finance act, 1976 PA 388, MCL 169.236." Mich. Comp. Laws §168.848(1)(b). In accordance with Mich. Comp. Laws §169.236 of the

---

[1] MCL §169.205(3)(a) of the Michigan Campaign Finance Act defines "election cycle" to mean: "For a general election, the period beginning the day following the last general election in which the office appeared on the ballot and ending on the day of the general election  in which the office next appears on the ballot." Thus, the "election cycle" for the November 2016 general election commenced on the day following the 2012 November general election and ended on the day of the November 2016 general election, which is the election in which Prosecutor Worthy was last elected to the position of Wayne County Prosecutor.

Michigan Campaign Finance Act, the filing official designated to receive Prosecutor Kym Worthy's candidate committee's campaign statements under the Michigan Campaign Finance Act is the Wayne County Clerk. *See* Mich. Comp. Laws §169.236. However, as noted, **on June 3, 2020**, Gill Flowers from the Wayne County Clerk's office confirmed that **as of June 3, 2020**, Kym Worthy had **not** filed the postelection statement required under Mich. Comp. Laws §168.848 of Michigan Election Law. (*See* ECF No. 2-10).

It is anticipated that counsel for Defendant will assert the frivolous argument that the decision reached by Wayne County Circuit Court Chief Judge Tim Kenny in the Victoria Burton-Harris allowed for Kym Worthy's name to be printed on the August 4, 2020 ballot and thus, the Defendant has a duty to count the votes cast for Kym Worthy. "The question is therefore whether the [state] court's decision to [allow Kym Worthy's name to remain on the ballot in the Victoria Burton-Harris case] amounted to an 'officially-sponsored election procedure which, in its basic respects, was flawed to the level of fundamental unfairness." *Warf v Board of Elections of Green County, Ky*., 619 F.3d 553, 560 (6th Cir.

2010) (internal citations and quotations mars omitted). And the answer to that questions is a resounding YES!

Wayne County Circuit Chief Judge Kenny clearly ignored the clear and unambiguous language of Mich. Comp. Laws §168.558 and the binding precedent of the Michigan Court of Appeals and Supreme Court in ruling that Victoria Burton-Harris' state-court action was barred by the equitable doctrine of laches.  Victoria Burton-Harris' state-court action was **not** barred by the equitable doctrine of laches because under Michigan jurisprudence, "[e]quity does not apply when a statute controls." *Gleason v Kincaid*, 323 Mich App 308, 318; 917 NW2d 685, 691 (2018). "In other words, when an adequate remedy is provided by statute, equitable relief is precluded." *Id*.  Mich. Comp. Laws § 168.558(4) provides an adequate remedy when a candidate fails to strictly comply with the requirements of Mich. Comp. Laws §168.558(1) and also submits an affidavit of identity containing a false statement— their name cannot be certified by the Wayne County Clerk and Wayne County Election Commission to be placed on the ballot as a candidate.

Binding precedent from the Michigan Supreme Court reaffirms the holding in *Gleason, supra*. In *Martin v. Secretary of State*, 482 Mich. 956,

755 NW2d 153 (2008) ("*Martin II*"), which reversed the Michigan Court of Appeals holding in *Martin v. Secretary of State*, 280 Mich.App. 417; 760 NW2d 726 (2008) ("*Martin I*") by adopting the dissenting opinion of Judge O'Connell, expressly held that the equitable doctrine of laches does **not** apply to election-related cases.

It is clear, that Plaintiffs' legitimate votes for Victoria Burton-Harris will be diluted if Defendant is allowed to continue to count, tally and certify any votes cast for Kym Worthy in the August 4, 2020 democratic primary election for the office of Wayne County Prosecutor.

## 2. Irreparable Injury

The second element to be determined when deciding to issue a preliminary injunction, is irreparable injury.   "[W]hen reviewing a motion for preliminary injunction, if it's found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated." *ACLU of Kentucky v McCreary County*, 354 F.3d 438, 445 (6th Cir. 2003) (citing *Elrod v Burns,* 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L.Ed.2d 547 (1976). "When constitutional rights are threatened or impaired, irreparable injury is presumed. A restriction on the

fundamental right to vote therefore constitutes irreparable injury."
*Obama for America*, 697 F.3d at 436.

In the case at bar, Plaintiffs' legitimate votes are being unfairly diluted by the Defendant's actions of counting, tallying and certifying the votes cast for Kym Worthy in violation of Mich. Comp. Laws §168.560. "A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Tenke Corp.*, 511 F.3d at 550. Plaintiffs cannot be fully compensable by monetary damages if their legitimate votes are diluted by the Defendant.

### 3. Harm to Others

Issuance of a preliminary injunction presents no harm to others. When a plaintiff demonstrates "a substantial likelihood that a challenged law is unconstitutional, no substantial harm can be said to inhere in its enjoinment." *Deja Vu of Nashville, Inc. v Metro. Gov't of Nashville*, 274 F.3d 377, 400 (6th Cir. 2001) (citing *Connection Distrib. Co.*, 154 F.3d 281, at 288). Moreover, there is simply no conceivable evidence that the issuance of an injunction in this case would cause any harm to anyone other than to the Plaintiffs. States "primarily

responsible for regulating federal, state, and local elections," *Sandusky Cnty. Democratic Party v. Blackwell*, 387 F.3d 565, 568 (6th Cir. 2004), and they "have a strong interest in their ability to enforce state election law requirements." *Hunter*,635 F.3d at 244.  "There is . . . a strong public interest in permitting legitimate [state] statutory processes to operate to preclude voting by those who are not entitled to vote." *Summit Cnty. Democratic Cent. & Exec. Comm. v. Blackwell*, 388 F.3d 547, 551 (6th Cir. 2004).

Here, Mich. Comp. Laws §168.560 requires the Defendant Wayne County Board of Canvassers not to count and certify any votes cast for Kym Worthy because the ballots containing her name printed thereon were not printed in accordance with Michigan Election Law.

### 4.  Public Interest

The final factor in determining whether or not to issue a preliminary injunction, is the public interest.  "It is always in the public interest to prevent a violation of a party's constitutional rights."  *G & V Lounge, Inc. v Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994) (citing *Gannett Co., Inc v DePasquale*, 443 U.S. 368, 383, 99 S. Ct. 2898, 61 L.Ed.2d 608 (1979)).  Thus, the public interest favors

the enjoining of the Defendant Wayne County Board of Canvassers from counting, tallying and/or certifying any votes cast for Kym Worthy in the August 4, 2020 democratic primary election for the office of Wayne County Prosecutor.

## **CONCLUSION**

**WHEREFORE**, Plaintiffs PRAY that this Honorable Court GRANT his *Ex Parte* Motion for Temporary Restraining Order pursuant to Fed.R.Civ.P. 65(b), or in the alternative, Motion for Preliminary Injunction pursuant to Fed. R. Civ. P. 65(a) enjoining the Defendant Wayne County Board of Canvassers from counting, tallying and/or certifying any votes cast for Kym Worthy in the August 4, 2020 democratic primary election for the office of Wayne County Prosecutor.

Dated: August 12, 2020          Respectfully submitted,
                                */s/ ANDREW A. PATERSON*
                                ANDREW   A.   PATERSON   (P18690)
                                Attorney for Plaintiffs
                                2893 E. Eisenhower Pkwy
                                Ann Arbor, MI 48108
                                (248) 568-9712
                                aap43@outlook.com

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that the foregoing

document(s) was filed and served via the Court's electronic case filing

and noticing system (ECF) this 12th day of August, 2020, which will

automatically send notification of such filing to all attorneys and parties

of record registered electronically.

Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs