UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS, VENIAS JORDAN JR.,
and LEIGH REED-PRATT,

       Plaintiffs,

v.

WAYNE COUNTY BOARD OF
CANVASSERS,

       Defendant.

_____/

Case No. 20-12127

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFFS'
EMERGENCY MOTION FOR TEMPORARY RESTRAINING
ORDER AND SETTING PRELIMINARY INJUNCTION HEARING [6]**

On August 4, 2020, the State of Michigan held party primary elections for the office of Wayne County Prosecutor. Two candidates were included on the ballot in the Democratic Party primary: Kym Worthy (the incumbent and presumptive winner) and Victoria Burton-Harris. Plaintiffs Robert Davis, Venias Jordan Jr., and Leigh Reed-Pratt claim to have voted for Victoria Burton-Harris.

In this lawsuit, Plaintiffs challenge the results of the party primary election. More specifically, Plaintiffs seek relief from the Court to prevent Defendant, the Wayne County Board of Canvassers, from counting and certifying votes cast in favor of Worthy in the primary election. Plaintiffs contend it was improper for Worthy's name to have been included on the ballot because she failed to comply with or violated certain of Michigan's election laws. And Plaintiffs assert that counting votes cast in favor of Worthy, who was

1

allegedly wrongfully included on the ballot, would dilute each of Plaintiffs' votes for Burton-Harris and infringe on Plaintiffs' respective fundamental voting rights.

Pending before the Court is Plaintiffs' Emergency *Ex Parte* Motion for Temporary Restraining Order, or in the Alternative, Motion for Preliminary Injunction Against Defendant Wayne County Board of Canvassers with Respect to Counts I and II only. (ECF No. 6.)  In their motion, Plaintiffs ask the Court to enter an emergency TRO, and ultimately a preliminary injunction, enjoining Defendant from counting and certifying any votes cast for Worthy in the August 4, 2020 Democratic Party primary for the office of Wayne County Prosecutor.

To obtain the extraordinary remedy of a TRO, Plaintiffs must "clearly show that immediate and irreparable injury, loss, or damage will result . . . before [Defendant] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The court considers four factors in determining whether to issue a TRO: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

Having considered the record in this matter in its entirety, the Court finds that the issuance of a TRO is not justified.  As an initial matter, Plaintiffs fail to demonstrate that they will suffer immediate and irreparable injury if a TRO is not issued.  Plaintiffs appear to have been aware of the basis for objecting to non-party Worthy's presence on the ballot for several months prior to the election.  But they did not bring the instant action requesting

2

*emergency* injunctive relief and challenging her inclusion on the ballot until after the election.

Moreover, the Court finds that Plaintiffs fail to demonstrate a strong likelihood of success on the merits sufficient to warrant the extreme remedy of a TRO.  Plaintiffs do not present sufficient evidence to establish a strong likelihood that non-party Worthy's inclusion on the ballot was improper under Michigan law.  And Plaintiffs fail to demonstrate, among other things, a strong likelihood that Defendant's conduct in counting and certifying the results of the primary election vote would violate Plaintiffs' constitutional rights.  In sum, and considering the record in this matter in its entirety, the Court finds that Plaintiffs fail to meet their burden to establish their entitlement to a TRO.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' request for the issuance of a temporary restraining order is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' request for a preliminary injunction is set for hearing on **Wednesday, September 16, 2020 at 2:00 p.m**.  Defendant shall file a response to Plaintiffs' request for a preliminary injunction by no later than **Monday August 31, 2020.**  Plaintiffs' reply brief, if any, must be filed by no later than **Wednesday, September 9, 2020**.

**SO ORDERED.**

                                                                    s/Nancy G. Edmunds
                                                                    Nancy G. Edmunds
                                                                    United States District Judge

Dated:  August 17, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2020, by electronic and/or ordinary mail.

<u>s/Lisa Bartlett</u>
Case Manager
