# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT DAVIS, VENIAS JORDAN        Case No. 2:20-cv-12127
And LEIGH REED-PRATT,        Hon. Nancy G. Edmunds

       Plaintiff,

vs.

WAYNE COUNTY BOARD OF CANVASSERS,

       Defendant,

and

KYM WORTHY,

       Intervenor-Defendant.

_____/

Andrew A. Paterson (P18690)        Janet Anderson Davis (P29499)
Attorney for Plaintiffs        Attorney For Election Commission
2893 E. Eisenhower Pkwy        500 Griswold, 21st Floor
Ann Arbor, MI 48108        Detroit, MI 48226
248-568-9712        313-347-5813
aap43@outlook.com        jandersn@waynecounty.com

       Melvin Butch Hollowell (P37834)
       Angela L. Baldwin (P81565)
       THE MILLER LAW FIRM, P.C.
       Attorneys for Intervenor-Defendant
       1001 Woodward, Suite 850
       Detroit, MI 48226
       313-483-0880
       mbh@millerlawpc.com,
       alb@millerlawpc.co

_____/

# WAYNE COUNTY BOARD OF CANVASSERS
# RESPONSE TO MOTION FOR PRELIMINARY
# INJUNCTION WITH RESPECT TO COUNTS I AND II ONLY

# TABLE OF CONTENTS

INDEX OF AUTHORITIES........................................................................ ii

QUESTIONS PRESENTED.......................................................................v

INTRODUCTION ...................................................................................1

STATEMENT OF FACTS .......................................................................3

ARGUMENT…………………………………………………………………….6

Plaintiffs do not have a likelihood of success nor will they suffer irreparable harm.

I.     Plaintiffs cannot meet the four prong test for an injunction.

II.    This court does not have jurisdiction as the matter is now moot because the Board has already certified the August Primary Election results.

III.   This matter is barred by laches as Plaintiffs knew on June 5, 2020, that Worthy and Jones would be on the ballot and possibly certified by the Board of Canvassers yet they waited until August 12, 2020 to file this Motion.

IV.   The claims are barred by *Rooker Feldman* as the case is an attempted appeal of state court judgments

V.    *Burford* requires that this court abstain from exercising jurisdiction.

VI.   Because of pending matters *Colorado River* mandates abstention.

VII.  Plaintiffs have no standing to bring this action as they have not alleged a concrete injury caused by the Board.

VIII. There is no case or controversy because the Michigan law requiring that the Election Commission may maintain Worthy on the August Primary Election ballot and the Board may not question candidacy does not violate Plaintiffs' rights secured by the Constitution

        A.   Plaintiffs cannot show a case or controversy.

        B.   The Board did not impose a discriminatory policy against Plaintiffs.

IX.   Plaintiffs fail to state a Fifth Amendment due process claim because they do not have a constitutionally protected liberty interest.

CONCLUSION ......................................................................................22

# INDEX OF AUTHORITIES

Cases                                                                                      Page

*Aetna Life Ins Co of Hartford, Conn v Haworth*
84 F 2d 695, (8th Cir 1936), cert. granted 299 U S 536, 57 S. Ct. 190 (1936), revd
on other grounds 300 U S 227, 57 S Ct 461 (1937), reh den 300 U S 687, 57 S Ct
667 (1937)...................................................................................................................15

*Ammex, Inc v Wenk*
936 F3d 355 (6th Cir 2019) ......................................................................................7

*Berry v Garrett*
        316 Mich App 37; 890 NW2d 882 (2016) ....................................................14

*Bradley v. Board of State Canvassers*
154 Mich 274 (1908)…………………………………………………….  14

*Brown v Board of Comm'rs*
722 FSupp 380 (ED Tenn 189) ……………………………………………….. 16

*Bsharah v Wayne County Clerk and Wayne County Election Comn*
COA No. 344081, unpub opn June 6, 2018) .........................................................14

*Burford v Sun Oil Co*
319 US 315; 63 S Ct 1098 (1943) ……………………………………… *passim*

*City of Pontiac Retired Employees Ass'n v Schimmel*
751 F3d 427 (6th Cir. 2014)…………………………………………………   6

*Colorado River Water Conservation Dist v United States*
24 US 800; 96 S Ct 1236 (1976)…………………………………………… *passim*

*Devlin v Kalm*
493 Fed Appx 678 (6 Cir 2012)……………………………………………   12

*Exxon Mobil Corp v Saudi Basic Indus Corp*
544 US 280, 284; 125 S Ct 1517 (2005) ………………………………….. 9

*In re Commerce Oil Co*
847 F2d 291 (6th Cir 1988). ....................................................................7

*Johnson v Interstate Transit Lines*
163 F2d 125 (10th Cir 1947) ..................................................................15

*Kay v Austin*
621 F2d 809 (6th Cir 1980) ....................................................................8

*Lyda v City of Detroit (In re City of Detroit)*
841 F3d 684 (6th Cir 2016) ....................................................................7

*McCormick v Braverman*
451 F 3d 382 (6th Cir 2006) ..................................................................10

*Minnesota Voters Alliance v Ritchie*
890 F Supp 2d 1106 (D Minn 2012)...............................................17, 18

*New Orleans Pub Serv, Inc v Council of City of New Orleans*
491 US 350; 109 S Ct 2506 (1989) .......................................................11

*Northeast Ohio Coalition for Homeless and Service Employees Intern Union, Local 1199 v Blackwell*
467 F3d 999 (6th Cir 2006). ..................................................................13

*Pieper v. American Arbitration Ass'n, Inc*
336 F 3d 458 (6th Cir 2003) ..............................................................9, 10

*Quackenbush v Allstate Inc*
517 US 706; 116 S Ct 1712 (1996) .......................................................10

*Rooker v Fid Trust Co*
263 US 413; 44 S Ct 149 (1923) ....................................................*passim*

*Steel Co v Citizens for a Better Environment*
523 U S 83, 118 S Ct 1003 (1998) ........................................................13

*Tiraco v NY State Bd of Elections*
963 F Supp 2d 184 (ED NY 2013). ..........................................19, 20, 21

*Union, Local 1199 v Blackwell*
467 F3d 999 (6th Cir 2006) ......................................................................13

*Warf v Bd of Elections of Green County, KY*
619 F3d 553 (6th Cir 2010). ..................................................................18

<u>Other</u>

USCA Const. Art. II § 2 ....................................................................7, 15

42 USC §1983 .........................................................................................16

FRCP 12(h)(3); LR 41.2. ........................................................................12

MCL § MCL §168.558 .........................................................................3, 5

MCL §168.822 ..........................................................................................8

MCL §168.825 ........................................................................................18

MCL §168.826 ........................................................................................18

MCL §168.933 ..........................................................................................5

MCL §168.936 ..........................................................................................5

## QUESTION PRESENTED

To be entitled to a preliminary injunction one must be likely to prevail, and suffer irreparable injury, there must be substantial harm, and public interest must be served by an injunction.

Are Plaintiffs likely to prevail or suffer irreparable harm where the matter is moot, barred by laches, foreclosed by *Rooker-Feldman*, *Burford, and Colorado River,* Plaintiffs have no standing, there is no cases or controversy and no due process violation?

Plaintiffs answer "Yes"

Wayne County Board of Canvassers answers "No".

## INTRODUCTION

"Don't waste others and your time, with unproductive and fruitless activities."   Ehsan Sehgal, https://www.goodreads.com/quotes/tag/fruitless. These plaintiffs' quest for a preliminary injunction is fruitless as they have no likelihood of success on the merits.

County Clerk, when she accepted the affidavits, had no duty to investigate them.  Notwithstanding that Robert Davis corresponded with an employee of the County Clerk's office, there is no evidence that the Wayne County Election Commission ("Election Commission") was aware of the correspondence. There's certainly no evidence that the Election Commission ignored the correspondence. The Election Commission had no duty to omit Brenda Jones or Kym Worthy from the ballot and its vote to approve the August Primary Election ballot followed Michigan Election Law.

Plaintiffs claim to have voted for Victoria Burton-Harris (ECF 6, pages 10, 11). This is not evidence that unlawful votes have been counted.  The Wayne County Board of Canvassers ("Board") has no duty to review a candidate affidavit or look at the qualifications of a candidate.  The Board's certification of the August Primary Election ballot followed Michigan Election Law. The Board has no authority to determine whether a candidate properly qualified to be on the ballot. There are adequate remedies to address that occurrence.

1

The Michigan Election Law and Judge Kenny's decisions are not substantial changes to an election procedure; were not recently modified with the intent of violating Plaintiffs' rights; and were not non-uniformly applied.  Plaintiffs have not shown fraud, intentional discrimination, unlawful votes or vote dilution.  There is no due process violation.  It did not amount to a fundamentally unfair election procedure.  The Board did not violate any of Robert Davis' constitutional rights.

One of the Plaintiffs, Robert Davis has unsuccessfully filed a plethora of pleadings in circuit court, the state Court of Appeals ("COA"), the Supreme Court of Michigan, and now this Court.  This matter is also barred by laches, *Rooker-Feldman*, *Burford*, and *Colorado River*.

This Court should deny the motion for preliminary injunction.

## STATEMENT OF FACTS

Plaintiffs allege that the Board violated their federal constitutional rights and diluted their votes because the Board counted votes for Kym Worthy, a candidate for Prosecuting Attorney and Brenda Jones, a candidate for U.S. House of Representatives.  The facts belie that claim.

**_Burton-Harris v Garrett_, Third Judicial Circuit No. 20-007116-AW, Court of Appeals No. 353999, and Supreme Court No.  161564**.

On March 18, 2020, Kym Worthy filed an Affidavit with the Wayne County Clerk for the office of Prosecuting Attorney.  Kym Worthy's notarized signature appeared below the acknowledgment that as of the date of filing there were no outstanding filing fees. (Exhibit 1)

On June 2, 2020, Victoria Burton-Harris filed a challenge to Kym Worthy's candidacy. The challenge alleged, among other things, that per MCL §168.558(4), as Ms. Worthy's affidavit of identity contained a false statement, she could not be certified as a candidate for the office of Wayne County prosecutor for the August 4, 2020 Primary Election ballot.  (Exhibit 2).

Prosecutor Worthy responded to the challenge on June 5, 2020, arguing that although the legislature had amended MCL 168.558(4), the legislature did not make the county clerk "the arbiter of the truth or falsity of statements made in an affidavit of identity." (Exhibit 3).  The Election Commission met on June 5, 2020,

and unanimously voted to accept the candidate list presented by the County Clerk and to approve the printing of the ballots. (Exhibits 4 and 5).

On June 5, 2020, Victoria Burton-Harris filed a complaint requesting mandamus relief. This was followed by her motion for a temporary restraining order.  The pleadings, against the Wayne County Clerk and Election Commission, sought to have Kym Worthy's name removed from the ballot.  (Exhibit 6).

The state court, on June 8, 2020, denied the request for temporary restraining order and scheduled a show cause hearing.   (Exhibit 7). As a result of an emergency application for leave to appeal to the COA, on June 9, 2020, that court denied the application.  (Exhibit 8).

On June 11, 2020, Robert Davis filed to intervene in the matter. The circuit denied Robert Davis' intervention motion and Burton-Harris' motion for mandamus on June 15, 2020.  (Exhibit 9). Two weeks later, on June 29, 2020, Robert Davis appealed that decision on an expedited basis.  On July 1, 2020, the COA granted the motion for immediate consideration of the expedited appeal, but denied expedited consideration. (Exhibit 10).

On July 6, 2020, Robert Davis filed an application for leave seeking to bypass the Court of Appeals' process. (Exhibit 11). The Supreme Court, on July 15, 2020, denied the application as it was not persuaded the issue should be reviewed by that court. (Exhibit 12).   The matter is pending in the COA.

*Davis v Wayne County Election Commission*, **Third Judicial Circuit Case No. 20-008522-AW**

On April 19, 2020, Brenda Jones filed an Affidavit with the Wayne County Clerk as a candidate for United States Congress, 13th Congressional District. (Exhibit 13).  Section IV of the Affidavit mandated that the candidate acknowledge that as of the date of filing there were no outstanding filing fees:

CAMPAIGN   FINANCE   COMPLIANCE   STATEMENT   AND ATTESTATION

- I swear or affirm that the facts I have provided and the facts contained in the statement set forth below are true.

    *At this date, all statements, reports, late filing fees, and fines due from me or any Candidate Committee organized to support my election to office under the Michigan Campaign Finance Act, PA 388 of 1976, have been filed or paid.*

- I acknowledge that making a false statement in this affidavit is perjury – a felony punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both and may result in disqualification from the ballot. (MCL 168.558, 933 and 936).

Brenda Jones' notarized signature appears below the acknowledgment. (Exhibit 13).

On July 8, 2020, Robert Davis filed a complaint seeking mandamus and other relief. (Exhibit 14).This was followed by his emergency motion for mandamus and declaratory judgment. (Exhibit 15). The pleadings, against the Wayne County Clerk, the Board and Election Commission, sought, among other

things, to have Brenda Jones' name removed from the ballot.  Robert Davis then filed a motion for temporary restraining order.  (Exhibit 16). The state court denied the motion and scheduled a hearing for July 23, 2020. (Exhibit 17).

On July 18, 2020, Robert Davis filed with the COA an application for leave to appeal the denial of the temporary restraining order. (Exhibit 18).  The COA denied leave on July 22, 2020. (Exhibit 19).  On July 23, 2020, the trial court denied the motion for mandamus, the motion for preliminary injunction and the motion for leave to file an amended complaint and the court dismissed the matter with prejudice.  (Exhibit 20). Robert Davis has filed an emergency appeal with the COA. (Exhibit 21).  That court has not yet ruled.

## ARGUMENT

**Plaintiffs do not have a likelihood of success nor will they suffer irreparable harm.**

**I.    Plaintiffs cannot meet the four prong test for an injunction.**

Plaintiffs cannot meet the four prong test outlined in *City of Pontiac Retired Employees Ass'n v Schimmel*, 751 F3d 427 (6th Cir 2014).  They must show:

- They are likely to prevail on the merits.

- They would suffer irreparable injury without an injunction.

- There would be substantial harm to others.

- Public interest is served by issuance of an injunction.

For a preliminary injunction because of a constitutional violation, the likelihood of success on the merits is determinative. *Ammex, Inc v Wenk*, 936 F3d 355 (6th Cir 2019).

## II.   This court does not have jurisdiction as the matter is now moot because the Board has already certified the August Primary Election results.

Under Article II, § 2 of the Constitution, this court only has jurisdiction to hear actual cases and controversies and it may not decide moot issues. *In re Commerce Oil Co*, 847 F2d 291 (6th Cir 1988).

This Court has defined a moot issue:

> A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. … "If events occur during the case, including during the appeal, that make it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed).

*Lyda v City of Detroit (In re City of Detroit)*, 841 F3d 684, 691 (6th Cir 2016). (internal quotation marks omitted).

The August Primary Election occurred August 4, 2020.  Robert Davis waited 3 days, until August 7, 2020, to file this complaint.  (ECF 1).  He waited until August 12, 2020, to file this motion for an injunction requesting that the Board not certify the election results. (ECF 7).  On August 18, 2020, the Board certified the election results; which included Kym Worthy as the Democratic candidate for

Prosecuting Attorney. (Exhibit 22).  It is now impossible to enjoin the Board from

canvassing and certifying results for Kym Worthy or Brenda Jones.

**III.    This matter is barred by laches as Plaintiffs knew on June 5, 2020, that Worthy and Jones would be on the ballot and possibly certified by the Board yet they waited until August 12, 2020 to file this Motion.**

The Election Commission authorized the printing of the ballots at its

meeting on June 5, 2020. The ballot included Kym Worthy as a candidate.

(Exhibit 4). The Primary Election occurred August 4, 2020.  The Board had 14

days after the election to canvass and certify the results.  MCL 168.822(1).    The

certification occurred on August 18, 2020. (Exhibit 22).

The facts in this matter are similar to those of *Kay v Austin*, 621 F2d 809

(6th Cir 1980), where the Court said:

> It is the opinion of this Court that Kay is not entitled to equitable relief in this instance as a result of laches. Those courts which have considered comparable claims have in effect balanced the interests of the parties and required that **any claims against the state procedure be pressed expeditiously**….As time passes, the state's interest in proceeding with the election increases in importance as resources are committed and irrevocable decisions are made, and the candidate's claim to be a serious candidate who has received a serious injury becomes less credible by his having slept on his rights. … On the basis of these facts before it, it is the conclusion of this Court that **the failure of the appellant to press his case when he should have known that an injury had occurred is fatal to his receiving any relief**. (Emphasis added) (Internal citation omitted).

*Kay v Austin, id* 813.

Plaintiffs waited until the eleventh hour to file their complaint and motion.

They slept on their rights and are now barred by laches.

**IV.**  **The claims are barred by *Rooker Feldman* as the case is an attempted appeal of state court judgments.**

Although the complaint is directed at the Board, Plaintiffs really seek review of the state court decisions regarding the Clerk, Election Commission ad Board review of a candidate's affidavit. It is the state courts, and not this Court, which should decide the issues. Under the *Rooker Feldman* doctrine, lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings. *Rooker v Fid Trust Co*, 263 US 413; 44 S Ct 149 (1923). It prevents a plaintiff from securing appellate review of the state court's judgment based on the losing party's claim that the state judgment itself violates the loser's federal rights. *Pieper v. American Arbitration Ass'n, Inc*., 336 F 3d 458, 459 (6th Cir 2003). The *Rooker–Feldman* doctrine bars relitigation of claims raised in state-court proceedings as well as claims that are "inextricably intertwined" with the claims asserted there. *id.* It is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp v Saudi Basic Indus Corp,* 544 US 280, 284; 125 S Ct 1517 (2005). One must ask if the source of the injury is the state court decision; if so, then the Rooker-Feldman doctrine prevents the district

court from asserting jurisdiction. *McCormick v Braverman,* 451 F3d 382 (6th Cir 2006).

The elements of *Rooker-Feldman* are present in the instant case. Robert Davis is a state court loser. At least twice the state courts have dismissed the arguments Plaintiffs raise. These allegations arise from final orders entered against him in those cases. The relevant state court orders were entered before the filing of the present federal lawsuit. He is asking this Court to review and reject the decisions of the state courts regarding the Clerk's and Election Commission's handling of a candidate's affidavit. This Court can only grant relief by overturning the state courts' decisions. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pieper v American Arbitration Ass'n, Inc*, *supra* at 460. The source of Plaintiffs' injury is the state court. This Court must decline to grant the requested relief.

## V. *Burford* **requires that this court abstain from exercising jurisdiction**.

*Burford* abstention prevents this Court from handling this matter. Federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress. *Quackenbush v Allstate Inc*, 517 US 706, 715; 116 S Ct 1712 (1996).

One exception is the *Burford* doctrine which permits a federal court sitting in equity to dismiss a case:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

*New Orleans Pub Serv, Inc v Council of City of New Orleans*, 491 US 350, 361; 109 S Ct 2506 (1989) citing *Burford v Sun Oil* Co, 319 US 315; 63 S Ct 1098 (1943).

Plaintiffs allege their vote will be diluted if the Board certifies Worthy as candidate for Prosecuting Attorney. The instant allegations implicate the effect of Michigan Election law on the November General Election. Plaintiffs admit that this Court must apply Michigan law. (ECF 6 page 20).The public has a substantial interest in how the issues are determined by the courts. Federal review may disrupt state efforts to establish a coherent policy. In addition to the two state cases, *Burton-Harris* and *Davis v Wayne County Election Commission,* cited in the motion to dismiss, there are several actions arising from the same fact pattern pending in the Michigan Court of Claims (*Black v Benson*, 20-000096-MZ; *Cooper-Keel  Benson* 20-000092-MM; *Davis v Benson*, 20-000099-MM) as well

as federal district courts (*Anders v Benson,* 20-cv-11991; *Davis v Benson* 20-cv-12130; *Davis v Wayne County Election Commission*, 20-11819). (Exhibit 23). Abstention by this Court over the issues would leave the resolution to the state courts.

## VI.  Because of pending matters *Colorado River* mandates abstention.

Plaintiffs argue that the Clerk and Election Commission violated sound principles of Michigan Election Law -- their limited review authority of affidavits of identity.  Robert Davis has not been successful in the state courts – he is asking this Court to oversee or review the state court action.  This Court may determine that the alleged facts do not confer that subject matter jurisdiction.  FRCP 12(h)(3); LR 41.2.

*Colorado River Water Conservation Dist v United States*, 424 US 800; 96 S Ct 1236 (1976) holds that federal courts may abstain from hearing a case solely because similar pending state court litigation exists.  The Court examines 5 factors:

> (1) whether the state court or the federal court has assumed jurisdiction over the res or property; (2) which forum is more convenient to the parties; (3) whether abstention would avoid piecemeal litigation; (4) which court obtained jurisdiction first; and (5) whether federal law or state law provides the basis for the decision on the merits.

*Devlin v Kalm*, 493 Fed Appx 678 (6th Cir 2012).

In this instance there is no property.  Either forum is convenient.  Abstention would avoid piecemeal litigation.  The state courts first obtained jurisdiction.

Michigan Election Law provides the basis for the decision on the merits.    Without application of abstention, there is a risk that this Court and the state courts could reach different results without establishing a coherent policy. In the interest of comity and federalism, this Court should determine the factual allegations are insufficient to confer subject matter jurisdiction and dismiss this matter.

## VII. Plaintiffs have no standing to bring this action as they have not alleged a concrete injury caused by the Board.

In evaluating the merits of Plaintiffs' claims, one must first examine the issue of standing. *Northeast Ohio Coalition for Homeless and Service Employees Intern Union, Local 1199 v Blackwell*, 467 F3d 999, 1010 (6th Cir 2006).   The Plaintiffs must meet the 3-prong test for standing:

●      There must be alleged, and ultimately proven, an "injury in fact"—a harm suffered by plaintiff that is concrete and actual or imminent, not conjectural or hypothetical;

●      There must be "causation"—a fairly traceable connection between plaintiff's injury and complained-of conduct of defendant;

●      There must be "redressability"—a likelihood that requested relief will redress alleged injury.

*Steel Co v Citizens for a Better Environment*, 523 US 83; 118 SCt 1003 (1998).

Plaintiffs cannot meet this test.  Robert Davis alleges he corresponded with an employee of the County Clerk who advised that Brenda Jones had outstanding campaign finance states.   (ECF 6, pages 21 and 26). Robert Davis, without

evidence, concludes that the Election Commission knew of the correspondence or the status of Brenda Jones' campaign finance file; ignored the employee's emails; and violated Michigan Election Law and placed Kym Worthy and Brenda Jones on the August Primary Election ballot.

Plaintiffs have not alleged nor shown how, when, or if the Election Commission acquired or reviewed the employees' correspondence.  Importantly, Robert Davis ignores settled law: that the County Clerk is only required to do a facial check of a candidate's affidavit of identity before certifying the candidate to the Election Commission.  *Berry v Garrett,* 316 Mich App 37; 890 NW2d 882 (2016); *Bsharah v Garrett,* Court of Appeals of Michigan, No. 344081, June 6, 2018 (un pub opn). The Election Commission has no duty to investigate the content of the affidavit of identity.  Similarly, state law prevents the Board from looking beyond the polls books or reviewing a candidate's qualifications.  *Bradley v. Board of State Canvassers*, 154 Mich. 274 (1908).

Plaintiffs have failed to allege, and cannot show, an injury in fact.  There is no nexus or causation between the Board and any perceived injury to Plaintiffs.  There is no likelihood for relief.  Plaintiffs lack standing and this Court lacks jurisdiction.

**VIII There is no case or controversy because the Michigan law requiring that the Election Commission may maintain Worthy on the August Primary Election ballot and the Board may not question candidacy does not violate Plaintiffs' rights secured by the Constitution**
**A. Plaintiffs cannot show a case or controversy.**

It is axiomatic that before a federal court has jurisdiction, there must be a case or controversy. USCA Const Art III § 2. When a claim is such that judicial power is capable of acting on it, it is considered a case. *Johnson v Interstate Transit Lines,* 163 F2d 125 (10th Cir 1947). There must be a statement of facts showing that defendant is acting or is threatening to act in such a way as to invade, or prejudicially affect the rights of plaintiff. *Aetna Life Ins Co of Hartford, Conn v Haworth,* 84 F2d 695, (8th Cir 1936), cert granted 299 US 536, 57 S Ct 190 (1936), revd on other grounds 300 US 227, 57 S Ct 461 (1937), reh den 300 US 687, 57 S Ct 667 (1937). The Board submits that Plaintiffs have neither a case nor controversy.

The Voting Rights Act provides:

> (2)(a) No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color, or in contravention of the guarantees set forth in section 1973b(f)(2) of this title, as provided in subsection (b) of this section.

> (b) A violation of subsection (a) of this section is established if, based on the totality of circumstances, it is shown that the political processes leading to

nomination or election in the State or political subdivision are not equally open to participation by members of a class of citizens protected by subsection (a) of this section in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice. The extent to which members of a protected class have been elected to office in the State or political subdivision is one circumstance which may be considered: Provided, That nothing in this section establishes a right to have members of a protected class elected in numbers equal to their proportion in the population.

42 U.S.C. § 1983.

A 1983, a section 2 violation could be made out by proving intent *or* that the challenged system in the context of all the circumstances *results* in minorities being denied equal access to the political process. *Brown v Board of Comm'rs*, 722 F Supp 380,  (ED Tenn 1989).

Plaintiffs make the conclusory statement that "The counting, tallying and certification of the votes cast for Kym Worthy by the Defendant will dilute the lawful votes cast by Plaintiffs Davis, Jordan and Reed-Pratt for Victoria Burton-Harris.  (ECF ¶79). They cite no authority to support that conclusion nor do they state any facts to show that the vote dilution occurred or will occur.

**B. The Board did not impose a discriminatory policy against Plaintiffs**.

*Burton-Harris v Wayne County Election Commission* and *Davis v Wayne County Clerk* present identical issues: whether the Election Commission may maintain the candidate's name on the ballot where the County Clerk only facially

16

reviewed the Affidavit of Identity.  In *Burton-Harris*, the lower court answered in the affirmative.  The matter is pending before the COA as the Supreme Court of Michigan has denied Robert Davis' Bypass Application.

In *Davis v Garrett*, the lower court also denied the writ of mandamus. In both instances the state court supported the position of the Election Commission. It is telling that at the meeting of the Election Commission Robert Davis made no public comment regarding the Election Commission's motion to print the ballots. Prior to that meeting, Robert Davis did not file a challenge to the affidavits of either Burton-Harris or Brenda Jones.  He gave the Election Commission no opportunity to consider his position, and certainly no opportunity to display animus toward him.

Robert Davis complains that the Election Commission ignored its duty to not to certify Brenda Jones as a candidate (ECF 1,  ¶45); and failure to do so and to keep her on the ballot may reduce the votes received by other candidates (ECF 1, ¶¶70). These are similar to arguments rejected by the District Court in *Minnesota Voters Alliance v Ritchie*, 890 FSupp 2d 1106 (D Minn 2012).

In *Minnesota Voters Alliance v Ritchie*, several registered voters, three of whom intended to be candidates, and two organizations that represent persons eligible to vote, filed suit against state and county officials responsible for election administration or for enforcement of election law.   Plaintiffs alleged that

defendants wrongfully permitted the votes of election day registrants to be counted without first confirming the election day registrants' eligibility to vote.  The Court discussed the prerequisites to finding a constitutional violation:

> *To establish a constitutional violation based on voter irregularities, election officials must have engaged in invidious discrimination or intentional misconduct...* As the Eighth Circuit has previously held, there is no constitutional basis for a federal court to oversee the administrative details of a state election "in the absence of aggravating factors such as denying the right of citizens to vote for reasons of race, or fraudulent interference with a free election by stuffing of the ballot box, or other unlawful conduct which interferes with the individual's right to vote," or other constitutionally protected right**.**  (citations omitted) (Emphasis supplied).

*Minnesota Voters Alliance v Ritchie*, *id*, 1112.

The Plaintiffs fail to allege any facts that suggest there was any intentional misconduct, practice, or discrimination by the Clerk, Election Commission, or the Board; nor are there any aggravating factors as outlined by *Minnesota Voters*.

Plaintiffs erroneously state that the Board certified to the Wayne County Election Commission the names of each candidate who received the highest number of votes.   Not true.  The Board certifies the results to the county clerk. MCL 168.825, MC 168.826.

The Board adhered to a nondiscriminatory practice in this instance. It did not make any substantial changes to any procedures used to conduct the canvass as in *Northeast Ohio Coalition for Homeless, supra*.  There are no non-uniform rules as in *Warf v Bd of Elections of Green County, KY*, 619 F3d 553 (6th Cir 2010).

Plaintiffs have not alleged nor shown that the canvass procedure was implemented to dilute their votes or that the Board intended to dilute their votes. They have not shown that any votes were fraudulent or unlawful.

## IX. Plaintiffs fail to state a Fifth Amendment claim because they do not have a constitutionally protected liberty interest.

One must first determine whether the plaintiffs possess a liberty or property interest:

> The threshold question in adjudicating a due process claim is whether Plaintiff possessed a liberty or property interest….An *individual has no property or liberty interest in an elected office. Nor does he have such an interest in being elected, or in appearing on a ballot.* (Internal citations omitted) (Emphasis added).

*Tiraco v NY State Bd of Elections*, 963 F Supp 2d 184, 194 (ED NY 2013).

Plaintiff's allegations are scant. They argue that they voted for Vitoria Burton-Harris (ECF 1 ¶¶87-89; that the Board has the duty to certify election results (*id* ¶94); that the Board certifies to the Election Commission; that tallying will dilute their votes (*id* ¶96); that Chief Judge Kenny's decisions are an officially-sponsored election procedure. (*id* ¶99). Plaintiffs cite no law to support their conclusion. These arguments do not state a constitutionally protected liberty or property interest and do not state a claim for relief.

The *Tiraco Court* further stated that even were a plaintiff deprived of some constitutionally protected property or liberty interest, no fundamental due process principles are violated if the plaintiff was provided adequate process: "The Due

Process Clause does not protect against all deprivations of constitutionally protected interests in life, liberty, or property, only against deprivations without due process of law." (Internal citations omitted). *Tiraco v NY State Bd of Elections, id* 194.

Plaintiffs' complaint alleges that the Board violated their constitutional rights by including Kym Worthy's name as a candidate on the August 2016 Primary Election ballot and the Board did so by counting votes cast on those ballots. To determine whether they violated Plaintiffs' due process rights, "it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Tiraco v NY State Bd of Elections, id* 194.

The *Tiraco* Court advised that there must be notice and an opportunity to be heard:

> An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case… Moreover, due process "requires only that the state afford a party threatened with a deprivation ... a process involving pre-deprivation notice and access to a tribunal in which the merits of the deprivation may be fairly challenged." *(*Internal citations omitted).

*Tiraco v NY State Bd of Elections, id* 194.

Judge Kenny's orders were clear: the Election Commission need not remove Kym Worthy or Brenda Jones from the ballot. The Election Commission adhered to the state orders. The Board likewise, followed established procedure. The Plaintiffs were aware that they could use the Michigan Election law process to

challenge the affidavits of Brenda Jones and Kym Worthy.  They chose not to do so. They were aware that they could file criminal complaints.   They chose not to do so.  They were also aware that they could use the state of Michigan courts to litigate the issue.   This Robert Davis did. Therefore the processes provided to Plaintiffs were adequate.  *Tiraco v NY State Bd of Elections*, *id*, 195.  These procedures have provided Plaintiffs with sufficient notice and opportunity to contest the Election Commission's and the trial court's determinations.

As discussed above, the Board acted impartially and consistent with state law. The Board had no duty to not certify Kym Worthy as the Democratic candidate for Prosecuting Attorney. The Board did not institute a new discriminatory practice. Thus, the Election Law did not give rise to a violation of Plaintiffs' rights and was not an officially-sponsored election procedure which was flawed to the level of fundamental unfairness.

## CONCLUSION

Wayne County Board of Canvassers requests that this Honorable Court deny the motion for preliminary injunction.

Respectfully submitted,

BY:   **/S/JANET ANDERSON DAVIS**
Janet Anderson-Davis (P29499)
Attorneys for Election Commission
500 Griswold, 21st Floor South
Detroit, Michigan 48226
313- 347-5813
jandersn@waynecounty.com

Dated: August 27, 2020

## CERTIFICATE OF SERVICE

I certify that on August 27, 2020, I filed a copy of *WAYNE COUNTY BOARD OF CANVASSERS RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION WITH RESPECT TO COUNTS I AND II ONLY* with the clerk of the court using the electronic filing system, which will send electronic notification of this filing to all parties.

/s/*Janet Anderson Davis*
JANET ANDERSON DAVIS (P29499)