# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT DAVIS,** and
**SHANE ANDERS,**
      Plaintiffs,

Case No. 20-cv-12127
**Hon. Nancy G. Edmunds**

v.

# WAYNE COUNTY BOARD OF CANVASSERS,
      Defendant.

_____/

ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

JAMES HEATH (P65419)
Wayne County Corporation Counsel
JANET ANDERSON-DAVIS (P29499)
Assistant Corporation Counsel
Attorneys for Defendant
500 Griswold, 21st Floor
Detroit, MI 48226
(313) 347-5813
jandersn@waynecounty.com

_____/

## AMENDED COMPLAINT AND JURY DEMAND

**NOW COME** Plaintiffs, ROBERT DAVIS and SHANE ANDERS,

by and through their attorney, ANDREW A. PATERSON, and for their

Amended Complaint and Jury Demand ("Amended Complaint"), state

as follows:

## I.    NATURE OF PLAINTIFFS' CLAIMS

1. Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367; and, the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C. 1983; 28 U.S.C. §§ 1331, 1332, 1337, 1343, and 1367.

3. This Court also has jurisdiction to render and issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

4. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b)(1). Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."   Upon information and belief, all of the named Defendants are residents of the State of Michigan or have a place of business in the State of Michigan, and at least one of the Defendants reside in the Eastern District of Michigan. Therefore,

venue is proper within the Eastern District of Michigan under 28

U.S.C. § 1391(b)(1).[1]

5. All events giving rise to the causes of action pleaded and alleged

herein occurred in the Eastern District of Michigan.

## III.   **PARTIES**

6. Plaintiffs repeat, reallege and incorporate, the foregoing

allegations, as though fully set forth and stated herein.

7. Plaintiff, Robert Davis ("**Plaintiff Davis**"), is a resident and

registered voter of the City of Highland Park, County of Wayne,

State of Michigan.  Plaintiff Davis voted in the August 4, 2020

primary election.

8. Plaintiff, Shane Anders ("**Plaintiff Anders**"), is a resident and

registered voter of the City of Dearborn, County of Wayne, State of

Michigan.  Plaintiff Anders voted in the August 4, 2020 Republican

---

[1] Under 28 U.S.C. § 1391(b)(1) venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Furthermore, under 28 U.S.C. § 1391(c)(2), a corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction." The determination of the proper venue for a civil action in federal court is "generally governed by 28 U.S.C. 1391." *Atlantic Marine Const. Co. v U.S. District. Court for W.Dist. of Texas*, 571 U.S. 49, 55 (2013). "[T]he court must determine whether the case falls within one of the three categories set out in 1391(b).  If it does, venue is proper[.]" *Id.* at 55.

primary election and was the sole declared write-in candidate in the August 4, 2020 Republican primary election for the office of Wayne County Prosecutor.

9. Defendant, Wayne County Board of Canvassers ("**Defendant Board of Canvassers**"), pursuant to Mich. Comp. Laws §§168.24a, 168.24c and 168.822, and 168.826, is the four-member board selected by a majority of the Wayne County Board of Commissioners that is charged with the statutory duties of canvassing, certifying, determining and declaring the results of elections held in Wayne County.  In accordance with MCL 168.821 and 168.822, the Defendant Board of Canvassers "shall meet at the office of the county clerk no later than 9 a.m. on the Thursday after any election held in the county" and "shall then proceed without delay to canvass the returns of votes cast for all candidates for offices voted for and all questions voted on at the election, according to the precinct returns filed with the probate judge or presiding probate judge by the several city and township clerks[.]"

10.    An actual controversy exists between the Plaintiffs and the named Defendant.

## GENERAL ALLEGATIONS AND STATEMENT OF FACTS

11.     Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

### Candidates Filing To Run For The Office of Wayne County Prosecutor

12.     On November 4, 2019, Victoria Burton-Harris filed an affidavit of identity, along with a $100 filing fee, with the Wayne County Clerk to qualify as a candidate for the Democratic Party for the office of prosecuting attorney for the County of Wayne.

13.     On March 18, 2020, Kym Worthy filed an affidavit of identity, along with a $100 filing fee, with the Wayne County Clerk to qualify as a candidate for the Democratic Party for the office of prosecuting attorney for the County of Wayne. (**See Kym Worthy's affidavit of identity attached as Exhibit A**).

14.     The filing deadline for a candidate to file an affidavit of identity and $100 filing fee to qualify to have their name printed on the August 4, 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor was by 4 p.m. on April 21, 2020.

15.     Kym Worthy and Victoria Burton-Harris were only two (2) candidates who timely filed affidavits of identity and the $100 filing

fee to have their names printed on the August 4, 2020 primary election ballot as candidates for the Democratic Party's nomination for the office of Wayne County Prosecutor.

16.     According to the Wayne County Clerk, no person timely filed an affidavit of identity and $100 filing fee by the filing deadline date to have their name printed on the August 4, 2020 primary election as a candidate for the Republican Party's nomination for the office of Wayne County Prosecutor.

17.     However, on July 23, 2020, pursuant to Mich. Comp. Laws §168.737a(1), Plaintiff Anders timely filed with the Wayne County Clerk a declaration of intent to run as a write-in candidate as a Republican in the August 4, 2020 primary election for the office of Wayne County Prosecutor. (**See Plaintiff Anders' Declaration of Intent to Be A Write-In Candidate attached as Exhibit B**).

18.     Pursuant to Mich. Comp. Laws §168.737a(1), the statutory deadline for a person to file a declaration of intent to be a write-in candidate for any office appearing on the August 4, 2020 primary election ballot was by 4 p.m. on July 24, 2020.

19.     As of Friday, July 31, 2020, Plaintiff Anders was the only candidate who timely filed with the Wayne County Clerk a declaration of intent to run as a write-in candidate as a Republican in the August 4, 2020 primary election for the office of Wayne County Prosecutor.

20.     Pursuant to Mich. Comp. Laws §168.191, Plaintiff Anders' satisfied the statutory requirements to be eligible to run for the office of Wayne County Prosecutor.

## Victoria Burton-Harris' State-Court Case

21.     On or about June 2, 2020, Victoria Burton-Harris, who was a democratic candidate for the office of Wayne County Prosecutor, filed a legal challenge with the Wayne County Clerk and Wayne County Election Commission, challenging the certification of Kym Worthy's name to appear on the August 4, 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor for the Democratic Party. (**See Victoria Burton-Harris' Legal Challenge attached as Exhibit C)**.

22.     On June 5, 2020, the Wayne County Election Commission convened to formally approve and certify the names of the

candidates whose names would appear on the August 2020 primary election ballot.

23.     However, prior to the June 5, 2020 meeting of the Wayne County Election Commission, the Wayne County Clerk issued a written determination rejecting Victoria Burton-Harris' legal challenge and further advising that the Wayne County Clerk would be certifying Kym Worthy's name to appear on the August 4, 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor for the Democratic Party. (**See Wayne County Clerk's June 5, 2020 Determination letter attached as Exhibit D**).

24.     During the Wayne County Election Commission's June 5th meeting, they also discussed Victoria Burton-Harris' legal challenge.  After hearing arguments from counsel representing Victoria Burton-Harris and Kym Worthy, the Wayne County Election Commission voted to approve the Wayne County Clerk's certification of Kym Worthy's name to appear on the August 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor for the Democratic Party.

25.     That same day, on June 5, 2020, Victoria Burton-Harris filed a state-court complaint and emergency motion for declaratory judgment, writ of mandamus and temporary restraining order in the Wayne County Circuit Court.

26.     Pursuant to the Third Judicial Circuit Court's Local Administrative Order 2017-08, Wayne County Circuit Court Chief Judge Tim Kenny ("Chief Judge Kenny") was automatically assigned Victoria Burton-Harris' election case. (**See Local Administrative Order 2017-08 attached as Exhibit E**).

27.     Victoria Burton-Harris also filed an *ex parte* motion for temporary restraining order and order to show cause.  However, Chief Judge Kenny did not grant Victoria Burton-Harris' *ex parte* motion for temporary restraining order, but instead, entered an order to show cause requiring the Wayne County Clerk and Wayne County Election Commission to show cause why a writ of mandamus and/or preliminary injunction should not issue.

28.     Chief Judge Kenny set a hearing for Victoria Burton-Harris' order to show cause to be heard on June 15, 2020 at Noon.

29.     On June 9, 2020, Victoria Burton-Harris filed with the Michigan Court of Appeals an emergency Application for Leave to Appeal Chief Judge Kenny's June 8, 2020 order denying Victoria Burton Harris' *ex parte* motion for temporary restraining order. See Michigan Court of Appeals Docket No. 353770.

30.     That same day, the Michigan Court of Appeals promptly entered an order denying Victoria Burton-Harris' emergency Application for Leave to Appeal. *See Burton-Harris v Wayne County Clerk*, unpublished order of the Court of Appeals, entered June 9, 2020 (Docket No. 353770).[2]

31.     On June 11, 2020, while the Victoria Burton-Harris election case was pending in the state court, community activist Plaintiff

---

[2] Notably, Chief Judge Kenny's June 8, 2020 order to show cause did not explicitly state that the state-court denied Victoria Burton Harr's *ex parte* motion for temporary restraining order.  Thus, one could conclude that the Michigan Court of Appeals lacked jurisdiction over Victoria Burton-Harris' emergency application for leave to appeal.  It is well-settled that the Michigan Court of Appeals has jurisdiction to hear appeals from orders, whether they be final orders for purposes of an appeal of right, or interlocutory for purposes of an application for leave to appeal.  See, generally, MCR 7.203(A) & (B); *Chen v Wayne State University*, 284 Mich App 172, 192-193; 771 NW2d 820 (2009).  Appealable orders, of course, are the written variety, not simply oral rulings made by the court from the bench.  *City of Sterling Heights v Chrysler Group LLC*, 309 Mich App 676, 682; 873 NW2d 342 (2015).  However, Chief Judge Kenny never signed and entered a written order denying Victoria Burton-Harris' *ex parte* motion for temporary restraining order.

Davis timely filed an Emergency Motion to Intervene as a plaintiff in the case pursuant to MCR 2.209(A)(3) and MCR 2.209(B)(2).

32.     Chief Judge Kenny set a hearing for Plaintiff Davis' emergency motion to intervene to be held on Monday, June 15, 2020 at Noon, on the same day as Victoria Burton-Harris' show cause hearing.

33.     On June 15, 2020, Chief Judge Kenny heard arguments in Victoria Burton-Harris' matter and after hearing arguments, Chief Judge Kenny denied Plaintiff Davis' Emergency Motion to Intervene on the basis of laches and also denied Victoria Burton-Harris' motions for writ of mandamus and declaratory judgment.

34.     That same day, Chief Judge Kenny entered a final order denying the requested relief and dismissing with prejudice Victoria Burton-Harris' case. (**See Chief Judge Kenny's June 15, 2020 Order in Burton-Harris case attached as Exhibit F**).

35.     Victoria Burton-Harris chose not to appeal Chief Judge Kenny's erroneous decision.

36.     However, on June 29, 2020, Plaintiff Davis timely filed a claim of appeal with the Michigan Court of Appeals appealing Chief

Judge Kenny's June 15, 2020 Order denying Plaintiff Davis' motion to intervene. *See* Michigan Court of Appeals Docket No. 353999.

37.    The next day, on June 30, 2020, Plaintiff Davis filed a motion to expedite the appeal along with a motion for immediate consideration. On July 1, 2020, the Michigan Court of Appeals issued an order granting Plaintiff Davis' motion for immediate consideration, but **denying** Plaintiff Davis' motion to expedite the appeal. *See Vitoria Burton-Harris v Wayne County Clerk*, unpublished order of the Court of Appeals, entered July 1, 2020 (Docket No. 353999).

38.    Undeterred, on July 6, 2020, Plaintiff Davis filed with the Michigan Supreme Court an emergency bypass application and application for leave to appeal the July 1, 2020 order of the Michigan Court of Appeals.

39.    On July 15, 2020, the Justices of the Michigan Supreme Court entered an order granting immediate consideration, but denying Plaintiff Davis' emergency bypass application and application for leave to appeal because the Michigan Supreme Court was "not persuaded that the remaining questions presented should be

reviewed by this Court before consideration by the Court of Appeals." (**See Michigan Supreme Court's July 15, 2020 Order attached as Exhibit G**).

40.      Thus, Plaintiff Davis' appeal of Chief Judge Kenny's decision denying Plaintiff Davis' motion to intervene in the Burton-Harris' election case remains pending in the Michigan Court of Appeals. *See* Michigan Court of Appeals Docket No. 353999.

## CAUSES OF ACTION

### COUNT I
**Plaintiff Davis' Right To Vote Was Violated With The Dilution Of Plaintiff Davis' Legitimate Vote By Defendant County Board of Canvassers Counting Improper Votes Cast For Kym Worthy.**

41.      Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

42.      This claim is brought by Plaintiff Davis against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*.

43.      This claim, which is brought by Plaintiff Davis against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

44.     On August 4, 2020, Plaintiff Davis voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor.

45.     On Wednesday, August 5, 2020 at 3 p.m., Defendant Wayne County Board of Canvassers convened to begin their statutory duty of tallying, counting and certifying the election results from the August 4, 2020 primary election.

46.     Prior to their August 5, 2020 meeting, counsel for Plaintiffs sent members of the Defendant Wayne County Board of Canvassers and their legal counsel, Janet Anderson-Davis, an email requesting that the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Kym Worthy.

47.     At the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, Plaintiffs' counsel spoke during citizens' participation and again, requested the members of the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Kym Worthy.

48.     After Plaintiffs' counsel spoke during the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, counsel for the Defendant Wayne County Board of Canvassers advised Plaintiffs' counsel on the record that any and all votes cast for Kym Worthy would be counted, tallied and certified by the Defendant Wayne County Board of Canvassers absent an order for a court ordering the Defendant Wayne County Board of Canvassers not to count said votes cast for Kym Worthy.

49.     Pursuant to Mich.Comp.Laws §§ 168.822, 168.824, 168.825, and 168.826, Defendant Wayne County Board of Canvassers has the statutory duty to count, tally, and certify the election results from the August 4, 2020 primary election.

50.     Pursuant to Mich.Comp.Laws §§ 168.197 and 168.687, the Defendant Wayne County Board of Canvassers has the statutory duty to certify to the Wayne County Election Commission the names of each candidate who received the highest number of votes for each political party for the office of Wayne County Prosecutor.

51.     Mich.Comp.Laws §168.550 provides:

> **No candidate shall have his name printed upon any official primary election ballot of any**

*political party* in any voting precinct in this state unless he shall have filed nominating petitions according to the provisions of this act, **and all other requirements of this act have been complied with in his behalf**, except in those counties qualifying candidates upon the payment of fees. (Emphasis supplied).

52.     However, Michigan Election Law allows candidates to qualify for the office of prosecuting attorney by filing a $100 filing fee in lieu of the nominating petitions.  Mich.Comp.Laws §168.193(2) provides, in relevant part:

> (2) To obtain the printing of the name of a candidate of a political party under the particular party's heading upon the primary election ballots in the various voting precincts of the county, there may be filed by the candidate, in lieu of filing nomination petitions, a filing fee of $100.00 to be paid to the county clerk. **Payment of the fee and certification of the candidate's name paying the fee shall be governed by the same provisions as in the case of nominating petitions**. (Emphasis supplied).

53.     Mich.Comp.Laws §168.560 provides:

> **Ballots other than those furnished by the board of election commissioners, *according to the provisions of this act, shall not be used, cast, or counted in any election precinct at any election*.** The size of all official ballots shall be as the board of

election commissioners prescribes. (Emphasis supplied).

54.     As noted, on March 18, 2020, Kym Worthy executed and filed her affidavit of identity, along with the $100 filing, with the Wayne County Clerk and Gil Flowers. (Exhibit A).

55.     Kym Worthy did **not** file two (2) copies of the affidavit of identity when she filed the original affidavit of identity with the Wayne County Clerk and Gil Flowers on March 18, 2020.

56.     On June 1, 2020, Plaintiff Davis sent an email communication to Gil Flowers seeking confirmation as to whether Kym Worthy and Brenda Jones had filed a postelection statement required under Mich. Comp. Laws §168.848 (**See Plaintiff Davis' June 1, 2020 Email to Gil Flowers attached as Exhibit J**).

57.     On June 3, 2020, Gil Flowers responded and advised Activist Davis that, as of June 3, 2020, neither Kym Worthy nor Brenda Jones had filed with the Wayne County Clerk the postelection statement required under Mich. Comp. Laws §168.848. (**See Gil Flowers' June 3, 2020 Response attached as Exhibit J**).

58.     Despite having this information, members of the Defendant County Election Commission convened and voted to certify and

approve Kym Worthy's name to appear on the August 4, 2020

primary election ballot.

59.     Mich. Comp. Laws §168.550 of Michigan Election Law,

states:

> ***No candidate shall have his name printed upon any
> official primary election ballot of any political party*** in
> any voting precinct in this state ***unless he shall have filed
> nominating petitions according to the provisions of
> this act, and all other requirements of this act have
> been complied with in his behalf***, except in those counties
> qualifying candidates upon the payment of fees. (emphasis
> supplied).

60.     Mich. Comp. Laws §168.558(1) of Michigan Election Law,

states in relevant part:

> (1) When filing a nominating petition, qualifying petition,
> filing fee, or affidavit of candidacy for a federal, county,
> state, city, township, village, metropolitan district, or school
> district office in any election, a candidate ***shall file with
> the officer*** with whom the petitions, fee, or affidavit is filed
> ***2 copies of an affidavit of identity***. (emphasis supplied).

61.     Mich. Comp. Laws §168.558(4) of Michigan Election Law,

further provides in pertinent part:

> (4) An affidavit of identity must include a statement that as
> of the date of the affidavit, all statements, reports, late filing
> fees, and fines required of the candidate or any candidate

committee organized to support the candidate's <u>election</u> under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid; and a statement that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both. If a candidate files the affidavit of identity with an officer other than the county clerk or secretary of state, the officer shall immediately forward to the county clerk 1 copy of the affidavit of identity by first-class mail. The county clerk shall immediately forward 1 copy of the affidavit of identity for state and federal candidates to the secretary of state by first-class mail. ***An officer shall not certify to the board of <u>election</u> commissioners the name of a candidate who fails to comply with this section*, *or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section***.  (emphasis supplied).

62.     The ballot for the democratic primary for the office of Wayne County Prosecutor was **not** printed in accordance with Michigan Election Law because it included the name of Kym Worthy, whose name should not have been printed thereon.

63.     Kym Worthy's name should not have been printed on the August 4, 2020 primary election ballot as a candidate for Wayne County Prosecutor because (1) Kym Worthy failed to file 2 copies of her affidavit of identity as required under Mich.Comp.Laws

§168.558(1); and (2) Kym Worthy submitted an affidavit of identity that contained a false statement in violation of Mich.Comp.Laws §168.558(4).

64.     Thus, pursuant to Mich.Comp.Laws §168.560, the votes cast for Kym Worthy cannot be counted by the Defendant Wayne County Board of Canvassers.

65.     The counting, tallying and certification of the votes cast for Kym Worthy by the Defendant Wayne County Board of Canvassers will dilute the lawful vote cast by Plaintiff Davis for Victoria Burton-Harris.

66.     The dilution of Plaintiff Davis' vote violates Plaintiff Davis' fundamental right to vote and to have his vote counted.

67.      The lawful vote cast by Plaintiff Davis for Victoria Burton-Harris will be nullified and cancelled out by the Defendant Wayne County Board of Canvassers' actions of counting and certifying the improper votes cast for Kym Worthy.

68.     Chief Judge Kenny's decision in the Victoria Burton-Harris state-court case amounted to an officially-sponsored election

procedure, which in its basic respects was flawed to the level of fundamental unfairness.

69.     Plaintiff Davis has a fundamental right to have his vote counted, which can only be achieved by the Defendant Wayne County Board of Canvassers not being permitted to count, tally or certify any votes cast for Kym Worthy.

**WHEREFORE**, Plaintiff Davis requests this Court to enter judgment against Defendant Wayne County Board of Canvassers as follows:

a. compensatory damages in whatever amount above $75,000.00 Plaintiff Davis is found to be entitled;

b. an award of exemplary and punitive damages;

c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

d. a declaration that Plaintiff Davis' fundamental right to vote and to have his vote counted has been violated by the Defendant Wayne County Board of Canvassers by counting and/or certifying votes cast for Kym Worthy;

e. a declaration that Plaintiff Davis' vote has been diluted with votes cast for Kym Worthy in the August 4, 2020 primary election being counted and certified by the Defendant Wayne County Board of Canvassers;

f. a declaration that Defendant Wayne County Board of Canvassers cannot count and/or certify any votes cast for Kym Worthy in the August 4, 2020 primary election;

g. a declaration that the ballots printed with Kym Worthy's name on them were not printed in accordance with Michigan Election Law and thus, pursuant to Mich.Comp.Laws

§168.560, said ballots cannot be counted by the Defendant Wayne County Board of Canvassers;

h. a declaration that Kym Worthy submitted an affidavit of identity containing a false statement in violation of Mich.Comp.Laws §168.558;

i. a declaration that Kym Worthy failed to file 2 copies of her affidavit of identity in violation of Mich.Comp.Laws §168.558;

j. an injunction enjoining the Defendant Wayne County Board of Canvassers from counting, tallying, and/or certifying any votes cast for Kym Worthy in the August 4, 2020 primary election; and

k. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II
### Plaintiff Davis' Substantive Due Process Rights Have Been Violated With The Dilution Of Plaintiff Davis' Legitimate Vote By Defendant County Board of Canvassers Counting Improper Votes Cast For Kym Worthy.

70.    Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

71.    This claim is brought by Plaintiff Davis against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*.

72.    This claim, which is brought by Plaintiff Davis against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

73.     On August 4, 2020, Plaintiff Davis voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor.

74.     On Wednesday, August 5, 2020 at 3 p.m., Defendant Wayne County Board of Canvassers convened to begin their statutory duty of tallying, counting and certifying the election results from the August 4, 2020 primary election.

75.     Prior to their August 5, 2020 meeting, counsel for Plaintiffs sent members of the Defendant Wayne County Board of Canvassers and their legal counsel, Janet Anderson-Davis, an email requesting that the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Kym Worthy.

76.     At the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, Plaintiffs' counsel spoke during citizens' participation and again, requested the members of the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Kym Worthy.

77.     After Plaintiffs' counsel spoke during the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, counsel for the Defendant Wayne County Board of Canvassers advised Plaintiffs' counsel on the record that any and all votes cast for Kym Worthy would be counted, tallied and certified by the Defendant Wayne County Board of Canvassers absent an order for a court ordering the Defendant Wayne County Board of Canvassers not to count said votes cast for Kym Worthy.

78.     Pursuant to Mich.Comp.Laws §§ 168.822, 168.824, 168.825, and 168.826, Defendant Wayne County Board of Canvassers has the statutory duty to count, tally, and certify the election results from the August 4, 2020 primary election.

79.     Pursuant to Mich.Comp.Laws §§ 168.197 and 168.687, the Defendant Wayne County Board of Canvassers has the statutory duty to certify to the Wayne County Election Commission the names of each candidate who received the highest number of votes for each political party for the office of Wayne County Prosecutor.

80.     The counting, tallying and certification of the votes cast for Kym Worthy by the Defendant Wayne County Board of

Canvassers will dilute the lawful vote cast by Plaintiff Davis for Victoria Burton-Harris.

81.     The dilution of Plaintiff Davis' lawful vote violates Plaintiff Davis' fundamental right to vote and to have his vote counted.

82.      The lawful vote cast by Plaintiff Davis for Victoria Burton-Harris will be nullified and cancelled out by the Defendant Wayne County Board of Canvassers' actions of counting and certifying the improper votes cast for Kym Worthy.

83.     Chief Judge Kenny's decision in the Victoria Burton-Harris state-court case amounted to an officially-sponsored election procedure, which in its basic respects was flawed to the level of fundamental unfairness.

84.     Plaintiff Davis has a fundamental right to have his vote counted, which can only be achieved by the Defendant Wayne County Board of Canvassers not being permitted to count, tally or certify any votes cast for Kym Worthy.

**WHEREFORE**, Plaintiff Davis requests this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

a. compensatory damages in whatever amount above $75,000.00 Plaintiff Davis is found to be entitled;

b. an award of exemplary and punitive damages;

c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

d. a declaration that Plaintiff Davis' substantive due process rights have been violated by the Defendant Wayne County Board of Canvassers;

e. a declaration that Plaintiff Davis' fundamental right to vote and to have his vote counted has been violated by Defendant Wayne County Board of Canvassers with the counting and/or certification of votes cast for Kym Worthy;

f. a declaration that Plaintiff Davis' vote has been diluted with the counting and certification of votes cast for Kym Worthy in the August 4, 2020 primary election by the Defendant Wayne County Board of Canvassers;

g. a declaration that Defendant Wayne County Board of Canvassers cannot count and/or certify any votes cast for Kym Worthy in the August 4, 2020 primary election;

h. a declaration that the ballots printed with Kym Worthy's name on them were not printed in accordance with Michigan Election Law and thus, pursuant to Mich.Comp.Laws §168.560, said ballots cannot be counted by the Defendant Wayne County Board of Canvassers;

i. a declaration that Kym Worthy submitted an affidavit of identity containing a false statement in violation of Mich.Comp.Laws §168.558;

j. a declaration that Kym Worthy failed to file 2 copies of her affidavit of identity in violation of Mich.Comp.Laws §168.558;

k. an injunction enjoining the Defendant Wayne County Board of Canvassers from counting, tallying, and/or certifying any votes cast for Kym Worthy in the August 4, 2020 primary election; and

l. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

**COUNT III**

**Equal Protection "Class-of-One" Claim- Plaintiff Davis Was Denied Equal Protection Under The Law By Defendant Board of Canvassers Under The Class-of-One Theory By Treating Plaintiff Davis Differently At Defendant's August 18, 2020 Meeting.**

85.    Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

86.    This claim is brought by Plaintiff Davis against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*.

87.    This claim, which is brought by Plaintiff Davis against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

88.    On August 18, 2020, the Defendant Board of Canvassers convened to certify the election results from the August 4, 2020 primary election.

89.    Due to the COVID-19 pandemic, the Defendant Board of Canvassers' August 18, 2020 public meeting was conducted via Zoom.

90.    Plaintiff Davis participated in the Defendant Board of Canvassers' August 18, 2020 public meeting via Zoom.

91.     During the Defendant Board of Canvassers' August 18, 2020

public meeting, staff from the Wayne County Clerk's office

reported that there were numerous errors discovered with the

City of Detroit's tally of votes cast in the August 4, 2020 primary

election.

92.     To their credit, during the meeting, the Defendant Board of

Canvassers allowed members of the public to ask questions of its

members and staff that were present at the August 18, 2020

meeting.

93.     During the citizen's participation portion of the August 18,

2020 meeting, Defendant Board of Canvassers allowed members

of the public to ask lengthy questions of its members and staff and

the Defendant Board of Canvassers permitted and directed its

staff to answer questions posed by members of the public.

94.     During citizen's participation, Plaintiff Davis asked

members of the Defendant Board of Canvassers and staff whether

Plaintiff Anders received any write-in votes in the Republican

primary for the office of Wayne County Prosecutor.

95.     Jennifer Redmond, the deputy director of Elections for

Wayne County, advised Plaintiff Davis that the Defendant Board

of Canvassers tallied 9 votes for Plaintiff Anders.

96.     Plaintiff Davis then asked Jennifer Redmond whether

Plaintiff Anders would be certified by the Defendant Board of

Canvassers as the Republican nominee to appear on the

November 3, 2020 general election ballot.

97.     Jennifer Redmond further advised Plaintiff Davis that

Plaintiff Anders would not be certified by the Defendant Board of

Canvassers as the Republican nominee because MCL 168.582 of

Michigan Election Law required Plaintiff Anders to receive a

minimum of 10 votes.

98.     Plaintiff Davis then proceeded to ask members of the

Defendant Board of Canvassers whether a public notice was

posted informing the public the days, times, and location that the

Defendant Board of Canvassers and its staff were conducting the

canvass of the votes cast in the August 4, 2020 primary election.

99.     The Chairwoman and Jennifer Redmond could not answer

the question directly, but instead indicated members of the public

could have attended and observed the canvass and tallying of votes cast.

100.    Plaintiff Davis then proceeded to ask members of the Defendant Board of Canvassers whether they had approved a resolution naming and authorizing a specific person to post notices of their meetings.

101.    Counsel for the Defendant Board of Canvassers interjected and advised the members of the Defendant Board of Canvassers and staff not to answer Plaintiff Davis' question.

102.    Plaintiff Davis then proceeded to ask members of the Defendant Board of Canvassers who posted the notice for the August 18, 2020 public meeting.

103.    Again, counsel for the Defendant Board of Canvassers interjected and advised the members of the Defendant Board of Canvassers and staff not to answer Plaintiff Davis' question.

104.    The Defendant Board of Canvassers' refusal to answer Plaintiff Davis' questions and its refusal to allow its staff to answer Plaintiff Davis' questions denied Plaintiff Davis equal protection under the law under the "class-of-one" theory.

105. During the August 18, 2020 meeting, the Defendant Board of Canvassers treated Plaintiff Davis differently than they treated other members of the public.

106. During the August 18, 2020 meeting, the Defendant Board of Canvassers willingly answered questions posed by members of the public and also allowed its staff to answer questions posed by members of the public, but when it came to the questions posed by Plaintiff Davis, the Defendant Board of Canvassers prohibited its staff to answer the questions Plaintiff Davis asked.

107. This unequal treatment of Plaintiff Davis is due to the personal animus and ill will members of the Defendant Board of Canvassers and its legal counsel have towards Plaintiff Davis.

108. The Defendant Board of Canvassers and its members have personal animus and ill will towards Plaintiff Davis because Plaintiff Davis have publicly belittled the members of the Defendant Board of Canvassers, its staff and legal counsel.

109. The Defendant Board of Canvassers and its members have personal animus and ill will towards Plaintiff Davis because Plaintiff Davis has sued the Defendant Board of Canvassers.

110.    The Defendant Board of Canvassers and its members have

personal animus and ill will towards Plaintiff Davis because

Plaintiff Davis has made critical statements to the press about the

Defendant Board of Canvassers and its members.

111.    In fact, some members of the Defendant Board of Canvassers

have publicly criticized Plaintiff Davis and have stated publicly

that they disliked Plaintiff Davis.

112.    In fact, some members of the Defendant Board of Canvassers

have publicly stated Plaintiff Davis was a "nuisance" and

"troublemaker".

113.    One member of the Defendant Board of Canvassers told

Plaintiff Davis personally that members of Defendant Board of

Canvassers and its legal counsel "hated" and "despised" Plaintiff

Davis and was going to do anything to disrupt any matters

Plaintiff Davis would bring before the Defendant Board of

Canvassers.

114.    A Wayne County employee/official confidentially told

Plaintiff Davis that the Defendant Board of Canvassers advised

its staff not to provide Plaintiff Davis with information and that

some members of the Defendant Board of Canvassers expressed their disdain and dislike of Plaintiff Davis.

115.    There was no plausible reason for counsel for the Defendant Board of Canvassers to direct the members of the Defendant Board of Canvassers and its staff not to answer the questions posed and asked by Plaintiff Davis during the August 18, 2020 public meeting.

116.    This unequal treatment of Plaintiff Davis was a result of the animus and ill will Defendant Board of Canvassers have against Plaintiff Davis.

**WHEREFORE**, Plaintiff Davis requests this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

      a. compensatory damages in whatever amount above $75,000.00 Plaintiff Davis is found to be entitled;

      b. an award of exemplary and punitive damages;

      c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

      d. a declaration that Plaintiff Davis was denied equal protection under law by the Defendant Wayne County Board of Canvassers under the "class-of-one" theory by treating Plaintiff Davis differently from the other citizens who asked questions at the August 18, 2020 meeting; and

      e. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT IV
### Mich. Comp. Laws §168.582, On Its Face and As Applied By Defendant Board of Canvassers To Plaintiff Anders, Is Unconstitutionally Vague.

117.     Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

118.     This claim is brought by Plaintiff Anders against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*.

119.     This claim, which is brought by Plaintiff Anders against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

120.     Plaintiff Anders believes that Mich. Comp. Laws §168.582, on its face and as applied to him, is unconstitutionally vague.

121.     On August 4, 2020, Plaintiff Anders voted in the Republican primary election and voted for himself, by writing his name in for the office of Wayne County Prosecutor.

122.     Plaintiff Anders, his wife and son voted by absentee ballot in the August 4, 2020 primary election.

123.     Plaintiff Anders' wife and son voted for Plaintiff Anders in the August 4, 2020 Republican primary election for the office of

Wayne County Prosecutor by properly writing in his name and filing in the adjacent oval.

124.    However, when the Defendant Board of Canvassers published the tally of votes cast for Plaintiff Anders in the August 4, 2020 primary election, the Defendant Board of Canvassers tallied and certified Plaintiff Anders as having received only 1 vote in the City of Dearborn.

125.    Realizing this was an obvious error, mistake, or fraud, on August 21, 2020, Plaintiff Anders timely filed a sworn petition along with a $100 deposit with the Wayne County Clerk requesting a recount of certain election day and absentee voting precincts, including Plaintiff Anders' very own voting precinct.

126.    On Wednesday, September 2, 2020, the Defendant Board of Canvassers convened a public meeting, via Zoom, to consider Plaintiff Anders' recount petition.

127.    Plaintiff Davis participated in the Defendant Board of Canvassers' September 2, 2020 meeting as an individual citizen, and as a representative and challenger on behalf of Plaintiff Anders.

128.    During the Defendant Board of Canvassers' September 2, 2020 meeting, the democratic members of the Defendant Board of Canvassers and the Director of Elections of Wayne County, whose father is a downriver democratic elected official, attempted to block Plaintiff Anders' request for a recount.

129.    Citing Mich. Comp. Laws §168.582, the democratic members of the Defendant Board of Canvassers and the Director of Elections for Wayne County, stated Plaintiff Anders did not meet the minimum threshold and need some 3,000 plus votes.

130.    On behalf of Plaintiff Anders, Plaintiff Davis quickly interjected and advised the Defendant Board of Canvassers that their reading and interpretation of the vague and ambiguous statute, being Mich. Comp. Laws §168.582, was erroneous and that Plaintiff Anders had a statutory right to a recount of the precincts he requested to be recounted in his sworn petition.

131.    Surprisingly, counsel for Defendant Board of Canvassers also advised the Defendant Board of Canvassers that Plaintiff Anders had a statutory right to a recount.

132.     Ignoring the advice of counsel, the democratic members of the Defendant Board of Canvassers proceeded with a motion to deny Plaintiff Anders' petition and request for a recount.

133.     Thankfully, the democratic members' motion failed on a 2-to-2 vote.

134.     After that vote failed, the Defendant Board of Canvassers the advanced a motion to approve and authorize Plaintiff Anders' request and petition for a recount.

135.     The motion to approve and authorize Plaintiff Anders' request and petition for a recount was unanimously approved with a 4-to-0 vote.

136.     Within 30 minutes after the Defendant Board of Canvassers' September 2, 2020 concluded, Plaintiff Davis received a call on his cell phone from a democratic member of the Defendant Board of Canvassers who informed Plaintiff Davis that the Director of Elections was going to again request and ask the Defendant Board of Canvassers not to certify Plaintiff Anders as the Republican nominee if the recount resulted in Plaintiff Anders receiving a net gain of an additional vote.

137.     The language of Mich. Comp. Laws §168.582 is vague and ambiguous.

138.     The language of Mich. Comp. Laws §168.582 is not precise and inevitably will lead to the Defendant Board of Canvassers enforcing Mich. Comp. Laws §168.582 in an arbitrary and/or discriminatory way against Plaintiff Anders.

139.     The actions of the Defendant Board of Canvassers and its staff at its August 18th and September 2nd, 2020 meetings illustrate the ambiguity and vagueness in the law.

140.     Counsel for the Defendant Board of Canvassers has one interpretation and understanding of the provisions of Mich. Comp. Laws 1§68.582, but the Director of Elections for Wayne County and certain democratic members of the Defendant Board of Canvassers have a different interpretation and understanding of the provisions of Mich. Comp. Laws §168.582.

141.     The vastly different interpretations and understandings of the provisions of Mich. Comp. Laws §168.582 members of the Defendant Board of Canvassers, its staff, and legal counsel maintain, have resulted in the Defendant Board of Canvassers

enforcing Mich. Comp. Laws §168.582 in an arbitrary and/or discriminatory way against Plaintiff Anders.

142.     Plaintiff Anders is unsure and equally unclear as to what standard or threshold, if any, he must meet under Mich. Comp. Laws §168.582 in order to qualify and/or be certified as the nominee of the Republican party for the November 3, 2020 general election for the office of Wayne County Prosecutor.

143.     Plaintiff Anders does not understand the vague and ambiguous language of Mich. Comp. Laws §168.582.

144.     Mich. Comp. Laws §168.582 is unconstitutionally void and thus, as applied to Plaintiff Anders, is void for vagueness.

**WHEREFORE**, Plaintiff Anders requests this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

> a. compensatory damages in whatever amount above $75,000.00 Plaintiff Anders is found to be entitled;
> b. an award of exemplary and punitive damages;
> c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;
> d. a declaration that Mich. Comp. Laws §168.582, as applied to Plaintiff Anders, is unconstitutionally vague, and thus, is void for vagueness;

e. a declaration that Mich. Comp. Laws 168.582, on its face, is unconstitutionally vague, and thus, is void for vagueness;

f. an injunction enjoining the Defendant Wayne County Board of Canvassers from enforcing Mich. Comp. Laws §168.582 against Plaintiff Anders; and

g. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT V
## Mich. Comp. Laws §§168.871(1) and (3), On Their Face and As Applied By Defendant Board of Canvassers To Plaintiff Anders, Violates Plaintiff Anders' Fundamental Right To Vote and To Have It Counted.

145. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

146. This claim is brought by Plaintiff Anders against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

147. This claim, which is brought by Plaintiff Anders against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

148. On August 4, 2020, Plaintiff Anders voted in the Republican primary election and voted for himself, by writing his name in for the office of Wayne County Prosecutor.

149.    Plaintiff Anders, his wife and son voted by absentee ballot in the August 4, 2020 primary election.

150.    Plaintiff Anders' wife and son voted for Plaintiff Anders in the August 4, 2020 Republican primary election for the office of Wayne County Prosecutor by properly writing in his name and filing in the adjacent oval.

151.    However, when the Defendant Board of Canvassers published the tally of votes cast for Plaintiff Anders in the August 4, 2020 primary election, the Defendant Board of Canvassers tallied and certified Plaintiff Anders as having received only 1 vote in the City of Dearborn.

152.    Realizing this was an obvious error, mistake, or fraud, on August 21, 2020, Plaintiff Anders timely filed a sworn petition along with a $100 deposit with the Wayne County Clerk requesting a recount of certain election day and absentee voting precincts, including Plaintiff Anders' very own voting precinct.

153.    On Wednesday, September 2, 2020, the Defendant Board of Canvassers convened a public meeting, via Zoom, to consider Plaintiff Anders' recount petition.

154.    At its September 2, 2020 meeting, the Defendant Board of Canvassers approved and authorized Plaintiff Anders' sworn petition for a recount of certain election day and absentee voting precincts, which included Plaintiff Anders' very own voting precinct in Dearborn.

155.    The recount of the voting precincts Plaintiff Anders requested to be recounted will be recounted by the Defendant Board of Canvassers on Friday, September 4, 2020 beginning at 1 p.m.

156.    Plaintiff Davis will be physically present at the September 4, 2020 recount to serve as an official challenger for Plaintiff Anders.

157.    On information and belief, the Defendant Board of Canvassers will apply the provisions of Mich. Comp. Laws §§168.871(1) and (3) to prevent the recount of the election day and absentee voting precincts Plaintiff Anders requested to be recounted.

158.    Under Mich. Comp. Laws §168.871(1) prevents the Defendant Board of Canvassers from recounting the votes cast in a particular precinct if: (1) the seal on the transfer case or ballot

container is determined by the Defendant Board of Canvassers to be broken; (2) the number of ballots to be recounted and the number of ballots issued on election day do not match; and (3) the seal used to seal the ballot label assembly to a voting device in the precinct is broken or bears a different number than that recorded in poll records.

159.    Under Mich. Comp. Laws §168.871(3), "if a board of canvassers conducting a recount pursuant to this chapter determines that the ballots of a precinct are not eligible for recount under this section, the original return of the votes for that precinct shall be taken as correct."

160.    If Plaintiff Anders' voting precinct is unable to be recounted for any of the reasons listed under Mich. Comp. Laws §§168.871(1) and (3), Plaintiff Anders' vote will not be counted.

161.    Mich. Comp. Laws §§168.871(1) and (3) violate Plaintiff Anders' fundamental right to vote and to have it counted.

162.    The enforcement of Mich. Comp. Laws §§168.871(1) and (3) by the Defendant Board of Canvassers against Plaintiff Anders

will result in the dilution of the vote Plaintiff Anders' cast for himself.

**WHEREFORE**, Plaintiff Anders requests this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

    a. compensatory damages in whatever amount above $75,000.00 Plaintiff Anders is found to be entitled;

    b. an award of exemplary and punitive damages;

    c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

    d. a declaration that Mich. Comp. Laws §§168.871(1) and (3), as applied to Plaintiff Anders, are unconstitutional for they violate Plaintiff Anders' fundamental right to vote and to have it counted;

    e. a declaration that Mich. Comp. Laws §§168.871(1) and (3), on their face, are unconstitutional for they violate Plaintiff Anders' fundamental right to vote and to have it counted;

    f. a declaration that the enforcement of Mich. Comp. Laws 168.871(1) and (3) by the Defendant Wayne County Board of Canvassers against Plaintiff Anders would result in the unconstitutional dilution of Plaintiff Anders' vote for himself;

    g. an injunction enjoining the Defendant Wayne County Board of Canvassers from enforcing Mich. Comp. Laws §§168.871(1) and (3) against Plaintiff Anders; and

    h. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT VI
## Mich. Comp. Laws §§168.871(1) and (3) Violates Plaintiff Anders' Fourteenth Amendment Right To Equal Protection Under Law.

163.     Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

164.     This claim is brought by Plaintiff Anders against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*.

165.     This claim, which is brought by Plaintiff Anders against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

166.     On August 4, 2020, Plaintiff Anders voted in the Republican primary election and voted for himself, by writing his name in for the office of Wayne County Prosecutor.

167.     Plaintiff Anders, his wife and son voted by absentee ballot in the August 4, 2020 primary election.

168.     Plaintiff Anders' wife and son voted for Plaintiff Anders in the August 4, 2020 Republican primary election for the office of Wayne County Prosecutor by properly writing in his name and filing in the adjacent oval.

169.    However, when the Defendant Board of Canvassers published the tally of votes cast for Plaintiff Anders in the August 4, 2020 primary election, the Defendant Board of Canvassers tallied and certified Plaintiff Anders as having received only 1 vote in the City of Dearborn.

170.    Realizing this was an obvious error, mistake, or fraud, on August 21, 2020, Plaintiff Anders timely filed a sworn petition along with a $100 deposit with the Wayne County Clerk requesting a recount of certain election day and absentee voting precincts, including Plaintiff Anders' very own voting precinct.

171.    On Wednesday, September 2, 2020, the Defendant Board of Canvassers convened a public meeting, via Zoom, to consider Plaintiff Anders' recount petition.

172.    At its September 2, 2020 meeting, the Defendant Board of Canvassers approved and authorized Plaintiff Anders' sworn petition for a recount of certain election day and absentee voting precincts, which included Plaintiff Anders' very own voting precinct in Dearborn.

173.     The recount of the voting precincts Plaintiff Anders requested to be recounted will be recounted by the Defendant Board of Canvassers on Friday, September 4, 2020 beginning at 1 p.m.

174.     Plaintiff Davis will be physically present at the September 4, 2020 recount to serve as an official challenger for Plaintiff Anders during the recount.

175.     On information and belief, the Defendant Board of Canvassers will apply the provisions of Mich. Comp. Laws §§168.871(1) and (3) to prevent the recount of the election day and absentee voting precincts Plaintiff Anders requested to be recounted.

176.     Mich. Comp. Laws §§168.871(1) and (3) unconstitutionally prevents the accurate counting of votes cast for Plaintiff Anders.

177.     The enforcement of Mich. Comp. Laws §§168.871(1) and (3) by the Defendant Board of Canvassers against Plaintiff Anders will result in the arbitrary and disparate treatment of votes cast for Plaintiff Anders.

178.    Mich. Comp. Laws §§168.871(1) and (3) on its face, and as applied to Plaintiff Anders, prevents lawful votes cast for Plaintiff Anders not to be properly counted and tallied due to human error.

179.    The application of Mich. Comp. Laws §§168.871(1) and (3) to the precincts Plaintiff Anders has requested to be recounted will result in the dilution of Plaintiff Anders vote and will also result in the arbitrary and disparate treatment of votes cast for Plaintiff Anders in certain precincts as compared to others.

**WHEREFORE**, Plaintiff Anders requests this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

a. compensatory damages in whatever amount above $75,000.00 Plaintiff Anders is found to be entitled;
b. an award of exemplary and punitive damages;
c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;
d. a declaration that Mich. Comp. Laws §§168.871(1) and (3), as applied to Plaintiff Anders, are unconstitutional for they violate Plaintiff Anders' Fourteenth Amendment Right to equal protection under the law;
e. a declaration that Mich. Comp. Laws §§168.871(1) and (3), on their face, are unconstitutional for they violate Plaintiff Anders' Fourteenth Amendment right to equal protection under the law;
f. an injunction enjoining the Defendant Wayne County Board of Canvassers from enforcing Mich. Comp. Laws §§168.871(1) and (3) against Plaintiff Anders; and

g. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT VII
## Mich. Comp. Laws §§168.871(1) and (3) Violates Plaintiff Anders' Due Process Rights Under The Fourteenth Amendment.

180. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

181. This claim is brought by Plaintiff Anders against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*.

182. This claim, which is brought by Plaintiff Anders against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

183. On August 4, 2020, Plaintiff Anders voted in the Republican primary election and voted for himself, by writing his name in for the office of Wayne County Prosecutor.

184. Plaintiff Anders, his wife and son voted by absentee ballot in the August 4, 2020 primary election.

185. Plaintiff Anders' wife and son voted for Plaintiff Anders in the August 4, 2020 Republican primary election for the office of

Wayne County Prosecutor by properly writing in his name and filing in the adjacent oval.

186.    However, when the Defendant Board of Canvassers published the tally of votes cast for Plaintiff Anders in the August 4, 2020 primary election, the Defendant Board of Canvassers tallied and certified Plaintiff Anders as having received only 1 vote in the City of Dearborn.

187.    Realizing this was an obvious error, mistake, or fraud, on August 21, 2020, Plaintiff Anders timely filed a sworn petition along with a $100 deposit with the Wayne County Clerk requesting a recount of certain election day and absentee voting precincts, including Plaintiff Anders' very own voting precinct.

188.    On Wednesday, September 2, 2020, the Defendant Board of Canvassers convened a public meeting, via Zoom, to consider Plaintiff Anders' recount petition.

189.    At its September 2, 2020 meeting, the Defendant Board of Canvassers approved and authorized Plaintiff Anders' sworn petition for a recount of certain election day and absentee voting

precincts, which included Plaintiff Anders' very own voting precinct in Dearborn.

190.    The recount of the voting precincts Plaintiff Anders requested to be recounted will be recounted by the Defendant Board of Canvassers on Friday, September 4, 2020 beginning at 1 p.m.

191.    On information and belief, the Defendant Board of Canvassers will apply the provisions of Mich. Comp. Laws §§168.871(1) and (3) to prevent the recount of the election day and absentee voting precincts Plaintiff Anders requested to be recounted.

192.    Mich. Comp. Laws §§168.871(1) and (3) unconstitutionally prevents the accurate counting of votes cast for Plaintiff Anders.

193.    The enforcement of Mich. Comp. Laws §§168.871(1) and (3) by the Defendant Board of Canvassers against Plaintiff Anders will result in the arbitrary and disparate treatment of votes cast for Plaintiff Anders.

194.    Mich. Comp. Laws §§168.871(1) and (3) on its face, and as applied to Plaintiff Anders, prevents lawful votes cast for Plaintiff Anders not to be properly counted and tallied due to human error.

195.    The application of Mich. Comp. Laws §§168.871(1) and (3) to the precincts Plaintiff Anders has requested to be recounted will result in the dilution of Plaintiff Anders vote and will also result in the arbitrary and disparate treatment of votes cast for Plaintiff Anders in certain precincts as compared to others.

196.    Under Michigan Election Law and the Michigan Constitution of 1963, as amended, Plaintiff Anders has a statutory and state constitutional rights to a recount of votes lawfully cast for him in the August 4, 2020 Republican primary election.

197.    Mich. Comp. Laws §§168.871(1) and (3) strips Plaintiff Anders of his statutory and state constitutional rights to a recount of votes lawfully cast for him in the August 4, 2020 Republican primary election.

198.    Mich. Comp. Laws §§168.871(1) and (3) violate Plaintiff Anders' procedural due process rights afforded under the Fourteenth Amendment.

199.    Michigan Comp. Laws §§168.871(1) and (3) violate Plaintiff

Anders' substantive due process rights afforded under the

Fourteenth Amendment.

**WHEREFORE**, Plaintiff Anders requests this Court enters

judgment against Defendant Wayne County Board of Canvassers as

follows:

       a. compensatory damages in whatever amount above $75,000.00 Plaintiff Anders is found to be entitled;

       b. an award of exemplary and punitive damages;

       c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

       d. a declaration that Mich. Comp. Laws §§168.871(1) and (3), as applied to Plaintiff Anders, are unconstitutional for they violate Plaintiff Anders' Procedural and Substantive Due Process Rights;

       e. a declaration that Mich. Comp. Laws §§168.871(1) and (3), on their face, are unconstitutional for they violate Plaintiff Anders' Procedural and Substantive Due Process Rights;

       f. an injunction enjoining the Defendant Wayne County Board of Canvassers from enforcing Mich. Comp. Laws §§168.871(1) and (3) against Plaintiff Anders; and

       g. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT VIII
**Procedural Due Process Claim- Plaintiffs Anders' and Davis'
Procedural Due Process Rights Were Violated By Defendant
Board of Canvassers When Defendant Board of Canvassers
Failed To Provide Plaintiffs With Copies of Approved and/or
Proposed Minutes From Its Meetings Within The Time Required
Under The Open Meetings Act.**

200.    Plaintiffs repeat, reallege and incorporate, the foregoing

allegations, as though fully set forth and stated herein.

201.    This claim is brought by Plaintiffs Davis Anders against

Defendant Wayne County Board of Canvassers pursuant to 42

U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. §

2201, *et. seq.*

202.    On August 19, 2020, Plaintiffs' counsel sent a written

request, via email, to the Defendant Board of Canvassers

requesting under Michigan's Open Meetings Act (OMA) copies of

approved and/or proposed minutes from its August 13, 2020

meeting, and copies of approved and/or proposed minutes from all

of the meetings the Defendant held during the 14 days in which

the Defendant and members of its staff conducted the canvass of

the votes cast in the August 4, 2020 primary election.

203.    Plaintiffs' counsel's August 19, 2020 request under

Michigan's Open Meetings Act (OMA) also advised Defendant

Board of Canvassers that their website, which was maintained by

the Wayne County Clerk, did not have the approved and/or

proposed minutes from its meetings available on its website.

204.    As of the date of this filing, Plaintiffs' counsel has not

received a response to his OMA request and the approved and/or

proposed minutes from the Defendant Board of Canvassers'

August 13, 2020 special meeting, as well as the proposed minutes

from the meetings held during the 14-day canvass, were not

posted on the Defendant Board of Canvassers website.

205.    Pursuant to Mich. Comp. Laws §§15.269(2) and (3),

Plaintiffs Davis and Anders have a statutory right to publicly

inspect and receive copies of approved and/or proposed minutes

from all meetings held by the Defendant.

206.    Pursuant to Mich. Comp. Laws §15.269(3), the Defendant

has a statutory duty to make proposed minutes from a meeting

available for public inspection within 8 business days after the

date of the meeting and a statutory duty to make approved

minutes available for public inspection within 5 business days

after the meeting at which the minutes were approved.

207.    As of the date of this filing, Plaintiffs Anders' and Davis'

request made through counsel under the OMA has not been

fulfilled and/or honored by the Defendant.

208.    As of the date of this filing, the approved and/or proposed

minutes from the Defendant's August 5th, 13th, and 18th, 2020

meetings are not posted on the Defendant's public website.

209.    As of the date of this filing, the approved and/or proposed

minutes from the meetings held by the Defendant during the 14-

day canvass of the votes cast in the August 4, 2020 primary

election have not been prepared and/or made available for public

inspection.

210.    Plaintiffs Davis' and Anders' also have a statutory right

under the OMA to receive notice of Defendant's regular and/or

special meetings.

211.    Mich. Comp. Laws §15.265 of the OMA requires the

Defendant to post notices of all of its regular and/or special

meetings.

212.     Defendant failed to properly post notices of its meetings held during the 14-day canvass of the votes cast in the August 4, 2020 primary election in accordance with Mich. Comp. Laws §15.265 of the OMA.

213.     Defendant's failure to comply with posting and notice requirements of Mich. Comp. Laws §15.265 of the OMA has violated Plaintiffs Davis' and Anders' procedural due process rights.

214.     Defendant's failure to comply with Mich. Comp. Laws §15.269 has violated Plaintiffs Davis' and Anders' procedural due process rights.

**WHEREFORE**, Plaintiffs Davis and Anders request this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

      a. compensatory damages in whatever amount above $75,000.00 Plaintiffs are found to be entitled;

      b. an award of exemplary and punitive damages;

      c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

      d. a declaration that Defendant Wayne County Board of Canvassers violated Plaintiffs Davis' and Anders' procedural due process rights by violating the posting

and notice requirements set forth under Mich. Comp. Laws §15.265 of the OMA;

e. a declaration that Defendant Wayne County Board of Canvassers violated Plaintiffs Davis' and Anders' procedural due process rights by violating the publishing of approved and/or proposed minutes from Defendant's meetings as required under Mich. Comp. Laws 15.269 of the OMA;

f. a declaration that Defendant Wayne County Board of Canvassers violated Plaintiffs Davis' and Anders' procedural; due process rights by failing to provide Plaintiffs with copies of approved and/or proposed minutes from its meetings held on August 13th, 2020 and from all of the meetings it held during the 14-day canvass of the votes cast in the August 4, 2020 primary election;

g. a declaration that Mich. Comp. Laws §§168.871(1) and (3), on their face, are unconstitutional for they violate Plaintiff Anders' Procedural and Substantive Due Process Rights;

h. an injunction enjoining the Defendant Wayne County Board of Canvassers from enforcing Mich. Comp. Laws §§168.871(1) and (3) against Plaintiff Anders; and

i. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

# COUNT IX
**State-Law Claim- Declaratory Judgment Under MCR 2.605 Declaring Mich. Comp. Laws §168.871(2) Requires The Defendant Wayne County Board of Canvassers To Recount Absentee Votes Cast In Absentee Voting Precincts Plaintiff Anders Identified In His Sworn Petition For Recount.**

215.     Plaintiffs repeat, reallege and incorporate, the foregoing

allegations, as though fully set forth and stated herein.

216.    This state-law claim is brought by Plaintiffs Anders and

Davis against Defendant Wayne County Board of Canvassers

pursuant to MCR 2.605.

217.    On September 2, 2020, Defendant Board of Canvassers

issued to Plaintiffs' counsel its instructions and adopted policies

that would govern the recount of certain precincts requested to be

recounted by Plaintiff Anders in his sworn petition requesting a

recount.

218.    One of the rules outlined in Defendant Board of Canvassers'

manual is a rule stating the Defendant Board of Canvassers would

not recount a precinct that does not comply with the requirements

set forth under Mich. Comp. Laws §168.871(1).

219.    However, upon reading the chapter of Michigan Election

Law governing recounts, Plaintiffs Anders and Davis are of the

belief and opinion that the provisions of Mich. Comp. Laws

§168.871(1) do **NOT** apply to votes cast by absentee ballots.

220.    Specifically, Plaintiffs Davis and Anders of the belief and

opinion that Mich. Comp. Laws §168.871(2) governs the recount of

votes cast by absentee ballot in a precinct using an absent

counting board.

221.     An actual controversy exists between Plaintiffs and the

Defendant with respect to the proper procedure to recount votes

cast by absentee ballots.

222.     Per the rules established, adopted, and enforced by the

Defendant Board of Canvassers completely ignores the

requirement to recount votes cast by absentee ballots as set forth

under Mich. Comp. Laws §168.871(2).

223.     Regardless of whether any of the irregularities outlined in

Mich. Comp. Laws §168.871(1), Plaintiffs Davis and Anders are of

the opinion and belief that the Defendant Board of Canvassers has

a statutory legal duty to recount votes cast by absentee ballots

pursuant to Mich. Comp. Laws §168.871(2).

**WHEREFORE**, Plaintiffs Anders and Davis request this Court to

enter judgment against Defendant Wayne County Board of Canvassers

as follows:

   a. an award of interest, costs and reasonable attorney fees;
   b. a declaration pursuant to MCR 2.605 that the Defendant Wayne County Board of Canvassers must recount votes cast by absentee ballots pursuant to Mich.

Comp. Laws §168.871(2) irrespective of any defects or errors that may be present that would otherwise prevent a precinct from being recounted under Mich. Comp. Laws §168.871(1);

c. a declaration pursuant to MCR 2.605 that all of the absentee voting precincts identified in Plaintiff Anders' sworn petition for recount must be recounted by the Defendant Wayne County Board of Canvassers pursuant to Mich. Comp. Laws §168.871(2) irrespective of any defects or errors that may be present that would otherwise prevent a precinct from being recounted under Mich. Comp. Laws §168.871(1); and

d. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT X
**State-Law Claim- Defendant Board of Canvassers Violated Michigan's Open Meetings Act By Failing To Provide Plaintiffs With Copies of Approved and/or Draft Minutes From Its Meetings, Having An Unauthorized Person Post Notices of Its Meetings, Failing To Properly Post Notices of Its Special Meetings; Deliberating In Private.**

224.   Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

225.   This state-law claim is brought by Plaintiffs Anders and Davis against Defendant Wayne County Board of Canvassers pursuant to Michigan's Open Meetings Act ("OMA").

226.   On August 19, 2020, Plaintiffs' counsel sent a written request via email to the Defendant Board of Canvassers

requesting copies of approved and/or proposed minutes from its
August 13, 2020 meeting, and copies of approved and/or proposed
minutes from all of the meetings the Defendant held during the 14
days in which the Defendant and members of its staff conducted
the canvass of the votes cast in the August 4, 2020 primary
election.

227.    Plaintiffs' counsel's August 19, 2020 request under the OMA
also advised Defendant Board of Canvassers that their website,
which was maintained by the Wayne County Clerk, did not have
the approved and/or proposed minutes from its meetings available
on its website.

228.    As of the date of this filing, Plaintiffs' counsel has not
received a response to his OMA request and the approved and/or
proposed minutes from the Defendant Board of Canvassers
August 13, 2020 special meeting, as well as the proposed minutes
from the meetings held during the 14-day canvass, were not
posted on the Defendant Board of Canvassers website.

229.    A review of the Defendant Board of Canvassers' public
website shows that no notices were ever posted by the Defendant

Board of Canvassers informing the public, including the Plaintiffs, of the dates, times, and locations where the Defendant Board of Canvassers and its staff were convening and meeting to canvass the votes cast in the August 4, 2020 primary election.

230.     Plaintiffs Davis and Anders desired to attend, but were unaware of the dates, times, and locations where the Defendant Board of Canvassers and its staff were convening and meeting to canvass the votes cast in the August 4, 2020 primary election.

231.     As a result of the Defendant Board of Canvassers failing to provide adequate notice to the public of its special meetings held during the 14-day canvass of votes cast in the August 4, 2020 primary election, Plaintiffs Davis and Anders were unable to attend to witness first-hand the process Defendant Board of Canvassers used to tally votes cast for Plaintiff Anders.

232.     As a result of the Defendant Board of Canvassers failing to provide adequate notice to the public of its special meetings held during he 14-day canvass of votes cast in the August 4, 2020 primary election, Plaintiff Davis and Anders were unable to speak at each of the meetings held during the 14-day canvass, which

would have enabled Plaintiffs to properly advise Defendant prior to the Defendant certifying the election results.

233.    At its August 18, 2020 meeting, the Defendant Board of Canvassers did not thoroughly discuss the full contents of its staff report that detailed the results of the 14-day canvass.

234.    The Defendant Board of Canvassers simply rubber-stamped its staff report, which was developed in private and secret, and certified the election results from the August 4, 2020 primary election.

235.    On information and belief, all of the Defendant Board of Canvassers' meetings have been posted by a person unauthorized to post the notices of said meetings.

236.    On information and belief, the Defendant Board of Canvassers have not approved and/or passed a resolution specifically identifying a person(s) authorized to post notices of its regular and/or special meetings.

237.    On information and belief, the Defendant Board of Canvassers have not adopted a yearly meeting calendar.

238.    Plaintiffs Davis and Anders check the Defendant Board of Canvassers' public website regularly and as of the date of this filing, the approved and/or proposed minutes from its meetings held on August 5th, 13th, and 18th, 2020 are not posted or available for public inspection.

239.    Defendant continuously violates the provisions of the OMA.

240.    At its meeting held on September 2, 2020, Defendant approved the minutes from its August 13th and 18th, 2020.

241.    This Court now has jurisdiction to invalidate any and all actions taken at the Defendant's August 13th and 18th, 2020 meeting.

242.    Plaintiffs believe and request that all of the actions taken by the Defendant at its August 13th and August 18th, 2020 meetings should be invalidated in accordance with the OMA because said meetings were not properly noticed and/or posted in accordance with the OMA.

243.    Defendant's failure to properly notice and/or post the notices of its August 13th and August 18th, 2020 meetings impaired

Plaintiffs' and the public's right to be properly informed and provided notices of Defendant's meetings.

244.    Moreover, the Defendant failed to properly notice and post notices of its meetings held during the 14-day canvass of the votes cast in the August 4, 2020 primary election.

245.    Failure to provide the proper notice of the meetings held during the 14-day canvass prevented Plaintiffs and other members of the public from attending and publicly observing the canvass.

246.    The report that was used by the Defendant to certify the election results for the August 4, 2020 primary election were prepared during those meetings held by the Defendant during the 14-day canvass.

247.    The report was adopted by the Defendant at its August 18th, 2020 without Plaintiffs or other members of the public being provided with a copy of the report.

248.    Prior to voting to certify the election results from the August primary election, Defendant did not provide full details of the report with the Plaintiffs or other members of the public.

249.    The Defendant's vote to certify the election results from the August 4, 2020 primary election was a *fiat acccompli*.

250.    The Defendant's meetings held on August 13th and 18th, 2020 were not properly posted and/or held in accordance with the OMA.

251.    Defendant's continuous violations of the OMA illustrates the need for the Court to enjoin the Defendant from violating the provisions of the OMA and to compel their compliance with the OMA.

**WHEREFORE**, Plaintiffs Anders and Davis request this Court to enter judgment against Defendant Wayne County Board of Canvassers as follows:

> a. a declaration that Defendant Wayne County Board of Canvassers violated the OMA by failing to provide Plaintiffs with copies of the approved and/or proposed minutes from its August 13, 2020 meeting;
>
> b. a declaration that Defendant Wayne County Board of Canvassers violated the OMA by failing to make approved and/or proposed minutes from its August 13, 2020 meeting available for public inspection on its website within the timeframe set forth under the OMA;
>
> c. a declaration that Defendant Wayne County Board of Canvassers violated the OMA by failing to post notices of its meetings held during the 14-day canvass of the votes cast in the August 4, 2020 primary election;
>
> d. a declaration that Defendant Wayne County Board of Canvassers violated the OMA by failing to adopt a resolution specifically identifying a person (s) that is

authorized to post notices of its regular and/or special meetings;

e. a declaration that Defendant Wayne County Board of Canvassers violated the OMA by allowing an unauthorized person to post notices of its meetings;

f. a declaration that Defendant Wayne County Board of Canvassers' meetings held on August 5th, 13th, and 18th, 2020 should not have been held because the notices of said meetings were posted by an unauthorized person in violation of the OMA;

g. a declaration that Defendant Wayne County Board of Canvassers violated the OMA by failing to have its approved and/or proposed minutes from its meetings available on its public website;

h. an injunction enjoining the Defendant Wayne County Board of Canvassers from violating the provisions of the OMA and injunctive relief to compel Defendant's compliance with the provisions of the OMA;

i. a declaration that all actions taken at Defendant Wayne County Board of Canvassers' August 13th, and 18th, 2020 meetings are invalidated pursuant to Mich. Comp. Laws §15.270(2).

j. award Plaintiffs court costs and attorney's fees pursuant to Mich. Comp. Laws §15.271(4) of the OMA; and

k. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: September 4, 2020          Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

## JURY DEMAND

Plaintiffs, through counsel, respectfully demand a jury trial on all

issues triable to a jury.

Dated: September 4, 2020             Respectfully submitted,
                                     */s/ ANDREW A. PATERSON*
                                     ANDREW A. PATERSON (P18690)
                                     Attorney for Plaintiffs
                                     2893 E. Eisenhower Pkwy
                                     Ann Arbor, MI 48108
                                     (248) 568-9712
                                     aap43@outlook.com


## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that the foregoing document(s)

was filed and served via the Court's electronic case filing and noticing

system (ECF) this 4th day of September, 2020, which will automatically

send notification of such filing to all attorneys and parties of record

registered electronically.

                                     Respectfully submitted,

                                     */s/ ANDREW A. PATERSON*
                                     ANDREW A. PATERSON (P18690)
                                     Attorney for Plaintiffs
                                     2893 E. Eisenhower Pkwy
                                     Ann Arbor, MI 48108
                                     (248) 568-9712
                                     aap43@outlook.com