## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ROBERT DAVIS,** and                    Case No. 20-cv-12127
**SHANE ANDERS,**                        **Hon. Nancy G. Edmunds**
     Plaintiffs,

v.

**WAYNE COUNTY BOARD OF CANVASSERS,**
     Defendant.

_____/

ANDREW A. PATERSON (P18690)        JAMES HEATH (P65419)
Attorney for Plaintiffs                   Wayne County Corporation Counsel
2893 E. Eisenhower Pkwy              JANET ANDERSON-DAVIS (P29499)
Ann Arbor, MI 48108                    Assistant Corporation Counsel
(248) 568-9712                           Attorneys for Defendant
aap43@outlook.com                     500 Griswold, 21st Floor
                                               Detroit, MI 48226
                                               (313) 347-5813
                                               jandersn@waynecounty.com

_____/

## PLAINTIFFS' EMERGENCY MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO COUNT IX ONLY OF PLAINTIFFS' AMENDED COMPLAINT (ECF NO. 21) PURSUANT TO FED.R.CIV.P. 56.

**NOW COME** Plaintiffs, ROBERT DAVIS and SHANE ANDERS,

by and through their attorney, ANDREW A. PATERSON, and for their

Emergency Motion for Summary Judgement With Respect To Count IX

Only of Plaintiffs' Amended Complaint (ECF No. 21) Pursuant to

Fed.R.Civ.P. 56, state as follows:

Plaintiffs Robert Davis ("Plaintiff Davis") and Shane Anders ("Plaintiff Anders") (collectively referred to herein as "Plaintiffs") respectfully move this Honorable Court to GRANT their Emergency Motion for Summary Judgement With Respect To Count IX Only of Plaintiffs' Amended Complaint (ECF No. 21) Pursuant to Fed.R.Civ.P. 56.

## A. Necessity for Immediate Consideration

**There is an immediate need for the Court to address the merits of Plaintiffs' instant emergency motion ASAP, but no later than September 18, 2020.** On September 4, 2020, after conducting the recount requested by Plaintiff Anders, the Defendant Wayne County Board of Canvassers improperly certified the election results from the August 4, 2020 Republican primary election for the office of Wayne County Prosecutor without including all of the votes cast for Plaintiff Anders. (**See Defendant Board of Canvassers' certification of Plaintiff Anders' recount attached as Exhibit A**). Specifically, the Defendant Wayne County Board of Canvassers failed to properly count the votes cast by absentee ballots for Plaintiff Anders in his very own voting precinct, which is Absentee Voting (AV) Precinct

#23 in the City of Dearborn as required under Mich. Comp. Laws §168.871(2).

Mich. Comp. Laws §168.875 requires *"[a]ll recounts shall be completed for a primary election not later than the twentieth day* and for any other election not later than the thirtieth day immediately following the last day for filing counter petitions *or the first day that recounts may lawfully begin*." (emphasis supplied).  The first day the Defendant Wayne County Board of Canvassers lawfully commenced the recount of the precincts requested by Plaintiff Anders to be recounted was September 4, 2020.  Therefore, pursuant to Mich. Comp. Laws §168.875, the recount of the AV Voting Precinct #23 in the City of Dearborn **must be recounted by September 24, 2020**.

On September 9, 2020, pursuant to Mich. Comp. Laws §168.689, nonparty Wayne County Election Commission convened and approved the printing of the ballots for the November 3, 2020 general election based upon the erroneous certification of the August 4, 2020 primary election results by the Defendant Wayne County Board of Canvassers. Pursuant to Mich. Comp. Laws §168.822(1) has 14 days from the date of

the August 4, 2020 primary election to complete the canvass and certification of votes cast for all candidates and ballot questions.

## B. <u>Concurrence</u>

The undersigned counsel certifies that counsel communicated in writing with opposing counsel for Defendant Wayne County Board of Canvassers, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; and opposing counsel thereafter did not timely respond to Plaintiffs' counsel's request for concurrence.

## CONCLUSION

**WHEREFORE**, for the reasons specified in the attached Brief in Support, the Moving Plaintiffs respectfully request this Honorable Court enters an order GRANTING their Emergency Motion for Summary Judgement With Respect To Count IX Only of Plaintiffs' Amended Complaint (ECF No. 21) Pursuant to Fed.R.Civ.P. 56.

Dated: September 15, 2020          Respectfully submitted,

 */s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT DAVIS,** and
**SHANE ANDERS,**
      Plaintiffs,

Case No. 20-cv-12127
**Hon. Nancy G. Edmunds**

v.

**WAYNE COUNTY BOARD OF CANVASSERS,**
      Defendant.

_____/

ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

JAMES HEATH (P65419)
Wayne County Corporation Counsel
JANET ANDERSON-DAVIS (P29499)
Assistant Corporation Counsel
Attorneys for Defendant
500 Griswold, 21st Floor
Detroit, MI 48226
(313) 347-5813
jandersn@waynecounty.com

_____/

## PLAINTIFFS' BRIEF IN SUPPORT OF EMERGENCY MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO COUNT IX ONLY OF PLAINTIFFS' AMENDED COMPLAINT (ECF NO. 21) PURSUANT TO FED.R.CIV.P. 56.

_____

## TABLE OF CONTENTS

**Statement of Issues Presented**...........................................................7

**Most Controlling or Appropriate Authority**..................................8

**Introduction**............................................................................9-16

**Arguments**.........................................................................16-27

**Conclusion**................................................................................27

## STATEMENT OF ISSUES PRESENTED

I.     Does Mich. Comp. Laws §168.871(2) requires the Defendant Wayne County Board of Canvassers to recount, tally and certified the absentee votes cast in Absentee Voting (AV) Precinct #23 in the City of Dearborn as requested by Plaintiff Anders?

        Moving Plaintiffs Answer:  Yes

II.    Were the voted absentee voter ballots in Absentee Voting (AV) Precinct #23 in the City of Dearborn securely packaged and sealed as required under Mich. Comp. Laws §168.871(2)?

        Moving Plaintiffs Answer:  Yes

## MOST CONTROLLING OR APPROPRIATE AUTHORITIES

**Cases**
*Bush v. Gore*, 531 U.S. 98, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000)
*Gray v Sanders*, 372 U.S. 368 (1963)
*Prichard v United States*, 181 F.2d 326 (6th Cir. 1950).

**Rules**
Fed. R. Civ. P. 56

**State Statutes**
Mich. Comp. Laws §168.871(2)

## **INTRODUCTION**

On September 8, 2020, Plaintiff Anders filed an emergency motion to expedite briefing, scheduling and adjudication (ECF No. 23, Pg.ID 864-885) of Plaintiff Anders' emergency motion for temporary restraining order, or in the alternative, motion for preliminary injunction (ECF No. 25, Pg.ID 906-938). Plaintiff Anders explained to the district court that there was **an immediate need** for the Court to address the merits of Plaintiff Anders' emergency motion for TRO (ECF No. 25, Pg.ID. 906-938) ASAP, but no later than 2 p.m. on Wednesday, September 9, 2020, because the Wayne County Election Commission was convening on September 9, 2020 to authorize and approve the printing of the ballots for the November 3, 2020 general election based upon the Defendant Wayne County Board of Canvassers' erroneous certification of the election results from the August 4, 2020 primary election. (ECF No. 23, Pg.ID 864-885; ECF No. 25, Pg.ID 906-938).

In accordance with Mich. Comp. Laws §168.689, on Wednesday, September 9, 2020, the Wayne County Election Commission convened at 2 p.m. and approved and authorized the printing of the ballots for the November 3, 2020 general election based on the erroneous certification

of the Defendant Wayne County Board of Canvassers of the votes cast for candidates in the August 4, 2020 primary election. Under Michigan Election Law, the Defendant Wayne County Board of Canvassers has the statutory legal duty to certify the election results and certify to the Wayne County Election Commission the names of candidates deemed nominated for their respective parties based upon the certified election results from the canvass of the August 4, 2020 primary election. See Mich.Comp.Laws §§ 168.197 and 168.826.

### Plaintiff Anders' Write-In Candidacy In August 4, 2020 Primary For Republican Nomination for Wayne County Prosecutor.

On July 23, 2020, pursuant to Mich. Comp. Laws §168.737a(1), Plaintiff Anders timely filed with the Wayne County Clerk a declaration of intent to run as a write-in candidate as a Republican in the August 4, 2020 primary election for the office of Wayne County Prosecutor. (ECF No. 25-2, Pg.ID. 941). Pursuant to Mich. Comp. Laws §168.737a(1), the statutory deadline for a person to file a declaration of intent to be a write-in candidate for any office appearing on the August 4, 2020 primary election ballot was by 4 p.m. on July 24, 2020.

As of Friday, July 31, 2020, Plaintiff Anders was the only candidate who timely filed with the Wayne County Clerk a declaration of intent to

run as a write-in candidate as a Republican in the August 4, 2020 primary election for the office of Wayne County Prosecutor. Pursuant to Mich. Comp. Laws §168.191, Plaintiff Anders satisfied the statutory requirements to be eligible to run for the office of Wayne County Prosecutor.

On August 4, 2020, Plaintiff Anders voted in the Republican primary election and voted for himself, by writing his name in for the office of Wayne County Prosecutor. Plaintiff Anders, his wife and son voted by absentee ballot in the August 4, 2020 primary election. (Anders' Sworn Petition Requesting Recount of Votes Cast in August 4, 2020 Republican Primary Election, ECF No. 25-3, Pg.ID. 942-949). Petitioner Anders' voting precinct in the City of Dearborn is Precinct #23. (*Id*., ¶12). Petitioner Anders' wife and son also voted for Plaintiff Anders in the August 4, 2020 Republican primary election for the office of Wayne County Prosecutor by properly writing in his name and filing in the adjacent oval. (*Id*., ¶¶11, 14).

However, when the Defendant Board of Canvassers published the tally of votes cast for Plaintiff Anders in the August 4, 2020 primary election, the Defendant Board of Canvassers tallied and certified Plaintiff

Anders as having received only 1 vote in the City of Dearborn at Precinct #41, which is **not** Plaintiff Anders' voting precinct in the City of Dearborn. (Defendant Board of Canvassers' published tally of write-in votes tallied and counted for Plaintiff Anders, ECF No. 25-4, Pg.ID 950; see also Anders' Sworn Petition Requesting Recount of Votes Cast in August 4, 2020 Republican Primary Election, ECF No. 25-3, Pg.ID. 942-949 ,¶¶ 13, 14).  Upon further inquiry, the vote Plaintiff Anders received in Precinct #41 in the City of Dearborn was from his mother-in-law. (*Id.*) Realizing this was an obvious error, mistake, or fraud, on August 21, 2020, pursuant to Mich. Comp. Laws §§168.862 and 168.865, Plaintiff Anders timely filed a sworn petition along with a $100 deposit with the Wayne County Clerk requesting a recount of certain election day and absentee voting precincts, including Plaintiff Anders' very own voting precinct #23 in the City of Dearborn. (*Id.*)

### Plaintiff Anders' Request for Recount of Votes Cast In The August 4, 2020 Republican Primary Election Under Michigan Law.

On Wednesday, September 2, 2020, the Defendant Board of Canvassers convened a public meeting, via Zoom, to consider Petitioner Anders' recount petition.  Plaintiff Robert Davis participated in the

Defendant Board of Canvassers' September 2, 2020 meeting as an individual citizen, and as a representative and challenger on behalf of Plaintiff Anders.  During the Defendant Board of Canvassers' September 2, 2020 meeting, the democratic members of the Defendant Board of Canvassers and the Director of Elections of Wayne County, whose father is a downriver democratic elected official, attempted to block Plaintiff Anders' request for a recount.

Citing Mich. Comp. Laws §168.582, the democratic members of the Defendant Board of Canvassers and the Director of Elections for Wayne County, stated Plaintiff Anders did not meet the minimum threshold and need some 3,000 plus votes.  On behalf of Plaintiff Anders, Plaintiff Davis quickly interjected and advised the Defendant Board of Canvassers that their reading and interpretation of the vague and ambiguous statute, being Mich. Comp. Laws §168.582, was erroneous and that Petitioner Anders had a statutory right under Michigan law to a recount of the precincts he requested to be recounted in his sworn petition. Surprisingly, counsel for Defendant Board of Canvassers also advised the Defendant Board of Canvassers that Plaintiff Anders had a statutory right to a recount.

Ignoring the advice of counsel, the ***democratic members*** of the four-member Defendant Board of Canvassers proceeded with a motion to deny Plaintiff Anders' petition and request for a recount.  Thankfully, the ***democratic*** members' motion failed on a 2-to-2 vote.  After that vote failed, the Defendant Board of Canvassers the advanced a motion to approve and authorize Plaintiff Anders' request and petition for a recount.  The motion to approve and authorize Plaintiff Anders' request and petition for a recount was unanimously approved with a 4-to-0 vote.

On September 2, 2020, counsel for Plaintiff Anders received a written notice from the Defendant Wayne County Board of Canvassers informing Plaintiff Anders that a recount of the voting precincts he requested in sworn petition would be held and conducted on Friday, September 4, 2020 at 1 p.m. in Plymouth Township. (September 2, 2020 Letter from Defendant Board of Canvassers, ECF No. 25-2, Pg.ID 951).

At the recount conducted on September 4, 2020, the Defendant Wayne County Board of Canvassers were able to recount the AV voting and Election Day voting precincts in Plymouth Township as Plaintiff Anders requested.  The recount of the AV voting precinct in Plymouth resulted in a net gain of +2 votes for Plaintiff Anders, thereby increasing

his vote total from election night to 11 votes. **(See Results from Plaintiff Anders' recount attached hereto as Exhibit A).**

However, at the recount conducted on September 4, 2020, the Defendant Wayne County Board of Canvassers determined that Plaintiff Anders' Absentee Voting (AV) voting and Election Day voting precincts for precinct #23 in the City of Dearborn were **not** eligible to be properly recounted pursuant to Mich. Comp. Laws §§168.871(1)(a) because of "human error" due to the serial numbers on the ballot boxes not matching. Consequently, pursuant to Mich. Comp. Laws §168.871(3), the election results from election night, which did not include the lawful votes cast by Plaintiff Anders and his wife and son, would stand and be taken as correct.

Therefore, as a result of the Defendant Wayne County Board of Canvassers enforcing the arbitrary and unconstitutional provisions of Mich. Comp. Laws §§168.871(1)(a) and (3) to Plaintiff Anders' request for recount of the AV voting precinct for precinct #23 in the City of Dearborn, Plaintiff Anders' lawful **vote cast for himself** in the August 4, 2020 Republican primary election was **not counted or tallied by the Defendant Wayne County Board of Canvassers! This egregious**

**action of the Defendant has denied Plaintiff Anders of his most precious and fundamental right to vote and to have his vote counted!**

## LAW AND LEGAL ANALYSIS

    **I.**    **Summary Judgment With Respect to State-Law Claim Count IX of Plaintiffs' Amended Complaint Is Appropriate Under Rule 56 Because There Are No Disputed Issues Of Fact.**

**A. Standard of Review.**

A motion for summary judgment under Federal Rule of Civil Procedure 56 shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for

the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

Once the movant satisfies its initial burden of demonstrating the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact. *Scott*, 550 U.S. at 380; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Scott*, 550 U.S. at 380 (quoting *Matsushita*, 475 U.S. at 586), as the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," id. (quoting Anderson, 477 U.S. at 247-248) (emphasis in original); see also *Babcock & Wilcox Co. v. Cormetech, Inc*., 848 F.3d 754, 758 (6th Cir. 2017) ("A mere scintilla of evidence or some metaphysical doubt as to a material fact is insufficient to forestall summary judgment.").

In fact, "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir.2009) (citing *Skousen v. Brighton High School*, 305 F.3d 520, 528 (6th Cir. 2002)).

"Rule 56(e) identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment." *Alexander*, 576 F.3d at 558.  However, "[b]oth claimants and parties defending against a claim may move for summary judgment 'with or without supporting affidavits.'" *Id.* at 557-558 (quoting Fed.R.Civ.P. 56(a), (b)). Although not necessary, Plaintiffs will be filing separate affidavits and/or declarations in support of Plaintiffs' instant emergency motion for summary judgment. *Id.*

### B. Law and Legal Analysis.

### 1. Proper Exercise of Supplemental Jurisdiction.

"[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "In other words, if there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir.1998).  "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Harper v.*

*AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004). "This requirement is met when state and federal law claims arise from the same contract, dispute, or transaction." *Soehnlen v Fleet Owners Ins. Fund*, 844 F.3d 576, 588 (6th Cir. 2016). Claims form part of the same case or controversy when they "derive from a common nucleus of operative facts." *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454-55 (6th Cir.1996); accord White v. County of Newberry, S.C., 985 F.2d 168, 172 (4th Cir.1993) (recognizing that claims form part of same case or controversy if they "revolve around a central fact pattern").

Here, Plaintiffs' state-law claim pled in Counts IX clearly arises from the same dispute and/or transaction as Plaintiffs' federal claims. *Soehnlen*, 844 F.3d at 588. Thus, Plaintiffs' state-law claim as pled in Count IX forms part of the same case or controversy as Plaintiffs' federal claims because they "derive from a common nucleus of operative facts". *Ahearn*, 100 F.3d at 454-55. Accordingly, the Court exercising supplemental jurisdiction over these state-law claim would be proper and appropriate.

### 2. Declaratory Judgment Under MCR 2.605 Is Appropriate.

In applying Michigan law, this Court "follow[s] the decisions of the state's highest court when that court has addressed the relevant issue." *Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 326 (6th Cir.2000). If the issue has not been directly addressed, this Court must "anticipate how the relevant state's highest court would rule in the case and are bound by controlling decisions of that court." *In re Dow Corning Corp.*, 419 F.3d 543, 549 (6th Cir.2005). "Intermediate state appellate courts' decisions are also viewed as persuasive unless it is shown that the state's highest court would decide the issue differently." *Id.*

MCR 2.605 governs a trial court's power to enter a declaratory judgment. The court rule provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted." MCR 2.605(A)(1).  The language in this rule is permissive, and the decision whether to grant declaratory relief is within the trial court's sound discretion. *P.T. Today, Inc. v. Comm'r of Office Fin. & Ins. Servs.*, 270 Mich.App. 110, 126, 715 NW2d 398, 411 (2006).

When there is no actual controversy, the court lacks jurisdiction to issue a declaratory judgment. *Citizens for Common Sense in Gov't v. Attorney General*, 243 Mich.App. 43, 55; 620 NW2d 546, 552 (2000). Thus, "the existence of an `actual controversy' is a condition precedent to the invocation of declaratory relief." *P.T. Today, Inc.*, 270 Mich.App. at 127, 715 N.W.2d 398, 411. An actual controversy exists when a declaratory judgment is necessary to guide the plaintiff's future conduct in order to preserve the plaintiff's legal rights. *Shavers v. Attorney General*, 402 Mich. 554, 588-589, 267 NW2d 72, ___ (1978). "It is not necessary that 'actual injuries or losses have occurred'; rather than `plaintiffs plead and prove facts which indicate an adverse interest necessitating a sharpening of the issues raised.'" *Kircher v. City of Ypsilanti*, 269 Mich.App. 224, 227; 712 NW2d 738, 741 (2005), quoting Shavers, 402 Mich. at 589, 267 NW2d at____.

Here, there is clearly an actual controversy between the Plaintiffs and the Defendant Wayne County Board of Canvassers.  On September 2, 2020, counsel for Plaintiff Anders received a written notice from the Defendant Wayne County Board of Canvassers informing Plaintiff Anders that a recount of the voting precincts he requested in sworn

petition would be held and conducted on Friday, September 4, 2020 at 1 p.m. in Plymouth Township. (September 2, 2020 Letter from Defendant Board of Canvassers, ECF No. 25-2, Pg.ID 951).

At the recount conducted on September 4, 2020, the Defendant Wayne County Board of Canvassers were able to recount the AV voting and Election Day voting precincts in Plymouth Township as Plaintiff Anders requested.  The recount of the AV voting precinct in Plymouth resulted in a net gain of +2 votes for Plaintiff Anders, thereby increasing his vote total from election night to 11 votes. **(See Results from Plaintiff Anders' recount attached hereto as Exhibit A).**

However, at the recount conducted on September 4, 2020, the Defendant Wayne County Board of Canvassers determined that Plaintiff Anders' Absentee Voting (AV) voting and Election Day voting precincts for precinct #23 in the City of Dearborn were **not** eligible to be properly recounted pursuant to Mich. Comp. Laws §§168.871(1)(a) because of "human error" due to the serial numbers on the ballot boxes not matching.  Consequently, pursuant to Mich. Comp. Laws §168.871(3), the election results from election night, which did not include the lawful

votes cast by Plaintiff Anders and his wife and son, would stand and be taken as correct.

What's even more alarming, is the fact that the Defendant Wayne County Board of Canvassers ignored the clear and unambiguous provision of Mich. Comp. Laws §168.871(2), which provides:

> This section ***does not prohibit the recounting of absent voter ballots tallied in a precinct using an absent voter counting board*** or in a precinct in which 1 or more voting machines are recountable, ***if the absent voter ballots are securely packaged and sealed.*** (emphasis supplied).

Plaintiff Anders' absentee ballot in AV Voting Precinct #23 was tallied in a precinct using an absent voter counting board and the absent voter ballots were securely packaged and sealed, as noted during the September 4, 2020 recount. Therefore, the Defendant Wayne County Board of Canvassers should have counted and tallied Plaintiff Anders' and the other absentee ballots, including his wife's and son's, that were properly cast in AV Voting Precinct #23 in the City of Dearborn.

"Having once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another." *Bush v Gore,* 531 U.S. 98, 104-05; 121 S.Ct. 525 (2000). "**Every voter's vote is entitled to be counted once. It**

**must be correctly counted and reported**." *Gray v Sanders*, 372 U.S. 368. 380 (1963) (emphasis supplied).  For "'the right to have one's vote counted' has the same dignity as the right to put a ballot in a box." *Id*. (internal citations omitted).  "The right to an honest court is a right possessed by each voting elector, and to the extent that the importance of his vote is nullified, wholly or in part, he has been injured in the free exercise of a right or privilege secured to him by the laws and Constitution of the United States." *Prichard v United States*, 181 F.2d 326, 331 (6th Cir. 1950).

The language of Mich. Comp. Laws §168.871(2) is clear and unambiguous, and thus must be enforced as written.  The rules of statutory construction under Michigan law are well-settled. "This task begins by examining the language of the statute itself. The words of a statute provide 'the most reliable evidence of its intent. ...'" *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999), quoting *United States v Turkette*, 452 US 576; 101 S Ct 2524; 69 L Ed2d 246 (1981).  "It is axiomatic that statutory language expresses legislative intent." *Mich. Dept. of Transp. v Tomkins*, 481 Mich. 184, ____; 749 NW2d 716, 720 (2008).  "Once the intention of the Legislature is discovered, it

must prevail regardless of any rule of statutory construction to the contrary." *Wilcoxon v City of Detroit Election Commission*, 301 Mich.App. 619, ___; 838 NW2d 183, 190 (2013) (citations omitted). "A fundamental principle of statutory construction is that 'a clear and unambiguous statute leaves no room for judicial construction or interpretation.'" *In re Certified Question* (*Kenneth Henes Special Projects Procurement v. Continental Biomass*), 468 Mich. 109, 113, 659 N.W.2d 597 (2003), quoting *Coleman v. Gurwin*, 443 Mich. 59, 65, 503 N.W.2d 435 (1993).

"An overarching rule of statutory construction is that this Court must enforce clear and unambiguous statutory provisions as written." *United States Fidelity & Guaranty Co. v. Mich. Catastrophic Claims Ass'n* (On Rehearing), 484 Mich. 1, 12, 795 N.W.2d 101 (2009) (USF & G) (quotation marks and citation omitted). "It is not [this Court's] role to rewrite the law or substitute our own policy judgment in the face of the text of the statute, or 'to create an ambiguity where none exists in order to reach a desired result. . . .'" *People v Harris*, 499 Mich 332, 356; 885 NW2d 832 (2016), quoting *People v McIntire*, 461 Mich 147, 153; 599 NW2d 102 (1999).  Courts may not "rewrite the plain statutory language and substitute our own policy decisions for those already made by the

Legislature." *DiBenedetto v. West Shore Hosp.*, 461 Mich. 394, 405, 605 N.W.2d 300 (2000).

A Court's "judicial role 'precludes imposing different policy choices than those selected by the Legislature....'" *Robertson v. DaimlerChrysler Corp.*, 465 Mich. 732, 759, 641 N.W.2d 567 (2002), quoting *People v. Sobczak-Obetts*, 463 Mich. 687, 694-695, 625 N.W.2d 764 (2001). "Whether or not a statute is productive of injustice, inconvenience, is unnecessary, or otherwise, are questions with which courts ... have no concern." *Voorhies v. Recorder's Court Judge*, 220 Mich. 155, 157; 189 N.W. 1006 (1922) (quotation marks and citation omitted). "It is to be assumed that the legislature ... had full knowledge of the provisions ... and we have no right to enter the legislative field and, upon assumption of unintentional omission ..., supply what we may think might well have been incorporated." *Reichert v. People's State Bank*, 265 Mich. 668, 672, 252 N.W. 484 (1934).

Thus, it is clear, because absentee ballots that were cast in AV Voting Precinct #23 in the City of Dearborn were tallied in a precinct using an absent voter counting board and were securely packaged and

sealed, Mich. Comp. Laws §168.871(2) required that the absentee votes

cast be recounted.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs pray this

Honorable Court GRANT their emergency motion for summary

judgment with respect to Count IX only of Plaintiffs' amended

complaint (ECF No. 21).

Dated: September 15, 2020          Respectfully submitted,
                                    */s/ ANDREW A. PATERSON*
                                   ANDREW A. PATERSON (P18690)
                                   Attorney for Plaintiffs
                                   2893 E. Eisenhower Pkwy
                                   Ann Arbor, MI 48108
                                   (248) 568-9712
                                   aap43@outlook.com

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that the foregoing

document(s) was filed and served via the Court's electronic case filing

and noticing system (ECF) this 15th day of August, 2020, which will

automatically send notification of such filing to all attorneys and parties

of record registered electronically.

Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs