# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT DAVIS,** and
**SHANE ANDERS,**
     Plaintiffs,

v.

**WAYNE COUNTY BOARD OF CANVASSERS,**
    Defendant.

Case No. 20-cv-12127
**Hon. Nancy G. Edmunds**

_____/

| | |
|---|---|
| ANDREW A. PATERSON (P18690) | JAMES HEATH (P65419) |
| Attorney for Plaintiffs | Wayne County Corporation Counsel |
| 2893 E. Eisenhower Pkwy | JANET ANDERSON-DAVIS (P29499) |
| Ann Arbor, MI 48108 | Assistant Corporation Counsel |
| (248) 568-9712 | Attorneys for Defendant |
| aap43@outlook.com | 500 Griswold, 21st Floor |
| | Detroit, MI 48226 |
| | (313) 347-5813 |
| | jandersn@waynecounty.com |

_____/

## PLAINTIFFS' EMERGENCY MOTION FOR AN ORDER STAYING THE DESTRUCTION OF ABSENTEE BALLOTS CAST AND USED IN AV  VOTING PRECINCT #23 IN THE CITY OF DEARBORN PURSUANT TO MICH.COMP.LAWS §168.811.

**NOW COME** Plaintiffs, ROBERT DAVIS and SHANE ANDERS,

by and through their attorney, ANDREW A. PATERSON, and for their

Emergency Motion for an Order Staying The Destruction of Absentee

Ballots Cast and Used In AV Voting Precinct #23 In The City of

Dearborn Pursuant to Mich. Comp. Laws §168.811, state as follows:

## A. <u>Necessity for Immediate Consideration</u>

**There is an immediate need for the Court to address the merits of Plaintiffs' instant emergency motion ASAP, but no later than Wednesday, September 23, 2020.**  Because this Honorable Court has decided not to expedite the briefing, scheduling and adjudication of Plaintiffs' Emergency Motion for Summary Judgment with respect to Count IX of the Amended Complaint (See Court' Order, ECF No. 41, Pg.ID 1082-1083), pursuant to Mich. Comp. Laws §168.811, Plaintiffs are respectfully requesting the Court to enter an order staying the destruction of the absentee ballots cast and used in the Absentee Voting Precinct (AV) #23 in the City of Dearborn, which Plaintiffs have alleged were not properly recounted, certified, and/or tallied by the Defendant Wayne County Board of Canvassers in accordance with Mich. Comp. Laws §168.871(2).

An order staying the destruction of the absentee ballots cast and used in AV Voting Precinct #23 in the City of Dearborn is required and necessary because Plaintiff Anders has properly pled and alleged and has attested to the fact that his vote for himself was not properly counted nor included in the official tally and certification of votes cast

for him in the August 4, 2020 Republican primary election by the

Defendant Wayne County Board of Canvassers. (See Plaintiff Anders'

Sworn Petition for Recount, ECF No. 25-3, Pg.ID 942-949).

Mich. Comp. Laws §168.811 states, in pertinent part:

> All ballots used at any primary or election ***may be
> destroyed after 30 days following the final
> determination of the board of canvassers with respect
> to the primary*** or election unless a petition for recount has
> been filed and not completed ***or unless their destruction is
> stayed by an order of a court***. (Emphasis supplied).

On September 4, 2020, after conducting the recount of certain

precincts properly requested by Plaintiff Anders, the Defendant Wayne

County Board of Canvassers certified the recount of votes cast for

Plaintiff Anders int eh August 4, 2020 Republican primary election.

**(See Defendant Wayne County Board of Canvassers' September

4, 2020 Certification of Votes Cast for Plaintiff Anders in the

August 4, 2020 Republican Primary election attached as Exhibit

A**).   Therefore, pursuant to Mich. Comp. Laws §168.811, the absentee

ballots cast in AV Voting Precinct #23 in the City of Dearborn can be

destroyed by the City of Dearborn **beginning October 4, 2020**.

However, upon information and belief, Plaintiffs believe that officials in

the Dearborn City Clerk's office may have begun destroying ballots from the August 4, 2020 primary election in preparation for the impending November 3, 2020 presidential general election.  **Thus, immediate, and swift action staying the destruction of said ballots cast in the August 4, 2020 Republican primary election is necessary.**

### B. Concurrence

The undersigned counsel certifies that counsel communicated in writing with opposing counsel for Defendant Wayne County Board of Canvassers, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; and opposing counsel thereafter did not timely respond to Plaintiffs' counsel's request for concurrence.

### CONCLUSION

**WHEREFORE**, for the reasons specified in the attached Brief in Support, the Moving Plaintiffs respectfully request this Honorable Court enters an order GRANTING their Emergency Motion for an Order Staying The Destruction of Absentee Ballots Cast and Used In AV Voting Precinct #23 In The City of Dearborn Pursuant to Mich. Comp. Laws §168.811.

Dated: September 18, 2020      Respectfully submitted,

          */s/ ANDREW A. PATERSON*
          ANDREW A. PATERSON (P18690)
          Attorney for Plaintiffs
          2893 E. Eisenhower Pkwy
          Ann Arbor, MI 48108
          (248) 568-9712

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT DAVIS,** and        Case No. 20-cv-12127
**SHANE ANDERS,**        **Hon. Nancy G. Edmunds**
       Plaintiffs,

v.

## WAYNE COUNTY BOARD OF CANVASSERS,
       Defendant.

_____/

| | |
|---|---|
| ANDREW A. PATERSON (P18690) | JAMES HEATH (P65419) |
| Attorney for Plaintiffs | Wayne County Corporation Counsel |
| 2893 E. Eisenhower Pkwy | JANET ANDERSON-DAVIS (P29499) |
| Ann Arbor, MI 48108 | Assistant Corporation Counsel |
| (248) 568-9712 | Attorneys for Defendant |
| aap43@outlook.com | 500 Griswold, 21st Floor |
| | Detroit, MI 48226 |
| | (313) 347-5813 |
| | jandersn@waynecounty.com |

_____/

## PLAINTIFFS' BRIEF IN SUPPORT OF EMERGENCY MOTION FOR AN ORDER STAYING THE DESTRUCTION OF ABSENTEE BALLOTS CAST AND USED IN AV VOTING PRECINCT #23 IN THE CITY OF DEARBORN PURSUANT TO MICH.COMP.LAWS §168.811.

## TABLE OF CONTENTS

**Statement of Issues Presented**..............................................................7

**Most Controlling or Appropriate Authority**...................................8

**Introduction**...................................................................................9-16

**Arguments**.......................................................................................16-27

**Conclusion**..........................................................................................27

## STATEMENT OF ISSUES PRESENTED

I.    Should an order staying the destruction of the absentee ballots cast and used in Absentee Voting Precinct #23 in the City of Dearborn in the August 4, 2020 primary election be granted and issued in accordance with Mich. Comp. Laws §168.811?

        Moving Plaintiffs Answer:   Yes

## MOST CONTROLLING OR APPROPRIATE AUTHORITIES

**Cases**

*Bush v. Gore*, 531 U.S. 98, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000)

*Gray v Sanders*, 372 U.S. 368 (1963)

*Prichard v United States*, 181 F.2d 326 (6th Cir. 1950).

*Reynolds v Sims*, 377 U.S. 533 (1964).

*United States v Classic,* 313 U.S. 299 (1941)

**State Statutes**

Mich. Comp. Laws §168.811

## **INTRODUCTION**

On September 8, 2020, Plaintiff Anders filed an emergency motion to expedite briefing, scheduling and adjudication (ECF No. 23, Pg.ID 864-885) of Plaintiff Anders' emergency motion for temporary restraining order, or in the alternative, motion for preliminary injunction (ECF No. 25, Pg.ID 906-938). Plaintiff Anders explained to the district court that there was **an immediate need** for the Court to address the merits of Plaintiff Anders' emergency motion for TRO (ECF No. 25, Pg.ID. 906-938) ASAP, but no later than 2 p.m. on Wednesday, September 9, 2020, because the Wayne County Election Commission was convening on September 9, 2020 to authorize and approve the printing of the ballots for the November 3, 2020 general election based upon the Defendant Wayne County Board of Canvassers' erroneous certification of the election results from the August 4, 2020 primary election. (ECF No. 23, Pg.ID 864-885; ECF No. 25, Pg.ID 906-938).

In accordance with Mich. Comp. Laws §168.689, on Wednesday, September 9, 2020, the Wayne County Election Commission convened at 2 p.m. and approved and authorized the printing of the ballots for the November 3, 2020 general election based on the erroneous certification

of the Defendant Wayne County Board of Canvassers of the votes cast for candidates in the August 4, 2020 primary election. Under Michigan Election Law, the Defendant Wayne County Board of Canvassers has the statutory legal duty to certify the election results and certify to the Wayne County Election Commission the names of candidates deemed nominated for their respective parties based upon the certified election results from the canvass of the August 4, 2020 primary election.  See Mich.Comp.Laws §§ 168.197 and 168.826.

### Plaintiff Anders' Write-In Candidacy In August 4, 2020 Primary For Republican Nomination for Wayne County Prosecutor.

On July 23, 2020, pursuant to Mich. Comp. Laws §168.737a(1), Plaintiff Anders timely filed with the Wayne County Clerk a declaration of intent to run as a write-in candidate as a Republican in the August 4, 2020 primary election for the office of Wayne County Prosecutor. (ECF No. 25-2, Pg.ID. 941).  Pursuant to Mich. Comp. Laws §168.737a(1), the statutory deadline for a person to file a declaration of intent to be a write-in candidate for any office appearing on the August 4, 2020 primary election ballot was by 4 p.m. on July 24, 2020.

As of Friday, July 31, 2020, Plaintiff Anders was the only candidate who timely filed with the Wayne County Clerk a declaration of intent to

run as a write-in candidate as a Republican in the August 4, 2020 primary election for the office of Wayne County Prosecutor.  Pursuant to Mich. Comp. Laws §168.191, Plaintiff Anders satisfied the statutory requirements to be eligible to run for the office of Wayne County Prosecutor.

On August 4, 2020, Plaintiff Anders voted in the Republican primary election and voted for himself, by writing his name in for the office of Wayne County Prosecutor.  Plaintiff Anders, his wife and son voted by absentee ballot in the August 4, 2020 primary election. (Anders' Sworn Petition Requesting Recount of Votes Cast in August 4, 2020 Republican Primary Election, ECF No. 25-3, Pg.ID. 942-949). Petitioner Anders' voting precinct in the City of Dearborn is Precinct #23. (*Id*., ¶12). Petitioner Anders' wife and son also voted for Plaintiff Anders in the August 4, 2020 Republican primary election for the office of Wayne County Prosecutor by properly writing in his name and filing in the adjacent oval. (*Id*., ¶¶11, 14).

However, when the Defendant Board of Canvassers published the tally of votes cast for Plaintiff Anders in the August 4, 2020 primary election, the Defendant Board of Canvassers tallied and certified Plaintiff

Anders as having received only 1 vote in the City of Dearborn at Precinct #41, which is **not** Plaintiff Anders' voting precinct in the City of Dearborn. (Defendant Board of Canvassers' published tally of write-in votes tallied and counted for Plaintiff Anders, ECF No. 25-4, Pg.ID 950; see also Anders' Sworn Petition Requesting Recount of Votes Cast in August 4, 2020 Republican Primary Election, ECF No. 25-3, Pg.ID. 942-949 ,¶¶ 13, 14).  Upon further inquiry, the vote Plaintiff Anders received in Precinct #41 in the City of Dearborn was from his mother-in-law. (*Id.*) Realizing this was an obvious error, mistake, or fraud, on August 21, 2020, pursuant to Mich. Comp. Laws §§168.862 and 168.865, Plaintiff Anders timely filed a sworn petition along with a $100 deposit with the Wayne County Clerk requesting a recount of certain election day and absentee voting precincts, including Plaintiff Anders' very own voting precinct #23 in the City of Dearborn. (*Id.*)

### Plaintiff Anders' Request for Recount of Votes Cast In The August 4, 2020 Republican Primary Election Under Michigan Law.

On Wednesday, September 2, 2020, the Defendant Board of Canvassers convened a public meeting, via Zoom, to consider Petitioner Anders' recount petition.  Plaintiff Robert Davis participated in the

Defendant Board of Canvassers' September 2, 2020 meeting as an individual citizen, and as a representative and challenger on behalf of Plaintiff Anders.  During the Defendant Board of Canvassers' September 2, 2020 meeting, the democratic members of the Defendant Board of Canvassers and the Director of Elections of Wayne County, whose father is a downriver democratic elected official, attempted to block Plaintiff Anders' request for a recount.

Citing Mich. Comp. Laws §168.582, the democratic members of the Defendant Board of Canvassers and the Director of Elections for Wayne County, stated Plaintiff Anders did not meet the minimum threshold and need some 3,000 plus votes.  On behalf of Plaintiff Anders, Plaintiff Davis quickly interjected and advised the Defendant Board of Canvassers that their reading and interpretation of the vague and ambiguous statute, being Mich. Comp. Laws §168.582, was erroneous and that Petitioner Anders had a statutory right under Michigan law to a recount of the precincts he requested to be recounted in his sworn petition. Surprisingly, counsel for Defendant Board of Canvassers also advised the Defendant Board of Canvassers that Plaintiff Anders had a statutory right to a recount.

Ignoring the advice of counsel, the ***democratic members*** of the four-member Defendant Board of Canvassers proceeded with a motion to deny Plaintiff Anders' petition and request for a recount.  Thankfully, the ***democratic*** members' motion failed on a 2-to-2 vote.  After that vote failed, the Defendant Board of Canvassers the advanced a motion to approve and authorize Plaintiff Anders' request and petition for a recount.  The motion to approve and authorize Plaintiff Anders' request and petition for a recount was unanimously approved with a 4-to-0 vote.

On September 2, 2020, counsel for Plaintiff Anders received a written notice from the Defendant Wayne County Board of Canvassers informing Plaintiff Anders that a recount of the voting precincts he requested in sworn petition would be held and conducted on Friday, September 4, 2020 at 1 p.m. in Plymouth Township. (September 2, 2020 Letter from Defendant Board of Canvassers, ECF No. 25-2, Pg.ID 951).

At the recount conducted on September 4, 2020, the Defendant Wayne County Board of Canvassers were able to recount the AV voting and Election Day voting precincts in Plymouth Township as Plaintiff Anders requested.  The recount of the AV voting precinct in Plymouth resulted in a net gain of +2 votes for Plaintiff Anders, thereby increasing

his vote total from election night to 11 votes. **(See Results from Plaintiff Anders' recount attached hereto as Exhibit A).**

However, at the recount conducted on September 4, 2020, the Defendant Wayne County Board of Canvassers determined that Plaintiff Anders' Absentee Voting (AV) voting and Election Day voting precincts for precinct #23 in the City of Dearborn were **not** eligible to be properly recounted pursuant to Mich. Comp. Laws §§168.871(1)(a) because of "human error" due to the serial numbers on the ballot boxes not matching.  Consequently, pursuant to Mich. Comp. Laws §168.871(3), the election results from election night, which did not include the lawful votes cast by Plaintiff Anders and his wife and son, would stand and be taken as correct.

Therefore, as a result of the Defendant Wayne County Board of Canvassers enforcing the arbitrary and unconstitutional provisions of Mich. Comp. Laws §§168.871(1)(a) and (3) to Plaintiff Anders' request for recount of the AV voting precinct for precinct #23 in the City of Dearborn, Plaintiff Anders' lawful **vote cast for himself** in the August 4, 2020 Republican primary election was **not counted or tallied by the Defendant Wayne County Board of Canvassers!  This egregious**

action of the Defendant has denied Plaintiff Anders of his most precious and fundamental right to vote and to have his vote counted!

## LAW AND LEGAL ANALYSIS

**I.** **Mich. Comp. Laws §168.811 Grants This Court The Authority To Issue An Order Staying The Destruction of Absentee Ballots Cast In AV Precinct #23 In The City of Dearborn Pending The Adjudication of This Case.**

Mich. Comp. Laws §168.811 states, in pertinent part:

> All ballots used at any primary or election ***may be destroyed after 30 days following the final determination of the board of canvassers with respect to the primary*** or election unless a petition for recount has been filed and not completed ***or unless their destruction is stayed by an order of a court***. (Emphasis supplied).

On September 4, 2020, after conducting the recount of certain precincts properly requested by Plaintiff Anders, the Defendant Wayne County Board of Canvassers certified the recount of votes cast for Plaintiff Anders int eh August 4, 2020 Republican primary election. **(See Defendant Wayne County Board of Canvassers' September 4, 2020 Certification of Votes Cast for Plaintiff Anders in the August 4, 2020 Republican Primary election attached as Exhibit A)**. Therefore, pursuant to Mich. Comp. Laws 168.811, the absentee

ballots cast in AV Voting Precinct #23 in the City of Dearborn can be destroyed by the City of Dearborn beginning October 4, 2020. However, upon information and belief, Plaintiffs believe that officials in the Dearborn City Clerk's office may have begun destroying ballots from the August 4, 2020 primary election in preparation for the impending November 3, 2020 presidential general election. **Thus, immediate, and swift action staying the destruction of said ballots cast in the August 4, 2020 Republican primary election is necessary.**

The Court has **not** decided the merits of any of the meritorious counts properly pled and alleged in Plaintiffs' amended complaint (ECF No. 21) and more importantly, as noted, the Court has decided **not** to expedite the briefing, scheduling, and adjudication of Plaintiffs' emergency motions for TRO/Preliminary Injunction and emergency motion for summary judgment with respect to Count IX of Plaintiffs' amended complaint. (*See* September 8, 2020 "Text-only" order and September 17, 2020 Order, ECF No. 41, Pg.ID 1082-1083). The relief Plaintiffs seek in Counts V-VII and IX of the amended complaint (ECF No. 21) includes the proper counting, tallying and certification by the Defendant Wayne County Board of Canvassers of the absentee ballots

cast in the AV Voting Precinct #23 in the City of Dearborn, which includes the vote Plaintiff Anders lawfully and properly cast for himself in the August 4, 2020 Republican primary election.

Moreover, in order for Plaintiff Anders to prove that his fundamental constitutional right to vote and to have his vote counted was violated by the Defendant Wayne County Board of Canvassers, as Plaintiff Anders has properly pled and alleged in Counts V-VII and IX, **all of the absentee ballots that were cast and used in AV Voting Precinct #23 in the City of Dearborn for the August 4, 2020 Republican primary election must be preserved as evidence as this case proceeds possibly to trial.**

"A citizen's right to vote free of arbitrary impairment by state action has been judicially recognized as a right secured by the Constitution, when such impairment resulted from dilution by a false tally; or by refusal to count votes from arbitrarily selected precincts; or by stuffing of the ballot box." *Baker v Carr*, 369 U.S. 186, 207-208 (1962) (emphasis supplied). "Every voter's vote is entitled to be counted once. It must be correctly counted and reported." *Gray v Sanders*, 372 U.S. 368, 380 (1963) (emphasis supplied). For "'the right to have one's vote

counted' has the same dignity as the right to put a ballot in a box." *Id.* (internal citations omitted).

"Undeniably[,] the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections." *Reynolds v Sims*, 377 U.S. 533, 554 (1964). For, "[i]t has been repeatedly recognized that all qualified voters have a constitutionally protected right to vote, **and to have their votes counted**." *Id.* (internal citations omitted) (emphasis supplied). In *United States v Mosley,* the Supreme Court stated that it is "as equally unquestionable that the right to have one's vote counted is as open to protection. . . as the right to put a ballot in a box." *Mosely*, 238 U.S. 383, 386 (1915) (emphasis supplied). "Obviously included within the right to choose, secured by the Constitution, is the right of qualified voters within a state to cast their ballots and have them counted . . . ." *United States v Classic,* 313 U.S. 299, 315 (1941) (emphasis supplied).

Plaintiff Anders has properly pled and alleged that the Defendant Wayne County Board of Canvassers has violated his fundamental constitutional right to vote and to have his vote counted as a result of the Defendant Wayne County Board of Canvassers failing to properly

recount, tally and certify the votes cast by absentee ballot for Plaintiff

Anders in the Republican primary election for the office of Wayne

County Prosecutor in Plaintiff Anders' voting precinct —AV Voting

Precinct #23—which included Plaintiff Anders' vote for himself.  The

absentee ballots that were cast in AV Precinct #23 in the City of

Dearborn in the Republican primary election are essential evidence that

must be preserved in order for Plaintiff Anders to prove his claims as

pled in the amended complaint (ECF No. 21).

Although, "[a]s a general matter, it is beyond question that a *party*

to civil litigation has a duty to preserve relevant information[,]" *John B.*

*v Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (emphasis supplied), however,

the absentee ballots that were cast in the August 4, 2020 primary

election in AV Precinct #23 in the City of Dearborn are no longer in the

possession of the Defendant Wayne County Board of Canvassers.

Pursuant to Mich. Comp. Laws §168.875[1], after the Defendant Wayne

---

[1] Mich. Comp. Laws §168.875 provides:
> All recounts shall be completed for a primary election not later than the twentieth day and for any other election not later than the thirtieth day immediately following the last day for filing counter petitions or the first day that recounts may lawfully begin. ***As soon as the recount is completed***, the board shall return any ballots to their respective containers and seal the containers. ***The board shall then return the ballots,*** voting devices, machines, any related keys, and seals ***to the officer or officers having the care and custody of those items.*** **(emphasis supplied).**

County Board of Canvassers completed the recount on Friday, September 4, 2020, the cast ballots and the ballot containers they were in were returned to the Dearborn City Clerk.

Based on the errors that were discovered during the recount, Plaintiffs do not have confidence in the Dearborn City Clerk's competence in understanding the proper interpretation and meaning of pertinent provisions of Michigan Election Law.  As noted in various briefs and motions filed in this matter, Plaintiff Anders' very own AV Voting Precinct #23 in the City of Dearborn was purportedly ineligible to be recounted due to **"human error"** committed by election workers who mistakenly recorded the wrong seal numbers on the ballot box that contained the absentee ballots cast.   On information and belief, Plaintiffs believe the Dearborn City Clerk may have begun preparing to destroy the ballots cast in the August 4, 2020 primary election, and thus, immediate, and swift action from this Court is required to preserve this pertinent evidence!

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiffs respectfully request this Honorable Court to enter an order GRANTING Plaintiffs'

Emergency Motion for an Order Staying The Destruction of Absentee

Ballots Cast and Used In AV Voting Precinct #23 In The City of

Dearborn Pursuant to Mich. Comp. Laws §168.811.

Dated: September 18, 2020          Respectfully submitted,

                                   */s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that the foregoing

document(s) was filed and served via the Court's electronic case filing

and noticing system (ECF) this 18th day of August, 2020, which will

automatically send notification of such filing to all attorneys and parties

of record registered electronically.

                                  Respectfully submitted,

                                  /s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs