# UNITED STATES DISCTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT DAVIS, and SHANE
ANDERS

      Plaintiffs,

vs.

WAYNE COUNTY BOARD OF
CANVASSER,

      Defendants.

and

KYM WORTHY

      Proposed Intervenor-Defendant.

Case No. 20-cv-12127
Hon. Nancy G. Edmunds

---

| | |
|---|---|
| Andrew A. Paterson, JR. (P18690) | James W. Heath (P65419) |
| *Attorney for Plaintiffs* | *Wayne County Corporation Counsel* |
| 2893 E. Eisenhower Pkwy | Janet Anderson-Davis (P29499) |
| Ann Arbor, MI 48108 | *Assistant Corporation Counsel* |
| (248) 568-9712 | *Attorneys for Defendant Wayne* |
| Aap43@outlook.com | *County* |
| | Boards of Canvassers |
| | 500 Griswold, 21st Floor |
| | Detroit, Michigan 48226 |
| | (313) 347-5813 |
| | jandersn@waynecounty.com |
| | |
| | Melvin Butch Hollowell (P37834) |
| | Angela L. Baldwin (P81565) |
| | THE MILLER LAW FIRM, P.C. |
| | *Attorneys for Intervenor-Defendant* |
| | 1001 Woodward, Suite 850 |
| | Detroit, Michigan 48226 |
| | (313) 483-0880 |
| | mbh@millerlawpc.com |
| | alb@millerlawpc.com |

---

## <u>PROSECUTOR WORTHY'S AMENDED MOTION TO INTERVENE</u>

Wayne County Prosecutor Kym L. Worthy ("Prosecutor Worthy"), by and through her attorneys, respectfully moves to amend her motion to intervene pursuant to Fed. R. Civ. P. 15(a), 6 (b)(1)(A) and (B), and Local Court 7.1 for the reasons stated in the following brief in support.

Respectfully Submitted,

 /s/*Angela L. Baldwin*
Angela L. Baldwin (P81565)
Melvin Butch Hollowell (P37834)
THE MILLER LAW FIRM, P.C.
*Attorneys for Intervenor Defendant*
1001 Woodward, Suite 850
Detroit, Michigan 48226
(313) 483-0880

Dated: September 18, 2020

UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS, and SHANE
ANDERS,

     Plaintiffs,

vs.

WAYNE COUNTY BOARD OF
CANVASSER,

     Defendants.

and

KYM WORTHY

     Proposed Intervenor-Defendant.

Case No. 20-cv-12127
Hon. Nancy G. Edmunds

**PROSECUTOR WORTHY'S
AMENDED BRIEF IN SUPPORT OF
MOTION TO INTERVENE**

| | |
|---|---|
| Andrew A. Paterson, JR. (P18690) | Melvin Butch Hollowell (P37834) |
| *Attorney for Plaintiffs* | Angela L. Baldwin (P81565) |
| 2893 E. Eisenhower Pkwy | THE MILLER LAW FIRM, P.C. |
| Ann Arbor, MI 48108 | *Attorneys for Intervenor-Defendant* |
| (248) 568-9712 | 1001 Woodward, Suite 850 |
| Aap43@outlook.com | Detroit, Michigan 48226 |
| | (313) 483-0880 |
| | mbh@millerlawpc.com |
| | alb@millerlawpc.com |
| | |
| | James W. Heath (P65419) |
| | *Wayne County Corporation Counsel* |
| | Janet Anderson-Davis (P29499) |
| | *Assistant Corporation Counsel* |
| | *Attorneys for Defendant Wayne County* |
| | Boards of Canvassers |
| | 500 Griswold, 21st Floor |
| | Detroit, Michigan 48226 |
| | (313) 347-5813 |
| | jandersn@waynecounty.com |

## **<u>TABLE OF CONTENTS</u>**

INDEX OF AUTHORITIES.......................................................................... ii

I.      Introduction .........................................................................................1

II.     Background ...........................................................................................3

III.    Argument ..............................................................................................7

      A.      Prosecutor Worthy Should Be Permitted to Intervene as Of Right ......7

           1.      Prosecutor Worthy's Motion is Timely .....................................8

           2.      Prosecutor Worthy Has A Substantial Legal Interest in The Subject Matter of This Case........................................................9

           3.      Intervention is Necessary to Protect Prosecutor Worthy's Interest in this Case ..................................................................10

           4.      Prosecutor Worthy's Interests Are Not Adequately Represented by Current Parties.....................................................................11

      B.      Prosecutor Worthy Should be Allowed to Intervene By Permission..12

V.      Conclusion….....................................................................................15

i

# INDEX OF AUTHORITIES

## Cases

*Bradley v. Milliken*, 828 F2d 1186 (CA 6, 1987) ................................................. 9, 10

*Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477 (6th Cir. 2014).........................12

*Foman v. Davis*, 371 U.S. 178, 182; 83 S. Ct. 227, 230; 9 L Ed 2d 222 (1962).......1

*Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999) .................................................8

*In re: Shane Anders,* Case No 20-1880 (CA 6, 2020) .........................................5, 7

*Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854 (6th Cir. 2000)...........................................................................................................12

*Kimble v. Hoso*, 439 F.3d 331..................................................................................7

*Mich. State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997)..............................10

*Michigan Ass'n for Retarded Citizens v. Smith,* 657 F.2d 102 (6th Cir.1981)..........8

*Michigan Ass'n for Retarded Citizens,* 657 F.2d at 106...........................................9

*NAACP v. New York,* 413 U.S. at 365–66, 93 S.Ct. at 2602–03 .............................8

*Ohio State Conference of NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) .........................................................................................................................8

*Stotts v. Memphis Fire Dep't,* 679 F.2d 579 (6th Cir.).............................................9

*United Airlines, Inc. v. McDonald,* 432 U.S. at 396 S. Ct. at 2470.........................9

## Other Authorities

Fed. R. Civ. P. 15(a)..................................................................................................1

Fed. R. Civ. P. 24(a)(2)..............................................................................................8

Fed. R. Civ. P. 24(b)(1)(B) .......................................................................................13

Fed. R. Civ. P. 24(b)(3).............................................................................................13

Fed. R. Civ. P. 56 ......................................................................................................7

Fed. R. Civ. P. 6 (b)(1)...............................................................................................1

Fed. R. Civ. P. 6(b)(1)(A)...........................................................................................1

# I. Introduction

Prosecutor Worthy moves to amend her motion to intervene, pursuant to Fed. R. Civ. P. 15(a) and 6 (b)(1)(A) and (B). Fed. R. Civ. P. "15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182; 83 S. Ct. 227, 230; 9 L Ed 2d 222 (1962). In the absence of any apparent reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.— the leave sought should, as the rules require, be freely given." *Id*. The grant or denial of an opportunity to amend is within the Courts discretion "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id*.

Alternatively, pursuant to Fed. R. Civ. P. 6 (b)(1), a court may, for good cause, extend the time (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

On August 21, 2020, Prosecutor Worthy timely filed a motion to intervene in this matter (ECF No. 15). The week after Plaintiffs' response was due, Plaintiffs

filed an emergency motion for an extension of time until September 9, 2020. (ECF No. 24) This Court granted Plaintiffs' motion. On September 11, 2020, again after the deadline lapsed, Plaintiffs' filed a second emergency motion for an extension of time as well as their response brief in opposition to Prosecutor Worthy's motion to intervene. (ECF No. 32) (ECF No. 33).  Prosecutor Worthy has responded and intervened in numerous Plaintiff Davis' "emergency motions" and/or cases in state and federal court in order to diligently protect her rights as a candidate for office in the November 3, 2020 General Election. In each and every instance, the state and federal courts have granted Prosecutor Worthy's requested intervention. Further, in the instant amended motion, she is not seeking the amendment in bad faith or with a dilatory motive. This is Prosecutor Worthy's first amended motion which shall be freely given to cure any deficiencies by way of amendment.

None of the factors that may militate against granting Prosecutor Worthy's motion to amend is present in this case. Plaintiffs will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. Plaintiffs cannot be prejudiced, or caught off guard, by the proposed amendment, since the Plaintiffs have first-hand knowledge of the roles that they played in the transaction at issue and the proceedings described

therein. The proposed amended motion to intervene does not involve the addition of any new defendants, set forth any new claims, or raise any new legal theories. The amened motion to intervene accounts for federal rules and case law. Thus, no prejudice would result to Plaintiffs in allowing the amendment under these circumstances.

The interests of justice and judicial economy will undoubtedly be served by having all allegations and defenses properly before the Court and the grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend.

## II. Background

The heart of this litigation arises out of the Wayne County Third Circuit Court Case No. 20-007116-AW, where Prosecutor Worthy's candidacy for re-election to the position of Wayne County Prosecuting Attorney was unsuccessfully challenged. Around June 3, 2020 Victoria Burton-Harris ("Burton-Harris") submitted a letter to the Wayne County Clerk ("County Clerk") challenging the candidacy of Prosecutor Worthy for the Office of Wayne County Prosecutor in the August 4, 2020 Primary Election. On June 4, 2020 Prosecutor Worthy filed her response with the County Clerk. At its June 5, 2020 meeting, the Wayne County Election Commission rejected the challenge. Under advice of County Corporation Counsel and after oral argument, the County Clerk properly determined that Prosecutor Worthy had complied with

the mandatory statute. As a result, Prosecutor Worthy's candidacy was approved to appear on the August 4, 2020 Primary Election ballot.

On June 5, 2020, Burton-Harris filed a Verified Complaint for a Writ of Mandamus, Injunctive and Declaratory Relief, and an Ex Parte Emergency Motion for Temporary Restraining Order ("TRO") in Wayne County Third Circuit Court. Chief Judge Kenny denied the Ex Parte Motion for TRO and entered an Order for Defendants to Show Cause why a Writ of Mandamus and Preliminary Injunction should not be issued.[1] On August 21, 2020, Prosecutor Worthy filed a motion to intervene. On June 11, 2020, Plaintiff, Robert Davis, ("Plaintiff" or "Davis") filed an Emergency Motion to Intervene. On June 15, 2020 after extensive briefing and oral arguments, the court granted Prosecutor Worthy's motion to intervene, denied Davis' Motion to Intervene and denied Burton-Harris' Motion for Writ of Mandamus and Declaratory Judgment.

Two weeks later, on June 29, 2020, Davis filed an appeal with the Michigan Court of Appeals not only with respect to the denial of his motion to intervene, but Davis also named and brought suit against Chief Judge Kenny personally, and further appealed the court's substantive ruling, even though Davis was not a party.

---

[1] Burton-Harris filed an Emergency Application for Leave to Appeal Judge Kenny's Order denying her Ex Parte Motion for TRO, which was also denied by the Court of Appeals. (Docket No. 353770).

4

Notably, the actual candidate, Burton-Harris, did not file an appeal of the circuit court ruling.

The Court of Appeals granted leave to appeal and denied expedited consideration. This matter remains pending before the Michigan Court of Appeals, Docket No. 353999. Simultaneously, Davis filed with the Michigan Supreme Court a bypass application and application to appeal the Michigan Court of Appeals July 1, 2020 Order. This was also denied by the Michigan Supreme Court. In the recent months, Davis, pro se, or with counsel Drew Patterson, has filed roughly 24 cases that are all dressed-up in slightly different ways or causes of actions alleged, but ultimately seeking the same or substantially similar relief: attempting to bar Prosecutor Worthy from the General Election ballot. This case is a prime example of the same pattern.

Yesterday, the United States Court of Appeals for the Sixth Circuit issued its opinion denying Davis' petition raising similar claims to the case at bar. *In re: Shane Anders,* Case No 20-1880 (CA 6, 2020) (Exhibit 1). In rejecting Davis' claims, the Sixth Circuit described said claims as "vexatious" campaign tactics. Prosecutor Worthy agrees.

On August 7, 2020 Plaintiffs' filed their first complaint in the instant case, and alleged that their federal constitutional rights were violated, and their votes were diluted because the Board counted votes for Prosecutor Worthy and Brenda Jones,

5

Detroit City Council President, and then a candidate for Congress in the primary election. (ECF No. 1) (Exhibit 2). On August 12, 2020 Plaintiffs filed a motion for a temporary restraining order or preliminary injunction as to the counts I and II, the counts that expressly name Prosecutor Worthy. (ECF No. 12). As soon as Prosecutor Worthy became aware of the motion, she timely filed a motion to intervene on August 21, 2020. (ECF No. 15) (Exhibit 3). Pursuant to Local Court rule 7.1(e)(2)(B), Plaintiffs' response to Prosecutor Worthy's motion was due on September 4, 2020. Instead of responding to Prosecutor Worthy's motion to intervene, Plaintiffs filed an amended complaint. (ECF No. 21) (Exhibit 4). The following week, after the deadline lapsed, Plaintiffs filed an emergency motion for an extension of time until September 9, 2020. (ECF No. 24) This Court granted Plaintiffs' motion. On September 11, 2020, again after the deadline lapsed, Plaintiffs untimely filed its response brief in opposition to Prosecutor Worthy's motion to intervene. (ECF No. 32) (Exhibit 5). Plaintiffs filed their second emergency motion for an extension of time to file a response to the motion to intervene but only after they filed their untimely response (ECF No. 33) (Exhibit 6). As Plaintiffs concede but fail to heed, "election-related matters are time sensitive". (Exhibit 6, Plaintiffs' second emergency motion for an extension of time, at 8).

Shortly thereafter, Plaintiffs filed a "motion to expedite, briefing, scheduling, and adjudication of Plaintiffs emergency motion for summary judgment with respect

to count IX only of Plaintiffs amended complaint (ECF No. 21) pursuant to Fed. R. Civ. P. 56 (ECF No. 34)" (ECF No. 35). This Court denied that motion. Today, Plaintiffs' filed, yet another, emergency motion to expedite briefing, scheduling and adjudication of Plaintiffs' emergency motion for an order staying the destruction of absentee ballots cast and used. (ECF No. 42) (ECF No. 43). "[D]istrict courts ordinarily enjoy broad discretion in matters of pretrial management, scheduling, and docket control." *Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006).  And as recently opined by the United State Court of Appeals for the Sixth Circuit, "Anders claimed emergency is better explained by vexatious litigation strategy than a true emergency." *In re: Shane Anders,* Case No 20-1880 (CA 6, 2020) (Exhibit 1), *supra*.

Pursuant to Local Court Rule 7.1, Prosecutor Worthy sought concurrence in the Motion to Intervene from all parties in this matter. Defendants provided concurrence and Plaintiffs oppose.

### III. Argument

A. <u>Prosecutor Worthy Should Be Permitted to Intervene as Of Right.</u>

Prosecutor Worthy, as candidate for office, is a party with an inherent interest relating to the subject of this action and whose rights cannot be adequately represented by the parties in this matter.  Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of

the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

This Rule is "broadly construed in favor of potential intervenors," who must be permitted to intervene if: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately 4 represent the applicant's interest." *Ohio State Conference of NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) (citation omitted); *see Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999) (same). Prosecutor Worthy meets each of these requirements for intervention as of right and, alternatively, intervention by permission.

### 1. Prosecutor Worthy's Motion is Timely

The threshold determination of "whether a motion is timely is a matter within the sound discretion of the trial court." *NAACP v. New York,* 413 U.S. at 365–66, 93 S.Ct. at 2602–03; *Michigan Ass'n for Retarded Citizens v. Smith,* 657 F.2d 102, 105 (6th Cir.1981). This Court, evaluates "timeliness in the context of all relevant circumstances, such as the purpose of the motion to intervene, the length of time the applicant for intervention should have known of his interest in the case, whether the original parties would be prejudiced by further delays, whether there are any unusual

circumstances which would bear on granting or denying the motion and to what stage the lawsuit has progressed." *Michigan Ass'n for Retarded Citizens,* 657 F.2d at 106; *Stotts v. Memphis Fire Dep't,* 679 F.2d 579, 582 (6th Cir.), *cert. denied,* 459 U.S. 969, 103 S. Ct. 297, 74 L.Ed.2d 280 (1982); *see also United Airlines, Inc. v. McDonald,* 432 U.S. at 396, 97 S. Ct. at 2470 (court must determine whether the intervenor acted promptly in view of all the circumstances). *Bradley v Milliken*, 828 F2d 1186, 1191 (CA 6, 1987).

Here, the case is at its earliest stage. No factual or legal issues have been substantially litigated. A scheduling order has not been issued. And the parties will not be prejudiced by the intervention. There has been no expedited briefing schedule granted as this Court has denied Plaintiffs' motion for an expedited briefing and adjudication of Plaintiffs' motion for summary disposition. (ECF No. 35). Moreover, the parties have been put on notice of Prosecutor Worthy's intent to intervene on August 21, 2020 as evidenced by her original motion to intervene (ECF No.15). Prosecutor Worthy's Motion is timely and permitting her invention will, in no way, unduly delay or prejudice the adjudication of the rights of the original parties. In light of all the circumstances, Prosecutor Worthy acted timely.

## 2. *Prosecutor Worthy Has A Substantial Legal Interest in The Subject Matter of This Case*

Prosecutor Worthy has a substantial legal interest in the subject matter of this case because Plaintiffs are challenging her candidacy for the August 4, 2020 Primary

and November 4, 2020 General Election. The United States Court of Appeals for the Sixth Circuit supports to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter*, 188 F.3d at 398 (citation omitted); *see also Bradley v. Milliken*, 828 F.2d 1186, 1192 (6thCir. 1987) ("'[I]nterest' is to be construed liberally."). No specific legal or equitable interest is required, *see Grutter*, 188 F.3d at 398, and even "close cases" should be "resolved in favor of recognizing an interest under Rule 24(a)," *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

Prosecutor Worthy's interest is strong here because the complaint alleges that she did not follow Michigan Election Law.  Prosecutor Worthy is directly named in counts I and II of Plaintiffs' complaint and counts I and II in Plaintiffs' amended complaint. She has an unconditional right to intervene in this matter because it directly impacts and relates to her candidacy for the Office of Wayne County Prosecutor in the November 3, 2020 General Election.

      3. *Intervention is Necessary to Protect Prosecutor Worthy's Interest in this Case*

To satisfy the third element, "a would-be intervenor must show only that impairment of its substantial legal interest **is possible** if intervention is denied. This burden is minimal." *Miller*, 103 F.3d at 1247 (citing *Purnell*, 925 F.2d at 948). *Grutter*, 188 F3d 394, 399 (CA 6, 1999) (emphasis added). Accordingly,

intervention of right does not require an absolute certainty that a party's interest will be impaired, just a possibility that a party's interest will impaired.

Here, there is a definite possibility that Prosecutor Worthy's interest will be impaired because a federal decision applying, or interpreting Michigan election law could affect her candidacy in the November 2020 General Election and could also hinder Prosecutor Worthy's efforts to litigate similar claims currently in the Michigan Court of Appeals. *See Miller*, 103 F.3d at 1245, 1247- 48 (finding impairment of interest where Michigan Chamber of Commerce argued that "the precedential effect of an adverse ruling . . . could hinder its own efforts to litigate the validity of Michigan's system for regulating campaign finance"). Clearly, intervention is proper to protect against any possibility in an impairment of her legal interests.

### 4. *Prosecutor Worthy's Interests Are Not Adequately Represented by Current Parties.*

As it relates to the fourth element, Prosecutor Worthy, as candidate for office, is a party with an interest relating to the subject of the action whose rights cannot be adequately represented by the parties in this matter. This burden, again, is minimal to show that the existing parties to this litigation inadequately represent her interests. *Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000). A potential intervenor "need not prove that the [existing parties'] representation will in fact be inadequate, but only that it 'may be' inadequate." *Id*.

(citations omitted) (emphasis added); *see also Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 495 (6th Cir. 2014) ("The proposed intervenor need show only that there is a potential for inadequate representation.") (citation omitted) (emphasis in original).

Here, there is potential for inadequate representation. Davis has filed 24 cases all, if not most, on an emergency basis. Wayne County Counsel is a named defendant in most. Management of such case load requires immediate and immense attention and effort on behalf of Wayne County Counsel to litigate. Wayne County Counsel does not represent Prosecutor Worthy or have knowledge of facts necessary to represent her interests. Additionally, Wayne County Counsel has a heavy case load representing its own clients and must provide its attention to its own clients first and foremost. Lastly, Defendants concur with Prosecutor Worthy's request to intervene. Prosecutor Worthy satisfies this burden.

### B.    Prosecutor Worthy Should be Allowed to Intervene By Permission

Alternatively, Prosecutor Worthy should be allowed to intervene by permission. The Court may permit intervention by anyone who has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion," a court "must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The interests of justice and judicial economy will undoubtedly be served by having all allegations and defenses properly before the Court, and, in so doing, the action can more effectively proceed on the merits.   First, Prosecutor Worthy's motion is timely for the reasons detailed in section A(1). The parties have been put on notice of Prosecutor Worthy's intent to intervene as evidenced by her original motion to intervene on August 21, 2020. The case is at its earliest stage and no factual or legal issues have been substantially litigated.

Second, Prosecutor Worthy shares, with the main action, common questions of law and facts. Specifically, she is named in counts I and II of Plaintiffs' original and amended complaint. In Plaintiffs' amended complaint, they specifically request the following relief in relevant part (among other relief): count I (f) declaration that Defendant cannot count and/or certify any votes cast for Prosecutor Worthy in the August 4, 2020 primary election; (g) a declaration that the ballots printed with Prosecutor Worthy's name were not printed in accordance with Michigan Election Law; (j) an injunction enjoining defendants from counting, tallying, and/or certifying any votes cast for Prosecutor Worthy. Prosecutor Worthy most certainly has a substantial interest in this subject matter of this case because her candidacy is being challenged. Common questions of law and fact exists.

Furthermore, Plaintiffs alleged that their federal constitutional rights were violated, and their votes were diluted because Defendants counted votes for

Prosecutor Worthy. Plaintiffs sought the same type of relief in the Third Circuit Court and the Michigan Court of Appeals as they seek with this Court, and that is to overturn Wayne County Circuit Court Chief Judge Kenny's ruling and find that Prosecutor Worthy's name should have neither appeared on the August 4, 2020 Primary Election ballot, nor the November 3, 2020 General Election ballot.

Davis' request is moot because the August Primary has already occurred. In the August 4, 2020 primary election the voters elected Prosecutor Worthy over her Democratic Party challenger Burton-Harris with 62.3% of the vote.[2] On August 18, 2020 the Board certified the election results which included Prosecutor Worthy as the Democratic candidate. Plaintiffs serial court filings are now moot as it relates to the primary election, and a transparent attempt to interfere with the will of the people in selecting the candidate of their choosing by seeking to overturn an election.

Finally, this case is at an early stage Prosecutor Worthy's intervention will not delay or prejudice the adjudication of any party's rights. Plaintiffs cannot be prejudiced, or caught off guard, by the proposed amended motion to intervene, since Plaintiffs were put on notice by Prosecutor Worthy's original motion filed on August 21, 2020. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost,

---

[2] Wayne County Clerk's Office, Elections Division, Elections Summary Report, August 4th, 2020 – Primary Election, Unofficial Results https://www.waynecounty.com/elected/clerk/election-results.aspx

and preparation to defend against new facts or new theories. Plaintiffs have first-hand knowledge of the roles that they played in the transaction at issue. The proposed amended motion to intervene does not involve the addition of any new defendants, set forth any new claims, or raise any new legal theories. And there is no expedited briefing schedule. Thus, no prejudice or undue delay would result under these circumstances.

## V. Conclusion

WHEREFORE, for the reasons identified and in the interest of justice Proposed Intervening-Defendant Prosecutor Worthy respectfully requests that this Honorable Court grant her amended motion to intervene.

Respectfully Submitted,

/s/*Angela L. Baldwin*
Melvin Butch Hollowell (P37834)
Angela L. Baldwin (P81565)
THE MILLER LAW FIRM, P.C.
*Attorneys for Proposed Intervenor-Defendant*
1001 Woodward, Suite 850
Detroit, Michigan 48226
(313) 483-0880
mbh@millerlawp.com
alb@millerlawpc.com

Dated: September 18, 2020

**PROOF OF SERVICE**

I hereby certify that on September 18, 2020, I electronically filed the

foregoing document using the ECF system which will send notification of such

filing to all attorneys of record.

/s/ *Angela L. Baldwin*_____
Melvin Butch Hollowell (P37834)
Angela L. Baldwin (P81565)
THE MILLER LAW FIRM, P.C.
1001 Woodward Ave., Suite 850
Detroit, MI 48226
(313) 483-0880
alb@millerlawpc.com
*Attorney for Intervenor-Defendant*
*Kym Worthy*
mbh@millerlawpc.com
alb@millerlawpc.com

1