# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ROBERT DAVIS,  Case No. 2:20-cv-12127
And SHANE ANDERS,  Hon. Nancy G. Edmunds

   Plaintiffs,

vs.

WAYNE COUNTY BOARD OF CANVASSERS,

   Defendant,

and

KYM WORTHY,

   Proposed Intervenor-Defendant.

_____/

| | |
|---|---|
| Andrew A. Paterson (P18690) | Janet Anderson Davis (P29499) |
| Attorney for Plaintiffs | Attorney For Board of Canvassrs |
| 2893 E. Eisenhower Pkwy | 500 Griswold, 21st Floor |
| Ann Arbor, MI 48108 | Detroit, MI 48226 |
| 248-568-9712 | 313-347-5813 |
| aap43@outlook.com | jandersn@waynecounty.com |
| | |
| | Melvin Butch Hollowell (P37834) |
| | Angela L. Baldwin (P81565) |
| | THE MILLER LAW FIRM, P.C. |
| | Attorneys for Intervenor-Defendant |
| | 1001 Woodward, Suite 850 |
| | Detroit, MI 48226 |
| | 313-483-0880 |
| | mbh@millerlawpc.com, |
| | alb@millerlawpc.co |

_____/

## WAYNE COUNTY BOARD OF CANVASSERS
### RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION (ECF 25)

# TABLE OF CONTENTS

INDEX OF AUTHORITIES........................................................................... ii

INTRODUCTION ...........................................................................................1

STATEMENT OF FACTS ..............................................................................2

ARGUMENT ……………………………………………………………………4

Anders does not have a likelihood of success nor will he suffer irreparable harm.

I.      Anders cannot meet the four prong test for an injunction.

II.     This court does not have jurisdiction as the matter is now moot because the Board has already certified the August Primary Election and recount results.

III.    MCL §168.582 is not unconstitutionally vague.

IV.     MCL §168.871 does not violate due process.

V.      Anders is not an attorney and cannot serve as Prosecuting Attorney.

VI.     Abstention doctrines do not apply to this matter.
        A.      *Burford* requires this court abstain from exercising jurisdiction.

        B.      Because of pending matters *Colorado River* mandates abstention

        C.      *Pullman* Abstention prohibits this court from reviewing MCL §168.582

VII.    The court should exercise its discretion and decline supplemental jurisdiction over the state claims.

VIII.   Anders has not met the elements for an injunction

CONCLUSION ........................................................................................22

# INDEX OF AUTHORITIES

Cases                                                                    Page

*Ammex, Inc v Wenk*
936 F3d 355 (6th Cir 2019)……………………………………………………..4

*Anders v Benson*
2020 US Dist LEXIS 147325 …………………………………………………passim

*Attorney General v Abbott*,
121 Mich 5406; 80 NW 372 (1899) …………………………………… ..........14

*Burford v Sun Oil Co*
319 US 315; 63 S Ct 1098 (1943)  …………………………………………… passim

*City of Pontiac Retired Employees Ass'n v Schimmel*
751 F3d 427 (6th Cir 2014)…………………………………………………… 4

*Colorado River Water Conservation Dist v United States*
24 US 800; 96 S Ct 1236 (1976)……………………………………………….17

*Davis v Wayne County Election Com'n*
2020 US Dist LEXIS 120734 ……………………………………………………..20

*Devlin v Kalm*
493 Fed Appx 678 (6 Cir 2012)…………………………………………… 17

*Gen v Bd of State Canvassers*
887 NW2d 786 (Mich 2016)……………………………………………………10

*Grayned v City of Rockford*
408 US 104; 92 SCT 2294 (1972) ……………………………………………….5

*In re Commerce Oil Co*
847 F 2d 291 (6th Cir 1988). ......................................................................4

*League of Women Voters of Ohio v Brunner*
548 F3d 463, 477 (6th Cir 2008)……………………………………………………11

*Lyda v City of Detroit (In re City of Detroit)*
841 F 3d 684 (6th Cir 2016)  ......................................................................5

*Michigan Wolfdog Ass'n, Inc v St Clair County*
122 F Supp 2d 794 (ED Mich 2000)…………………………………………….. 18

*New Orleans Pub Serv, Inc v Council of City of New Orleans*
491 US 350; 109 S Ct 2506 (1989) ........................................................................16

*People ex rel Hughes v May*
3 Mich 598 (1855)…………………………………………………......12, 13, 14

*Poole v Bd of Canvassers of Wayne Cty*
88 Mich App 299; 276 NW2d 587 (1979)…………………………………… 9

*Quackenbush v Allstate Inc*
517 US 706; 116 S Ct 1712 (1996) ........................................................................16

*Railroad Com'n of Texas v Pullman Co*
312 US 496; 61 SCt 643 (1941) …………………………………………………18

*Richardson v Hare*
381 Mich 304; 60 NW2d 883 (1968) …………………………………………15

*Ryan v Montgomery*
396 Mich. 213; 240 NW2d 236, 239 (1976). ………………………………..9

*Smith v Bd of Canvassers of Saginaw Cty*
220 Mich 318; 189 NW 856 (1922). ……………………………………………8

*US v Lanier*
520 US 259; 117 SCt 1219 (1997) ………………………………………… 5

*Warf v Board of Elections of Green County, KY*
619 F 3d 553 (6th Cir 2010).  ................................................................................10

Statutes

MCL §168.191 ......................................................................................................15

MCL §168.582.................................................................................................passim

MCL §168.871.................................................................................................passim

<u>Other</u>

USCA Const Art. II § 2 ........................................................................4

28 USC §1367…………………………………………………………… 19

LR 41.2. ..........................................................................................17

Mich Const art 7§3 (1835)……………………………………………  11

Mich Const art 10§3 (1805)…………………………………………..  12

Mich Const art 10  §3 (1908)…………………………………………  13

Mich Const art 7 §4…………………………………………………  13

## INTRODUCTION

"The hardest thing of all is to find a black cat in a dark room, especially if there is no cat." Confucius  https://www.goodreads.com/quotes/tag/futility. (last accessed September 24, 2020).  Anders, a loser with 11 votes for the Republican nomination for Prosecuting Attorney, when he needs a minimum of 4,073, asks for an injunction to compel his certification as the Republican candidate for Prosecuting Attorney.  He seeks a black cat in a dark room when none is there.

This court should deny the preliminary injunction:

- The matter is moot

- There is no fraud, intentional discrimination, unlawful votes or vote dilution.

- MCL §168.582 is not unconstitutionally vague.

- MCL §168.871 does not violate due process.

- Anders is not an attorney and cannot serve as Prosecuting Attorney.

- *Burford, Colorado River* and *Pullman* bar this matter

Anders has not shown he is likely to succeed on the merits.  He will certainly suffer no harm if no injunction is issued.

## STATEMENT OF FACTS

On July 23, 2020, Shane Anders filed a Declaration of Intent to be a write-in candidate for prosecuting attorney for the Republican party.  (ECF 25-2). He secured 9 write-in votes.  (ECF 25-4).  Because he did not meet the statutory threshold, the Board of Canvassers ("Board") did not certify him as the Republican candidate.  He filed a petition to recount City of Dearborn precincts 7 and 23 and absent voter counting board precincts 7 and 23 (ECF 25-3) which the BOC approved on September 2, 2020.  (Exhibit 1 ). The recount was held on September 4, 2020.  The Board certified that Anders gained 2 votes. (Exhibit ECF 29-1 ).  As he still did not meet the statutory threshold, the Board did not certify him as the Republican candidate. (Exhibit 2).

Plaintiffs Davis, Jordan and Reed-Pratt filed a four-count complaint on August 7, 2020 alleging that the Board violated their federal constitutional rights and diluted their votes because the Board counted votes for Kym Worthy, a candidate for Prosecuting Attorney and Brenda Jones, a candidate for U.S. House of Representatives.  (ECF 1).  This was followed on August 12, 2020, by a motion for temporary restraining order or preliminary injunction as to counts I and II. (ECF 6). On August 17, 2020, this court issued an order denying the temporary restraining order and setting a briefing schedule and hearing for the motion for

preliminary injunction. (ECF 12). On September 3, 2020 the board moved the court for dismissal of the matter. (ECF 18).

Davis withdrew the motion for preliminary injunction (ECF 17) and filed an amended complaint deleting Jordan and Reed-Pratt as parties and adding Shane Anders as a plaintiff. (ECF 18). The amended complaint alleged a myriad of counts: due process violated by not providing meeting minutes, by certifying Worthy; and by applying MCL §168.871; vote dilution from certification of Worthy and application of MCL 168.871; violation of equal protection by not responding to email communications and by applying MCL §168.871(1) and (3); and that MCL §168.582 is vague.

The Board, on September 8, 2020, filed a motion to dismiss the amended complaint. (ECF 22). Anders filed for a preliminary injunction (ECF 25) and for an exigent briefing schedule. (ECF 23). The court's text only order denying the exigent briefing schedule on September 8, 2020, was followed by Anders' request for a writ of mandamus from the Sixth Circuit Court of Appeals. (Exhibit 7 ). On September 16 , 2020, that court issued an Order denying the writ of mandamus. (Exhibit 8). The Board now responds to the motion for preliminary injunction and asks that it be denied.

**ARGUMENT**

**Anders does not have a likelihood of success nor will he suffer irreparable harm.**

**I.      Anders cannot meet the four prong test for an injunction.**

Anders cannot meet the four prong test outlined in *City of Pontiac Retired Employees Ass'n v Schimmel*, 751 F3d 427 (6th Cir 2014).  He must show:

- He is likely to prevail on the merits.

- He would suffer irreparable injury without an injunction.

- There would be substantial harm to others.

- Public interest is served by issuance of an injunction.

For a preliminary injunction because of a constitutional violation, the likelihood of success on the merits is determinative.  *Ammex, Inc v Wenk*, 936 F3d 355 (6th Cir 2019).

**II.     This court does not have jurisdiction as the matter is now moot because the Board has already certified the August Primary Election results and the recount results**.

Under Article II, § 2 of the Constitution, this court only has jurisdiction to hear actual cases and controversies and it may not decide moot issues. *In re Commerce Oil Co*, 847 F2d 291 (6th Cir 1988).

This Court has defined a moot issue:

> A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. … "If events occur during the case, including during the appeal, that make it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed. (Internal quotation marks omitted).

*Lyda v City of Detroit (In re City of Detroit)*, 841 F3d 684, 691 (6th Cir 2016).

The August Primary Election occurred August 4, 2020. Plaintiffs waited 3 days, until August 7, 2020, to file this complaint. (ECF 1). They waited until August 12, 2020, to file the motion for an injunction requesting that the Board not certify the election results. (ECF 7). On August 18, 2020, the Board certified the election results; which included Kym Worthy as the Democratic candidate for Prosecuting Attorney. (ECF 16-22). On September 4, 2020, the Board certified the recount results. (Exhibit 29-1). It is now impossible to enjoin the Board from canvassing and certifying results for the August Primary Election or the recount.

## III.   MCL §168.582 is not unconstitutionally vague.

A statute is void for vagueness if its prohibitions are not clearly defined. (*Grayned v City of Rockford,* 408 US 104; 92 S Ct 2294 (1972)) so that people of ordinary intelligence will not understand it or if it encourages arbitrary or discriminatory enforcement. *US v Lanier,* 520 US 259; 117 S Ct 1219 (1997).

MCL §168.582 provides a formula to determine a write-in candidate's threshold to be certified:

A person who is voted for on a party ballot for a state, district, township, county, city, or ward office or for the office of United States senator or representative in Congress whose name is not printed on the ballot and who has not filed a nominating petition for the office voted for, shall not be considered nominated as the candidate of the party for the office, nor be certified as a nominee unless the person receives a total vote equal to not less than .15 of 1% of the total population, as reflected by the last official federal census, of the district for which nomination is sought, but not less than 10 votes for the office, or a total vote equal to 5% of the greatest number of votes cast by the party for any office at the primary in the state, congressional, or other district, township, county, city, or ward, for a candidate or for all candidates for nomination for an office for which only 1 person is to be nominated, whichever is greater. However, for an office to which more than 1 candidate is to be elected, the 5% limitation shall be based upon the greatest number of votes cast at the primary for any candidate for the same office.

Thus, one must receive the greater of:

10 votes

Not less than .15 of 1% of the total population, as reflected by the last official federal census, of the district for which nomination is sought

or

If it's for nomination for an office for which only 1 person is to be nominated, a total vote equal to 5% of the greatest number of votes cast by the party for any office at the primary in the state, congressional, or other district, township, county, city, or ward.

In this instance, the district for which nomination is sought is Wayne County. The total population of that district is 1,820,584. .15 of 1% (or .0015) of that population is 1,820,584, i.e., 1,820,584 x .0015 is 2,730.876.

Under the second prong, the office for which only 1 person is to be nominated, is Republican, U.S. Congressman John James. The greatest number of votes cast was 81,462, i.e., .05 x 81,462 is 4,073.

The greater of 10, 2,730.876, and 4,073 is 4,073.

The Board tallied for Anders 9 votes from the August election and 2 from the recount, for a total of 11 votes. Neither 9 or 11 was greater than 4,073. Therefore, Anders was not nominated. (Exhibit 1).

People of ordinary intelligence can understand MCL §168.582. It's a mathematical formula which is not susceptible to an arbitrary interpretation and is not unconstitutionally vague. The Sixth Circuit in denying Anders' request for mandamus compelling this court to reverse its decision denying emergency consideration, stated: "For one, §168.582 does not appear vague." (ECF 39, page 3).

## IV. MCL §168.871 does not violate due process.

Anders argues that at the recount the Board determined that precinct #23 could not be recounted pursuant to MCL §168.871(a) because of "human error". (ECF 25, page 13). He concludes that this prevented him from casting his vote for

himself.  *Id,* page 14.  This statement ignores the language of MCL §168.871 and

the purpose of the statute which states:

> (1) The board of canvassers conducting a recount pursuant to this chapter shall recount all ballots of a precinct using an electronic voting system unless 1 or more of the following circumstances exist:
> **(a) The seal on the transfer case or other ballot container is broken or bears a different number than that recorded on the poll book, the breaking or discrepancy is not explained to the satisfaction of the board of canvassers, and security of the ballots has not been otherwise preserved**.

The purpose of the statute is to assure that only appropriately sealed containers are

recounted.  The rule governing the recountability of ballots in unsealed containers

has been consistently upheld. In 1922, the Michigan Supreme Court stated:

> The evident purpose of the precautions prescribed in the statute **is to preserve the integrity of the ballots, so that, if necessary to resort to a recount thereof, it may be done with the assurance of having the ballots present the identical verity they bore when cast**. Something considered just as good will not satisfy the statute. **The mandate of the statute must be obeyed**. If not obeyed in every particular the ballots lose their verity in the eye of the law, and no evidence can be permitted to supply such loss. (emphasis supplied).

*Smith v Bd of Canvassers of Saginaw Cty*, 220 Mich 318, 320; 189 NW 856

(1922).

This precedent was held to be in line with the Article II provisions on

election law:

**The Legislature has passed laws that ensure that only ballots from sealed containers are to be recounted, for the purpose of preserving the elective franchise, pursuant to Article II.** Michigan have consistently held that these requirements are mandatory in a recount.

We hold, therefore, that, because the ballot box was properly sealed but the ballot bag was not so sealed and the number of names on the poll list did not equal the number of ballots in the box, the ballots are not recountable. Despite the explanation proffered for the discrepancy, we reach this conclusion in light of the statutory purpose to preserve the integrity of the ballots in the event a recount is necessary. (emphasis supplied).

*Poole v Bd of Canvassers of Wayne Cty*, 88 Mich App 299, 307; 276 NW2d 587

(1979).

This mandate is so strong that even the risk of an erroneous count cannot

circumvent it:

**The Legislature has evidently decided, however, that the need to guard against alteration of the vote between the original count and a recount outweighs the risk that the original court was erroneous and a recount will be circumvented by election workers**. '(M)andatory provisions must be given full effect, even though it results in disfranchisement of voters or prevention of recount.' (emphasis supplied).

*Ryan v Montgomery*, 396 Mich. 213, 218, 240 N.W.2d 236, 239 (1976).

The Michigan Supreme Court has reaffirmed these principles and

emphasized that statutory mandates must be followed:

This Court has long recognized that "[t]he proceedings for a recount are purely statutory, and the statutory requirements must be

observed." Simply put, "[n]oncompliance with statutory requirements concerning recounts precludes a recount."

*Gen v Bd of State Canvassers*, 887 NW2d 786, 789 (Mich 2016).

Were this court to adopt Anders' argument, this court would be departing from decades of Michigan election law and employing a non-uniform rule which would violate Due Process:

> We have held that "[t]he Due Process clause is implicated, and § 1983 relief is appropriate, in the exceptional case where a state's voting system is fundamentally unfair." "[D]ue process is implicated where the entire election process including as part thereof the state's administrative and judicial corrective process fails on its face to afford fundamental fairness." Such an exceptional case may arise, for example, if a state employs "non-uniform rules, standards and procedures," that result in significant disenfranchisement and vote dilution, or significantly departs from previous state election practice. (internal citations removed) (emphasis supplied).

*Warf v Bd of Elections of Green Cty, Ky*, 619 F3d 553, 559 (6th Cir 2010).

Furthermore, the rule mandating that only ballots within sealed containers can be counted ensures that each ballot cast is valued equally. Discarding this rule would weaken this protection and violate each voter's Equal Protection rights:

> Equal protection applies as well to the manner of its exercise. Having once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another. It must be remembered that the right of suffrage can be denied by a debasement or dilution

of the weight of a citizen's vote just as effectively as by wholly
prohibiting the free exercise of the franchise.

*League of Women Voters of Ohio v Brunner*, 548 F3d 463, 477 (6th Cir 2008).

In effect, Anders asks that this court institute a new recounting rule for his
recount -- such, would be arbitrary. The provisions of the constitutions of the state
of Michigan and the United States compel this court to follow the mandate of
Michigan Election Law and only permit the recounting of the ballots within sealed
containers.

**V. Anders is not an attorney and cannot serve as Prosecuting Attorney.**

The first state of Michigan constitution provided for the office of county
prosecuting attorney by stating:

> There shall be an Auditor General and an Attorney General for the
> state, and a prosecuting Attorney for each of the respective counties,
> who shall hold their offices for two years, and who shall be appointed
> by the Governor, by and with the advice and consent of the senate,
> and whose powers and duties shall be prescribed by law.

Mich Const art 7§3 (1835). Exhibit 3.

It did not list any eligibility requirements for county prosecuting attorney.

Similarly, the amended constitution of 1850 also did not list eligibility
requirements:

> In each organized county there shall be a sheriff, a county clerk, a
> county treasurer, a register of deeds and a prosecuting attorney,
> chosen by the electors thereof, once in two years, and as often as
> vacancies shall happen, whose duties and powers shall be prescribed
> by law. The board of supervisors in any county may unite the offices
> of county clerk and register of deeds in one office, or disconnect the
> same.

Mich Const art 10 §3 (1850). Exhibit 4.

At the general election in November 1852, C.S. May, a non-attorney, ran for

prosecuting attorney and won.  He was certified by the board of canvassers and

was seated for the position.  He was successfully challenged and unseated from the

office of county prosecuting attorney, in *People ex rel Hughes v May*, 3 Mich 598

(1855).  The Michigan Supreme Court pointed out that the natural import of words

rules to control its construction.   The word "attorney" denotes one who may

conduct civil or criminal business in the courts of law.  Justice Martin emphasized

the requirement that the prosecuting attorney be a member of the bar although the

constitution failed to so state:

> [I]t was never supposed, nor would it for a moment have been
> contended, that any person who was not an attorney at law was
> eligible to the office of prosecuting attorney….
> No instance occurred, to my knowledge, in which, under that
> constitution, any persona was ever appointed to either of these
> offices who was not an attorney at law,…

*People ex rel Hughes v May, Id at* 606.

The statutory duties and powers of the county prosecuting attorney

supported the construction that he must be a member of the state bar, and those

12

duties could only be carried out by a licensed attorney.  It was the court's duty to support the framers' intent as they "are presumed to have a knowledge of existing laws, and of their construction and the mode of their administration, and to act in reference to that knowledge as much as legislators are, .…"  *People ex rel Hughes v May Id* at 610.

The Michigan Constitution was again amended in 1908 and addressed the office of county prosecuting attorney:

> There shall be elected biennially in each organized county a sheriff, a county clerk, a county treasurer, a register of deeds and a prosecuting attorney, whose duties and powers shall be prescribed by law. The board of supervisors in any county may unite the offices of county clerk and register of deeds in one office or separate the same at pleasure.

Mich Const art 10 §3 (1908). Exhibit 5.

The current constitution also addresses the office of county prosecuting attorney:

> There shall be elected for four-year terms in each organized county a sheriff, a county clerk, a county treasurer, a register of deeds and a prosecuting attorney, whose duties and powers shall be provided by law. The board of supervisors in any county may combine the offices of county clerk and register of deeds in one office or separate the same at pleasure.

Mich Const art 7 §4.

The tenet that one must be an attorney in order to be county prosecuting attorney remains true.  In *Attorney General v Abbott*, 121 Mich 5406; 80 NW 372 (1899), Justice Hooker in his concurring opinion reiterated that previous legal principles are unchanged by the adoption of a new constitution:

> **It is argued that, inasmuch as the Constitution is silent upon the subject of the qualifications requisite to this office, we must recognize the right of any one to hold it**. Aside from the fact that we find few authorities supporting this claim, **we think that it is fallacious.** The Constitution does not say that aliens may not hold many of the highest public offices. Neither does it say that infants may not, nor that persons *non compos mentis* may not. Nor does it say that a man shall be compelled to support his wife, nor that she may pledge his credit for necessaries, nor that she cannot make a valid contract, nor that the presumption of coercion by her husband shall not attach when she is charged with crime. **Nor did the earlier Constitution declare that only attorneys-at-law could be prosecuting attorneys, yet the court so held in the case of *People* v. *May*, 3 Mich. 610; and all of the other legal principles mentioned were unchanged by the adoption of the Constitution. It must be evident that, when a new Constitution is adopted, the legislative blackboard is not washed clean. On the contrary, existing laws and rights under them remain, except as clearly inconsistent with the terms of the Constitution.**  (Emphasis added).

*Attorney General v Abbott*, *Id* at 546.

The interpretation of *People ex rel Hughes v May,* still holds true.  Michigan Election law provides for eligibility for prosecuting attorney:

> A county clerk, a county treasurer, a register of deeds, a prosecuting attorney, a sheriff, a drain commissioner, and a surveyor shall be elected at the 2000 general November election and every fourth year after that. However, in a county in which 1 of these offices is abolished or combined as

provided by law, no person shall be elected to that office in
that county.

MCL §168.191.

That statute does not mention that the prosecuting attorney must be a member of
the state bar. However, that statute does not change the constitutional
interpretation. *Richardson v Hare*, 381 Mich 304; 60 NW2d 883 (1968) held that

> Where a constitutional provision has received a settled judicial
> construction, and is afterward incorporated into a new or revised
> constitution, or amendment, it will be presumed to have been retained
> with a knowledge of the previous construction, and courts will feel
> bound to adhere to it.

*Richardson v Hare, Id* at 311.

Thus, in order to be a candidate for county prosecuting attorney, the
contender must be a member of the state bar of Michigan. As Anders is not a
member of the State Bar of Michigan, he can not be sworn into that office. No
injunction should issue requiring the Board to certify him as the Republican
candidate.

## VI. Abstention doctrines apply to this matter.

On September 9, 2020, Anders filed a complaint against the Board in state
circuit court requesting a writ of mandamus compelling the Board to count, tally
and certify votes cast in AV Precinct #23 in the City of Dearborn pursuant to MCL
§168.871 and MCL §168.582. Exhibit 6. The state court case involves the same

parties and same issues as the case before this court.   It concerns the Board's

authority to count votes and certify election results from the canvass and recount.

### A.   *Burford* requires this court abstain from exercising jurisdiction.

*Burford* abstention prevents this court from handling this matter. Federal

courts have a strict duty to exercise the jurisdiction that is conferred upon them by

Congress.  *Quackenbush v Allstate Inc*, 517 US 706, 715; 116 S Ct 1712 (1996).

One exception is the *Burford* doctrine which permits a federal court sitting in

equity to dismiss a case:

> Where timely and adequate state-court review is available, a federal
> court sitting in equity must decline to interfere with the proceedings
> or orders of state administrative agencies: (1) when there are "difficult
> questions of state law bearing on policy problems of substantial public
> import whose importance transcends the result in the case then at bar";
> or (2) where the "exercise of federal review of the question in a case
> and in similar cases would be disruptive of state efforts to establish a
> coherent policy with respect to a matter of substantial public concern.

*New Orleans Pub Serv, Inc v Council of City of New Orleans*, 491 US 350, 361;

109 S Ct 2506 (1989) citing *Burford v Sun Oil* Co, 319 US 315; 63 S Ct 1098

(1943).

Anders alleges his vote will not be counted if the Board applies MCL

§168.871, a statute designed to assure that only secure ballots are counted.

Whether dressed as a constitutional violation in the instant court, or as a statutory

violation in state court, the same Michigan law applies. The public has a

substantial interest in how the issues are determined by the courts. Federal review may disrupt state efforts to establish a coherent policy. Abstention by this Court over the issues would leave the resolution to the state courts.

### B. Because of pending matters *Colorado River* mandates abstention.

Plaintiffs argue that the BOC violated his constitutional rights by not counting insecure ballots and not certifying him as the Republican nominee for Prosecuting Attorney.  He is asking this Court to oversee the state court action. This Court may determine that the alleged facts do not confer that subject matter jurisdiction.  FRCP 12(h)(3); LR 41.2.

*Colorado River Water Conservation Dist v United States*, 424 US 800; 96 S Ct 1236 (1976) holds that federal courts may abstain from hearing a case solely because similar pending state court litigation exists.  The Court examines 5 factors:

> (1) whether the state court or the federal court has assumed jurisdiction over the res or property; (2) which forum is more convenient to the parties; (3) whether abstention would avoid piecemeal litigation; (4) which court obtained jurisdiction first; and (5) whether federal law or state law provides the basis for the decision on the merits.

*Devlin v Kalm*, 493 Fed Appx 678 (6th Cir 2012).

In this instance there is no property.  Either forum is convenient.  Abstention would certainly avoid piecemeal litigation.   The state court has obtained jurisdiction.  Michigan Election Law provides the basis for the decision on the merits.   Without application of abstention, there is a risk that this court and the

state courts could reach different results without establishing a coherent policy. In the interest of comity and federalism, this court should determine the factual allegations are insufficient to confer subject matter jurisdiction and dismiss this matter.

### C.   *Pullman* Abstention prohibits this court from reviewing MCL §168.582

A federal court should abstain from deciding the unconstitutionality of an unclear state law until a state court has considered and clarified the law thereby making the federal court's constitutional ruling unnecessary. *Railroad Com'n of Texas v Pullman Co*, 312 US 496; 61 S Ct 643 (1941).

As previously stated, MCL §168.582 provides that write-in candidates must secure a threshold number of votes before being considered a candidate.  Anders argues that this statute is unconstitutionally vague because counsel, the Elections Director, and the Board have different interpretations of the statute. (ECF 21 ¶140). The Board avers that the statute is not unconstitutionally vague (*see* section II above).  Assuming that the statute were vague, the state court should first interpret it and this court should abstain.  *Michigan Wolfdog Ass'n, Inc v St. Clair County*, 122 F Supp 2d 794 (ED Mich 2000).

### VII.   The court should exercise its discretion and decline supplemental jurisdiction over the state claim.

A federal court has supplemental jurisdiction over claims related to the case

before the court:

> In any civil action of which the district courts have original
> jurisdiction, the district courts shall have supplemental jurisdiction
> over all other claims that are so related to claims in the action within
> such original jurisdiction that they form part of the same case or
> controversy under Article III of the United States Constitution.

28 USC § 1367(a).

Federal judges have discretion whether to decline supplemental

jurisdiction:

> Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's
> right…. Indeed, district courts have "broad discretion in deciding
> whether to exercise supplemental jurisdiction over state law claims.
> District courts may decline to exercise supplemental jurisdiction over
> a claim where:
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over
> which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has
> original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons
> for declining jurisdiction.
>
> 28 U.S.C. § 1367(c)(1)-(4). This statute reflects the understanding
> that, when deciding whether to exercise supplemental jurisdiction, a
> federal court should consider and weigh in each case, and at every
> stage of the litigation, the values of judicial economy, convenience,
> fairness, and comity. (internal citations and quotation marks omitted).

*Anders v Benson,* 2020 US Dist LEXIS 147325.

This court should adhere to the principle of judicial economy. Counts I and II allege vote dilution and due process violations caused by certification of Worthy as the Democratic candidate; Count III alleges discrimination because the Board failed to answer a question; Counts IV, V, VI and VII allege the unconstitutionality of certification and recount statutes and Count VIII, a state issue, relates to the Michigan Open Meetings Act. Count IX argues that the recount statute requires a recount of precincts deemed not recountable. Counts VIII and IX  expand the scope of the case beyond what is necessary and relevant to the federal claims.

See also *Davis v Wayne County Election Com'n*, 2020 US Dist LEXIS 120734 ("District courts should deal with cases involving supplemental jurisdiction in a manner that serves the principles of economy, convenience, fairness, and comity."). This Court should not exercise supplemental jurisdiction over the state claim.

**VIII.  Anders has not met the elements for an injunction**.

Anders has not shown that he is likely to succeed on the merits. He is not an attorney; can not perform the duties of that office; and is not eligible to be certified as a candidate for that office. He would not suffer an injury if an injunction is not issued. The voters, the candidates and the Board would be substantially harmed

should an injunction issue to overturn the certified results. Public interest is not served by issuance of an injunction.

The Sixth Circuit noted the deficiencies in Anders' complaint:

Anders fails to cite anything supporting his right to expedited resolution; instead he focuses on the merits of his case. And with regard to the merits, we doubt the validity of his claims. He asserts that Michigan law requiring a minimum number of votes for nomination in a primary is unconstitutionally vague because it does not specify the minimum thresholds for write-on candidates. *See Mich. Comp. Laws § 168.582.* He also claims that election officials denied him his rightful position on the general-election ballot by not completing a recount as they should have. But Anders cannot establish an indisputable right to the TRO or injunction on either of these claims. (Emphasis added)

Exhibit 8, page 2.

## CONCLUSION

Wayne County Board of Canvassers requests that this Honorable Court deny the motion for preliminary injunction.

Respectfully submitted,

BY: <u>/S/*Janet Anderson Davis* </u>
Janet Anderson Davis (P29499)
Lead Attorney
Attorneys for Board of Canvassers
500 Griswold, 21st Floor South
Detroit, Michigan 48226
313- 347-5813

Dated: September 24, 2020          <u>jandersn@waynecounty.com</u>

## <u>CERTIFICATE OF SERVICE</u>

I certify that on SEPTEMBER 24, 2020, I filed a copy of *WAYNE COUNTY BOARD OF CANVASSERS RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION (ECF 25)* with the clerk of the court using the electronic filing system, which will send electronic notification of this filing to all parties.

/s/*Janet Anderson Davis*
Janet Anderson Davis (P29499)

22