## TABLE OF EXHIBITS

Minutes of Board Meeting on September 2, 2020 .................................................... 1

Minutes of Board Meeting on September 4, 2020 .................................................... 2

Mich Const art 7 §3 (1835) ........................................................................................ 3

Mich Const art 10 §3 (1850) ...................................................................................... 4

Mich Const art 10 §3 (1908) ...................................................................................... 5

*Anders v Wayne County Board of Canvassers* 20-011702-AW ............................... 6

*In re Anders* Petition .................................................................................................. 7

*In re Anders* Order .................................................................................................... 8

# EXHIBIT 1

# MINUTES OF MEETING
# WAYNE COUNTY BOARD OF CANVASSERS
# WEDNESDAY, SEPTEMBER 2, 2020 – 1:00 P.M.
# COLEMAN A. YOUNG MUNICIPAL CENTER,
# 2 WOODWARD AVE., STE. 502
# DETROIT, MICHIGAN 48226

_____

| | |
|---|---|
| **Call to Order:** | Chair Monica Palmer, Wayne County Board of Canvassers called the meeting to order at 1:05 P.M. |
| **Members present:** | Monica Palmer, Chair<br>Jonathan C. Kinloch, Vice-Chair<br>William C. Hartmann, Member<br>Allen Wilson, Member |
| **Members absent:** | None. |
| **Also present:** | Gregory Mahar, Director, Wayne County Elections<br>Jennifer Redmond, Deputy Director, Wayne County Elections<br>Janet Anderson-Davis, Lead Attorney, Corporation Counsel<br>Robert Davis<br>Drew Paterson<br>Hilary Golston |
| **Agenda item:** | **Consideration of Agenda approval.**<br><br>**Board action on agenda item:** Chair Palmer requested a motion to adopt the agenda as presented. Member Hartmann, duly supported by Member Wilson moved to adopt the agenda with the addition of "Follow-up regarding the agreement between the Secretary of State and the City of Detroit".<br>**Aye:** Palmer, Kinloch, Hartmann, Wilson     **Nay:** None<br>The motion was adopted unanimously by a roll call vote. |
| **Agenda item:** | **Approval of Minutes of August 13, 2020**<br><br>**Board action on agenda item:** Chair Palmer requested a motion to approve the minutes of the meeting conducted August 13, 2020. Vice-Chair Kinloch, duly supported by, Member Hartmann moved to approve the minutes of the meeting conducted August 13, 2020 with any necessary corrections.<br>**Aye:** Palmer, Kinloch, Hartmann, Wilson     **Nay:** None<br>The motion was adopted unanimously by a roll call vote. |

1

**Agenda item:** Approval of Minutes of August 18, 2020

**Board action on agenda item:** Chair Palmer requested a motion to approve the minutes of the meeting conducted August 18, 2020. Vice-Chair Kinloch, duly supported by, Member Hartmann moved to approve the minutes of the meeting conducted August 18, 2020 with any necessary corrections.
**Aye:** Palmer, Kinloch, Hartmann, Wilson     **Nay:** None
The motion was adopted unanimously by a roll call vote.

**Agenda item:** Petition for Recount – Supervisor, Township of Sumpter

Chair Palmer asked if there was a staff report. Deputy Director Jennifer Redmond indicated that there was a petition for recount filed by Candidate Nelson Po on August 21, 2020.

Corporation Counsel Janet Anderson-Davis stated that an email was sent to the Board Members advising that the petition for recount meets the statutory requirements. Counsel Anderson-Davis indicated the petition was timely filed, notarized, listed the precincts requested, and stated the jurisdiction of Sumpter Township for the Supervisor's race, and the petitioner paid the necessary deposit of $2,250.

Director Gregory Mahar indicated that the petitioner requested 3 Election Day precincts and 6 AVCB precincts for a total of 1,827 ballots cast and the vote difference between Mr. Po and the winning candidate was 346 votes.

**Board action on agenda item:** Chair Palmer requested a motion regarding the Petition for Recount. Vice-Chair Kinloch, duly supported by Member Wilson, moved to authorize the recount in the Township of Sumpter and that the petition meets the statutory requirements.

Vice-Chair Kinloch asked Corporation Counsel Anderson-Davis if there was an amendment to the statute that the petitioner has to meet the threshold that there could be a change in the outcome.

Counsel Anderson-Davis indicated that the recount petition must under MCL 168.862 "allege a good faith belief but for fraud or mistake the candidate would have had a reasonable chance of winning the election." She further indicated that the candidate did allege that in his petition.

2

**Aye:** Palmer, Kinloch, Hartmann, Wilson     **Nay:** None
The motion was adopted unanimously by a roll call vote.

**Agenda item:**     **Petition for Recount – Prosecuting Attorney, Wayne County**

Chair Palmer asked Corporation Counsel if there was an update regarding the petition filed by candidate Shane Anders.

Counsel Anderson-Davis indicated that an email was sent to the Board and she indicated that the petition meets the statutory requirements. She indicated that the petition alleges that but for fraud or error the petitioner would have been declared a winner. She further indicated that the petition is notarized, it states the precincts and absentee counting board precincts requested, states the race the petitioner is requesting, and the petitioner paid a deposit of $100.00.

Director Mahar stated the petitioner requested two Election Day precincts and two absentee precincts for a total of 1,387 ballots cast and he further indicated the difference between Mr. Anders and the nomination appears to be 4,064 votes.

Vice-Chair Kinloch asked Corporation Counsel if the petitioner has requested a number of precincts and even if the recount is successful, are there enough votes to change the outcome.

Counsel Anderson-Davis indicated that under the threshold formula one of the elements of the statute is that the candidate needs a minimum of 10 votes. The candidate has 9 votes and there is a possibility that he will gain 1 vote.

Chair Palmer asked if the petitioner needed to meet one of the requirements for nomination or all three requirements.

Counsel Anderson-Davis stated as she understood, the petitioner needed to meet one of the requirements and she deferred to the Director of Election.

Director Mahar referred the Board to the Manual for Board of County Canvassers issued by the Michigan Bureau of Elections, Chapter 4, updated June 2018, page 11 which states:

"If the office involved appears on a partisan primary ballot, a write-in candidate is nominated to the office if he or she 1) receives more votes than any other candidate seeking nomination to the position and 2) meets a vote threshold provided under Michigan election

3

law. (MCL 168.582) Under the vote threshold formula, the number of votes received by the write-in candidate must equal the greater of the following:
1) 10 votes.

2) .15 of 1% (.0015) of the total population, as reflected by the last official federal census, of the district represented by the office sought by the write-in candidate.

3) Apply following only if write-in candidate seeks nomination to an office for which only one candidate is to be elected: 5% (.05) of the greatest number of votes cast under the write-in candidate's party for all candidates running for any office for which only one candidate is to be elected within the district represented by the office sought by the write-in candidate."

Director Mahar also read section MCL 168.582 into the record, which states:

"A person who is voted for on a party ballot for a state, district, township, county, city, or ward office or for the office of United States senator or representative in Congress whose name is not printed on the ballot and who has not filed a nominating petition for the office voted for, shall not be considered nominated as the candidate of the party for the office, nor be certified as a nominee unless the person receives a total vote equal to not less than .15 of 1% of the total population, as reflected by the last official federal census, of the district for which nomination is sought, but not less than 10 votes for the office, or a total vote equal to 5% of the greatest number of votes cast by the party for any office at the primary in the state, congressional, or other district, township, county, city, or ward, for a candidate or for all candidates for nomination for an office for which only 1 person is to be nominated, whichever is greater."

**Board Action on Agenda Item:** Vice-Chair Kinloch, duly supported by Member Wilson, moved to deny the petitioner's request for recount because the petitioner does not meet the greatest of the vote threshold requirement under Michigan Election law.

Corporation Counsel Anderson-Davis reiterated that MCL 168.862 does not indicate that the vote totals must change from the recount but the candidate must be able to allege a good faith belief that but for fraud or mistake the candidate would have a reasonable chance of winning the election.

4

Member Wilson stated it sounds like the candidate is about 4,000 votes behind. Vice-Chair Kinloch agreed.

Mr. Robert Davis interjected to offer comments and was told that he was out of order. Chair Palmer requested the Board proceed to a vote.

**Aye:** Kinloch, Wilson          **Nay:** Palmer, Hartmann
The motion failed.

**Board Action on Agenda Item:** Chair Palmer requested a subsequent motion. Vice-Chair Kinloch, duly supported by Member Hartmann, moved to approve the petitioner's request for recount for the office of Prosecuting Attorney, Republican Party due to the petitioner meeting the requirements for a recount.

**Aye:** Palmer, Kinloch, Hartmann, Wilson     **Nay:** None
The motion was adopted unanimously by a roll call vote.

**Agenda item:**     **New Business.**

**Board action of agenda item:** Chair Palmer asked if Member Hartmann wanted to address the amendment regarding the City of Detroit. Member Hartmann indicated that at a previous meeting the Board issued a resolution requesting the Secretary of State's office to oversee the City of Detroit's training and November Election. He indicated the Secretary of State issued a press release announcing a joint partnership with the Secretary of State's office and the City of Detroit.

Deputy Director Redmond indicated the recount for Sumpter Township will take place on Friday, September 4, 2020 at 8:30 a.m. and notices will be sent to the petitioner and the other candidates involved. She stated the recount for the office of Prosecuting Attorney has to be scheduled and notices will be sent.

Corporation Counsel Anderson-Davis asked if the Board had received any direction from the State of Michigan on how to conduct a recount. Chair Palmer indicated she had not received any direction from the State. Chair Palmer asked if the recount meeting would be in person.

Director Mahar indicated that the department had not received any direction from the State. Corporation Counsel Anderson-Davis asked how the Board will conduct the recount with social distancing requirements with the candidate, challengers and attorneys having

5

|  |  |
|---|---|
|  | the right to view the recount being six feet away from the table. How is the board going to enforce sanitizing, the use of mask, and the wearing of gloves? Director Mahar indicated the Township of Sumpter is providing sneeze guards for the table, the department will be providing masks, sanitizer and gloves. |
| **Agenda item:** | **Public Comment:** Andrew Paterson asked if there was a location and time for the recount for Prosecuting Attorney. Director Mahar indicated the recount would be scheduled as soon as possible.<br><br>Robert Davis thanked Counsel Anderson-Davis for providing clarity to the Board to allow the recount to proceed. He indicated Mr. Mahar was incorrect in his interpretation and that the only vote total they are allowed to use are the votes cast for Mr. Anders.<br><br>Hilary Golston asked if the Board was able to comment regarding the joint press release issued by the Secretary of State and the City of Detroit. Is the Board satisfied with the statements in the press release? Chair Palmer indicated she could not comment as she had not had the opportunity to read the release. |
| **Agenda item:** | **Adjournment.**<br><br>**Board action on agenda item:** Chair Palmer requested a motion to adjourn. Vice-Chair Kinloch, duly supported by Member Hartmann, moved to adjourn the meeting.<br><br>Meeting adjourned at 1:40 p.m. |

_____        _____


_____        _____

6