# EXHIBIT
# 6

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE
### 3RD JUDICIAL CIRCUIT

**SHANE ANDERS,** and
**ROBERT DAVIS,**

     Plaintiffs,

v.

**WAYNE COUNTY BOARD OF CANVASSERS, and**
**WAYNE COUNTY ELECTION COMMISSION,**

    Defendants.

Case No. 20-    -AW
**Hon. Chief Judge Tim Kenny**

_____/

ANDREW A. PATERSON (P18690)
Attorney for Plaintiff Anders Only
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com


ROBERT DAVIS, *Pro Se*
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

JAMES HEATH (P65419)
Wayne County Corporation Counsel
JANET ANDERSON-DAVIS (P29499)
Assistant Corporation Counsel
Attorneys for Defendant
500 Griswold, 21st Floor
Detroit, MI 48226
(313) 347-5813
jandersn@waynecounty.com

_____/

**This election-related matter shall and must be assigned to Chief Judge Tim Kenny Pursuant to Local Administrative Order 2017-08. There are no other matters pending in this Court that involve these same parties that arise out of the same transactions or occurrences pleaded herein.**


## COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT

20-011702-AW FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   9/9/2020 2:39 PM   Laverne Chapman

**NOW COME** Plaintiff, SHANE ANDERS, by and through his attorney, ANDREW A. PATERSON, and Plaintiff, ROBERT DAVIS, in his own proper person, and for their Complaint for Mandamus and Declaratory Judgment ("Complaint"), state as follows:

## Parties, Jurisdiction, and Venue

1.     Plaintiff, Shane Anders ("**Plaintiff Anders**"), is a resident and registered voter of the City of Dearborn, County of Wayne, State of Michigan.  Plaintiff Anders voted in the August 4, 2020 Republican primary election and was the sole declared write-in candidate in the August 4, 2020 Republican primary election for the office of Wayne County Prosecutor.

2.     Plaintiff, Robert Davis ("**Plaintiff Davis**"), is a resident and registered voter of the City of Highland Park, County of Wayne, State of Michigan.  Plaintiff Davis served as an official challenger for Plaintiff Anders during the recount conducted by the Defendant Wayne County Board of Canvassers on September 4, 2020 at Plaintiff Anders' request.

3.     Defendant, Wayne County Board of Canvassers ("**Defendant Board of Canvassers**"), pursuant to Mich. Comp. Laws §§168.24a, 168.24c and 168.822, and 168.826, is the four-member board

selected by a majority of the Wayne County Board of Commissioners that is charged with the statutory duties of canvassing, certifying, determining and declaring the results of elections held in Wayne County. In accordance with MCL 168.821 and 168.822, the Defendant Board of Canvassers "shall meet at the office of the county clerk no later than 9 a.m. on the Thursday after any election held in the county" and "shall then proceed without delay to canvass the returns of votes cast for all candidates for offices voted for and all questions voted on at the election, according to the precinct returns filed with the probate judge or presiding probate judge by the several city and township clerks[.]"

4.     Defendant, Wayne County Election Commission ("**Defendant County Election Commission**"), pursuant to Mich. Comp. Laws §§ 168.23 and 168.559, is the three-member board, comprised of the Chief Judge of the Wayne County Probate Court, the Wayne County Clerk and the Wayne County Treasurer, and is charged with the statutory duty to prepare and furnish the official ballots for any primary and general election held in Wayne County. In accordance with Mich. Comp. Laws § 168.23, the Chief Judge of the Wayne County Probate Court serves as the Chairman and the Wayne County Clerk

serves as the Secretary of the Defendant County Election Commission.

5.     The Wayne County Circuit Court has jurisdiction over claims for mandamus and other relief under the Michigan Election Law. See MCL 168.590f(1), MCL 168.552(6), and MCR 3.305(A)(2).

6.     The Wayne County Circuit Court has jurisdiction over claims for declaratory relief pursuant to MCR 2.605.

7.     Venue is proper because the Defendants Board of Canvassers and Election Commission are governmental units exercising its authority in Wayne County, Michigan. *See* MCL 600.1615 and MCR 3.305(B)(1).

## Common Allegations and Facts

8.     Plaintiffs incorporate, repeat, and reallege the foregoing allegations as though they were fully set forth and stated herein.

## Candidates Filing To Run For The Office of Wayne County Prosecutor

9.     On November 4, 2019, Victoria Burton-Harris filed an affidavit of identity, along with a $100 filing fee, with the Wayne County Clerk to qualify as a candidate for the Democratic Party for the office of prosecuting attorney for the County of Wayne.

10.     On March 18, 2020, Kym Worthy filed an affidavit of identity, along with a $100 filing fee, with the Wayne County Clerk to

qualify as a candidate for the Democratic Party for the office of prosecuting attorney for the County of Wayne.

11.    The filing deadline for a candidate to file an affidavit of identity and $100 filing fee to qualify to have their name printed on the August 4, 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor was by 4 p.m. on April 21, 2020.

12.    Kym Worthy and Victoria Burton-Harris were only two (2) candidates who timely filed affidavits of identity and the $100 filing fee to have their names printed on the August 4, 2020 primary election ballot as candidates for the Democratic Party's nomination for the office of Wayne County Prosecutor.

13.    According to the Wayne County Clerk, no person timely filed an affidavit of identity and $100 filing fee by the filing deadline date to have their name printed on the August 4, 2020 primary election as a candidate for the Republican Party's nomination for the office of Wayne County Prosecutor.

14.    However, on July 23, 2020, pursuant to Mich. Comp. Laws §168.737a(1), Plaintiff Anders timely filed with the Wayne County Clerk a declaration of intent to run as a write-in candidate as a

Republican in the August 4, 2020 primary election for the office of

Wayne County Prosecutor.

15.     Pursuant to Mich. Comp. Laws §168.737a(1), the statutory

deadline for a person to file a declaration of intent to be a write-in

candidate for any office appearing on the August 4, 2020 primary

election ballot was by 4 p.m. on July 24, 2020.

16.     As of Friday, July 31, 2020, Plaintiff Anders was the only

candidate who timely filed with the Wayne County Clerk a declaration

of intent to run as a write-in candidate as a Republican in the August 4,

2020 primary election for the office of Wayne County Prosecutor.

17.     Pursuant to Mich. Comp. Laws §168.191, Plaintiff Anders'

satisfied the statutory requirements to be eligible to run for the office of

Wayne County Prosecutor.

### Victoria Burton-Harris' State-Court Case

18.     On or about June 2, 2020, Victoria Burton-Harris, who was a

democratic candidate for the office of Wayne County Prosecutor, filed a

legal challenge with the Wayne County Clerk and Wayne County

Election Commission, challenging the certification of Kym Worthy's

name to appear on the August 4, 2020 primary election ballot as a

candidate for the office of Wayne County Prosecutor for the Democratic Party.

19.    On June 5, 2020, the Wayne County Election Commission convened to formally approve and certify the names of the candidates whose names would appear on the August 2020 primary election ballot.

20.    However, prior to the June 5, 2020 meeting of the Wayne County Election Commission, the Wayne County Clerk issued a written determination rejecting Victoria Burton-Harris' legal challenge and further advising that the  Wayne County Clerk would be certifying Kym Worthy's name to appear on the August 4, 2020 primary election ballot as a  candidate for the office of Wayne County Prosecutor for the Democratic Party.

21.    During the Wayne County Election Commission's June 5th meeting, they also discussed Victoria Burton-Harris' legal challenge. After hearing arguments from counsel representing Victoria Burton-Harris and Kym Worthy, the Wayne County Election Commission voted to approve the Wayne County Clerk's certification of Kym Worthy's name to appear on the August 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor for the Democratic

Party.

22.     That same day, on June 5, 2020, Victoria Burton-Harris filed a state-court complaint and emergency motion for declaratory judgment, writ of mandamus and temporary restraining order in the Wayne County Circuit Court.

23.     Pursuant to the Third Judicial Circuit Court's Local Administrative Order 2017-08, Wayne County Circuit Court Chief Judge Tim Kenny ("Chief Judge Kenny") was automatically assigned Victoria Burton-Harris' election case.

24.     Victoria Burton-Harris also filed an *ex parte* motion for temporary restraining order and order to show cause.  However, Chief Judge Kenny did not grant Victoria Burton-Harris' *ex parte* motion for temporary restraining order, but instead, entered an order to show cause requiring the Wayne County Clerk and Wayne County Election Commission to show cause why a writ of mandamus and/or preliminary injunction should not issue.

25.     Chief Judge Kenny set a hearing for Victoria Burton-Harris' order to show cause to be heard on June 15, 2020 at Noon.

26.     On June 9, 2020, Victoria Burton-Harris filed with the

Michigan Court of Appeals an emergency Application for Leave to Appeal Chief Judge Kenny's June 8, 2020 order denying Victoria Burton Harris' *ex parte* motion for temporary restraining order. See Michigan Court of Appeals Docket No. 353770.

27.     That same day, the Michigan Court of Appeals promptly entered an order denying Victoria Burton-Harris' emergency Application for Leave to Appeal. *See Burton-Harris v Wayne County Clerk*, unpublished order of the Court of Appeals, entered June 9, 2020 (Docket No. 353770).[1]

28.     On June 11, 2020, while the Victoria Burton-Harris election case was pending in the state court, community activist Plaintiff Davis timely filed an Emergency Motion to Intervene as a plaintiff in the case

---

[1] Notably, Chief Judge Kenny's June 8, 2020 order to show cause did not explicitly state that the state-court denied Victoria Burton Harr's *ex parte* motion for temporary restraining order. Thus, one could conclude that the Michigan Court of Appeals lacked jurisdiction over Victoria Burton-Harris' emergency application for leave to appeal. It is well-settled that the Michigan Court of Appeals has jurisdiction to hear appeals from orders, whether they be final orders for purposes of an appeal of right, or interlocutory for purposes of an application for leave to appeal. See, generally, MCR 7.203(A) & (B); *Chen v Wayne State University*, 284 Mich App 172, 192-193; 771 NW2d 820 (2009). Appealable orders, of course, are the written variety, not simply oral rulings made by the court from the bench. *City of Sterling Heights v Chrysler Group LLC*, 309 Mich App 676, 682; 873 NW2d 342 (2015). However, Chief Judge Kenny never signed and entered a written order denying Victoria Burton-Harris' *ex parte* motion for temporary restraining order.

pursuant to MCR 2.209(A)(3) and MCR 2.209(B)(2).

29.     Chief Judge Kenny set a hearing for Plaintiff Davis'
emergency motion to intervene to be held on Monday, June 15, 2020 at
Noon, on the same day as Victoria Burton-Harris' show cause hearing.

30.     On June 15, 2020, Chief Judge Kenny heard arguments in
Victoria Burton-Harris' matter and after hearing arguments, Chief
Judge Kenny denied Plaintiff Davis' Emergency Motion to Intervene on
the basis of laches and also denied Victoria Burton-Harris' motions for
writ of mandamus and declaratory judgment.

31.     That same day, Chief Judge Kenny entered a final order
denying the requested relief and dismissing with prejudice Victoria
Burton-Harris' case.

32.     Victoria Burton-Harris chose not to appeal Chief Judge
Kenny's erroneous decision.

33.     However, on June 29, 2020, Plaintiff Davis timely filed a
claim of appeal with the Michigan Court of Appeals appealing Chief
Judge Kenny's June 15, 2020 Order denying Plaintiff Davis' motion to
intervene. *See* Michigan Court of Appeals Docket No. 353999.

34.     The next day, on June 30, 2020, Plaintiff Davis filed a

motion to expedite the appeal along with a motion for immediate consideration. On July 1, 2020, the Michigan Court of Appeals issued an order granting Plaintiff Davis' motion for immediate consideration, but **denying** Plaintiff Davis' motion to expedite the appeal. *See Vitoria Burton-Harris v Wayne County Clerk*, unpublished order of the Court of Appeals, entered July 1, 2020 (Docket No. 353999).

35.    Undeterred, on July 6, 2020, Plaintiff Davis filed with the Michigan Supreme Court an emergency bypass application and application for leave to appeal the July 1, 2020 order of the Michigan Court of Appeals.

36.    On July 15, 2020, the Justices of the Michigan Supreme Court entered an order granting immediate consideration, but denying Plaintiff Davis' emergency bypass application and application for leave to appeal because the Michigan Supreme Court was "not persuaded that the remaining questions presented should be reviewed by this Court before consideration by the Court of Appeals."

37.    Thus, Plaintiff Davis' appeal of Chief Judge Kenny's decision denying Plaintiff Davis' motion to intervene in the Burton-Harris' election case remains pending in the Michigan Court of Appeals.

*See* Michigan Court of Appeals Docket No. 353999.

## Plaintiff Anders' Historic Write-In Candidacy And Request for Recount

38.    On August 4, 2020, Plaintiff Anders voted in the Republican primary election and voted for himself, by writing his name in for the office of Wayne County Prosecutor.

39.    Plaintiff Anders, his wife and son voted by absentee ballot in the August 4, 2020 primary election.

40.    Plaintiff Anders' wife and son voted for Plaintiff Anders in the August 4, 2020 Republican primary election for the office of Wayne County Prosecutor by properly writing in his name and filing in the adjacent oval.

41.    However, when the Defendant Board of Canvassers published the tally of votes cast for Plaintiff Anders in the August 4, 2020 primary election, the Defendant Board of Canvassers tallied and certified Plaintiff Anders as having received only 1 vote in the City of Dearborn.

42.    Realizing this was an obvious error, mistake, or fraud, on August 21, 2020, Plaintiff Anders timely filed a sworn petition along with a $100 deposit with the Wayne County Clerk requesting a recount

of certain election day and absentee voting precincts, including Plaintiff Anders' very own voting precinct.

43.    On Wednesday, September 2, 2020, the Defendant Board of Canvassers convened a public meeting, via Zoom, to consider Plaintiff Anders' recount petition.

44.    Plaintiff Davis participated in the Defendant Board of Canvassers' September 2, 2020 meeting as an individual citizen, and as a representative and challenger on behalf of Plaintiff Anders.

45.    During the Defendant Board of Canvassers' September 2, 2020 meeting, the democratic members of the Defendant Board of Canvassers and the Director of Elections of Wayne County, whose father is a downriver democratic elected official, attempted to block Plaintiff Anders' request for a recount.

46.    Citing Mich. Comp. Laws §168.582, the democratic members of the Defendant Board of Canvassers and the Director of Elections for Wayne County, stated Plaintiff Anders did not meet the minimum threshold and need some 3,000 plus votes.

47.    On behalf of Plaintiff Anders, Plaintiff Davis quickly interjected and advised the Defendant Board of Canvassers that their

reading and interpretation of the vague and ambiguous statute, being Mich. Comp. Laws §168.582, was erroneous and that Plaintiff Anders had a statutory right to a recount of the precincts he requested to be recounted in his sworn petition.

48.     Surprisingly, counsel for Defendant Board of Canvassers also advised the Defendant Board of Canvassers that Plaintiff Anders had a statutory right to a recount.

49.     Ignoring the advice of counsel, the democratic members of the Defendant Board of Canvassers proceeded with a motion to deny Plaintiff Anders' petition and request for a recount.

50.     Thankfully, the democratic members' motion failed on a 2-to-2 vote.

51.     After that vote failed, the Defendant Board of Canvassers the advanced a motion to approve and authorize Plaintiff Anders' request and petition for a recount.

52.     The motion to approve and authorize Plaintiff Anders' request and petition for a recount was unanimously approved with a 4-to-0 vote.

53.     Within 30 minutes after the Defendant Board of Canvassers'

September 2, 2020 concluded, Plaintiff Davis received a call on his cell phone from a democratic member of the Defendant Board of Canvassers who informed Plaintiff Davis that the Director of Elections was going to again request and ask the Defendant Board of Canvassers not to certify Plaintiff Anders as the Republican nominee if the recount resulted in Plaintiff Anders receiving a net gain of an additional vote.

54.    On September 2, 2020, counsel for Plaintiff Anders received a written notice from the Defendant Board of Canvassers informing Plaintiffs that a recount of the voting precincts he requested in sworn petition would be held and conducted on Friday, September 4, 2020 at 1 p.m. in Plymouth Township.

55.    At the recount conducted on September 4, 2020, the Defendant Board of Canvassers was able to recount the AV voting and Election Day voting precincts in Plymouth Township as Plaintiff Anders requested.

56.    The recount of the AV voting precinct in Plymouth resulted in a net gain of +2 votes for Plaintiff Anders, thereby increasing his vote total from election night to 11 votes.

57.    However, at the recount conducted on September 4, 2020,

the Defendant Board of Canvassers determined that Plaintiff Anders'
very own Absentee Voting (AV) voting and Election Day voting
precincts for precinct #23 in the City of Dearborn were **not** eligible to be
properly recounted pursuant to Mich. Comp. Laws §§168.871(1)(a)
because of "human error" due to the serial numbers on the ballot boxes
not matching.

58.     Consequently, pursuant to Mich. Comp. Laws §168.871(3),
the election results from election night, which did not include the lawful
votes cast by Plaintiff Anders and his wife and son, would stand and be
taken as correct.

## CAUSES OF ACTION

## COUNT I

**Writ of Mandamus Compelling Defendant Board of Canvassers
To Count, Tally, and Certify Votes Cast By Absentee Ballots In
AV Voting Precinct #23 In The City Of Dearborn Pursuant to
MCL §168.871(2).**

59.     Plaintiffs incorporate, repeat, and reallege the foregoing
allegations as though they were fully set forth and stated herein.

60.     The allegations set forth in this count shall constitute
Plaintiffs' motion for an *ex parte* motion for order to show cause against
the Defendants pursuant to MCR 3.305(C).

61.   As noted, on September 4, 2020, the Defendant Board of Canvassers convened to conduct a recount of certain precincts Plaintiff Anders requested to be recounted in accordance with Michigan Election Law.

62.   One of the precincts Plaintiff Anders requested to be recounted was his very own absentee voter precinct in the City of Dearborn, which is Precinct #23.

63.   As noted, Plaintiff Anders, his wife and son all voted by absentee ballot in the August 4, 2020 Republican primary election.

64.   Plaintiff Anders voted for himself by properly writing his name in and filling in the oval next to the space for write-in candidates.

65.   Plaintiff Anders' wife and son also voted for Plaintiff Anders by doing the same.

66.   However, during the recount held on September 4, 2020, the Defendant Board of Canvassers determined that Plaintiff Anders' absentee voting ("AV") precinct #23 was ineligible to be recounted pursuant to MCL §168.871(1)(a) because the serial numbers on the seals did not match.

67.   Notably, however, the Defendant Board of Canvassers did

determine that the absentee ballots contained within AV Voting Precinct #23 were in fact "securely packaged and sealed".

68.   MCL §168.871(2) provides:

> (2) ***This section <u>does not prohibit</u> the recounting of absent voter ballots tallied in a precinct using an absent voter counting board*** or in a precinct in which 1 or more voting machines are recountable, ***if the absent voter ballots are securely packaged and sealed.*** (emphasis supplied).

69.   The absentee ballots cast in AV Voting Precinct #23 in the City of Dearborn were tallied in a precinct using an absent voter counting board.

70.   Moreover, as noted, during the recount, the Defendant Board of Canvassers determined that the absentee ballots contained in AV Voting Precinct #23 were in fact "securely packaged and sealed".

71.   Accordingly, pursuant to MCL §168.871(2), the Defendant Board of Canvassers had a clear statutory legal duty to recount the absentee ballots cast in AV Voting Precinct #23 in the City of Dearborn. , however, the Defendant Board of Canvassers did determine that the absentee ballots contained within AV voting precinct #23 were in fact "securely packaged and sealed".

72.    Plaintiffs Anders and Davis have a clear legal right to the performance of the duty sought to be compelled.

73.    The duty sought to be compelled is ministerial, for it is mandatory.

74.    Plaintiffs Anders and Davis do not have any other adequate remedy of law to compel the Defendant Board of Canvassers to properly count, tally and certify the absentee votes cast in the AV Voting Precinct #23 in the City of Dearborn.

**WHEREFORE**, Plaintiffs Anders and Davis request this Court to enter judgment against Defendant Wayne County Board of Canvassers as follows:

      a. Issue an *ex parte* order requiring the Defendant Wayne County Board of Canvassers to show cause pursuant to MCR 3.305(C);

      b. Issue writ of mandamus compelling the Defendant Wayne County Board of Canvassers to count, tally and certify the absentee votes cast in AV Voting Precinct #23 in the City of Dearborn pursuant to MCL §168.871(2);

      c. an award of interest, costs and reasonable attorney fees;

      d. and an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II

**Writ of Mandamus Compelling Defendant Board of Canvassers To Count, Tally, and Certify Votes Cast By Absentee Ballots In AV Voting Precinct #23 In The City Of Dearborn.**

75.     Plaintiffs incorporate, repeat, and reallege the foregoing allegations as though they were fully set forth and stated herein.

76.     The allegations set forth in this count shall constitute Plaintiffs' motion for an *ex parte* motion for order to show cause against the Defendants pursuant to MCR 3.305(C).

77.     At their August 18, 2020, the Defendant Board of Canvassers disclosed that their initial canvass of the votes cast for Plaintiff Anders in the August 4, 2020 Republican primary election for the office of Wayne County Prosecutor revealed Plaintiff Anders only received 9 votes.

78.     At this meeting, the Defendant Board of Canvassers also advised Plaintiff Anders that pursuant to MCL §168.582, Plaintiff Anders needed a minimum of 10 votes to be certified as the nominee of the Republican party for the November 3, 2020 general election.

79.     Plaintiff Anders requested a recount because he was certain votes cast for him in his very own precinct in Dearborn and by close relatives and friends in Plymouth Township were not properly counted

by the Defendant Board of Canvassers.

80.    As noted, the recount of the votes cast in Plymouth Township resulted in a net gain of 2 votes for Plaintiff Anders, increasing his vote total to 11 votes.

81.    However, despite meeting the purported 10 vote minimum, the Defendant Board of Canvassers did not certify Plaintiff Anders to the Defendant Election Commission as the nominee for the Republican party for the office of Wayne County Prosecutor.

82.    MCL §168.582 provides, in relevant part:

> ***A person who is voted for on a party ballot for a state, district, township, county, city, or ward office*** or for the office of United States senator or representative in Congress ***whose name is not printed on the ballot and who has not filed a nominating petition for the office voted for, shall not be considered nominated as the candidate of the party for the office, nor be certified as a nominee unless*** the ***person receives a total vote equal to not less than .15 of 1% of the total population, as reflected by the last official federal census, of the*** <u>***district***</u> ***for which nomination is sought, but not less than 10 votes for the office***, <u>***or***</u> a ***total vote equal to 5% of the greatest number of votes cast by the party for any office at the primary in the state, congressional,*** <u>***or other***</u> ***district, township,*** <u>***county,***</u> ***city, or ward,*** <u>***for a candidate***</u> <u>***or for all***</u> <u>***candidates***</u> ***for nomination for an office for which only*** <u>***1 person is to be nominated***</u>, whichever is greater.

(emphasis supplied).

83.   Plaintiff Anders satisfied the minimum 10 vote requirement set forth in MCL §168.582.

84.   Contrary to Defendant Board of Canvassers flawed interpretation, the Defendant Board of Canvassers cannot arbitrarily select which race to apply the foregoing standards.

85.   Plaintiff Anders has the choice of choosing any race in which only 1 candidate was to be nominated, which included the race for the Republican nomination for the office of Wayne County Prosecutor, which Plaintiff Anders was the ONLY candidate.

86.   The plain reading of the statute clearly indicates that Plaintiff Anders has the choice of choosing any race that applies to the standard.

87.   The first requirement set forth under the statute is inapplicable to Plaintiff Anders because Plaintiff Anders did not run for an office in a "district".

88.   Plaintiff Anders ran as a write-in candidate for the office of Wayne County Prosecutor, which is "county wide".

89.   There is clearly a distinction between a "district" office and a "county wide" office as the language of the statute clearly distinguishes.

90.   Pursuant to MCL §168.582, the Defendant Board of Canvassers had a clear legal duty to certify Plaintiff Anders as the Republican party nominee for the November 3, 2020 general election.

91.   Plaintiffs Anders and Davis have a clear legal right to have the Defendant Board of Canvassers certify Plaintiff Anders as the nominee of the Republican party.

92.   Plaintiff Davis, as a registered elector in Wayne County, desires to vote for Plaintiff Anders for Wayne County Prosecutor in the November 3, 2020 general election.

93.   The duty sought to be compelled is ministerial, as it is mandatory.

94.   Plaintiffs Anders and Davis do not have any adequate remedy of law to compel the Defendant Board of Canvassers to certify him as the Republican party nominee for the November 3, 2020 general election.

**WHEREFORE**, Plaintiffs Anders and Davis request this Court to enter judgment against Defendant Wayne County Board of Canvassers as follows:

> a. Issue an *ex parte* order requiring the Defendant Wayne County Board of Canvassers to show cause pursuant to MCR 3.305(C);

    b. Issue writ of mandamus compelling the Defendant Wayne County Board of Canvassers to certify Plaintiff Anders as the Republican party nominee for the November 3, 2020 general election for the office of Wayne County Prosecutor pursuant to MCL §168.582;

    c. an award of interest, costs and reasonable attorney fees;

    d. and an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT III

**Writ of Mandamus Compelling Defendant Election Commission To Print Ballots Containing Only The Names Of Candidates Properly Certified and Compelling Defendant Election Commission To Correct The Errors Contained On The November 3, 2020 General Election Ballot.**

95.　Plaintiffs incorporate, repeat, and reallege the foregoing allegations as though they were fully set forth and stated herein.

96.　The allegations set forth in this count shall constitute Plaintiffs' motion for an *ex parte* motion for order to show cause against the Defendants pursuant to MCR 3.305(C).

97.　According to the public meeting notice, on September 9, 2020 at 2:15 p.m., the Defendant Election Commission will convene for the purpose of approving and authorizing the printing of the ballots for the November 3, 2020 general election.

98.　At the September 9, 2020 meeting of the Defendant Election Commission, it is also expected that the Defendant Election Commission

will review and approve the list of candidates certified to appear on the November 3, 2020 general election.

99.   Prior to the September 9, 2020 meeting of the Defendant Election Commission, Plaintiffs, individually and collectively, filed a legal challenge with the Defendant Election Commission requesting the Defendant Election Commission to correct the errors on the November 3, 2020 general election ballot by: printing Plaintiff Anders' name on the November 3, 2020 general election ballot as the nominee for the Republican party for the office of Wayne County Prosecutor; and removing the name of Kym Worthy as the Democratic party nominee for the office of Wayne County Prosecutor.

100.  The reasons set forth in Plaintiffs' September 9, 2020 legal challenge filed with the Defendant Election Commission are hereby incorporated by reference herein as if they were fully stated and set forth herein.

101.  MCL 168.689 requires the Defendant Election Commission to print "ballots containing the names of all candidates properly certified to said board of election commissioners…"

102.  MCL 168.689 requires the Defendant Election Commission to

investigate and determine whether the candidates were properly certified to appear on the November 3, 2020 primary election ballot.

103.  Plaintiffs assert that Kym Worthy was not properly certified to appear on the November 3, 2020 general election ballot for the reasons set forth in Plaintiffs' September 9, 2020 legal challenge filed with the Defendant Election Commission.

104. Plaintiffs assert that Plaintiff Anders should have been certified by the Defendant Board of Canvassers as the Republican party nominee for the office of Wayne County Prosecutor.

105.  MCL 168.567 requires the Defendant Board of Canvassers to correct such errors that may have been found in said ballots.

106. The foregoing clearly establishes two errors the Election Commission must correct: printing Shane Anders' name on the November 3, 2020 general election ballot as the Republican party nominee; and the removal of Kym Worthy's name as the Democratic party nominee.

107. Plaintiffs Davis and Anders have a clear right to the performance of the duty sought to be compelled.

108. Defendant Election Commission has a clear legal duty to

perform the duty sought to be compelled.

109.  The duty sought to be compelled is ministerial.

110.  Plaintiffs have no other adequate remedy at law to require the Defendant Election Commission to correct the errors on the November 3, 2020 general election ballot.

**WHEREFORE**, Plaintiffs Anders and Davis request this Court to enter judgment against Defendant Wayne County Board of Canvassers as follows:

a. Issue an *ex parte* order requiring the Defendant Wayne County Board of Canvassers to show cause pursuant to MCR 3.305(C);
b. Issue writ of mandamus compelling the Defendant Wayne County Election Commission to correct two errors on the November 3, 2020 general election ballot pursuant to MCL 168.567: printing Shane Anders' name on the November 3, 2020 general election ballot as the Republican party nominee; and the removal of Kym Worthy's name as the Democratic party nominee.
c. Pursuant to MCL 168.689, issue writ of mandamus compelling the Defendant Wayne County Election Commission to determine if the candidates for Wayne County Prosecutor were properly certified by the Defendant Wayne County Board of Canvassers;
d. an award of interest, costs and reasonable attorney fees;
e. and an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated:  September 9, 2020          Respectfully submitted,
                                   */s/ ANDREW A. PATERSON*
                                   ANDREW A. PATERSON (P18690)
                                   Attorney for Plaintiff Anders
                                   2893 E. Eisenhower Pkwy
                                   Ann Arbor, MI 48108
                                   (248) 568-9712

                                   /s/ ROBERT DAVIS
                                   ROBERT DAVIS, *In pro per*
                                   Plaintiff
                                   180 Eason
                                   Highland Park, MI 48203
                                   (313) 523-7118

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, hereby certify that on September 9, 2020, the foregoing document(s) was filed with the Clerk of the Court via the Court's electronic filing system and a copy of the foregoing document(s) was also served on the parties and their counsel of record via the Court's electronic filing system.

Dated: September 9, 2020          Respectfully submitted,
                                  */s/ ANDREW A. PATERSON*
                                  ANDREW A. PATERSON (P18690)
                                  Attorney for Plaintiff Anders
                                  2893 E. Eisenhower Pkwy
                                  Ann Arbor, MI 48108
                                  (248) 568-9712