# EXHIBIT
# 7

No. 20-_____

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re SHANE ANDERS,

*Petitioner.*

From the United States District Court
Eastern District of Michigan, Southern Division
Case No. 20-cv-12127
Honorable Nancy G. Edmunds

**EMERGENCY PETITION FOR WRIT OF MANDAMUS**

**ACTION REQUEST BEFORE SEPTEMBER 14, 2020**

Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Petitioner Shane Anders
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

**DATED:**   September 11, 2020

# DISCLOSURE OF CORPORATE AFFILIATIONS
# AND FINANCIAL INTEREST

Pursuant to Fed. R. App. P. 26.1, Petitioner Shane Anders make the following

disclosure:

1. Are said parties a subsidiary or affiliate of a publicly owned corporation?

NO.

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

NO.

## TABLE OF CONTENTS

**Corporate Disclosure**………………………………………………2

**Index of Authorities**...........................................................4

**Jurisdictional Statement**……………………………….…………6

**Statement of Issues Presented**.......................................7

**Statement of Facts/Procedural Posture of Case**…..................8-15

**Summary of Arguments**……………………………………...16

**Arguments**...............................................................17-35

**Conclusion**...............................................................35

**Certificate of Compliance**……………………………….…………37

**Designation of Relevant District Court Documents**…………...39

## INDEX OF AUTHORITIES

**CASES**

*ACLU of Kentucky v McCreary County*, 354 F.3d 438 (6th Cir. 2003)..29

*Baker v Carr*, 369 U.S. 186 (1962)…………………………………16, 17

*Bay County Democratic Party v Land*, 347 F.Supp.2d 404 (E.D.Mich. 2004)…………………………………………………………29, 31

*Belle Maer Harbor v. Charter Twp. of Harrison*, 170 F.3d 553 (6th Cir. 1999). ………………………………………………………………28

*Bush v. Gore*, 531 U.S. 98 (2000)…………………………19,20,21,22,24,31

*Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367 (2004)……………17, 18

*Chesher v. Allen*, 122 F. App'x 184 (6th Cir. 2005)…………………18

*Deja Vu of Nashville, Inc. v Metro. Gov't of Nashville*, 274 F.3d 377 (6th Cir. 2001)…………………………………………………………30

*E.E.O.C. v. K-Mart Corp.*, 694 F.2d 1055 (6th Cir. 1982)……………18

*F.C.C. v. Fox Television Stations, Inc.*, 132 S. Ct. 2307 (2012)…………27

*G & V Lounge, Inc. v Michigan Liquor Control Comm'n*, 23 F.3d 1071 (6th Cir. 1994)…………………………………………………………31

*Gray v Sanders*, 372 U.S. 368 (1963)……………………..16,17,19,21,34,35

*Grayned v. City of Rockford*, 408 U.S. 104 (1972)…………………27, 28

*Hunter v Hamilton County Board of Elections*, 635 F.3d 219 (6th Cir. 2011)……………………………………………20,21,22,23,24,25,31

*In re Life Inv'rs Ins. Co. of Am.*, 589 F.3d 319 (6th Cir. 2009)………33,34

*In re Lott*, 424 F.3d 446 (6th Cir. 2005)……………………………………33

*In re Perrigo Co.*, 128 F.3d 430, 435 (6th Cir. 1997)

*In re University of Michigan*, 936 F.3d 460, 466 (6th Cir. 2019)……34, 35

*Kimble v Hoso*, 439 F.3d 331, 2226 (6th Cir. 2006)…………………33

*League of Women Voters v. Brunner*, 548 F.3d 463 (6th Cir.2008)……………………………………………………..18,19,21,24

*Libertarian Party of Ohio v Blackwell*, 462 F.3d 579 (6th Cir. 2006).27,28

*Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803)…………………34

*Northeast Ohio Coalition for Homeless v Husted*, 696 F.3d 580 (6th Cir. 2012)...................................................................................18

*Prichard v United States*, 181 F.2d 326 (6th Cir. 1950).....................19
*Reynolds v Sims*, 377 U.S. 533, 554 (1964)................................19,21
*United States v Classic*, 313 U.S. 299 (1941)............................20,21
*United States v. Mosley*, 238 U.S. 383 (1915).............................20,21
*Wesberry v. Sanders*, 376 U.S. 1(1964)...................................18,21,34
*Will v. United States*, 389 U.S. 90 (1967)...............................32

## COURT RULES

Fed.R.App.P 21.............................................................19
E.D. Mich. LCR 1.2.........................................................32,33

## FEDERAL STATUTES

All Writs Act, 28 U.S.C. § 1651(a)........................................6,17

## STATE STATUTES

MCL §168.191...............................................................10
MCL §168.197...............................................................9
MCL §168.582...........................................12,25,26,27,28,32
MCL §168.689...............................................................8
MCL §168.737a(1)...........................................................9
MCL §168.826...............................................................9
MCL §168.862...............................................................11
MCL §168.865...............................................................11
MCL §168.871(1)(a).....................................14,15,25,32
MCL §168.871(2).........................................................22,24
MCL §168.871(3).....................................14,15,25,32

---

## JURISDICTIONAL STATEMENT

This Emergency Petition arises from the September 8, 2020 "text only" order issued by U.S. District Judge Nancy G. Edmunds in *Robert Davis and Shane Anders v Wayne County Board of Canvassers*, No. 20-cv-12127, a case pending in the United States District Court for the Eastern District of Michigan. This Court has jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a), as set forth in Rule 21 of the Federal Rules of Appellate Procedure.

_____

## STATEMENT OF ISSUES PRESENTED

1. Did the district court abuse it discretion by denying Petitioner
   Shane Anders' motion to expedite briefing, scheduling, and
   adjudication of Petitioner Shane Anders' emergency motion for
   temporary restraining order, or in the alternative, motion for
   preliminary injunction?

   | | |
   |---|---|
   | Petitioner Answers: | Yes |
   | Defendant Answers: | No |
   | District Court Answers: | No |

_____

## STATEMENT OF FACTS/PROCEDURAL POSTURE OF CASE

On September 8, 2020, Petitioner Shane Anders filed an
emergency motion to expedite briefing, scheduling and adjudication
(ECF No. 23, Pg.ID 864-885) of Petitioner Anders' emergency motion for
temporary restraining order, or in the alternative, motion for
preliminary injunction (ECF No. 25, Pg.ID 906-938). Petitioner Anders
explained to the district court that there was **an immediate need** for
the Court to address the merits of Petitioner Anders' emergency motion
for TRO (ECF No. 25, Pg.ID. 906-938) ASAP, but no later than 2 p.m.
on Wednesday, September 9, 2020, because the Wayne County Election
Commission was convening on September 9, 2020 to authorize and
approve the printing of the ballots for the November 3, 2020 general
election based upon the Defendant Wayne County Board of Canvassers'
erroneous certification of the election results from the August 4, 2020
primary election. (ECF No. 23, Pg.ID 864-885; ECF No. 25, Pg.ID 906-
938).

In accordance with Mich. Comp. Laws §168.689, on Wednesday,
September 9, 2020, the Wayne County Election Commission convened

at 2 p.m. and approved and authorized the printing of the ballots for the November 3, 2020 general election based on the erroneous certification of the Defendant Wayne County Board of Canvassers of the votes cast for candidates in the August 4, 2020 primary election. Under Michigan Election Law, the Defendant Wayne County Board of Canvassers has the statutory legal duty to certify the election results and certify to the Wayne County Election Commission the names of candidates deemed nominated for their respective parties based upon the certified election results from the canvass of the August 4, 2020 primary election.  See Mich.Comp.Laws §§ 168.197 and 168.826.

### Petitioner Anders' Write-In Candidacy In August 4, 2020 Primary For Republican Nomination for Wayne County Prosecutor.

On July 23, 2020, pursuant to Mich. Comp. Laws §168.737a(1), Petitioner Anders timely filed with the Wayne County Clerk a declaration of intent to run as a write-in candidate as a Republican in the August 4, 2020 primary election for the office of Wayne County Prosecutor. (ECF No. 25-2, Pg.ID. 941).  Pursuant to Mich. Comp. Laws §168.737a(1), the statutory deadline for a person to file a declaration of intent to be a write-in candidate for any office appearing on the August 4, 2020 primary election ballot was by 4 p.m. on July 24, 2020.

As of Friday, July 31, 2020, Petitioner Anders was the only candidate who timely filed with the Wayne County Clerk a declaration of intent to run as a write-in candidate as a Republican in the August 4, 2020 primary election for the office of Wayne County Prosecutor. Pursuant to Mich. Comp. Laws §168.191, Petitioner Anders satisfied the statutory requirements to be eligible to run for the office of Wayne County Prosecutor.

On August 4, 2020, Petitioner Anders voted in the Republican primary election and voted for himself, by writing his name in for the office of Wayne County Prosecutor. Petitioner Anders, his wife and son voted by absentee ballot in the August 4, 2020 primary election. (Anders' Sworn Petition Requesting Recount of Votes Cast in August 4, 2020 Republican Primary Election, ECF No. 25-3, Pg.ID. 942-949). Petitioner Anders' voting precinct in the City of Dearborn is Precinct #23. (*Id.*, ¶12). Petitioner Anders' wife and son also voted for Petitioner Anders in the August 4, 2020 Republican primary election for the office of Wayne County Prosecutor by properly writing in his name and filing in the adjacent oval. (*Id.*, ¶¶11, 14).

However, when the Defendant Board of Canvassers published the tally of votes cast for Petitioner Anders in the August 4, 2020 primary election, the Defendant Board of Canvassers tallied and certified Petitioner Anders as having received only 1 vote in the City of Dearborn at Precinct #41, which is **not** Petitioner Anders' voting precinct in the City of Dearborn. (Defendant Board of Canvassers' published tally of write-in votes tallied and counted for Petitioner Anders, ECF No. 25-4, Pg.ID 950; see also Anders' Sworn Petition Requesting Recount of Votes Cast in August 4, 2020 Republican Primary Election, ECF No. 25-3, Pg.ID. 942-949,¶¶ 13, 14).  Upon further inquiry, the vote Petitioner Anders received in Precinct #41 in the City of Dearborn was from his mother-in-law. (*Id*.)  Realizing this was an obvious error, mistake, or fraud, on August 21, 2020, pursuant to Mich. Comp. Laws §§168.862 and 168.865, Petitioner Anders timely filed a sworn petition along with a $100 deposit with the Wayne County Clerk requesting a recount of certain election day and absentee voting precincts, including Petitioner Anders' very own voting precinct #23 in the City of Dearborn. (*Id*.)

## Petitioner Anders' Request for Recount of Votes Cast In The August 4, 2020 Republican Primary Election Under Michigan Law.

On Wednesday, September 2, 2020, the Defendant Board of Canvassers convened a public meeting, via Zoom, to consider Petitioner Anders' recount petition.  Plaintiff Robert Davis participated in the Defendant Board of Canvassers' September 2, 2020 meeting as an individual citizen, and as a representative and challenger on behalf of Petitioner Anders.  During the Defendant Board of Canvassers' September 2, 2020 meeting, the democratic members of the Defendant Board of Canvassers and the Director of Elections of Wayne County, whose father is a downriver democratic elected official, attempted to block Petitioner Anders' request for a recount.

Citing Mich. Comp. Laws §168.582, the democratic members of the Defendant Board of Canvassers and the Director of Elections for Wayne County, stated Petitioner Anders did not meet the minimum threshold and need some 3,000 plus votes.  On behalf of Petitioner Anders, Plaintiff Davis quickly interjected and advised the Defendant Board of Canvassers that their reading and interpretation of the vague and ambiguous statute, being Mich. Comp. Laws §168.582, was

erroneous and that Petitioner Anders had a statutory right under Michigan law to a recount of the precincts he requested to be recounted in his sworn petition. Surprisingly, counsel for Defendant Board of Canvassers also advised the Defendant Board of Canvassers that Petitioner Anders had a statutory right to a recount.

Ignoring the advice of counsel, the ***democratic members*** of the four-member Defendant Board of Canvassers proceeded with a motion to deny Petitioner Anders' petition and request for a recount. Thankfully, the ***democratic*** members' motion failed on a 2-to-2 vote. After that vote failed, the Defendant Board of Canvassers the advanced a motion to approve and authorize Petitioner Anders' request and petition for a recount. The motion to approve and authorize Petitioner Anders' request and petition for a recount was unanimously approved with a 4-to-0 vote.

On September 2, 2020, counsel for Petitioner Anders received a written notice from the Defendant Wayne County Board of Canvassers informing Petitioner Anders that a recount of the voting precincts he requested in sworn petition would be held and conducted on Friday,

September 4, 2020 at 1 p.m. in Plymouth Township. (September 2, 2020 Letter from Defendant Board of Canvassers, ECF No. 25-2, Pg.ID 951).

At the recount conducted on September 4, 2020, the Defendant Wayne County Board of Canvassers were able to recount the AV voting and Election Day voting precincts in Plymouth Township as Petitioner Anders requested.  The recount of the AV voting precinct in Plymouth resulted in a net gain of +2 votes for Plaintiff Anders, thereby increasing his vote total from election night to 11 votes. **(See Results from Petitioner Anders' recount attached hereto as Exhibit A).**

However, at the recount conducted on September 4, 2020, the Defendant Wayne County Board of Canvassers determined that Petitioner Anders' Absentee Voting (AV) voting and Election Day voting precincts for precinct #23 in the City of Dearborn were **not** eligible to be properly recounted pursuant to Mich. Comp. Laws §§168.871(1)(a) because of "human error" due to the serial numbers on the ballot boxes not matching.  Consequently, pursuant to Mich. Comp. Laws §168.871(3), the election results from election night, which did not include the lawful votes cast by Petitioner Anders and his wife and son, would stand and be taken as correct.

Therefore, as a result of the Defendant Wayne County Board of Canvassers enforcing the arbitrary and unconstitutional provisions of Mich. Comp. Laws §§168.871(1)(a) and (3) to Petitioner Anders' request for recount of the AV voting precinct for precinct #23 in the City of Dearborn, Petitioner Anders' lawful **vote cast for himself** in the August 4, 2020 Republican primary election was **not counted or tallied by the Defendant Wayne County Board of Canvassers! This egregious action of the Defendant has denied Petitioner Anders of his most precious and fundamental right to vote and to have his vote counted!**

What is even more egregious, is the district court's refusal to expedite the briefing, scheduling and adjudication of Petitioner Anders' meritorious emergency motion for TRO, or in the alternative, motion for preliminary injunction, which violates Petitioner Anders' fundamental constitutional right to have his vote counted and to appear as the nominee for the Republican party on the November 3, 2020 general election for the office of Wayne County Prosecutor.

## SUMMARY OF ARGUMENT

The district court abused its discretion when it denied Petitioner Anders' emergency motion to expedite briefing, scheduling, and adjudication of Petitioner Anders' emergency motion for TRO, or in the alternative, motion for preliminary injunction.

"A citizen's right to vote free of arbitrary impairment by state action has been judicially recognized as a right secured by the Constitution, when such impairment ***resulted from dilution by a false tally***; ***or by refusal to count votes from arbitrarily selected precincts***; or by stuffing of the ballot box." *Baker v Carr*, 369 U.S. 186, 207-208 (1962) (emphasis supplied). "**Every voter's vote is entitled to be counted once.  It must be correctly counted and reported**." *Gray v Sanders*, 372 U.S. 368. 380 (1963) (emphasis supplied).  For "'the right to have one's vote counted' has the same dignity as the right to put a ballot in a box." *Id*. (internal citations omitted).

A writ of mandamus is the appropriate remedy. The process of printing the ballots for the November 3, 2020 general election has commenced, and Petitioner Anders' fundamental constitutional rights have been trampled upon by the district court's refusal to act swiftly in

protecting Petitioner Anders' fundamental constitutional right to vote and to have his vote counted. *Id*.  Petitioner Anders' name should be printed on the November 3, 2020 general election ballot as the Republican nominee for the office of Wayne County Prosecutor because he received the most votes in the Republican primary as the **only candidate** for the office for the Republican nomination. If this Court does not intervene, Petitioner Anders' **fundamental constitutional right to have his vote counted will be forever lost and his name will not appear on the November 3, 2020 general election!**

## ARGUMENT

## THE DISTRICT COURT ERRED BY DENYING PETITIONER'S EMERGENCY MOTION TO EXPEDITE BRIEFING, SCHEDULING AND ADJUDICATION OF PETITIONER'S EMERGENCY MOTION FOR TRO/PRELIMINARY INJUNCTION.

### A. STANDARD OF REVIEW

The All Writs Act allows this Court to "issue all writs necessary or appropriate in aid of [its] jurisdictio[n]." 28 U.S.C. § 1651(a). Mandamus relief is appropriate when (1) the "right to issuance of the writ is clear and indisputable," (2) "the party seeking issuance of the writ [has] no other adequate means to attain the relief [it] desires," and (3) "the writ

is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.,* 542 U.S. 367, 380–81 (2004). The right to mandamus is clear and indisputable "where there is usurpation of judicial power or a clear abuse of discretion." *E.E.O.C. v. K-Mart Corp.*, 694 F.2d 1055, 1061 (6th Cir. 1982). "These hurdles, however demanding, are not insuperable." *Cheney*, 542 U.S. at 381. That is especially true in this Circuit, which "has a more flexible approach to mandamus than other[s]." *Chesher v. Alle*n, 122 F. App'x 184, 187 (6th Cir. 2005) (per curiam); see also *In re Perrigo Co.*, 128 F.3d 430, 435 (6th Cir. 1997) (mandamus is appropriate to address "questions of unusual importance").

## B. LAW AND LEGAL ANALYSIS

It is well-settled that "[o]ur Constitution accords special protection for the fundamental right of voting, recognizing its essential role in the preservati[on] of all rights[.]" *Northeast Ohio Coalition for Homeless v Husted*, 696 F.3d 580, 591 (6th Cir. 2012) (internal citations and quotation marks omitted).  Because "[o]ther rights, even the most basic, are illusory if the right to vote is undermined," *Wesberry v. Sanders*, 376 U.S. 1, 17, 84 S.Ct. 526, 11 L.Ed.2d 481 (1964), "'[t]he right to vote is protected in more than the initial allocation of the franchise. Equal protection applies

as well to the manner of its exercise,'" *League of Women Voters v. Brunner*, 548 F.3d 463, 477 (6th Cir.2008) (quoting *Bush v. Gore*, 531 U.S. 98, 104, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000)).

"**Every voter's vote is entitled to be counted once.  It must be correctly counted and reported**." *Gray v Sanders*, 372 U.S. 368. 380 (1963) (emphasis supplied).  For "'the right to have one's vote counted' has the same dignity as the right to put a ballot in a box." *Id.* (internal citations omitted).  "The right to an honest court is a right possessed by each voting elector, and to the extent that the importance of his vote is nullified, wholly or in part, he has been injured in t free exercise of a right or privilege secured to him by the laws and Constitution of the United States." *Prichard v United States*, 181 F.2d 326, 331 (6th Cir. 1950).

"Undeniably[,] the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections." *Reynolds v Sims*, 377 U.S. 533, 554 (1964).  For, "[i]t has been repeatedly recognized that all qualified voters have a constitutionally protected right to vote, *and to have their votes counted*." *Id.* (internal citations omitted) (emphasis supplied).

In *United States v Mosley* the Supreme Court stated that it is "as

equally unquestionable that ***the right to have one's vote counted is***

***as open to protection. . . as the right to put a ballot in a box***."

*Mosely*, 238 U.S. 383, 386 (1915) (emphasis supplied).  "***Obviously***

***included within the right to choose***, secured by the Constitution, ***is***

***the right of qualified voters within a state to cast their ballots***

***and have them counted*** . . . ." *United States v Classic,* 313 U.S. 299,

315 (1941) (emphasis supplied).

Thus, it is abundantly apparent and clear that the Defendant

Wayne County Board of Canvassers' actions on Friday, September 4,

2020 of **not counting** the vote cast by Petitioner Anders for himself in

the August 4, 2020 Republican primary election in Dearborn Precinct

#23 violated Petitioner Anders' fundamental constitutional right to vote

and to have his vote counted. *Id.*  It is well-settled in the Sixth Circuit

that it is unconstitutional for state actors, such as Defendant, to use

"human error" committed by a poll-worker as the basis for not counting

a valid legal vote cast in an election.  See *Hunter v Hamilton County*

*Board of Elections*, 635 F.3d 219 (6th Cir. 2011).  "The right to vote is

protected in more than the initial allocation of the franchise. Equal

protection applies as well to the manner of its exercise." *Bush v Gore*, 531 U.S. 98, 104, 121 S.Ct. 525 (2000) (citing *Harper*, 383 U.S. at 665, 86 S.Ct. 1079). Thus, the Sixth Circuit has held that "[t]he right to vote includes the right to have one's vote counted on equal terms with others." *League of Women Voters*, 548 F.3d at 476 (citing *Bush*, 531 U.S. at 104, 121 S.Ct. 525; *Dunn*, 405 U.S. at 336, 92 S.Ct. 995; *Reynolds v. Sims*, 377 U.S. 533, 567-68, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964); *Wesberry v. Sanders*, 376 U.S. 1, 7, 84 S.Ct. 526, 11 L.Ed.2d 481 (1964); *Gray v. Sanders*, 372 U.S. 368, 380, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963); *United States v. Classic*, 313 U.S. 299, 315, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941); *United States v. Mosley*, 238 U.S. 383, 386, 35 S.Ct. 904, 59 L.Ed. 1355 (1915); U.S. CONST. amends. XV, XIX, XXIV, XXVI). "Having once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another." *Bush*, 531 U.S. at 104-05, 121 S.Ct. 525; *see also League of Women Voters*, 548 F.3d at 477 ("At a minimum, ... equal protection requires 'nonarbitrary treatment of voters.'" (quoting *Bush*, 531 U.S. at 105, 121 S.Ct. 525)).

Here, like the defendant in *Hunter*, the Defendant Wayne County Board of Canvassers, exercised discretion "'in making specific determinations about whether particular individuals will be permitted to cast a ballot that counts.'" *Hunter*, 635 F.3d at 235 (quoting *Bush*, 531 U.S. at 106). Moreover, as the Sixth Circuit noted in Hunter, "the cause for constitutional concern is much greater when the Board is exercising its discretion in areas 'relevant to the casting and counting of ballots,' like evaluating evidence of poll-worker error." *Id.* That is precisely what has occurred here! Petitioner Anders' valid legal vote has **not** been counted and made part of the official tally of the votes certified by the Defendant as a result of an apparent "human error" committed by a poll worker.

What's even more alarming, is the fact that the Defendant Wayne County Board of Canvassers ignore the clear and unambiguous provision of Mich. Comp. Laws §168.871(2), which provides that "[t]his section ***does not prohibit the recounting of absent voter ballots tallied in a precinct using an absent voter counting board*** or in a precinct in which 1 or more voting machines are recountable, ***if the absent voter ballots are securely packaged and sealed."*** (emphasis

supplied).  Petitioner Anders' absentee ballot in AV precinct #23 was tallied in a precinct using an absent voter counting board and the absent voter ballots were securely packaged and sealed, as noted during the September 4, 2020 recount.  Therefore, the Defendant Wayne County Board of Canvassers should have counted and tallied Petitioner Anders' and the other absentee ballots, including his wife's and son's, that were properly cast in AV voting Precinct #23 in the City of Dearborn.

The arbitrary and discriminatory actions of the Defendant Wayne County Board of Canvassers violate Petitioner Anders' fundamental right to vote and to have it counted, his Fourteenth Amendment right to due process and equal protection under the law, and effectively unconstitutionally diluted Plaintiff Anders' lawfully cast vote.  As the Sixth Circuit recognized in Stewart, "[n]or may the right to vote be diluted by alteration of ballots *or improper counting of ballots*." *Stewart*, 444 F.3d at 857 (emphasis supplied).

Like in *Hunter*, this Court is "guided in our analysis by the important requirement that state actions in election processes must not result in 'arbitrary and disparate treatment' of votes." *Hunter*, 635 F.3d

at 234.  Here, Defendant applied arbitrary measures and misapplied the provisions of Mich. Comp. Laws §168.871(2) that would have enabled the proper counting of the absentee ballots cast by Petitioner Anders, his wife and son.  Quoting from the landmark Supreme Court holding in *Bush v Gore*, the *Hunter* Court explained that "the cause for constitutional concern is much greater when the Board is exercising its discretion in areas 'relevant to the casting and counting of ballots,' like evaluating evidence of poll-worker error[.]" *Hunter*, 636 F.3d at 235 (quoting *Bush*, 531 U.S. at106).

"In its review of the [absentee] ballots, the Board must apply specific and uniform standards to avoid the `nonarbitrary treatment of voters.'" *Hunter*, 635 F.3d at 236 (quoting *League of Women Voters,* 548 F.3d at 477).  In the case at bar, did not apply specific uniform standards because they failed to comply with Mich. Comp. Laws §168.871(2) when Petitioner Anders requested the recount of the AV voting precinct #23 in the City of Dearborn.  "Rather, disparate treatment of voters here resulted, not from a 'narrowly drawn state interest of compelling importance,' but instead from local misapplication of state law." *Hunter*, 635 F.3d at 238 (quoting *Crawford*

*v. Marion Cnty. Election Bd.,* 553 U.S. 181, 190, 128 S.Ct. 1610, 170 L.Ed.2d 574 (2008)).  Like in *Hunter*, Defendant Wayne County Board of Canvassers' "discriminatory disenfranchisement was applied to voters who may bear no responsibility for the rejection of their ballots, and the Board has not asserted 'precise interests' that justified the unequal treatment." *Id.* (internal citations omitted).

Mich. Comp. Laws §§168.871(1)(a) and (3) cannot withstand "strict scrutiny" and thus, Petitioner Anders' federal constitutional claims of denial of equal protection under the law, due process, dilution of his vote, and being denied his fundamental right to vote and to have it counted, are likely to succeed.

### a. <u>Mich. Comp. Laws §168.582 Is Void For Vagueness</u>

Lastly, as if the Defendant's unconstitutional conduct of not counting Petitioner Anders' valid and lawful vote was not egregious enough, the Defendant has refused to certify Plaintiff Anders as the Republican nominee for the office of Wayne County Prosecutor.  Citing an unconstitutionally vague state law, being Mich. Comp. Laws §168.582, the Defendant Wayne County Board of Canvassers refused to certify Plaintiff Anders as the Republican party's nominee for the office

of Wayne County Prosecutor despite Petitioner Anders receiving the most votes and receiving 11 votes, which exceeded the Defendant Wayne County Board of Canvassers' self-imposed and arbitrary 10-vote minimum.

At the August 18, 2020 meeting of the Defendant Wayne County Board of Canvassers, Petitioner Anders and Plaintiff Davis were advised by the Defendant's legal counsel and staff that Petitioner Anders needed a minimum of 10 votes to be certified as the Republican nominee.   However, the politics of the moment began to take over when the Democratic member of the Defendant Wayne County Board of Canvassers began to conspire with the democratic appointed Director of Election to comprise a plan to keep Petitioner Anders from being certified as the Republican nominee for the November 3, 2020 general election.  This is precisely the arbitrary application of the vague and ambiguous law the "void-for-vagueness" doctrine sought to alleviate.

Mich. Comp. Laws §168.582, on its face and as applied to Petitioner Anders, is unconstitutionally void for vagueness.  The law is unclear as to what minimum threshold a write-in candidate must meet in order to be deemed their party's chosen nominee.  As to the merits,

Petitioner Anders argues that Mich. Comp. Laws § 168.582 is unconstitutionally vague, in violation of the Due Process Clause of the Fourteenth Amendment. "A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required. It requires the invalidation of laws that are impermissibly vague." *F.C.C. v. Fox Television Stations, Inc.*, 132 S. Ct. 2307, 2317 (2012) (citation omitted).

> Even when speech is not at issue, the void for vagueness doctrine addresses at least two connected but discrete due process concerns: first, that regulated parties should know what is required of them so they may act accordingly; second, precision and guidance are necessary so that those enforcing the law do not act in an arbitrary or discriminatory way. When speech is involved, rigorous adherence to those requirements is necessary to ensure that ambiguity does not chill protected speech.

*Id.* (citation omitted). See also *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972).

"[W]hen a candidate wishes to appear as one party's standard-bearer and voters want to exercise their constitutional right to cast a ballot for this candidate, the Court has viewed state-imposed restrictions on the his fundamental process with great skepticism." *Libertarian Party of Ohio v Blackwell*, 462 F.3d 579, 588 (6th Cir. 2006). The Sixth Circuit has explained that to "withstand a facial challenge,

an enactment must define the proscribed behavior with sufficient particularity to provide a person of ordinary intelligence with reasonable notice of prohibited conduct and to encourage non-arbitrary enforcement of the provision." *Belle Maer Harbor v. Charter Twp. of Harrison*, 170 F.3d 553, 557 (6th Cir. 1999).

The vague language of Mich. Comp. Laws §168.582 arguably prohibits Petitioner Anders from being properly certified as the Republican party's nominee, however, leaving it up to Defendant Wayne County Board of Canvassers to arbitrarily choose the threshold Petitioner Anders must meet ***after*** votes have been cast violates the Fourteenth Amendment.  Allowing the Defendant this type of unrestricted judgment call provides no check against arbitrary or discriminatory enforcement and is what the vagueness doctrine is meant to avoid. See *Grayned*, 408 U.S. at 108 ("A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.").

## 1. Irreparable Injury

The second element to be determined when deciding to issue a preliminary injunction, is irreparable injury.  "[W]hen reviewing a motion for preliminary injunction, if it's found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated."  *ACLU of Kentucky v McCreary County*, 354 F.3d 438, 445 (6th Cir. 2003) (citing *Elrod v Burns,* 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L.Ed.2d 547 (1976). "When constitutional rights are threatened or impaired, irreparable injury is presumed. ***A restriction on the fundamental right to vote therefore constitutes irreparable injury***." *Obama for America*, 697 F.3d at 436 (emphasis supplied).

As noted and recognized by another Judge in this district, "[a]lthough the defendants were reluctant to acknowledge at the hearing that the deprivation of ***an eligible voter's right to have his or her vote counted constitutes irreparable harm***, this Court has no trouble so concluding." *Bay County Democratic Party v Land*, 347 F.Supp.2d 404, 435 (E.D.Mich. 2004) (citing *Bush*, 531 U.S. at 104-105).

In the case at bar, Petitioner Anders clearly has suffered irreparable harm as a result of the Defendant Wayne County Board of

Canvassers properly recounting the absentee votes cast in Petitioner Anders' AV voting precinct #23 in the City of Dearborn, which would have resulted in the proper counting of the vote Petitioner Anders cast for himself in the August 4, 2020 Republican primary election. "A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Tenke Corp.*, 511 F.3d at 550.  Petitioner Anders cannot be fully compensable by monetary damages if his legitimate vote that he cast for himself in the August 4, 2020 Republican primary election is diluted by not being properly counted and tallied by the Defendant in the official certified election results.

## 2.  Harm to Others

Issuance of a preliminary injunction presents no harm to others. When a plaintiff demonstrates "a substantial likelihood that a challenged law is unconstitutional, no substantial harm can be said to inhere in its enjoinment." *Deja Vu of Nashville, Inc. v Metro. Gov't of Nashville*, 274 F.3d 377, 400 (6th Cir. 2001) (citing *Connection Distrib. Co.*, 154 F.3d 281, at 288).  Moreover, there is simply no conceivable

evidence that the issuance of an injunction in this case would cause any harm to anyone other than to Petitioner Anders.

### 3. Public Interest

The final factor in determining whether or not to issue a preliminary injunction, is the public interest. "It is always in the public interest to prevent a violation of a party's constitutional rights." *G & V Lounge, Inc. v Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994) (citing *Gannett Co., Inc v DePasquale*, 443 U.S. 368, 383, 99 S. Ct. 2898, 61 L.Ed.2d 608 (1979)). Moreover, members of the public, have a "strong interest in exercising the fundamental political right to vote." *Purcell*, 549 U.S. at 4, 127 S.Ct. 5 (internal quotation marks omitted). "That interest is best served by favoring enfranchisement and ensuring that qualified voters' exercise of their right to vote is successful." *Hunter*, 635 F.3d at 244. "The public interest is served when citizens can look with confidence at an election process that ensures that all votes cast by qualified voters are counted." *Bay County Democratic Party*, 347 F.Supp.2d at 438 (citing *Bush*, 531, U.S. at 109).

Thus, the public interest favors the enjoining of the Defendant Wayne County Board of Canvassers from enforcing Mich. Comp. Laws §§168.871(1)(a) and (3) and 168.582 against Petitioner Anders.

## Clear Abuse of Discretion By District Court To Grant Expedited Consideration of Petitioner's Emergency Motion for TRO/Preliminary Injunction.

Petitioner Anders' acknowledged that, in the ordinary course of events, the Federal Rules of Civil Procedure, as well as the Eastern District of Michigan Local Rules, allow 21 days for a response to a dispositive motion and another 14 days for the filing of a reply. While that schedule is appropriate for almost all matters, here the Petitioner Anders confronts a serious risk of harm simply from the pendency of this litigation due the impending authorization and approval of the printing of the ballots for the November 3, 2020 general election by the Wayne County Election Commission, which was scheduled to occur at its meeting on September 9, 2020 at 2 p.m.

Mandamus is also appropriate to prevent to correct a district judge who "disregard[s] ... the Rules of Civil Procedure." *Will v. United States,* 389 U.S. 90, 95-96, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).  Not surprisingly, the Local Rules for the U.S. District Court for the Eastern District of Michigan anticipate exceptions. Local Rule 1.2 explains:

For good cause shown, for a particular matter, any Judge of this
Court may temporarily suspend the operation of the Rules.

More specifically related to the case at bar, a comment to Local
Rule 7.1(e), advises practitioners as follows: "**The court retains the
inherent authority to alter the briefing schedule**."  This guidance
is a logical extension of the basic principle that the court is always
empowered to manage its docket. "With good reason, district courts
ordinarily enjoy broad discretion in matters of pretrial management,
scheduling, and docket control." *Kimble v Hoso*, 439 F.3d 331, 2226 (6th
Cir. 2006). In the case at bar, we are confronted with the precise reason
the exceptions exist, but the district court abused its discretion by
denying Petitioner Anders' emergency motion to expedite briefing and
adjudication of the Petitioner Anders' emergency motion for
TRO/Preliminary injunction.

## Mandamus Is Appropriate.

The Petitioner has no other means to obtain relief.  This Court has
repeatedly held that mandamus relief is appropriate where "[t]he party
seeking the writ has no other adequate means, such as direct appeal, to
attain the relief desired." *E.g., In re Lott*, 424 F.3d 446, 449 (6th Cir.
2005); see also *In re Life Inv'rs Ins. Co. of Am.*, 589 F.3d 319, 323 (6th

Cir. 2009) (mandamus jurisdiction may be exercised "when a party is in danger of harm that cannot be adequately corrected on appeal and has no other adequate means of relief") (emphasis added)).

No harm is greater than losing one's fundamental right to vote and to have it counted. "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory of the right to vote is undermined." *Wesberry v Sanders,* 376 U.S. 1, 17; 84 S.Ct. 526 (1964). Again, it is worth repeating that "[e]**very voter's vote is entitled to be counted once. It must be correctly counted and reported**." *Gray*, 372 U.S. at 380 (emphasis supplied). Here, Petitioner Anders' lawful vote for himself in the August 4, 2020 Republican primary election for prosecutor clearly was **not**!

"[A] mandamus lies, if there be no other *adequate, specific, legal* remedy." *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 152, 2 L.Ed. 60 (1803). Like in *In re University of Michigan*, in the case at bar, there is "[n]o 'controlling question of law' that would 'materially advance the ultimate termination of the litigation' could have given rise to a

discretionary interlocutory appeal under 28 U.S.C. § 1292(b). So the [Petitioner] ha[s] no other legal recourse." *In re University of Michigan*, 936 F.3d 460, 466 (6th Cir. 2019). Moreover, this Court should find that mandamus is appropriate in this case because if the district court order denying Petitioner Anders' emergency motion to expedite stands, the petitioner will be damaged in a way that cannot be corrected through the course of ordinary appeal because his fundamental constitutional right to have his vote counted will be forever lost. *Gray*, 372 U.S. at 380.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Petitioner Shane Anders respectfully requests this Court issues a writ of mandamus ordering the district court (1) to hold an expedited hearing and/or issue an expedited decision on Petitioner Anders' emergency *ex parte* motion for TRO, or in the alternative, motion for preliminary injunction (ECF No. 25), within 24 hours of the entry of an order from this Court granting mandamus relief. Petitioner Anders further requests that, if at all possible, the Court rule on the Petitioner's petition **no later than Monday, September 14, 2020**, in order to avoid the irreparable harm the Petitioner will otherwise sustain as a result of the district court's

September 8, 2020 "text-only" order denying expedited consideration of

Petitioner's emergency *ex parte* motion for TRO, or in the alternative,

motion for preliminary injunction (ECF No. 25).

Dated: September 11, 2020       Respectfully submitted,
                                 */s/ ANDREW A. PATERSON*
                               ANDREW A. PATERSON (P18690)
                               Attorney for Plaintiffs
                               2893 E. Eisenhower Pkwy
                               Ann Arbor, MI 48108
                               (248) 568-9712
                               aap43@outlook.com

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit, Typeface
Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Federal
   Rule of Appellate Procedure 32(a)(7)(B)(i) because, excluding the
   part of the document exempted by Federal Rule of Appellate
   Procedure 32(f), this brief contains no more than 13,000 words.
   This document contains approx. 6,475 words.

2. This document complies with the typeface requirements of Federal
   Rule of Appellate Procedure 32(a)(5) and the type-style
   requirements of Federal Rule of Appellate Procedure 32(a)(6)
   because this document has been prepared in a proportionally
   spaced typeface using Word 2013 in 14-point Century Schoolbook
   font.

Dated:  September 11, 2020        Respectfully submitted,
                                  /s/ ANDREW A. PATERSON
                                  ANDREW A. PATERSON (P18690)
                                  Attorney for Petitioner
                                  2893 E. Eisenhower Pkwy
                                  Ann Arbor, MI 48108
                                  (248) 568-9712

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that on September 11, 2020, I served the foregoing Emergency Petition for Writ of Mandamus by e-mail upon all parties to the proceedings in the district court or their counsel of record. Specifically, counsel for Defendant Wayne County Board of Canvassers, Janet Anderson-Davis (P29499) at the following email address: jandersn@waynecounty.com.

Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Petitioner

# DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Petitioner Shane Anders, per Sixth Circuit Rule 28(a), 28(a)(1)-(2),

30(b), hereby designate the following portions of the record on appeal:

| Record Entry # | Brief Description of Document | Pg.ID. # |
|---|---|---|
| RE #23 | Petitioner's Emergency Motion to Expedite Briefing, Scheduling and Adjudication of Emergency Motion For TRO/Preliminary Injunction. | Pg.ID. #864-885 |
| RE #25 | Petitioner's Emergency Motion for TRO/Preliminary Injunction. | Pg.ID #906-938 |