# EXHIBIT 8

No. 20-1880

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 16, 2020
DEBORAH S. HUNT, Clerk

In re: SHANE ANDERS, )
) O R D E R
Petitioner. )

Before: MERRITT, GILMAN, and NALBANDIAN, Circuit Judges.

Shane Anders petitions this Court for a writ of mandamus requiring the district court to expedite its decision on his *ex parte* motion for a temporary restraining order or preliminary injunction. He claims that his right to be on the November 3, 2020, ballot in Michigan has been denied by the Wayne County Board of Canvassers. After considering the responses by the district court and opposing party, we determine that he cannot meet the standard for a writ of mandamus, and we **DENY** his petition.

"Mandamus is a drastic remedy that should be invoked only in extraordinary cases where there is a clear and indisputable right to the relief sought." *United States v. Young*, 424 F.3d 499, 504 (6th Cir. 2005). Petitioners must "demonstrate a clear abuse of discretion or conduct amounting to usurpation of the judicial power to be entitled to issuance of the writ." *Mallard v. United States Dist. Court for S. Dist.*, 490 U.S. 296, 309 (1989) (cleaned up). "And, because mandamus is a discretionary remedy, a Court may decline to issue the writ if it finds that it would not be 'appropriate under the circumstances' even if the petitioner has shown he is 'clearly and indisputably' entitled to it." *In re Professionals Direct Ins. Co.*, 578 F.3d 432, 437 (6th Cir. 2009) (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 381 (2004) (alterations removed)).

Anders is not asking us to require the district court to issue a TRO or injunction. Rather, he asks us to require the trial court to expedite the decision on his motion—though he spends most of his briefing on the merits of his case. "[D]istrict courts ordinarily enjoy broad discretion in matters of pretrial management, scheduling, and docket control." *Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006). And we will not lightly command the district court to alter its schedule. Anders has not explained why this case warrants interference with the district court's power, especially when the purported deadline, according to him, was several days ago on September 9. (R. 23, Motion to Expedite, PageID 865.)

He also does not explain why, in the face of the alleged emergency, he waited four days after knowing about his cause of action to file the motion for a TRO or injunction, filing just twenty-one hours before his claimed deadline. He then waited another three days after the district court denied his motion to expedite before asking this Court for relief. This combined total of seven days' delay suggests that Anders's claimed urgency is better explained by vexatious litigation strategy than true emergency. In addition, our review of the trial court's docket and the trial court's response reveals that the court has been diligent in addressing Anders's numerous motions and filings and had sound reasons for denying the motion to expedite.

Anders fails to cite anything supporting his right to expedited resolution; instead he focuses on the merits of his case. And with regard to the merits, we doubt the validity of his claims. He asserts that Michigan law requiring a minimum number of votes for nomination in a primary is unconstitutionally vague because it does not specify the minimum thresholds for write-on candidates. *See Mich. Comp. Laws* § 168.582. He also claims that election officials denied him his rightful position on the general-election ballot by not completing a recount as they should have. But Anders cannot establish an indisputable right to the TRO or injunction on either of these claims.

For one, § 168.582 does not appear vague. It states that it applies to a "person who is voted for on a party ballot for a . . . county . . . office . . . whose name is not printed on the ballot and who has not filed a nominating petition for the office voted for." That describes a write-in candidate. The statute also establishes the minimum vote thresholds for nomination:

- "[N]ot less than .15 of 1% of the total population, as reflected by the last official federal census, of the district for which nomination is sought," and

- Not less than whichever of these is greater: "10 votes for the office," *or* "a total vote equal to 5% of the greatest number of votes cast by the party for any office at the primary in the state, congressional, or other district, township, county, city, or ward, for a candidate or for all candidates for nomination for an office for which only 1 person is to be nominated[.]"

As the Board has noted in a motion to dismiss in the district court, those numbers for Anders's nomination are, respectively, 2,730 votes; 10 votes; and 4,073 votes.

And because Michigan law specifies the minimum threshold of votes for nomination—being the highest of the above three numbers—Anders is nowhere near qualifying for nomination with only eleven votes. So even if he were to succeed on his claim that the recount was done incorrectly, he would not be entitled to a place on the ballot. At the very least, this undermines his claim of entitlement to relief, which makes a writ of mandamus improper.

Accordingly, Anders's petition for writ of mandamus is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk