UNITED STATES DISTRICT COURT
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT DAVIS,                                    Case No. 2:20-cv-12127
And SHANE ANDERS,                                Hon. Nancy G. Edmunds

       Plaintiffs,

vs.

WAYNE COUNTY BOARD OF CANVASSERS,

       Defendant,
and

KYM WORTHY,

       Proposed Intervenor-Defendant.

_____/

| | |
|---|---|
| Andrew A. Paterson (P18690) | Janet Anderson Davis (P29499) |
| Attorney for Plaintiffs | Attorney For Board of Canvassers |
| 2893 E. Eisenhower Pkwy | 500 Griswold, 21st Floor |
| Ann Arbor, MI 48108 | Detroit, MI 48226 |
| 248-568-9712 | 313-347-5813 |
| aap43@outlook.com | jandersn@waynecounty.com |
| | |
| | Melvin Butch Hollowell (P37834) |
| | Angela L. Baldwin (P81565) |
| | THE MILLER LAW FIRM, P.C. |
| | Attorneys for Intervenor-Defendant |
| | 1001 Woodward, Suite 850 |
| | Detroit, MI 48226 |
| | 313-483-0880 |
| | mbh@millerlawpc.com, |
| | alb@millerlawpc.co |

_____/

**WAYNE COUNTY BOARD OF CANVASSERS**
**RESPONSE TO MOTION FOR SUMMARY JUDGMENT (ECF 34)**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES........................................................................... ii

INTRODUCTION .....................................................................................1

STATEMENT OF FACTS .........................................................................2

ARGUMENT ……………………………………………………………4

Anders is not entitled to summary judgment as a matter of law.

I.      Standard for summary judgment.

II.     This court does not have jurisdiction as the matter is now moot because the Board has already certified the August Primary Election and recount results.

III.    The court should exercise its discretion and decline supplemental jurisdiction over the state claims

IV.     MCL §168.871 does not violate due process.

V.      There is no case or controversy because MCL §168.871 is constitutional and the Board did not discriminate against Anders.

VI.     Anders has not met the elements for a declaratory judgment.

VII.    Abstention doctrines apply to this matter.

       A.      *Burford* requires this court abstain from exercising jurisdiction.

       B.      Because of pending matters *Colorado River* mandates abstention

VIII.   Anders has not met the standard for summary judgment.

CONCLUSION ......................................................................................18

# INDEX OF AUTHORITIES

Cases                                                                                                           Page

*Aetna Life Ins Co of Hartford, Conn v Haworth*
84 F2d 695, (8th Cir 1936), cert granted 299 US 536, 57 S Ct 190 (1936), revd
on other grounds 300 US 227, 57 S Ct 461 (1937), reh den 300 US 687, 57 S Ct
667 (1937)...…………………………………………………………………………11

*Anders v Benson*
2020 US Dist LEXIS 147325 ……………………………………………passim

*Burford v Sun Oil Co*
319 US 315; 63 S Ct 1098 (1943) ……………………………………… passim

*Colorado River Water Conservation Dist v United States*
24 US 800; 96 S Ct 1236 (1976)……………………………………… passim

*Davis v Wayne County Election Com'n*
2020 US Dist LEXIS 120734 …………………………………………….7

*Devlin v Kalm*
493 Fed Appx 678 (6 Cir 2012)…………………………………………  17

*Gen v Bd of State Canvassers*
887 NW2d 786 (Mich 2016)………………………………………………10

*Greenfield Constr Co  Michigan Dep't of State Highways,* 58 Mich App 49, 54;
227 NW2d 223, (1975), affid 402 Mich 172;261 NW2d 718 (1978) ……………13

*In re Commerce Oil Co*
847 F 2d 291 (6th Cir 1988). ....................................................................5

*Johnson v Interstate Transit Lines*
63 F2d 125 (10th Cir 1947) …………………………………………………  11

*League of Women Voters of Ohio v Brunner*
548 F3d 463, 477 (6th Cir 2008)……………………………………………11

*Lyda v City of Detroit (In re City of Detroit)*
841 F 3d 684 (6th Cir 2016) ....................................................................5

*New Orleans Pub Serv, Inc v Council of City of New Orleans*
491 US 350; 109 S Ct 2506 (1989) ..........................................................................16

*Poole v Bd of Canvassers of Wayne Cty*
88 Mich App 299; 276 NW2d 587 (1979)………………………………………….. 9

*Quackenbush v Allstate Inc*
517 US 706; 116 S Ct 1712 (1996) ..........................................................................15

*Ryan v Montgomery*
396 Mich. 213; 240 NW2d 236, 239 (1976)…….. …………………………………9

*Sagan v. United States*
342 F3d 493 (6th Cir 2003)…………………………………………………. ……4

*Scottsdale Ins Co v Flowers*
513 F3d 546, 554 (6th Cir 2008)…………………………………………………14

*Warf v Board of Elections of Green County, KY*
619 F 3d 553 (6th Cir 2010).  ..................................................................................10

*Westfield Ins. Corp v Mainstream Capital Corp*
366 F Supp 2d 519 (ED Mich 2005)…………………………………………….. 14

<u>Statutes</u>

MCL §168.582 ..............................................................................................3, 15

MCL §168.871 ..............................................................................................passim

<u>Other</u>
USCA Const Art. III § 2  ..........................................................................................8

28 USC §1367…………………………………………………………………… 9

Fed R Civ P 12 …………………………………………………………………19

Fed R Civ P 56 ………………………………………………………………….7

LR 41.2.  .................................................................................................................19

MCR 2.605…………………………………………………………………......15

## INTRODUCTION

"Every day it becomes clearer that this was the wrong war at the wrong time." Howard Dean, https://www.azquotes.com/quotes/topics/wrong-time.html. (last accessed September 25, 2020).   Anders, a loser with 11 votes for the Republican nomination for Prosecuting Attorney, when he needs a minimum of 4,073, asks for summary judgment to compel the recount of two City of Dearborn precincts.  The Board started the recount on September 4, 2020 and was required to complete and certify it by September 24, 2020.   MCL §168.876.    It is too late. Anders is simply fighting a losing war at the wrong time.

This court should deny summary judgment:

- The matter is moot

- This court should decline supplemental jurisdiction.

- MCL §168.871 does not violate due process.

- There is no case or controversy.

- Declaratory judgment requirements are not meet.

- *Colorado River* and *Pullman* bar this matter

Anders is not entitled to summary judgment.

## STATEMENT OF FACTS

On July 23, 2020, Shane Anders filed a Declaration of Intent to be a write-in candidate for prosecuting attorney for the Republican Party.  (ECF 25-2). He secured 9 write-in votes.  (ECF 25-4).  Because he did not meet the statutory threshold, the Board of Canvassers ("Board") did not certify him as the Republican candidate.  He filed a petition to recount City of Dearborn precincts 7 and 23 and absent voter counting board precincts 7 and 23 (ECF 25-3) which the BOC approved on September 2, 2020.  (ECF 48-1 ). The recount was held on September 4, 2020.  The Board certified that Anders gained 2 votes. (Exhibit ECF 29-1 ).  As he still did not meet the statutory threshold, the Board did not certify him as the Republican candidate. (ECF 48-2).

Plaintiffs Davis, Jordan and Reed-Pratt filed a four-count complaint on August 7, 2020 alleging that the Board violated their federal constitutional rights and diluted their votes because the Board counted votes for Kym Worthy, a candidate for Prosecuting Attorney and Brenda Jones, a candidate for U.S. House of Representatives.  (ECF 1).  This was followed on August 12, 2020, by a motion for temporary restraining order or preliminary injunction as to counts I and II. (ECF 6). On August 17, 2020, this court issued an order denying the temporary restraining order and setting a briefing schedule and hearing for the motion for

preliminary injunction.  (ECF 12).  On September 3, 2020 the board moved the court for dismissal of the matter. (ECF 18).

Davis withdrew the motion for preliminary injunction (ECF 17) and filed an amended complaint deleting Jordan and Reed-Pratt as parties and adding Shane Anders as a plaintiff. (ECF 18). The amended complaint alleged a myriad of counts: due process violated by not providing meeting minutes, by certifying Worthy; and by applying MCL §168.871; vote dilution from certification of Worthy and application of MCL 168.871; violation of equal protection by not responding to email communications and by applying MCL §168.871(1) and (3); and that MCL §168.582 is vague.

The Board, on September 8, 2020, filed a motion to dismiss the amended complaint.  (ECF 22).  Anders filed for a preliminary injunction (ECF 25)   and for an exigent briefing schedule.  (ECF 23).   The court's text only order denying the exigent briefing schedule on September 8, 2020, was followed by Anders' request for a writ of mandamus from the Sixth Circuit Court of Appeals.  (ECF 48-7).  On September 16, 2020, that court issued an Order denying the writ of mandamus. (ECF 48-8). Davis filed a motion for summary judgment regarding Count IX, on September 15, 2020. The Board now responds to that motion and asks that it be denied.

# ARGUMENT

**Anders is not entitled to summary judgment as a matter of law.**

## I.    Standard for summary judgment.

Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material  fact and the movant is entitled to judgment as a matter of law. Fed R Civ P 56(a).  To secure summary judgment, Anders must show "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Eastwood v. United States*, 2007 US Dist LEXIS 71892, page 5.  The court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F3d 493, 497 (6th Cir. 2003).

Here, when the evidence is viewed most favorably to the Board, the court is compelled to deny the motion.

## II.    This court does not have jurisdiction as the matter is now moot because the Board has already certified the August Primary Election results and the recount results.

Under Article III, § 2 of the Constitution, this court only has jurisdiction to hear actual cases and controversies and it may not decide moot issues. *In re Commerce Oil Co*, 847 F2d 291 (6th Cir 1988).

This Court has defined a moot issue:

> A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. … "If events occur during the case, including during the appeal, that make it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed. (Internal quotation marks omitted).

*Lyda v City of Detroit (In re City of Detroit)*, 841 F3d 684, 691 (6th Cir 2016).

The August Primary Election occurred August 4, 2020.  Plaintiffs waited 3 days, until August 7, 2020, to file this complaint.  (ECF 1).  They waited until August 12, 2020, to file the motion for an injunction requesting that the Board not certify the election results. (ECF 7).  On August 18, 2020, the Board certified the election results; which included Kym Worthy as the Democratic candidate for Prosecuting Attorney. (ECF 16-22).  On September 4, 2020, the Board certified the recount results. (ECF 29-1). Moreover, the Board started the recount on September 4, 2020 and was required to certify it by September 24, 2020.  MCL §168.876.   It is now impossible to provide the requested relief.

## III.   The court should exercise its discretion and decline supplemental jurisdiction over the state claim.

A federal court has supplemental jurisdiction over claims related to the case

before the court:

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 USC § 1367(a).

Federal judges have discretion whether to decline supplemental jurisdiction:

> Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right…. Indeed, district courts have "broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims. District courts may decline to exercise supplemental jurisdiction over a claim where:
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
>
> 28 U.S.C. § 1367(c)(1)-(4). This statute reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity. (Internal citations and quotation marks omitted).

*Anders v Benson,* 2020 US Dist LEXIS 147325.

This court should adhere to the principle of judicial economy.  Counts I and II allege vote dilution and due process violations caused by certification of Worthy as the Democratic candidate; Count III alleges discrimination because the Board failed to answer a question; Counts IV, V, VI and VII allege the unconstitutionality of certification and recount statutes and Count VIII,  relates to the Michigan Open Meetings Act   Count IX argues that the recount statute requires a recount of precincts deemed not recountable. Count IX expands the scope of the case beyond what is necessary and relevant to the federal claims.

See also *Davis v Wayne County Election Com'n*, 2020 US Dist LEXIS 120734 ("District courts should deal with cases involving supplemental jurisdiction in a manner that serves the principles of economy, convenience, fairness, and comity.").  This Court should not exercise supplemental jurisdiction over the state claim.

## IV.   MCL §168.871 does not violate due process.

Anders argues that at the recount the Board determined that precinct #23 could not be recounted pursuant to MCL §168.871(a) because of "human error". (ECF 25, page 13).  He concludes that this prevented him from casting his vote for himself.  *Id,* page 14.  This statement ignores the language of MCL §168.871 and the purpose of the statute which states:

(1) The board of canvassers conducting a recount pursuant to this chapter shall recount all ballots of a precinct using an electronic voting system unless 1 or more of the following circumstances exist:

**(a) The seal on the transfer case or other ballot container is broken or bears a different number than that recorded on the poll book, the breaking or discrepancy is not explained to the satisfaction of the board of canvassers, and security of the ballots has not been otherwise preserved**. (Emphasis added).

MCL §168.871(1)(a).

The purpose of the statute is to assure that only appropriately sealed containers are recounted. The rule governing the recountability of ballots in unsealed containers has been consistently upheld. In 1922, the Michigan Supreme Court stated:

The evident purpose of the precautions prescribed in the statute **is to preserve the integrity of the ballots, so that, if necessary to resort to a recount thereof, it may be done with the assurance of having the ballots present the identical verity they bore when cast**. Something considered just as good will not satisfy the statute. **The mandate of the statute must be obeyed**. If not obeyed in every particular the ballots lose their verity in the eye of the law, and no evidence can be permitted to supply such loss. (Emphasis supplied).

*Smith v Bd of Canvassers of Saginaw Cty*, 220 Mich 318, 320; 189 NW 856 (1922).

This precedent was held to be in line with the Article II provisions on election law.

11

The Legislature has passed laws that ensure that only ballots from sealed containers are to be recounted, for the purpose of preserving the elective franchise, pursuant to Article II. Michigan courts have consistently held that these requirements are mandatory in a recount.

> We hold, therefore, that, because the ballot box was properly sealed but the ballot bag was not so sealed and the number of names on the poll list did not equal the number of ballots in the box, the ballots are not recountable. Despite the explanation proffered for the discrepancy, we reach this conclusion in light of the statutory purpose to preserve the integrity of the ballots in the event a recount is necessary. (emphasis supplied).

*Poole v Bd of Canvassers of Wayne Cty*, 88 Mich App 299, 307; 276 NW2d 587 (1979).

This mandate is so strong that even the risk of an erroneous count cannot circumvent it:

> **The Legislature has evidently decided, however, that the need to guard against alteration of the vote between the original count and a recount outweighs the risk that the original court was erroneous and a recount will be circumvented by election workers**. '(M)andatory provisions must be given full effect, even though it results in disfranchisement of voters or prevention of recount.' (emphasis supplied).

*Ryan v Montgomery*, 396 Mich. 213, 218, 240 NW2d 236, 239 (1976).

The Michigan Supreme Court has reaffirmed these principles and emphasized that statutory mandates must be followed:

This Court has long recognized that "[t]he proceedings for a recount are purely statutory, and the statutory requirements must be observed." Simply put, "[n]oncompliance with statutory requirements concerning recounts precludes a recount."

*Gen v Bd of State Canvassers*, 887 NW2d 786, 789 (Mich 2016).

Were this court to adopt Anders' argument, this court would be departing from decades of Michigan election law and employing a non-uniform rule which would violate Due Process:

We have held that "[t]he Due Process clause is implicated, and § 1983 relief is appropriate, in the exceptional case where a state's voting system is fundamentally unfair." "[D]ue process is implicated where the entire election process including as part thereof the state's administrative and judicial corrective process fails on its face to afford fundamental fairness." **Such an exceptional case may arise, for example, if a state employs "non-uniform rules, standards and procedures,"** that result in significant disenfranchisement and vote dilution, or significantly departs from previous state election practice. (internal citations removed) (emphasis supplied).

*Warf v Bd of Elections of Green Cty, Ky*, 619 F3d 553, 559 (6th Cir 2010).

Furthermore, the rule mandating that only ballots within sealed containers can be counted ensures that each ballot cast is valued equally. Discarding this rule would weaken this protection and violate each voter's Equal Protection rights:

Equal protection applies as well to the manner of its exercise. Having once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another. It must be remembered that the right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote

just as effectively as by wholly prohibiting the free exercise of the franchise.

*League of Women Voters of Ohio v Brunner*, 548 F3d 463, 477 (6th Cir 2008).

In effect, Anders asks that this court institute a new recounting rule for his recount -- such, would be arbitrary. The provisions of the constitutions of the state of Michigan and the United States compel this court to follow the mandate of Michigan Election Law and only permit the recounting of the ballots within sealed containers.

## V.    There is no case or controversy because MCL §168.871 is constitutional and the Board did not discriminate against Anders.

It is axiomatic that before a federal court has jurisdiction, there must be a case or controversy.  USCA Const Art III § 2.  When a claim is such that judicial power is capable of acting on it, it is considered a case.  *Johnson v Interstate Transit Lines,* 163 F2d 125 (10th Cir 1947).  There must be a statement of facts showing that defendant is acting or is threatening to act in such a way as to invade, or prejudicially affect the rights of plaintiff.  *Aetna Life Ins Co of Hartford, Conn v Haworth,* 84 F2d 695, (8th Cir 1936), cert granted 299 US 536, 57 S Ct 190 (1936), revd on other grounds 300 US 227, 57 S Ct 461 (1937), reh den 300 US 687, 57 S Ct 667 (1937).  The Board submits that Anders has neither a case nor controversy.

14

As previously stated, the purpose of the statute is to assure that only appropriately sealed containers are recounted. The rule governing the recountability of ballots in unsealed containers has been consistently upheld. There is no likelihood that a violation will occur. In effect, Anders asks that this court institute a new recounting rule for his recount -- such, would be arbitrary. The constitutions of the state of Michigan and the United States compel this court to follow the mandate of Michigan Election Law and only permit the recounting of the ballots within sealed containers. Anders fails to allege any facts that suggest there was any intentional misconduct, practice, or discrimination by the Board.

## VI. Anders has not met the elements for a declaratory judgment.

Michigan court rule permits courts to declare the rights of litigants when there's a case or controversy:

> (A) Power To Enter Declaratory Judgment.
> (1) In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.
> (2) For the purpose of this rule, an action is considered within the jurisdiction of a court if the court would have jurisdiction of an action on the same claim or claims in which the plaintiff sought relief other than a declaratory judgment.

MCR 2.605.

The court may exercise its discretion and decide not to declare the rights of the litigants where there is no case or controversy.  The Court of Appeals of Michigan has held " [i]t is within the sound discretion of the circuit court to determine whether or not a declaratory judgment is appropriate." *Greenfield Constr Co Michigan Dep't of State Highways,* 58 Mich App 49, 54; 227 NW2d 223, (1975), affid 402 Mich 172;261 NW2d 718 (1978).

Here Anders requests a declaration that MCL §168.871 (1) and (3) on their face are unconstitutionally vague (Counts V and VI); MCL §168.871 (1) and (3) violate due process (Count VII) and that the Board should recount 2 precincts (Count IX). As discussed in the above Argument V, *supra,*and VII, below*,* these requests do not rise to a case or controversy: they are based on conjecture and speculation; ignore rational bases for the Board's actions; ignore basic Michigan Election law; and involve issues from which this court should abstain.

The court considers 5 factors when deciding whether to issue a declaratory judgment:

> (1) whether the declaratory action would settle the controversy;

> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Scottsdale Ins Co v Flowers*, 513 F3d 546, 554 (6th Cir 2008).

As there are no active disputes, a declaratory judgment would neither settle a controversy nor clarify the legal relations of the parties.  A declaratory judgment would not give the proper due to the state court and its procedures. Case law mandates that this court abstain:

> Although the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976), the exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory, *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 86 L. Ed. 1620, 62 S. Ct. 1173 (1942), and at times the better exercise of discretion favors abstention.

*Westfield Ins Corp v Mainstream Capital Corp*, 366 F Supp 2d 519, 521 (ED Mich 2005).

The claims sound in Michigan Election Law and are dressed as federal violations and procedural fencing can not be ruled out.  Anders is asking for relief from the state courts and federal courts. A reasonable person could conclude that Anders is forum shopping.  A declaratory judgment that the Board of Canvassers and Michigan Election law infringe on Anders' constitutional rights would cause

increased friction between the federal and state court systems.  Clearly, there is an alternative remedy: Anders can proceed in state court and if not satisfied, can seek review in the Michigan Court of Appeals.  This alternative will avoid conflicts due to federalism that would occur between the state and federal systems.  This court should deny the declaratory judgment requests.

## VII.   Abstention doctrines apply to this matter.

On  September 9, 2020, Anders filed a complaint against the Board in state circuit court requesting a writ of mandamus compelling the Board to count, tally and certify votes cast in AV Precinct #23 in the City of Dearborn pursuant to MCL §168.871 and MCL §168.582. (ECF 48-6). The state court case involves the same parties and same issues as the case before this court.  It concerns the Board's authority to count votes and certify election results from the canvass and recount.

### A.   *Burford* requires this court abstain from exercising jurisdiction.

*Burford* abstention prevents this court from handling this matter. Federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.  *Quackenbush v Allstate Inc*, 517 US 706, 715; 116 S Ct 1712 (1996).  One exception is the *Burford* doctrine which permits a federal court sitting in equity to dismiss a case:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with  the proceedings

18

or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

*New Orleans Pub Serv, Inc v Council of City of New Orleans*, 491 US 350, 361; 109 S Ct 2506 (1989) citing *Burford v Sun Oil* Co, 319 US 315; 63 S Ct 1098 (1943).

Anders alleges his vote will not be counted if the Board applies MCL §168.871, a statute designed to assure that only secure ballots are counted. Whether dressed as a constitutional violation in the instant court, or as a statutory violation in state court, the same Michigan law applies. The public has a substantial interest in how the issues are determined by the courts. Federal review may disrupt state efforts to establish a coherent policy. Abstention by this Court over the issues would leave the resolution to the state courts.

**B.     Because of pending matters *Colorado River* mandates abstention.**

Anders argues that the Board violated his constitutional rights by not counting insecure ballots and not certifying him as the Republican nominee for Prosecuting Attorney.  He is asking this Court to oversee the state court action. This Court may determine that the alleged facts do not confer that subject matter jurisdiction.  Fed R Civ P 12(h)(3); LR 41.2.

*Colorado River Water Conservation Dist v United States*, 424 US 800; 96 S Ct 1236 (1976) holds that federal courts may abstain from hearing a case solely because similar pending state court litigation exists.  The Court examines 5 factors:

> (1) whether the state court or the federal court has assumed jurisdiction over the res or property; (2) which forum is more convenient to the parties; (3) whether abstention would avoid piecemeal litigation; (4) which court obtained jurisdiction first; and (5) whether federal law or state law provides the basis for the decision on the merits.

*Devlin v Kalm*, 493 Fed Appx 678 (6th Cir 2012).

In this instance there is no property.  Either forum is convenient.  Abstention would certainly avoid piecemeal litigation.   The state court has obtained jurisdiction.  Michigan Election Law provides the basis for the decision on the merits.   Without application of abstention, there is a risk that this court and the state courts could reach different results without establishing a coherent policy. In the interest of comity and federalism, this court should determine the factual allegations are insufficient to confer subject matter jurisdiction and dismiss this matter.

## VIII. Anders has not met the standard for summary judgment.

Anders states that the precinct should be recountable because the absent ballots were securely packaged and sealed.  ECF 34, page 23.  He presents no evidence of that.  Indeed, the returns of the Board are presumed correct.  MCL

§168.876. He also fails to show why this court should retain supplemental jurisdiction when a similar case is pending in state court.  If this court looked at the evidence most favorably to the Board, and applied the rules on declaratory judgment, lack of case or controversy, and abstention doctrines, Anders' request for summary judgment must fail.

## CONCLUSION

Wayne County Board of Canvassers requests that this Honorable Court deny the motion for summary judgment.

Respectfully submitted,

BY:  /S/*Janet Anderson Davis*
Janet Anderson Davis (P29499)
Lead Attorney
Attorneys for Board of Canvassers
500 Griswold, 21st Floor South
Detroit, Michigan 48226
313- 347-5813

Dated: September 25, 2020         jandersn@waynecounty.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 25, 2020, I filed a copy of the *WAYNE COUNTY BOARD OF CANVASSERS RESPONSE TO MOTION FOR SUMMARY JUDGMENT (ECF 34)* and this *Certificate of Service* with the Clerk of the Court using the electronic filing system, which will send electronic notification of this filing to all parties.

/s/ *Janet Anderson Davis*
JANET ANDERSON DAVIS (P29499)