UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT DAVIS, and SHANE ANDERS<br><br>    Plaintiffs,<br><br>vs.<br><br>WAYNE COUNTY BOARD OF CANVASSERS,<br><br>    Defendants,<br><br>and<br><br>KYM WORTHY, in her official capacity<br>Proposed Intervenor-Defendant. | Case No. 20-cv-12127<br><br>Hon. Nancy G. Edmunds |

**<u>PROSECUTOR WORTHY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .....................................................................................................1

STANDARD OF REVIEW .......................................................................................3

ARGUMENT .............................................................................................................4

    I.      Plaintiffs Are Not Entitled to Sanctions Because Prosecutor Worthy's Motion to Intervene is Both Warranted and Reasonable Under the Circumstances .........................................................................................4

    II.     Plaintiffs Failed to Follow Protocol in Seeking Sanctions ....................9

    III.    Plaintiffs' Conduct is Sanctionable .......................................................10

CONCLUSION ........................................................................................................13

# INEX OF AUTHORITIES

**Cases**

*Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998)..................................................12
*Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308 (6th Cir. 1997))..........10
*Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S. Ct. 2123, 115 L.Ed. 2d 27 (1991)..................................................................................................................4
*Fieger v. Cox*, 524 F.3d 770 (6th Cir, 2008) ...............................................................3
*First Bank of Marietta v. Hartford Underwriters Ins. Co,* 307 F3d 501 (CA 6, 2002)..................................................................................................................3
*First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501 (6th Cir. 2002)................................................................................................................10
*Foman v. Davis*, 371 US 178; 83 S Ct 227, 230; 9 L Ed 2d 222 (1962)...................8
*In re Shane Anders*, Case 2:20-cv-12127 (Sept. 16, 2020) .....................................12
*Mann v. G & G Mfg., Inc.,* 900 F.2d 953 (6th Cir.)...................................................4
*Nieves v. City of Cleveland*,153 Fed. Appx. 349 (6th Cir. 2005) .............................5
*Red Carpet Studios Div. of Source Advantage Ltd. V. Sater*, 465 F. 3d 642 (6th Cir. 2006) ...............................................................................................................9
*Ridder v. City of Springfield*, 109 F. 3d 288 (6th Cir. 1997);...................................9
*Washington Mutual Bank FA v. McZeal*, 265 Fed. Appx. 173 (5th Cir. 2008)........12

**Statutes**

*Mich. Comp. Laws* § 168.582 ..................................................................................12

**Rules**

Fed. R. Civ. P. 11(C).................................................................................................9
Fed. R. Civ. P. 11(c)(2).............................................................................................8
Fed. R. Civ. Pro. 11.................................................................................................11
Fed. R. Civ. Pro. 15(a) .............................................................................................8

Proposed Intervenor-Defendant, Prosecutor Worthy, for her response in opposition to Plaintiffs' corrected motion for sanctions pursuant to 28 U.S.C. 1927 and the Court's inherent authority, against Prosecutor Worthy and her legal counsel states as follows.

## INTRODUCTION

On September 4, 2020, Plaintiffs filed an amended complaint, one of many amended motions. At the heart of Plaintiffs' challenge is objection to Prosecutor Worthy's candidacy and her ability to appear on the August 2, 2020 primary and the November 3, 2020 general election ballots. Prosecutor Worthy won the August 4, 2020 primary with 62% of the vote.[1] Plaintiffs, in their relief requested, specifically ask this Court to issue an injunction enjoining the Defendant Wayne County Board of Canvassers from counting, tallying, and/or certifying any votes cast for Prosecutor Worthy in the August 4, 2020 primary election and to issue multiple declarations, specious and without foundation, that Prosecutor Worthy failed to comply with certain Michigan Election Law provisions among other relief. Plaintiffs mislead this Court and allege that their amended complaint does "not in any way impact"

---

[1] Wayne County Clerk's Office, Elections Division, Elections Summary Report, August 4th, 2020 Primary Election, Unofficial Results
https://www.waynecounty.com/elected/clerk/electionresults.

1

Prosecutor Worthy. Simply put, Plaintiffs have deliberately misrepresented their position and relief sought to this Court.

On September 18, 2020, Prosecutor Worthy filed her first amended motion, an amended motion to intervene. Pursuant to Local Court Rule 7.1, Prosecutor Worthy's counsel sought concurrence before she filed her amended motion. Plaintiffs' counsel, as a means of oppression and deterrence, advised that they would seek sanctions if Prosecutor Worthy filed her amended motion to intervene. (Exhibit 1). Plaintiffs filed their motion for sanctions but fail to specify any conduct that violates Rule 11 or warrants sanctions. Plaintiffs' motion for sanctions is mostly a regurgitation of case law and string cites without any meaningful analysis or application to the facts or case at bar. There is no evidence or allegations that Prosecutor Worthy brought her motion to intervene for any improper purpose. Conversely, it would be wholly reckless for Prosecutor Worthy *not* to file a motion to intervene while Plaintiffs challenge her candidacy during an election. Plaintiffs' contention that Prosecutor Worthy's motion to intervene warrants sanctions is, clearly, a frivolous motion meant to oppress, burden, and harass her and is, therefore, sanctionable in and of itself.

2

## STANDARD OF REVIEW

"Sanctions may be imposed under the Federal Rules of Civil Procedure for filing frivolous lawsuits or lawsuits for an improper purpose, such as to harass or impose needless cost on a party." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir, 2008). District courts should usually inform the parties that the district court is considering using its inherent authority to sanction particular conduct. *First Bank of Marietta v. Hartford Underwriters Ins. Co,* 307 F3d 501, 516 (CA 6, 2002). Rule 11 of the Federal Rules of Civil Procedure explains that by filing a pleading or motion with the court, an attorney is certifying to the best of his or her knowledge that the allegations and factual arguments are supported by evidence. Specifically, Federal Rule 11 states:

> (b) Representations to the Court.
>
> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

>(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .
>
>(c) Sanctions.
>
>(1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

The statute plainly states that claims must be grounded in fact and supported either by current law or an argument for the extension of the law. Once any of these criteria cease to be true, counsel has an obligation "not to persist with that contention." (Notes of Advisory Committee on 1993 amendments to Rules, Subdivision (a).)

## ARGUMENT

I. Plaintiffs Are Not Entitled to Sanctions Because Prosecutor Worthy's Motion to Intervene is Both Warranted and Reasonable Under the Circumstances.

The decision to impose sanctions under its inherent authority rests within the court's sound discretion, but courts are cautioned that "inherent powers must be exercised with restraint[.]" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S. Ct. 2123, 115 L.Ed. 2d 27 (1991). The test for the imposition of Rule 11 sanctions,

4

which Plaintiffs failed to include, is whether the attorney's conduct was reasonable under the circumstances. *Mann v. G & G Mfg., Inc.,* 900 F.2d 953, 958 (6th Cir.), *cert. denied,* 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990). Most importantly, Rule 11, in rendering frivolous arguments sanctionable, uses an objective standard, not an "empty head, pure heart" one. *Nieves v. City of Cleveland*,153 Fed. Appx. 349 (6th Cir. 2005).

Here, the motion to intervene and attorney conduct was reasonable under the circumstances and does not warrant sanctions. Plaintiffs have serially filed dozens of lawsuits related to the August primary and the November general election. A number of these cases invoke the same or substantially similar claims dressed up in slightly different causes of actions. In other words, Plaintiffs are forum shopping. And this is, but, one of many frivolous lawsuits.

As addressed in Prosecutor Worthy's motion and amended motion to intervene, Plaintiffs' complaint and Plaintiffs' amended complaint directly affects Prosecutor Worthy's candidacy in the November 3, 2020 general election. Prosecutor Worthy is named specifically *over forty times* in Plaintiffs' amended complaint. Plaintiffs' amended complaint asks this Court, for a "declaration that Defendant Wayne County Board of Canvassers cannot count and/or certify any votes cast for Kym Worthy in the August 4, 2020 primary election;" to "issue an injunction enjoining the Defendant Wayne County Board of Canvassers from counting,

5

tallying, and/or certifying any votes cast for Kym Worthy in the August 4, 2020 primary election" and to issue multiple declarations that Prosecutor Worthy failed to comply with Michigan Election Law, and that she submitted an affidavit containing a false statement, among other relief. Counts I and II seek relief specifically pertaining to Prosecutor Worthy. Notably, paragraph 84 of Plaintiffs' amended complaint states as follows:

> 84. Plaintiff Davis has a fundamental right to have his vote counted, which can only be achieved by the Defendant Wayne County Board of Canvassers not being permitted to count, tally or certify any votes cast for Kym Worthy.
>
> **WHEREFORE**, Plaintiff Davis requests this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

a. compensatory damages in whatever amount above $75,000.00 Plaintiff Davis is found to be entitled;
b. an award of exemplary and punitive damages;
c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;
d. a declaration that Plaintiff Davis' substantive due process rights have been violated by the Defendant Wayne County Board of Canvassers;
e. a declaration that Plaintiff Davis' fundamental right to vote and to have his vote counted has been violated by Defendant Wayne County Board of Canvassers with the counting and/or certification of votes cast for Kym Worthy;
f. a declaration that Plaintiff Davis' vote has been diluted with the counting and certification of votes cast for Kym Worthy in the August 4, 2020 primary election by the Defendant Wayne County Board of Canvassers;
g. a declaration that Defendant Wayne County Board of Canvassers cannot count and/or certify any votes cast for Kym Worthy in the August 4, 2020 primary election;
h. a declaration that the ballots printed with Kym Worthy's name on them were not printed in accordance with Michigan Election Law and thus, pursuant to Mich.Comp.Laws §168.560, said ballots cannot be counted by the Defendant Wayne County Board of Canvassers;
i. a declaration that Kym Worthy submitted an affidavit of identity containing a false statement in violation of Mich.Comp.Laws §168.558;
j. a declaration that Kym Worthy failed to file 2 copies of her affidavit of identity in violation of Mich.Comp.Laws §168.558;
k. an injunction enjoining the Defendant Wayne County Board of Canvassers from counting, tallying, and/or certifying any votes cast for Kym Worthy in the August 4, 2020 primary election; and
l. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Plaintiffs' contention that Prosecutor Worthy's motion to intervene warrants sanctions is, clearly, a frivolous motion meant to oppress, burden, and harass her and is, therefore, sanctionable in and of itself. Arguably, there is no party that has as much at stake in the outcome of this case than the candidate herself, Prosecutor Worthy who is running for re-election.

Pursuant to Fed. R. Civ. P. 11(c)(2), a motion for sanctions "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Plaintiffs failed to comply with this most basic requirement and that is to specify the conduct that allegedly warrants sanctions. Prosecutor Worthy's counsel sought concurrence to amend her motion to intervene pursuant to local court rules and, in response, Plaintiffs' counsel threatened to file a motion for sanctions upon this request. Yet, Plaintiffs do not specify any conduct that violates Rule 11 or warrants sanctions. There is no evidence that Prosecutor Worthy brought her motion to intervene for any improper purpose.

Plaintiffs' motion for sanctions is mostly regurgitation of case law without any meaningful analysis or application to the facts or case at bar. Plaintiff merely refers to Prosecutor Worthy's motion to intervene and fails to address her amended motion to intervene or any substantive justification to warrant sanctions. Fed. R. Civ. Pro. "15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded". See generally, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. *Foman v. Davis*, 371 US 178, 182; 83 S Ct 227, 230; 9 L Ed 2d 222 (1962). A motion to amend a pleading is, by no means, a basis for sanctions. As Plaintiffs note on page four of its motion for sanctions, "[s]imply inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927." *Ridder v. City of Springfield*, 109 F. 3d 288, 298 (6th Cir.

8

1997); see also *Red Carpet Studios Div. of Source Advantage Ltd. V. Sater*, 465 F. 3d 642, 646 (6th Cir. 2006).

    II.    Plaintiffs Failed to Follow Protocol in Seeking Sanctions.

Additionally, in accord with the amended rule, a party seeking sanctions must follow a two-step process. *Ridder v City of Springfield*, 109 F3d 288, 294 (CA 6, 1997). First, the party must serve motion for sanctions on the opposing party for a designated period (at least twenty-one days); and second file the motion with the court. *Id.*; Fed. R. Civ. P. 11(C). Critical language directs that the motion for sanctions is not to be filed "until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court." *Id*. The drafters correspondingly state:

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.... To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party.

9

Plaintiffs failed to comply with the two-step process. Specifically, Plaintiffs failed to "serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days)". Despite this being an election law matter, some safe harbor period should have been heeded. Here, Plaintiff failed to serve Prosecutor Worthy its motion before filing it with this Court. When Prosecutor Worthy's counsel sought concurrence to amend its motion to intervene, Plaintiffs' counsel, as a means of oppression and deterrence, advised that they would seek sanctions if Prosecutor Worthy filed her amended motion to intervene. (Exhibit 2).

Courts have the inherent authority to award fees when a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (internal quotation marks omitted) (quoting *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997)). Here, it is clear that Plaintiffs' motion was filed in bad faith and for oppressive reasons.

III.  Plaintiffs' Conduct is Sanctionable.

"[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions. However, service of a cross motion under Rule 11 should rarely be needed since under the revision the court may award to the person who prevails on a motion under Rule 11—whether the movant or the target of the motion—reasonable expenses, including attorney's fees, incurred in presenting or

10

opposing the motion." Fed. R. Civ. Pro. 11 Notes of Advisory Committee on Rules-1993 Amendment.

Plaintiffs have flooded the courts with dozens of lawsuits, not to mention numerous motions, within the recent months with related and repeated claims. Plaintiffs insistence in going forward with these frivolous claims has needlessly caused undue expense and harassment to Prosecutor Worthy. The United States Court of Appeals for the Sixth Circuit identified Plaintiffs' "vexatious litigation strategy" just last week regarding one of its many frivolous claims and determined the requested writ of mandamus was improper. (Exhibit 3). The Court of appeals opined:

> [W]e will not lightly command the district court to alter its schedule. Anders has not explained why this case warrants interference with the district court's power, especially when the purported deadline, according to him, was several days ago on September 9. (R. 23, Motion to Expedite, Page ID 865.) He also does not explain why, in the face of the alleged emergency, he waited four days after knowing about his cause of action to file the motion for a TRO or injunction, filing just twenty-one hours before his claimed deadline. He then waited another three days after the district court denied his motion to expedite before asking this Court for relief. This combined total of seven days' delay **suggests that Anders's claimed urgency is better explained by vexatious litigation strategy than true emergency**. In addition, our review of the trial court's docket and the trial court's response reveals that the court has been diligent in addressing Anders's numerous motions and filings and had sound reasons for denying the motion to expedite. Anders fails to cite anything supporting his right to expedited resolution;

11

instead he focuses on the merits of his case. And with
                     regard to the merits, **we doubt the validity of his claims**.
                     He asserts that Michigan law requiring a minimum
                     number of votes for nomination in a primary is
                     unconstitutionally vague because it does not specify the
                     minimum thresholds for write-on candidates. *See Mich.
                     Comp. Laws* § 168.582. He also claims that election
                     officials denied him his rightful position on the general-
                     election ballot by not completing a recount as they should
                     have. But Anders cannot establish an indisputable right to
                     the TRO or injunction on either of these claims…. And
                     because Michigan law specifies the minimum threshold of
                     votes for nomination— being the highest of the above
                     three numbers—Anders is nowhere near qualifying for
                     nomination with only eleven votes. So even if he were to
                     succeed on his claim that the recount was done incorrectly,
                     he would not be entitled to a place on the ballot. At the
                     very least, this undermines his claim of entitlement to
                     relief, which makes a writ of mandamus improper.

*In re Shane Anders*, Case 2:20-cv-12127 (Sept. 16, 2020)(emphasis added).

Accordingly, Prosecutor Worthy asks this Court to deny Plaintiffs' requested motion for sanctions, and sanctions against Plaintiffs and Plaintiffs' counsel. Moreover, this Court has the power to issue an order precluding Plaintiffs from filing additional lawsuits in federal court without first obtaining the approval of the Court. *See Washington Mutual Bank FA v. McZeal*, 265 Fed. Appx. 173, 176 (5th Cir. 2008) ("given the evidence of McZeal's history of filing frivolous complaints, the district court did not abuse its discretion in ordering McZeal to obtain permission from the Chief Judge before bringing any more lawsuits."); *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (holding that the district court did not abuse its discretion

12

in ordering a pro se litigant not to file additional lawsuits without prior approval of the court.). Considering Plaintiffs' history and the need for Prosecutor Worthy to respond to this motion for sanctions, Plaintiffs should be prohibited from filing additional lawsuits in the U.S. District Court for the Eastern District of Michigan without approval from the Court, which should also include posting a bond that this Court deems reasonable under the circumstances.

## CONCLUSION

WHEREFORE, for all the above reasons, Prosecutor Worthy respectfully request that this Court enter an order denying Plaintiffs' Motion, awarding Prosecutor Worthy her costs and attorneys' fees for defending this matter, and precluding Plaintiff from again suing in federal court with regard to their attempt to challenge Prosecutor Worthy for allegations that have already been determined.

Respectfully Submitted,

Date: September 25, 2020

*/s/ Angela L. Baldwin*
Angela L. Baldwin (P81565)
Melvin Butch Hollowell (P37834)
**THE MILLER LAW FIRM, P.C.**
1001 Woodward, Suite 850
Detroit, Michigan 48226
Tel: (313) 483-088
mbh@millerlawpc.com
alb@millerlawpc.com

*Attorneys for Intervenor-Defendant Kym Worthy*

## **PROOF OF SERVICE**

I hereby certify that on September 25, 2020, I electronically filed the foregoing document using the ECF system which will send notification of such filing to all attorneys of record.

>*/s/ Angela L. Baldwin*
>Angela L. Baldwin (P81565)
>**THE MILLER LAW FIRM, P.C.**
>1001 Woodward Ave., Suite 850
>Detroit, MI 48226
>Tel: (313) 483-0880
>alb@millerlawpc.com
>
>*Attorney for Intervenor-Defendant Kym Worthy*

1