# EXHIBIT 2

# UNITED STATES DISCTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT DAVIS, and SHANE ANDERS

      Plaintiffs,

vs.

Case No. 20-cv-12127
Hon. Nancy G. Edmunds

WAYNE COUNTY BOARD OF CANVASSER,

      Defendants.

and

KYM WORTHY

      Proposed Intervenor-Defendant.

| | |
|---|---|
| Andrew A. Paterson, JR. (P18690)<br>*Attorney for Plaintiffs*<br>2893 E. Eisenhower Pkwy<br>Ann Arbor, MI 48108<br>(248) 568-9712<br>Aap43@outlook.com | James W. Heath (P65419)<br>*Wayne County Corporation Counsel*<br>Janet Anderson-Davis (P29499)<br>*Assistant Corporation Counsel*<br>*Attorneys for Defendant Wayne County*<br>Boards of Canvassers<br>500 Griswold, 21st Floor<br>Detroit, Michigan 48226<br>(313) 347-5813<br>jandersn@waynecounty.com<br><br>Melvin Butch Hollowell (P37834)<br>Angela L. Baldwin (P81565)<br>THE MILLER LAW FIRM, P.C.<br>*Attorneys for Intervenor-Defendant*<br>1001 Woodward, Suite 850<br>Detroit, Michigan 48226<br>(313) 483-0880<br>mbh@millerlawpc.com<br>alb@millerlawpc.com |

## <u>PROSECUTOR WORTHY'S AMENDED MOTION TO INTERVENE</u>

Wayne County Prosecutor Kym L. Worthy ("Prosecutor Worthy"), by and through her attorneys, respectfully moves to amend her motion to intervene pursuant to Fed. R. Civ. P. 15(a), 6 (b)(1)(A) and (B), and Local Court 7.1 for the reasons stated in the following brief in support.

Respectfully Submitted,

/s/*Angela L. Baldwin*
Angela L. Baldwin (P81565)
Melvin Butch Hollowell (P37834)
THE MILLER LAW FIRM, P.C.
*Attorneys for Intervenor Defendant*
1001 Woodward, Suite 850
Detroit, Michigan 48226
Dated: September 18, 2020         (313) 483-0880

# UNITED STATES DISCTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT DAVIS, and SHANE
ANDERS,

      Plaintiffs,

vs.

                                       Case No. 20-cv-12127
                                       Hon. Nancy G. Edmunds

WAYNE COUNTY BOARD OF
CANVASSER,

      Defendants.               **PROSECUTOR WORTHY'S**
                               **AMENDED BRIEF IN SUPPORT OF**
and                                 **MOTION TO INTERVENE**

KYM WORTHY

      Proposed Intervenor-Defendant.

| | |
|---|---|
| Andrew A. Paterson, JR. (P18690) | Melvin Butch Hollowell (P37834) |
| *Attorney for Plaintiffs* | Angela L. Baldwin (P81565) |
| 2893 E. Eisenhower Pkwy | THE MILLER LAW FIRM, P.C. |
| Ann Arbor, MI 48108 | *Attorneys for Intervenor-Defendant* |
| (248) 568-9712 | 1001 Woodward, Suite 850 |
| Aap43@outlook.com | Detroit, Michigan 48226 |
| | (313) 483-0880 |
| | mbh@millerlawpc.com |
| | alb@millerlawpc.com |
| | |
| | James W. Heath (P65419) |
| | *Wayne County Corporation Counsel* |
| | Janet Anderson-Davis (P29499) |
| | *Assistant Corporation Counsel* |
| | *Attorneys for Defendant Wayne County* |
| | Boards of Canvassers |
| | 500 Griswold, 21st Floor |
| | Detroit, Michigan 48226 |
| | (313) 347-5813 |
| | jandersn@waynecounty.com |

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ...................................................................... ii

I.    Introduction ..................................................................................1

II.    Background ...................................................................................3

III.   Argument .....................................................................................7

       A.    Prosecutor Worthy Should Be Permitted to Intervene as Of Right ......7

            1.    Prosecutor Worthy's Motion is Timely ......................................8

            2.    Prosecutor Worthy Has A Substantial Legal Interest in The Subject Matter of This Case........................................................9

            3.    Intervention is Necessary to Protect Prosecutor Worthy's Interest in this Case ...................................................................10

            4.    Prosecutor Worthy's Interests Are Not Adequately Represented by Current Parties.....................................................................11

       B.    Prosecutor Worthy Should be Allowed to Intervene By Permission..12

V.    Conclusion…...............................................................................15

# INDEX OF AUTHORITIES

## Cases

*Bradley v. Milliken*, 828 F2d 1186 (CA 6, 1987) ................................................. 9, 10

*Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477 (6th Cir. 2014).........................12

*Foman v. Davis*, 371 U.S. 178, 182; 83 S. Ct. 227, 230; 9 L Ed 2d 222 (1962).......1

*Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999) ..............................................8

*In re: Shane Anders,* Case No 20-1880 (CA 6, 2020) ........................................5, 7

*Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854 (6th Cir. 2000) .................................................................................................................12

*Kimble v. Hoso*, 439 F.3d 331..............................................................................7

*Mich. State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997)............................10

*Michigan Ass'n for Retarded Citizens v. Smith,* 657 F.2d 102 (6th Cir.1981)..........8

*Michigan Ass'n for Retarded Citizens,* 657 F.2d at 106 .........................................9

*NAACP v. New York,* 413 U.S. at 365–66, 93 S.Ct. at 2602–03 ..............................8

*Ohio State Conference of NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) ..........................................................................................................................8

*Stotts v. Memphis Fire Dep't,* 679 F.2d 579 (6th Cir.)............................................9

*United Airlines, Inc. v. McDonald,* 432 U.S. at 396 S. Ct. at 2470 .........................9

## Other Authorities

Fed. R. Civ. P. 15(a)..............................................................................................1

Fed. R. Civ. P. 24(a)(2)..........................................................................................8

Fed. R. Civ. P. 24(b)(1)(B).....................................................................................13

Fed. R. Civ. P. 24(b)(3)...........................................................................................13

Fed. R. Civ. P. 56 ..................................................................................................7

Fed. R. Civ. P. 6 (b)(1)............................................................................................1

Fed. R. Civ. P. 6(b)(1)(A).........................................................................................1

# I. Introduction

Prosecutor Worthy moves to amend her motion to intervene, pursuant to Fed. R. Civ. P. 15(a) and 6 (b)(1)(A) and (B). Fed. R. Civ. P. "15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182; 83 S. Ct. 227, 230; 9 L Ed 2d 222 (1962). In the absence of any apparent reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.— the leave sought should, as the rules require, be freely given." *Id*. The grant or denial of an opportunity to amend is within the Courts discretion "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id*.

Alternatively, pursuant to Fed. R. Civ. P. 6 (b)(1), a court may, for good cause, extend the time (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

On August 21, 2020, Prosecutor Worthy timely filed a motion to intervene in this matter (ECF No. 15). The week after Plaintiffs' response was due, Plaintiffs

filed an emergency motion for an extension of time until September 9, 2020. (ECF No. 24) This Court granted Plaintiffs' motion. On September 11, 2020, again after the deadline lapsed, Plaintiffs' filed a second emergency motion for an extension of time as well as their response brief in opposition to Prosecutor Worthy's motion to intervene. (ECF No. 32) (ECF No. 33). Prosecutor Worthy has responded and intervened in numerous Plaintiff Davis' "emergency motions" and/or cases in state and federal court in order to diligently protect her rights as a candidate for office in the November 3, 2020 General Election. In each and every instance, the state and federal courts have granted Prosecutor Worthy's requested intervention. Further, in the instant amended motion, she is not seeking the amendment in bad faith or with a dilatory motive. This is Prosecutor Worthy's first amended motion which shall be freely given to cure any deficiencies by way of amendment.

None of the factors that may militate against granting Prosecutor Worthy's motion to amend is present in this case. Plaintiffs will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. Plaintiffs cannot be prejudiced, or caught off guard, by the proposed amendment, since the Plaintiffs have first-hand knowledge of the roles that they played in the transaction at issue and the proceedings described

therein. The proposed amended motion to intervene does not involve the addition of any new defendants, set forth any new claims, or raise any new legal theories. The amened motion to intervene accounts for federal rules and case law. Thus, no prejudice would result to Plaintiffs in allowing the amendment under these circumstances.

The interests of justice and judicial economy will undoubtedly be served by having all allegations and defenses properly before the Court and the grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend.

## II. Background

The heart of this litigation arises out of the Wayne County Third Circuit Court Case No. 20-007116-AW, where Prosecutor Worthy's candidacy for re-election to the position of Wayne County Prosecuting Attorney was unsuccessfully challenged. Around June 3, 2020 Victoria Burton-Harris ("Burton-Harris") submitted a letter to the Wayne County Clerk ("County Clerk") challenging the candidacy of Prosecutor Worthy for the Office of Wayne County Prosecutor in the August 4, 2020 Primary Election. On June 4, 2020 Prosecutor Worthy filed her response with the County Clerk. At its June 5, 2020 meeting, the Wayne County Election Commission rejected the challenge. Under advice of County Corporation Counsel and after oral argument, the County Clerk properly determined that Prosecutor Worthy had complied with

the mandatory statute. As a result, Prosecutor Worthy's candidacy was approved to appear on the August 4, 2020 Primary Election ballot.

On June 5, 2020, Burton-Harris filed a Verified Complaint for a Writ of Mandamus, Injunctive and Declaratory Relief, and an Ex Parte Emergency Motion for Temporary Restraining Order ("TRO") in Wayne County Third Circuit Court. Chief Judge Kenny denied the Ex Parte Motion for TRO and entered an Order for Defendants to Show Cause why a Writ of Mandamus and Preliminary Injunction should not be issued.[1] On August 21, 2020, Prosecutor Worthy filed a motion to intervene. On June 11, 2020, Plaintiff, Robert Davis, ("Plaintiff" or "Davis") filed an Emergency Motion to Intervene. On June 15, 2020 after extensive briefing and oral arguments, the court granted Prosecutor Worthy's motion to intervene, denied Davis' Motion to Intervene and denied Burton-Harris' Motion for Writ of Mandamus and Declaratory Judgment.

Two weeks later, on June 29, 2020, Davis filed an appeal with the Michigan Court of Appeals not only with respect to the denial of his motion to intervene, but Davis also named and brought suit against Chief Judge Kenny personally, and further appealed the court's substantive ruling, even though Davis was not a party.

---

[1] Burton-Harris filed an Emergency Application for Leave to Appeal Judge Kenny's Order denying her Ex Parte Motion for TRO, which was also denied by the Court of Appeals. (Docket No. 353770).

4

Notably, the actual candidate, Burton-Harris, did not file an appeal of the circuit court ruling.

The Court of Appeals granted leave to appeal and denied expedited consideration. This matter remains pending before the Michigan Court of Appeals, Docket No. 353999. Simultaneously, Davis filed with the Michigan Supreme Court a bypass application and application to appeal the Michigan Court of Appeals July 1, 2020 Order. This was also denied by the Michigan Supreme Court. In the recent months, Davis, pro se, or with counsel Drew Patterson, has filed roughly 24 cases that are all dressed-up in slightly different ways or causes of actions alleged, but ultimately seeking the same or substantially similar relief: attempting to bar Prosecutor Worthy from the General Election ballot. This case is a prime example of the same pattern.

Yesterday, the United States Court of Appeals for the Sixth Circuit issued its opinion denying Davis' petition raising similar claims to the case at bar. *In re: Shane Anders,* Case No 20-1880 (CA 6, 2020) (Exhibit 1). In rejecting Davis' claims, the Sixth Circuit described said claims as "vexatious" campaign tactics. Prosecutor Worthy agrees.

On August 7, 2020 Plaintiffs' filed their first complaint in the instant case, and alleged that their federal constitutional rights were violated, and their votes were diluted because the Board counted votes for Prosecutor Worthy and Brenda Jones,

Detroit City Council President, and then a candidate for Congress in the primary election. (ECF No. 1) (Exhibit 2). On August 12, 2020 Plaintiffs filed a motion for a temporary restraining order or preliminary injunction as to the counts I and II, the counts that expressly name Prosecutor Worthy. (ECF No. 12). As soon as Prosecutor Worthy became aware of the motion, she timely filed a motion to intervene on August 21, 2020. (ECF No. 15) (Exhibit 3). Pursuant to Local Court rule 7.1(e)(2)(B), Plaintiffs' response to Prosecutor Worthy's motion was due on September 4, 2020. Instead of responding to Prosecutor Worthy's motion to intervene, Plaintiffs filed an amended complaint. (ECF No. 21) (Exhibit 4). The following week, after the deadline lapsed, Plaintiffs filed an emergency motion for an extension of time until September 9, 2020. (ECF No. 24) This Court granted Plaintiffs' motion. On September 11, 2020, again after the deadline lapsed, Plaintiffs untimely filed its response brief in opposition to Prosecutor Worthy's motion to intervene. (ECF No. 32) (Exhibit 5). Plaintiffs filed their second emergency motion for an extension of time to file a response to the motion to intervene but only after they filed their untimely response (ECF No. 33) (Exhibit 6). As Plaintiffs concede but fail to heed, "election-related matters are time sensitive". (Exhibit 6, Plaintiffs' second emergency motion for an extension of time, at 8).

Shortly thereafter, Plaintiffs filed a "motion to expedite, briefing, scheduling, and adjudication of Plaintiffs emergency motion for summary judgment with respect

to count IX only of Plaintiffs amended complaint (ECF No. 21) pursuant to Fed. R. Civ. P. 56 (ECF No. 34)" (ECF No. 35). This Court denied that motion. Today, Plaintiffs' filed, yet another, emergency motion to expedite briefing, scheduling and adjudication of Plaintiffs' emergency motion for an order staying the destruction of absentee ballots cast and used. (ECF No. 42) (ECF No. 43). "[D]istrict courts ordinarily enjoy broad discretion in matters of pretrial management, scheduling, and docket control." *Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006). And as recently opined by the United State Court of Appeals for the Sixth Circuit, "Anders claimed emergency is better explained by vexatious litigation strategy than a true emergency." *In re: Shane Anders,* Case No 20-1880 (CA 6, 2020) (Exhibit 1), *supra.*

Pursuant to Local Court Rule 7.1, Prosecutor Worthy sought concurrence in the Motion to Intervene from all parties in this matter. Defendants provided concurrence and Plaintiffs oppose.

### III. Argument

A. <u>Prosecutor Worthy Should Be Permitted to Intervene as Of Right.</u>

Prosecutor Worthy, as candidate for office, is a party with an inherent interest relating to the subject of this action and whose rights cannot be adequately represented by the parties in this matter. Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of

the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

This Rule is "broadly construed in favor of potential intervenors," who must be permitted to intervene if: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately 4 represent the applicant's interest." *Ohio State Conference of NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) (citation omitted); *see Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999) (same). Prosecutor Worthy meets each of these requirements for intervention as of right and, alternatively, intervention by permission.

### 1. Prosecutor Worthy's Motion is Timely

The threshold determination of "whether a motion is timely is a matter within the sound discretion of the trial court." *NAACP v. New York,* 413 U.S. at 365–66, 93 S.Ct. at 2602–03; *Michigan Ass'n for Retarded Citizens v. Smith,* 657 F.2d 102, 105 (6th Cir.1981). This Court, evaluates "timeliness in the context of all relevant circumstances, such as the purpose of the motion to intervene, the length of time the applicant for intervention should have known of his interest in the case, whether the original parties would be prejudiced by further delays, whether there are any unusual

8

circumstances which would bear on granting or denying the motion and to what stage the lawsuit has progressed." *Michigan Ass'n for Retarded Citizens,* 657 F.2d at 106; *Stotts v. Memphis Fire Dep't,* 679 F.2d 579, 582 (6th Cir.), *cert. denied,* 459 U.S. 969, 103 S. Ct. 297, 74 L.Ed.2d 280 (1982); *see also United Airlines, Inc. v. McDonald,* 432 U.S. at 396, 97 S. Ct. at 2470 (court must determine whether the intervenor acted promptly in view of all the circumstances). *Bradley v Milliken*, 828 F2d 1186, 1191 (CA 6, 1987).

Here, the case is at its earliest stage. No factual or legal issues have been substantially litigated. A scheduling order has not been issued. And the parties will not be prejudiced by the intervention. There has been no expedited briefing schedule granted as this Court has denied Plaintiffs' motion for an expedited briefing and adjudication of Plaintiffs' motion for summary disposition. (ECF No. 35). Moreover, the parties have been put on notice of Prosecutor Worthy's intent to intervene on August 21, 2020 as evidenced by her original motion to intervene (ECF No.15). Prosecutor Worthy's Motion is timely and permitting her invention will, in no way, unduly delay or prejudice the adjudication of the rights of the original parties. In light of all the circumstances, Prosecutor Worthy acted timely.

2. *Prosecutor Worthy Has A Substantial Legal Interest in The Subject Matter of This Case*

Prosecutor Worthy has a substantial legal interest in the subject matter of this case because Plaintiffs are challenging her candidacy for the August 4, 2020 Primary

9

and November 4, 2020 General Election. The United States Court of Appeals for the Sixth Circuit supports to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter*, 188 F.3d at 398 (citation omitted); *see also Bradley v. Milliken*, 828 F.2d 1186, 1192 (6thCir. 1987) ("'[I]nterest' is to be construed liberally."). No specific legal or equitable interest is required, *see Grutter*, 188 F.3d at 398, and even "close cases" should be "resolved in favor of recognizing an interest under Rule 24(a)," *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

Prosecutor Worthy's interest is strong here because the complaint alleges that she did not follow Michigan Election Law. Prosecutor Worthy is directly named in counts I and II of Plaintiffs' complaint and counts I and II in Plaintiffs' amended complaint. She has an unconditional right to intervene in this matter because it directly impacts and relates to her candidacy for the Office of Wayne County Prosecutor in the November 3, 2020 General Election.

3. *Intervention is Necessary to Protect Prosecutor Worthy's Interest in this Case*

To satisfy the third element, "a would-be intervenor must show only that impairment of its substantial legal interest **is possible** if intervention is denied. This burden is minimal." *Miller*, 103 F.3d at 1247 (citing *Purnell*, 925 F.2d at 948). *Grutter*, 188 F3d 394, 399 (CA 6, 1999) (emphasis added). Accordingly,

intervention of right does not require an absolute certainty that a party's interest will be impaired, just a possibility that a party's interest will impaired.

Here, there is a definite possibility that Prosecutor Worthy's interest will be impaired because a federal decision applying, or interpreting Michigan election law could affect her candidacy in the November 2020 General Election and could also hinder Prosecutor Worthy's efforts to litigate similar claims currently in the Michigan Court of Appeals. *See Miller*, 103 F.3d at 1245, 1247- 48 (finding impairment of interest where Michigan Chamber of Commerce argued that "the precedential effect of an adverse ruling . . . could hinder its own efforts to litigate the validity of Michigan's system for regulating campaign finance"). Clearly, intervention is proper to protect against any possibility in an impairment of her legal interests.

### 4. *Prosecutor Worthy's Interests Are Not Adequately Represented by Current Parties.*

As it relates to the fourth element, Prosecutor Worthy, as candidate for office, is a party with an interest relating to the subject of the action whose rights cannot be adequately represented by the parties in this matter. This burden, again, is minimal to show that the existing parties to this litigation inadequately represent her interests. *Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000). A potential intervenor "need not prove that the [existing parties'] representation will in fact be inadequate, but only that it 'may be' inadequate." *Id*.

11

(citations omitted) (emphasis added); *see also Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 495 (6th Cir. 2014) ("The proposed intervenor need show only that there is a potential for inadequate representation.") (citation omitted) (emphasis in original).

Here, there is potential for inadequate representation. Davis has filed 24 cases all, if not most, on an emergency basis. Wayne County Counsel is a named defendant in most. Management of such case load requires immediate and immense attention and effort on behalf of Wayne County Counsel to litigate. Wayne County Counsel does not represent Prosecutor Worthy or have knowledge of facts necessary to represent her interests. Additionally, Wayne County Counsel has a heavy case load representing its own clients and must provide its attention to its own clients first and foremost. Lastly, Defendants concur with Prosecutor Worthy's request to intervene. Prosecutor Worthy satisfies this burden.

## B. Prosecutor Worthy Should be Allowed to Intervene By Permission

Alternatively, Prosecutor Worthy should be allowed to intervene by permission. The Court may permit intervention by anyone who has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion," a court "must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The interests of justice and judicial economy will undoubtedly be served by having all allegations and defenses properly before the Court, and, in so doing, the action can more effectively proceed on the merits. First, Prosecutor Worthy's motion is timely for the reasons detailed in section A(1). The parties have been put on notice of Prosecutor Worthy's intent to intervene as evidenced by her original motion to intervene on August 21, 2020. The case is at its earliest stage and no factual or legal issues have been substantially litigated.

Second, Prosecutor Worthy shares, with the main action, common questions of law and facts. Specifically, she is named in counts I and II of Plaintiffs' original and amended complaint. In Plaintiffs' amended complaint, they specifically request the following relief in relevant part (among other relief): count I (f) declaration that Defendant cannot count and/or certify any votes cast for Prosecutor Worthy in the August 4, 2020 primary election; (g) a declaration that the ballots printed with Prosecutor Worthy's name were not printed in accordance with Michigan Election Law; (j) an injunction enjoining defendants from counting, tallying, and/or certifying any votes cast for Prosecutor Worthy. Prosecutor Worthy most certainly has a substantial interest in this subject matter of this case because her candidacy is being challenged. Common questions of law and fact exists.

Furthermore, Plaintiffs alleged that their federal constitutional rights were violated, and their votes were diluted because Defendants counted votes for

Prosecutor Worthy. Plaintiffs sought the same type of relief in the Third Circuit Court and the Michigan Court of Appeals as they seek with this Court, and that is to overturn Wayne County Circuit Court Chief Judge Kenny's ruling and find that Prosecutor Worthy's name should have neither appeared on the August 4, 2020 Primary Election ballot, nor the November 3, 2020 General Election ballot.

Davis' request is moot because the August Primary has already occurred. In the August 4, 2020 primary election the voters elected Prosecutor Worthy over her Democratic Party challenger Burton-Harris with 62.3% of the vote.[2] On August 18, 2020 the Board certified the election results which included Prosecutor Worthy as the Democratic candidate. Plaintiffs serial court filings are now moot as it relates to the primary election, and a transparent attempt to interfere with the will of the people in selecting the candidate of their choosing by seeking to overturn an election.

Finally, this case is at an early stage Prosecutor Worthy's intervention will not delay or prejudice the adjudication of any party's rights. Plaintiffs cannot be prejudiced, or caught off guard, by the proposed amended motion to intervene, since Plaintiffs were put on notice by Prosecutor Worthy's original motion filed on August 21, 2020. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost,

---

[2] Wayne County Clerk's Office, Elections Division, Elections Summary Report, August 4th, 2020 – Primary Election, Unofficial Results https://www.waynecounty.com/elected/clerk/election-results.aspx

14

and preparation to defend against new facts or new theories. Plaintiffs have first-hand knowledge of the roles that they played in the transaction at issue. The proposed amended motion to intervene does not involve the addition of any new defendants, set forth any new claims, or raise any new legal theories. And there is no expedited briefing schedule. Thus, no prejudice or undue delay would result under these circumstances.

## V. Conclusion

WHEREFORE, for the reasons identified and in the interest of justice Proposed Intervening-Defendant Prosecutor Worthy respectfully requests that this Honorable Court grant her amended motion to intervene.

Respectfully Submitted,

/s/*Angela L. Baldwin*
Melvin Butch Hollowell (P37834)
Angela L. Baldwin (P81565)
THE MILLER LAW FIRM, P.C.
*Attorneys for Proposed Intervenor-Defendant*
1001 Woodward, Suite 850
Detroit, Michigan 48226
(313) 483-0880
mbh@millerlawp.com
alb@millerlawpc.com

Dated: September 18, 2020

15

**PROOF OF SERVICE**

I hereby certify that on September 18, 2020, I electronically filed the foregoing document using the ECF system which will send notification of such filing to all attorneys of record.

/s/ *Angela L. Baldwin*_____
Melvin Butch Hollowell (P37834)
Angela L. Baldwin (P81565)
THE MILLER LAW FIRM, P.C.
1001 Woodward Ave., Suite 850
Detroit, MI 48226
(313) 483-0880
alb@millerlawpc.com
*Attorney for Intervenor-Defendant*
*Kym Worthy*
mbh@millerlawpc.com
alb@millerlawpc.com

1

## <u>INDEX OF EXHIBITS</u>

| *EXHIBIT* | *DESCRIPTION* |
|---|---|
| Exhibit 1 | Order In Re: Shane Anders- Sixth Circuit Court of Appeals |
| Exhibit 2 | August 7, 2020 Complaint and Jury Demand |
| Exhibit 3 | Prosecutor Kym L. Worthy's Motion to Intervene |
| Exhibit 4 | September 4, 2020 Amended Complaint and Jury Demand |
| Exhibit 5 | Plaintiffs' Response in Opposition to Proposed Intervenor Kym Worthy's Motion to Intervene |
| Exhibit 6 | Plaintiffs' Second Emergency Motion for Extension of Time |

# EXHIBIT 1

No. 20-1880

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 16, 2020
DEBORAH S. HUNT, Clerk

In re: SHANE ANDERS,                    )
                                        )          O R D E R
                Petitioner.             )


Before:  MERRITT, GILMAN, and NALBANDIAN, Circuit Judges.

Shane Anders petitions this Court for a writ of mandamus requiring the district court to expedite its decision on his *ex parte* motion for a temporary restraining order or preliminary injunction. He claims that his right to be on the November 3, 2020, ballot in Michigan has been denied by the Wayne County Board of Canvassers. After considering the responses by the district court and opposing party, we determine that he cannot meet the standard for a writ of mandamus, and we **DENY** his petition.

"Mandamus is a drastic remedy that should be invoked only in extraordinary cases where there is a clear and indisputable right to the relief sought." *United States v. Young*, 424 F.3d 499, 504 (6th Cir. 2005). Petitioners must "demonstrate a clear abuse of discretion or conduct amounting to usurpation of the judicial power to be entitled to issuance of the writ." *Mallard v. United States Dist. Court for S. Dist.*, 490 U.S. 296, 309 (1989) (cleaned up). "And, because mandamus is a discretionary remedy, a Court may decline to issue the writ if it finds that it would not be 'appropriate under the circumstances' even if the petitioner has shown he is 'clearly and indisputably' entitled to it." *In re Professionals Direct Ins. Co.*, 578 F.3d 432, 437 (6th Cir. 2009) (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 381 (2004) (alterations removed)).

Anders is not asking us to require the district court to issue a TRO or injunction. Rather, he asks us to require the trial court to expedite the decision on his motion—though he spends most of his briefing on the merits of his case. "[D]istrict courts ordinarily enjoy broad discretion in matters of pretrial management, scheduling, and docket control." *Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006). And we will not lightly command the district court to alter its schedule. Anders has not explained why this case warrants interference with the district court's power, especially when the purported deadline, according to him, was several days ago on September 9. (R. 23, Motion to Expedite, PageID 865.)

He also does not explain why, in the face of the alleged emergency, he waited four days after knowing about his cause of action to file the motion for a TRO or injunction, filing just twenty-one hours before his claimed deadline. He then waited another three days after the district court denied his motion to expedite before asking this Court for relief. This combined total of seven days' delay suggests that Anders's claimed urgency is better explained by vexatious litigation strategy than true emergency. In addition, our review of the trial court's docket and the trial court's response reveals that the court has been diligent in addressing Anders's numerous motions and filings and had sound reasons for denying the motion to expedite.

Anders fails to cite anything supporting his right to expedited resolution; instead he focuses on the merits of his case. And with regard to the merits, we doubt the validity of his claims. He asserts that Michigan law requiring a minimum number of votes for nomination in a primary is unconstitutionally vague because it does not specify the minimum thresholds for write-on candidates. *See Mich. Comp. Laws* § 168.582. He also claims that election officials denied him his rightful position on the general-election ballot by not completing a recount as they should have. But Anders cannot establish an indisputable right to the TRO or injunction on either of these claims.

For one, § 168.582 does not appear vague. It states that it applies to a "person who is voted for on a party ballot for a . . . county . . . office . . . whose name is not printed on the ballot and who has not filed a nominating petition for the office voted for." That describes a write-in candidate. The statute also establishes the minimum vote thresholds for nomination:

- "[N]ot less than .15 of 1% of the total population, as reflected by the last official federal census, of the district for which nomination is sought," and

- Not less than whichever of these is greater: "10 votes for the office," *or* "a total vote equal to 5% of the greatest number of votes cast by the party for any office at the primary in the state, congressional, or other district, township, county, city, or ward, for a candidate or for all candidates for nomination for an office for which only 1 person is to be nominated[.]"

As the Board has noted in a motion to dismiss in the district court, those numbers for Anders's nomination are, respectively, 2,730 votes; 10 votes; and 4,073 votes.

And because Michigan law specifies the minimum threshold of votes for nomination—being the highest of the above three numbers—Anders is nowhere near qualifying for nomination with only eleven votes. So even if he were to succeed on his claim that the recount was done incorrectly, he would not be entitled to a place on the ballot. At the very least, this undermines his claim of entitlement to relief, which makes a writ of mandamus improper.

Accordingly, Anders's petition for writ of mandamus is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: September 16, 2020

Mr. Andrew A. Paterson Jr.
Law Office
2983 E. Eisenhower Parkway
Ann Arbor, MI 48108

Mr. Drew Davis Van de Grift
Wayne County Corporation Counsel
500 Griswold Street
30th Floor
Detroit, MI 48226

     Re: Case No. 20-1880, *In re: Shane Anders*
       Originating Case No. : 2:20-cv-12127

Dear Counsel,

  The Court issued the enclosed Order today in this case.

          Sincerely yours,

          s/Jill E Colyer
          Case Manager
          Direct Dial No. 513-564-7024

cc: Mr. David J. Weaver

Enclosure

No mandate to issue

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT DAVIS,**                                    Case No. 20-cv-
**VENIAS JORDAN, JR.,** and              **Hon.**
**LEIGH REED-PRATT,**
       Plaintiffs,

v.

**WAYNE COUNTY BOARD OF CANVASSERS,**
       Defendant.

_____/

**ANDREW A. PATERSON (P18690)**
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

_____/

## COMPLAINT AND JURY DEMAND

    **NOW COME** Plaintiffs, ROBERT DAVIS, VENIAS JORDAN,

JR., and LEIGH REED-PRATT, by and through their attorney,

ANDREW A. PATERSON, and for their Complaint and Jury Demand

("Complaint"), state as follows:

## I.  NATURE OF PLAINTIFFS' CLAIMS

1. Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367; and, the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C. 1983; 28 U.S.C. §§ 1331, 1332, 1337, 1343, and 1367.

3. This Court also has jurisdiction to render and issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

4. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b)(1). Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."   Upon information and belief, all of the named Defendants are residents of the State of Michigan or have a place of business in the State of Michigan, and at least one of the Defendants reside in the Eastern District of Michigan. Therefore,

venue is proper within the Eastern District of Michigan under 28 U.S.C. § 1391(b)(1).[1]

5. All events giving rise to the causes of action pleaded and alleged herein occurred in the Eastern District of Michigan.

## III.  **PARTIES**

6. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

7. Plaintiff, Robert Davis ("**Plaintiff Davis**"), is a resident and registered voter of the City of Highland Park, County of Wayne, State of Michigan.  Plaintiff Davis voted in the August 4, 2020 primary election.

8. Plaintiff, Venias Jordan, Jr. ("**Plaintiff Jordan**"), is a resident and registered voter of the County of Wayne, State of Michigan. Plaintiff Jordan voted in the August 4, 2020 primary election.

---

[1] Under 28 U.S.C. § 1391(b)(1) venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Furthermore, under 28 U.S.C. § 1391(c)(2), a corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction."  The determination of the proper venue for a civil action in federal court is "generally governed by 28 U.S.C. 1391."  *Atlantic Marine Const. Co. v U.S. District. Court for W.Dist. of Texas*, 571 U.S. 49, 55 (2013). "[T]he court must determine whether the case falls within one of the three categories set out in 1391(b).  If it does, venue is proper[.]" *Id*. at 55.

9. Plaintiff, Leigh Reed-Pratt ("**Plaintiff Reed-Pratt**"), is a resident and registered voter of the City of Detroit, County of Wayne, State of Michigan. Plaintiff Reed-Pratt voted in the August 4, 2020 primary election.

10. Defendant, Wayne County Board of Canvassers ("**Defendant Board of Canvassers**"), pursuant to Mich. Comp. Laws §§168.24a, 168.24c and 168.822, and 168.826, is the four-member board selected by a majority of the Wayne County Board of Commissioners that is charged with the statutory duties of canvassing, certifying, determining and declaring the results of elections held in Wayne County. In accordance with MCL 168.821 and 168.822, the Defendant Board of Canvassers "shall meet at the office of the county clerk no later than 9 a.m. on the Thursday after any election held in the county" and "shall then proceed without delay to canvass the returns of votes cast for all candidates for offices voted for and all questions voted on at the election, according to the precinct returns filed with the probate judge or presiding probate judge by the several city and township clerks[.]"

11.     An actual controversy exists between the Plaintiffs and the named Defendants.

## GENERAL ALLEGATIONS AND STATEMENT OF FACTS

12.     Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

### Candidates Filing To Run For The Office of Wayne County Prosecutor

13.     On November 4, 2019, Victoria Burton-Harris filed an affidavit of identity, along with a $100 filing fee, with the Wayne County Clerk to qualify as a candidate for the Democratic Party for the office of prosecuting attorney for the County of Wayne.

14.     On March 18, 2020, Kym Worthy filed an affidavit of identity, along with a $100 filing fee, with the Wayne County Clerk to qualify as a candidate for the Democratic Party for the office of prosecuting attorney for the County of Wayne. (**See Kym Worthy's affidavit of identity attached as Exhibit A**).

15.     The filing deadline for a candidate to file an affidavit of identity and $100 filing fee to qualify to have their name printed on the August 4, 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor was by 4 p.m. on April 21, 2020.

16.     Kym Worthy and Victoria Burton-Harris were only two (2) candidates who timely filed affidavits of identity and the $100 filing fee to have their names printed on the August 4, 2020 primary election ballot as candidates for the Democratic Party's nomination for the office of Wayne County Prosecutor.

17.     According to the Wayne County Clerk, no person timely filed an affidavit of identity and $100 filing fee by the filing deadline date to have their name printed on the August 4, 2020 primary election as a candidate for the Republican Party's nomination for the office of Wayne County Prosecutor.

18.     However, on July 23, 2020, pursuant to Mich. Comp. Laws §168.737a(1), Shane Anders timely filed with the Wayne County Clerk a declaration of intent to run as a write-in candidate as a Republican in the August 4, 2020 primary election for the office of Wayne County Prosecutor. (**See Shane Anders' Declaration of Intent to Be A Write-In Candidate attached as Exhibit B**).

19.     Pursuant to Mich. Comp. Laws §168.737a(1), the statutory deadline for a person to file a declaration of intent to be a write-in

candidate for any office appearing on the August 4, 2020 primary election ballot was by 4 p.m. on July 24, 2020.

20.     As of Friday, July 31, 2020, Shane Anders was the only candidate who timely filed with the Wayne County Clerk a declaration of intent to run as a write-in candidate as a Republican in the August 4, 2020 primary election for the office of Wayne County Prosecutor.

21.     Pursuant to Mich. Comp. Laws §168.191, Shane Anders' satisfies the statutory requirements to be eligible to run for the office of Wayne County Prosecutor.

### Victoria Burton-Harris' State-Court Case

22.     On or about June 2, 2020, Victoria Burton-Harris, who was a democratic candidate for the office of Wayne County Prosecutor, filed a legal challenge with the Wayne County Clerk and Wayne County Election Commission, challenging the certification of Kym Worthy's name to appear on the August 4, 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor for the Democratic Party. (**See Victoria Burton-Harris' Legal Challenge attached as Exhibit C**).

23.     On June 5, 2020, the Wayne County Election Commission convened to formally approve and certify the names of the candidates whose names would appear on the August 2020 primary election ballot.

24.     However, prior to the June 5, 2020 meeting of the Wayne County Election Commission, the Wayne County Clerk issued a written determination rejecting Victoria Burton-Harris' legal challenge and further advising that the Wayne County Clerk would be certifying Kym Worthy's name to appear on the August 4, 2020 primary election ballot as a  candidate for the office of Wayne County Prosecutor for the Democratic Party. (**See Wayne County Clerk's June 5, 2020 Determination letter attached as Exhibit D**).

25.     During the Wayne County Election Commission's June 5th meeting, they also discussed Victoria Burton-Harris' legal challenge.  After hearing arguments from counsel representing Victoria Burton-Harris and Kym Worthy, the Wayne County Election Commission voted to approve the Wayne County Clerk's certification of Kym Worthy's name to appear on the August 2020

primary election ballot as a candidate for the office of Wayne County Prosecutor for the Democratic Party.

26.    That same day, on June 5, 2020, Victoria Burton-Harris filed a state-court complaint and emergency motion for declaratory judgment, writ of mandamus and temporary restraining order in the Wayne County Circuit Court.

27.    Pursuant to the Third Judicial Circuit Court's Local Administrative Order 2017-08, Wayne County Circuit Court Chief Judge Tim Kenny ("Chief Judge Kenny") was automatically assigned Victoria Burton-Harris' election case. (**See Local Administrative Order 2017-08 attached as Exhibit E**).

28.    Victoria Burton-Harris also filed an *ex parte* motion for temporary restraining order and order to show cause.  However, Chief Judge Kenny did not grant Victoria Burton-Harris' *ex parte* motion for temporary restraining order, but instead, entered an order to show cause requiring the Wayne County Clerk and Wayne County Election Commission to show cause why a writ of mandamus and/or preliminary injunction should not issue.

29.    Chief Judge Kenny set a hearing for Victoria Burton-Harris'
order to show cause to be heard on June 15, 2020 at Noon.

30.    On June 9, 2020, Victoria Burton-Harris filed with the
Michigan Court of Appeals an emergency Application for Leave to
Appeal Chief Judge Kenny's June 8, 2020 order denying Victoria
Burton Harris' *ex parte* motion for temporary restraining order. See
Michigan Court of Appeals Docket No. 353770.

31.    That same day, the Michigan Court of Appeals promptly
entered an order denying Victoria Burton-Harris' emergency
Application for Leave to Appeal. *See Burton-Harris v Wayne County
Clerk*, unpublished order of the Court of Appeals, entered June 9,
2020 (Docket No. 353770).[2]

---

[2] Notably, Chief Judge Kenny's June 8, 2020 order to show cause did not explicitly
state that the state-court denied Victoria Burton Harr's *ex parte* motion for temporary
restraining order. Thus, one could conclude that the Michigan Court of Appeals
lacked jurisdiction over Victoria Burton-Harris' emergency application for leave to
appeal. It is well-settled that the Michigan Court of Appeals has jurisdiction to hear
appeals from orders, whether they be final orders for purposes of an appeal of right,
or interlocutory for purposes of an application for leave to appeal. See, generally,
MCR 7.203(A) & (B); *Chen v Wayne State University*, 284 Mich App 172, 192-193; 771
NW2d 820 (2009). Appealable orders, of course, are the written variety, not simply
oral rulings made by the court from the bench. *City of Sterling Heights v Chrysler
Group LLC*, 309 Mich App 676, 682; 873 NW2d 342 (2015). However, Chief Judge
Kenny never signed and entered a written order denying Victoria Burton-Harris' *ex
parte* motion for temporary restraining order.

32.     On June 11, 2020, while the Victoria Burton-Harris election case was pending in the state court, community activist Plaintiff Davis timely filed an Emergency Motion to Intervene as a plaintiff in the case pursuant to MCR 2.209(A)(3) and MCR 2.209(B)(2).

33.     Chief Judge Kenny set a hearing for Plaintiff Davis' emergency motion to intervene to be held on Monday, June 15, 2020 at Noon, on the same day as Victoria Burton-Harris' show cause hearing.

34.     On June 15, 2020, Chief Judge Kenny heard arguments in Victoria Burton-Harris' matter and after hearing arguments, Chief Judge Kenny denied Plaintiff Davis' Emergency Motion to Intervene on the basis of laches and also denied Victoria Burton-Harris' motions for writ of mandamus and declaratory judgment.

35.     That same day, Chief Judge Kenny entered a final order denying the requested relief and dismissing with prejudice Victoria Burton-Harris' case. (**See Chief Judge Kenny's June 15, 2020 Order in Burton-Harris case attached as Exhibit F**).

36.     Victoria Burton-Harris chose not to appeal Chief Judge Kenny's erroneous decision.

37.     However, on June 29, 2020, Plaintiff Davis timely filed a claim of appeal with the Michigan Court of Appeals appealing Chief Judge Kenny's June 15, 2020 Order denying Plaintiff Davis' motion to intervene. *See* Michigan Court of Appeals Docket No. 353999.

38.     The next day, on June 30, 2020, Plaintiff Davis filed a motion to expedite the appeal along with a motion for immediate consideration. On July 1, 2020, the Michigan Court of Appeals issued an order granting Plaintiff Davis' motion for immediate consideration, but **denying** Plaintiff Davis' motion to expedite the appeal. *See Vitoria Burton-Harris v Wayne County Clerk*, unpublished order of the Court of Appeals, entered July 1, 2020 (Docket No. 353999).

39.     Undeterred, on July 6, 2020, Plaintiff Davis filed with the Michigan Supreme Court an emergency bypass application and application for leave to appeal the July 1, 2020 order of the Michigan Court of Appeals.

40.     On July 15, 2020, the Justices of the Michigan Supreme Court entered an order granting immediate consideration, but denying Plaintiff Davis' emergency bypass application and application for

leave to appeal because the Michigan Supreme Court was "not persuaded that the remaining questions presented should be reviewed by this Court before consideration by the Court of Appeals." (**See Michigan Supreme Court's July 15, 2020 Order attached as Exhibit G**).

41.      Thus, Plaintiff Davis' appeal of Chief Judge Kenny's decision denying Plaintiff Davis' motion to intervene in the Burton-Harris' election case remains pending in the Michigan Court of Appeals. *See* Michigan Court of Appeals Docket No. 353999.

## Brenda Jones' Candidacy for U.S. Congress for 13th Congressional District.

42.      On April 19, 2020, pursuant to Mich. Comp. Laws §§ 168.133 and 168.558, Brenda Jones filed with the Wayne County Clerk nominating petitions along with an affidavit of identity to qualify as a candidate for U.S. Congress for the 13th Congressional District. (**See Brenda Jones' Affidavit of Identity attached as Exhibit H**).

43.      Mich. Comp. Laws §168.558(4) states in relevant part:

An affidavit of identity must include a statement that as of the date of the affidavit, all statements, reports, late filing fees, and fines required of the candidate or any candidate committee organized to support the candidate's election under

the Michigan campaign finance act, 1976 PA 388, MCL
169.201 to 169.282, have been filed or paid; and a statement
that the candidate acknowledges that making a false
statement in the affidavit is perjury, punishable by a fine up
to $1,000.00 or imprisonment for up to 5 years, or both.

44.     Mich. Comp. Laws §168.558(4) further provides:

> An officer shall not certify to the board of election
> commissioners the name of a candidate who fails to
> comply with this section, or the name of a candidate who
> executes an affidavit of identity that contains a false
> statement with regard to any information or statement
> required under this section. (emphasis supplied).

45.     On May 30, 2020, Plaintiff Davis sent an email to Gil Flowers,
the Campaign Finance Manager for the Office of the Wayne County
Clerk, seeking to confirm information contained on Defendant
Wayne County Clerk's public campaign finance website regarding
Defendant Jones and her campaign committee for re-election to the
Detroit City Council. (**See Plaintiff Davis' May 30, 2020 Email
attached as Exhibit I**).

46.     Specifically, Plaintiff Davis' May 30th email communication
sought to confirm that Brenda Jones' City Council Candidate
Committee had multiple campaign finance reports and/or
statements that remained unfiled as of the date of her affidavit of

identity and as of the date of Plaintiff Davis' May 30th email. (**See Plaintiff Davis' May 30, 2020 Email attached as Exhibit I**).

47.     On June 2, 2020, Gil Flowers responded and advised Plaintiff Davis that "Per our online record this committee has failed to file several amendment campaign statements." (**See Gil Flowers' June 2, 2020 Email Reply attached as Exhibit I**).

48.     Then on June 1, 2020, Plaintiff Davis sent another email communication to Gil Flowers seeking confirmation as to whether Brenda Jones had filed a postelection statement required under Mich. Comp. Laws §168.848 prior to Defendant Jones assuming the duties of Detroit City Councilwoman on January 1, 2018. (**See Plaintiff Davis' June 1, 2020 Email to Gil Flowers attached as Exhibit J**).

49.     On June 3, 2020, Gil Flowers responded and advised Plaintiff Davis that, as of June 3, 2020, neither Brenda Jones nor Wayne County Prosecutor Kym Worthy had filed with the Wayne County Clerk the postelection statement required under Mich. Comp. Laws §168.848. (**See Gil Flowers' June 3, 2020 Response attached as Exhibit J**).

50.     Despite having this information, which included Plaintiff Davis' detailed emails and Gil Flowers' responses, on June 5, 2020, the Wayne County Clerk certified Brenda Jones' name to the Wayne County Election Commission to appear on the August 4, 2020 primary election ballot as a candidate for the office of U.S. Congress for the 13th Congressional District.

51.     Despite having this information, which included Plaintiff Davis' detailed emails and Gil Flowers' responses, on June 5, 2020, members of the Wayne County Election Commission convened and voted to approve the Wayne County Clerk's certification of Brenda Jones' name to appear on the August 4, 2020 primary election ballot.

52.     The Wayne County Election Commission and Wayne County Clerk were aware of the deficiencies in Brenda Jones' affidavit of identity prior to the Wayne County Election Commission convening and meeting on June 5, 2020 to approve the Wayne County Clerk's certification of candidates' names to appear on the primary election ballots.

# CAUSES OF ACTION

## COUNT I
**Plaintiffs Davis, Jordan and Reed-Pratt's Right To Vote Was Violated With The Dilution Of Plaintiffs' Legitimate Votes By Defendant County Board of Canvassers Counting Improper Votes Cast For Kym Worthy.**

53.     Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

54.     This claim is brought by Plaintiffs Davis, Jordan, and Reed-Pratt against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

55.     This claim, which is brought by Plaintiffs Davis, Jordan, and Reed-Pratt against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

56.     On August 4, 2020, Plaintiff Davis voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor.

57.     On August 4, 2020, Plaintiff Jordan voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor.

58. On August 4, 2020, Plaintiff Reed-Pratt voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor.

59. On Wednesday, August 5, 2020 at 3 p.m., Defendant Wayne County Board of Canvassers convened to begin their statutory duty of tallying, counting and certifying the election results from the August 4, 2020 primary election.

60. Prior to their August 5, 2020 meeting, counsel for Plaintiffs sent members of the Defendant Wayne County Board of Canvassers and their legal counsel, Janet Anderson-Davis, an email requesting that the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Kym Worthy.

61. At the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, Plaintiffs' counsel spoke during citizens' participation and again, requested the members of the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Kym Worthy.

62.     After Plaintiffs' counsel spoke during the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, counsel for the Defendant Wayne County Board of Canvassers advised Plaintiffs' counsel on the record that any and all votes cast for Kym Worthy would be counted, tallied and certified by the Defendant Wayne County Board of Canvassers absent an order for a court ordering the Defendant Wayne County Board of Canvassers not to count said votes cast for Kym Worthy.

63.     Pursuant to Mich.Comp.Laws §§ 168.822, 168.824, 168.825, and 168.826, Defendant Wayne County Board of Canvassers has the statutory duty to count, tally, and certify the election results from the August 4, 2020 primary election.

64.     Pursuant to Mich.Comp.Laws §§ 168.197 and 168.687, the Defendant Wayne County Board of Canvassers has the statutory duty to certify to the Wayne County Election Commission the names of each candidate who received the highest number of votes for each political party for the office of Wayne County Prosecutor.

65.     Mich.Comp.Laws §168.550 provides:

> ***No candidate shall have his name printed upon any official primary election ballot of any***

***political party*** in any voting precinct in this state unless he shall have filed nominating petitions according to the provisions of this act, **and all other requirements of this act have been complied with in his behalf**, except in those counties qualifying candidates upon the payment of fees. (Emphasis supplied).

66.     However, Michigan Election Law allows candidates to qualify for the office of prosecuting attorney by filing a $100 filing fee in lieu of the nominating petitions.  Mich.Comp.Laws §168.193(2) provides, in relevant part:

> (2) To obtain the printing of the name of a candidate of a political party under the particular party's heading upon the primary election ballots in the various voting precincts of the county, there may be filed by the candidate, in lieu of filing nomination petitions, a filing fee of $100.00 to be paid to the county clerk. **Payment of the fee and certification of the candidate's name paying the fee shall be governed by the same provisions as in the case of nominating petitions**. (Emphasis supplied).

67.     Mich.Comp.Laws §168.560 provides:

> **Ballots other than those furnished by the board of election commissioners, *according to the provisions of this act, shall not be used, cast, or counted in any election precinct at any election***. The size of all official ballots shall be as the board of

election commissioners prescribes. (Emphasis
supplied).

68.     As noted, on March 18, 2020, Kym Worthy executed and
filed her affidavit of identity, along with the $100 filing, with the
Wayne County Clerk and Gil Flowers. (Exhibit A).

69.     Kym Worthy did **not** file two (2) copies of the affidavit of
identity when she filed the original affidavit of identity with the
Wayne County Clerk and Gil Flowers on March 18, 2020.

70.     On June 1, 2020, Plaintiff Davis sent an email
communication to Gil Flowers seeking confirmation as to whether
Kym Worthy and Brenda Jones had filed a postelection statement
required under Mich. Comp. Laws §168.848 (**See Plaintiff Davis'
June 1, 2020 Email to Gil Flowers attached as Exhibit J**).

71.     On June 3, 2020, Gil Flowers responded and advised Activist
Davis that, as of June 3, 2020, neither Kym Worthy nor Brenda
Jones had filed with the Wayne County Clerk the postelection
statement required under Mich. Comp. Laws §168.848. (**See Gil
Flowers' June 3, 2020 Response attached as Exhibit J**).

72.     Despite having this information, members of the Defendant
County Election Commission convened and voted to certify and

approve Kym Worthy's name to appear on the August 4, 2020

primary election ballot.

73.     Mich. Comp. Laws §168.550 of Michigan Election Law,

states:

> ***No candidate shall have his name printed upon any
> official primary election ballot of any political party*** in
> any voting precinct in this state ***unless he shall have filed
> nominating petitions according to the provisions of
> this act, and all other requirements of this act have
> been complied with in his behalf***, except in those counties
> qualifying candidates upon the payment of fees. (emphasis
> supplied).

74.     Mich. Comp. Laws §168.558(1) of Michigan Election Law,

states in relevant part:

> (1) When filing a nominating petition, qualifying petition,
> filing fee, or affidavit of candidacy for a federal, county,
> state, city, township, village, metropolitan district, or school
> district office in any election, a candidate ***shall file with
> the officer*** with whom the petitions, fee, or affidavit is filed
> ***2 copies of an affidavit of identity***. (emphasis supplied).

75.     Mich. Comp. Laws §168.558(4) of Michigan Election Law,

further provides in pertinent part:

> (4) An affidavit of identity must include a statement that as
> of the date of the affidavit, all statements, reports, late filing
> fees, and fines required of the candidate or any candidate

committee organized to support the candidate's <u>election</u> under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid; and a statement that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both. If a candidate files the affidavit of identity with an officer other than the county clerk or secretary of state, the officer shall immediately forward to the county clerk 1 copy of the affidavit of identity by first-class mail. The county clerk shall immediately forward 1 copy of the affidavit of identity for state and federal candidates to the secretary of state by first-class mail. ***An officer shall not certify to the board of <u>election</u> commissioners the name of a candidate who fails to comply with this section***, ***or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section***. (emphasis supplied).

76.     The ballot for the democratic primary for the office of Wayne County Prosecutor was **not** printed in accordance with Michigan Election Law because it included the name of Kym Worthy, whose name should not have been printed thereon.

77.     Kym Worthy's name should not have been printed on the August 4, 2020 primary election ballot as a candidate for Wayne County Prosecutor because (1) Kym Worthy failed to file 2 copies of her affidavit of identity as required under Mich.Comp.Laws

§168.558(1); and (2) Kym Worthy submitted an affidavit of identity that contained a false statement in violation of Mich.Comp.Laws §168.558(4).

78.     Thus, pursuant to Mich.Comp.Laws §168.560, the votes cast for Kym Worthy cannot be counted by the Defendant Wayne County Board of Canvassers.

79.     The counting, tallying and certification of the votes cast for Kym Worthy by the Defendant Wayne County Board of Canvassers will dilute the lawful votes cast by Plaintiffs Davis, Jordan and Reed-Pratt for Victoria Burton-Harris.

80.     The dilution of Plaintiffs Davis, Jordan and Reed-Pratt's lawful votes violates Plaintiffs Davis, Jordan and Reed-Pratt's fundamental right to vote and to have their votes counted.

81.      The lawful votes cast by Plaintiffs Davis, Jordan and Reed-Pratt for Victoria Burton-Harris will be nullified and cancelled out by the Defendant Wayne County Board of Canvassers' actions of counting and certifying the improper votes cast for Kym Worthy.

82.     Chief Judge Kenny's decision in the Victoria Burton-Harris state-court case amounted to an officially-sponsored election

procedure, which in its basis respects was flawed to the level of fundamental unfairness.

83.     Plaintiffs Davis, Jordan and Reed-Pratt have a fundamental right to have their votes counted, which can only be achieved by the Defendant Wayne County Board of Canvassers not being permitted to count, tally or certify any votes cast for Kym Worthy.

**WHEREFORE**, Plaintiffs Davis, Jordan and Reed-Pratt request this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

a. compensatory damages in whatever amount above $75,000.00 Plaintiffs are found to be entitled;

b. an award of exemplary and punitive damages;

c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

d. a declaration that Plaintiffs Davis, Jordan and Reed-Pratt's fundamental right to vote and to have their votes counted have been violated by the Defendant Wayne County Board of Canvassers by counting and/or certifying votes cast for Kym Worthy;

e. a declaration that Plaintiffs Davis, Jordan and Reed-Pratt's votes have been diluted with  votes cast for Kym Worthy in the August 4, 2020 primary election being counted and certified by the Defendant Wayne County Board of Canvassers;

f. a declaration that Defendant Wayne County Board of Canvassers cannot count and/or certify any votes cast for Kym Worthy in the August 4, 2020 primary election;

g. a declaration that the ballots printed with Kym Worthy's name on them were not printed in accordance with Michigan

Election Law and thus, pursuant to Mich.Comp.Laws §168.560, said ballots cannot be counted by the Defendant Wayne County Board of Canvassers;

h. a declaration that Kym Worthy submitted an affidavit of identity containing a false statement in violation of Mich.Comp.Laws §168.558;

i. a declaration that Kym Worthy failed to file 2 copies of her affidavit of identity in violation of Mich.Comp.Laws §168.558;

j. an injunction enjoining the Defendant Wayne County Board of Canvassers from counting, tallying, and/or certifying any votes cast for Kym Worthy in the August 4, 2020 primary election; and

k. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II
### Plaintiffs Davis, Jordan and Reed-Pratt's Substantive Due Process Rights Have Been Violated With The Dilution Of Plaintiffs' Legitimate Votes By Defendant County Board of Canvassers Counting Improper Votes Cast For Kym Worthy.

84. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

85. This claim is brought by Plaintiffs Davis, Jordan, and Reed-Pratt against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*.

86.     This claim, which is brought by Plaintiffs Davis, Jordan, and Reed-Pratt against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

87.     On August 4, 2020, Plaintiff Davis voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor.

88.     On August 4, 2020, Plaintiff Jordan voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor.

89.     On August 4, 2020, Plaintiff Reed-Pratt voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor.

90.     On Wednesday, August 5, 2020 at 3 p.m., Defendant Wayne County Board of Canvassers convened to begin their statutory duty of tallying, counting and certifying the election results from the August 4, 2020 primary election.

91.     Prior to their August 5, 2020 meeting, counsel for Plaintiffs sent members of the Defendant Wayne County Board of Canvassers and their legal counsel, Janet Anderson-Davis, an

email requesting that the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Kym Worthy.

92.     At the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, Plaintiffs' counsel spoke during citizens' participation and again, requested the members of the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Kym Worthy.

93.     After Plaintiffs' counsel spoke during the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, counsel for the Defendant Wayne County Board of Canvassers advised Plaintiffs' counsel on the record that any and all votes cast for Brenda Jones would be counted, tallied and certified by the Defendant Wayne County Board of Canvassers absent an order for a court ordering the Defendant Wayne County Board of Canvassers not to count said votes cast for Kym Worthy.

94.     Pursuant to Mich.Comp.Laws §§ 168.822, 168.824, 168.825, and 168.826, Defendant Wayne County Board of Canvassers has

the statutory duty to count, tally, and certify the election results from the August 4, 2020 primary election.

95.    Pursuant to Mich.Comp.Laws §§ 168.197 and 168.687, the Defendant Wayne County Board of Canvassers has the statutory duty to certify to the Wayne County Election Commission the names of each candidate who received the highest number of votes for each political party for the office of Wayne County Prosecutor.

96.    The counting, tallying and certification of the votes cast for Kym Worthy by the Defendant Wayne County Board of Canvassers will dilute the lawful votes cast by Plaintiffs Davis, Jordan and Reed-Pratt for Victoria Burton-Harris.

97.    The dilution of Plaintiffs Davis, Jordan and Reed-Pratt's lawful votes violates Plaintiffs Davis, Jordan and Reed-Pratt's fundamental right to vote and to have their votes counted.

98.     The lawful votes cast by Plaintiffs Davis, Jordan and Reed-Pratt for Victoria Burton-Harris will be nullified and cancelled out by the Defendant Wayne County Board of Canvassers' actions of counting and certifying the improper votes cast for Kym Worthy.

99.     Chief Judge Kenny's decision in the Victoria Burton-Harris state-court case amounted to an officially-sponsored election procedure, which in its basis respects was flawed to the level of fundamental unfairness.

100.    Plaintiffs Davis, Jordan and Reed-Pratt have a fundamental right to have their votes counted, which can only be achieved by the Defendant Wayne County Board of Canvassers not being permitted to count, tally or certify any votes cast for Kym Worthy.

**WHEREFORE**, Plaintiffs Davis, Jordan and Reed-Pratt request this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

a. compensatory damages in whatever amount above $75,000.00 Plaintiffs are found to be entitled;

b. an award of exemplary and punitive damages;

c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

d. a declaration that Plaintiffs Davis, Jordan and Reed-Pratt's substantive due process rights have been violated by the Defendant Wayne County Board of Canvassers;

e. a declaration that Plaintiffs Davis, Jordan and Reed-Pratt's fundamental right to vote and to have their votes counted have been violated by Defendant Wayne County Board of Canvassers with the counting and/or certification of votes cast for Kym Worthy;

f. a declaration that Plaintiffs Davis, Jordan and Reed-Pratt's votes have been diluted with the counting and certification of votes cast for Kym Worthy in the August 4,

2020 primary election by the Defendant Wayne County Board of Canvassers;

g. a declaration that Defendant Wayne County Board of Canvassers cannot count and/or certify any votes cast for Kym Worthy in the August 4, 2020 primary election;

h. a declaration that the ballots printed with Kym Worthy's name on them were not printed in accordance with Michigan Election Law and thus, pursuant to Mich.Comp.Laws §168.560, said ballots cannot be counted by the Defendant Wayne County Board of Canvassers;

i. a declaration that Kym Worthy submitted an affidavit of identity containing a false statement in violation of Mich.Comp.Laws §168.558;

j. a declaration that Kym Worthy failed to file 2 copies of her affidavit of identity in violation of Mich.Comp.Laws §168.558;

k. an injunction enjoining the Defendant Wayne County Board of Canvassers from counting, tallying, and/or certifying any votes cast for Kym Worthy in the August 4, 2020 primary election; and

l. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT III
### Plaintiff Jordan's Right To Vote Was Violated With The Dilution Of Plaintiffs' Legitimate Votes By Defendant County Board of Canvassers Counting Improper Votes Cast For Brenda Jones.

101. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

102. This claim is brought by Plaintiff Jordan against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*.

103.     This claim, which is brought by Plaintiff Jordan against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

104.     On August 4, 2020, Plaintiff Davis voted in the democratic primary election and voted for incumbent U.S. Congresswoman Rashida Tlaib for U.S. Congress for the 13th Congressional District.

105.     On August 4, 2020, Plaintiff Jordan voted in the democratic primary election and voted for incumbent U.S. Congresswoman Rashida Tlaib for U.S. Congress for the 13th Congressional District.

106.     On Wednesday, August 5, 2020 at 3 p.m., Defendant Wayne County Board of Canvassers convened to begin their statutory duty of tallying, counting and certifying the election results from the August 4, 2020 primary election.

107.     Prior to their August 5, 2020 meeting, counsel for Plaintiffs sent members of the Defendant Wayne County Board of Canvassers and their legal counsel, Janet Anderson-Davis, an email requesting that the Defendant Wayne County Board of

Canvassers not to count, tally or certify any votes cast for Brenda Jones.

108.    At the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, Plaintiffs' counsel spoke during citizens' participation and again, requested the members of the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Brenda Jones.

109.    After Plaintiffs' counsel spoke during the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, counsel for the Defendant Wayne County Board of Canvassers advised Plaintiffs' counsel on the record that any and all votes cast for Brenda Jones would be counted, tallied and certified by the Defendant Wayne County Board of Canvassers absent an order for a court ordering the Defendant Wayne County Board of Canvassers not to count said votes cast for Brenda Jones.

110.    Pursuant to Mich.Comp.Laws §§ 168.822, 168.824, 168.825, and 168.826, Defendant Wayne County Board of Canvassers has the statutory duty to count, tally, and certify the election results from the August 4, 2020 primary election.

111.     Pursuant to Mich.Comp.Laws §§ 168.137, the Defendant

Wayne County Board of Canvassers has the statutory duty to

certify to the State Board of Canvassers the names of each

candidate who received the highest number of votes for each

political party for the office of U.S. Congress.

112.     Mich.Comp.Laws §168.550 provides:

> ***No candidate shall have his name printed upon
> any official primary election ballot of any
> political party*** in any voting precinct in this state
> unless he shall have filed nominating petitions
> according to the provisions of this act, **and all other
> requirements of this act have been complied with
> in his behalf**, except in those counties qualifying
> candidates upon the payment of fees. (Emphasis
> supplied).

113.     Pursuant to Mich.Comp.Laws §168.133, "[i]n order for the

name of a person as a candidate for nomination by a political

party for the office of representative in congress to appear under a

particular party heading on the official primary ballot in the

election precincts of a congressional district, a nominating petition

shall have been signed by a number of qualified and registered

electors residing in the district as determined under section 544f

[Mich.Comp.Laws §168.544f]."

114.    Mich. Comp. Laws §168.558(1) of Michigan Election Law,

states in relevant part:

> (1) ***When filing a nominating petition***, qualifying
> petition, filing fee, or affidavit of candidacy ***for a federal***,
> county, state, city, township, village, metropolitan district, or
> school district ***office in any election, a candidate shall
> file with the officer with whom the petitions***, fee, or
> affidavit ***is filed 2 copies of an affidavit of identity***.
> (emphasis supplied).

115.    Mich. Comp. Laws §168.558(4) of Michigan Election Law,

further provides in pertinent part:

> (4) **An affidavit of identity must include a statement
> that as of the date of the affidavit, *all statements,
> reports, late filing fees, and fines required of* the
> candidate *or any candidate committee organized to
> support the candidate's election under the Michigan
> campaign finance act, 1976 PA 388, MCL 169.201 to
> 169.282, have been filed* or paid**; and a statement that the
> candidate acknowledges that making a false statement in
> the affidavit is perjury, punishable by a fine up to $1,000.00
> or imprisonment for up to 5 years, or both. If a candidate
> files the affidavit of identity with an officer other than the
> county clerk or secretary of state, the officer shall
> immediately forward to the county clerk 1 copy of the
> affidavit of identity by first-class mail. The county clerk shall
> immediately forward 1 copy of the affidavit of identity for
> state and federal candidates to the secretary of state by first-
> class mail. ***An officer shall not certify to the board of
> election commissioners the name of a candidate who***

*fails to comply with this section, or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section.* (emphasis supplied).

116.    It is undisputed that Brenda Jones did not file two (2) copies of her affidavit of identity when she filed to run for U.S. Congress as required under Mich.Comp.Laws §168.558(1).

117.    It is undisputed that Brenda Jones' candidate committee for her election to the Detroit City Council had numerous campaign finance reports and/or statements that were outstanding and due as of the date she executed her affidavit of identity to run for U.S. Congress for the 13th Congressional District.

118.    It is undisputed that as of the date Brenda Jones executed her affidavit of identity to run for U.S. Congress for the 13th Congressional District, she had not to filed with the Wayne County Clerk's officer her postelection statement required under Mich.Comp.Laws §168.848.

119.    The ballot for the democratic primary for the office of U.S. Congress for the 13th Congressional District was **not** printed in accordance with Michigan Election Law because it included the

name of Brenda Jones, whose name should not have been printed thereon.

120.     Brenda Jones' name should not have been printed on the August 4, 2020 primary election ballot as a candidate for U.S.C Congress because (1) Brenda Jones failed to file 2 copies of her affidavit of identity as required under Mich.Comp.Laws §168.558(1); and (2) Brenda Jones submitted an affidavit of identity that contained a false statement in violation of Mich.Comp.Laws §168.558(4).

121.     Thus, pursuant to Mich.Comp.Laws §168.560, the votes cast for Brenda Jones cannot be counted by the Defendant Wayne County Board of Canvassers.

122.     The counting, tallying and certification of the votes cast for Brenda Jones by the Defendant Wayne County Board of Canvassers will dilute the lawful vote cast by Plaintiff Jordan for Rashida Tlaib.

123.     The dilution of Plaintiff Jordan's lawful vote violates Plaintiff Jordan's fundamental right to vote and to have his vote counted.

124.     The lawful vote cast by Plaintiff Jordan for Rashida Tlaib
will be nullified and cancelled out by the Defendant Wayne
County Board of Canvassers' actions of counting and certifying the
improper votes cast for Brenda Jones.

125.     Chief Judge Kenny's decision in the state-court case
amounted to an officially-sponsored election procedure, which in
its basis respects was flawed to the level of fundamental
unfairness.

126.     Plaintiff Jordan has a fundamental right to have his vote
counted, which can only be achieved by the Defendant Wayne
County Board of Canvassers not being permitted to count, tally or
certify any votes cast for Brenda Jones.

**WHEREFORE**, Plaintiff Jordan requests this Court enters
judgment against Defendant Wayne County Board of Canvassers as
follows:

> a. compensatory damages in whatever amount above
> $75,000.00 Plaintiff Jordan is found to be entitled;
> b. an award of exemplary and punitive damages;
> c. an award of interest, costs and reasonable attorney fees
> under 42 USC §1988;
> d. a declaration that Plaintiff Jordan's fundamental right to
> vote and to have his vote counted has been violated by the

Defendant Wayne County Board of Canvassers by counting and/or certifying votes cast for Brenda Jones;

e.  a declaration that Plaintiff Jordan's vote has been diluted with votes cast for Brenda Jones in the August 4, 2020 primary election being counted and certified by the Defendant Wayne County Board of Canvassers;

f.  a declaration that Defendant Wayne County Board of Canvassers cannot count and/or certify any votes cast for Brenda Jones in the August 4, 2020 primary election;

g.  a declaration that the ballots printed with Brenda Jones' name on them were not printed in accordance with Michigan Election Law and thus, pursuant to Mich.Comp.Laws §168.560, said ballots cannot be counted by the Defendant Wayne County Board of Canvassers;

h.  a declaration that Brenda Jones submitted an affidavit of identity containing a false statement in violation of Mich.Comp.Laws §168.558;

i.  a declaration that Brenda Jones failed to file 2 copies of her affidavit of identity in violation of Mich.Comp.Laws §168.558;

j.  an injunction enjoining the Defendant Wayne County Board of Canvassers from counting, tallying, and/or certifying any votes cast for Brenda Jones in the August 4, 2020 primary election; and

k.  an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT IV
### Plaintiff Jordan's Substantial Due Process Rights Are Being Violated By The Defendant Wayne County Board of Canvassers As A Result of the Dilution Of Plaintiff Jordan's Legitimate Vote By Defendant County Board of Canvassers Counting Improper Votes Cast For Brenda Jones.

127.    Plaintiffs repeat, reallege and incorporate, the foregoing

allegations, as though fully set forth and stated herein.

128. This claim is brought by Plaintiff Jordan against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

129. This claim, which is brought by Plaintiff Jordan against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

130. On August 4, 2020, Plaintiff Davis voted in the democratic primary election and voted for incumbent U.S. Congresswoman Rashida Tlaib for U.S. Congress for the 13th Congressional District.

131. On August 4, 2020, Plaintiff Jordan voted in the democratic primary election and voted for incumbent U.S. Congresswoman Rashida Tlaib for U.S. Congress for the 13th Congressional District.

132. On Wednesday, August 5, 2020 at 3 p.m., Defendant Wayne County Board of Canvassers convened to begin their statutory duty of tallying, counting and certifying the election results from the August 4, 2020 primary election.

133.   Pursuant to Mich.Comp.Laws §§ 168.822, 168.824, 168.825, and 168.826, Defendant Wayne County Board of Canvassers has the statutory duty to count, tally, and certify the election results from the August 4, 2020 primary election.

134.   Pursuant to Mich.Comp.Laws §§ 168.137, the Defendant Wayne County Board of Canvassers has the statutory duty to certify to the State Board of Canvassers the names of each candidate who received the highest number of votes for each political party for the office of U.S. Congress.

135.   It is undisputed that Brenda Jones did not file two (2) copies of her affidavit of identity when she filed to run for U.S. Congress as required under Mich.Comp.Laws §168.558(1).

136.   It is undisputed that Brenda Jones' candidate committee for her election to the Detroit City Council had numerous campaign finance reports and/or statements that were outstanding and due as of the date she executed her affidavit of identity to run for U.S. Congress for the 13th Congressional District.

137.   It is undisputed that as of the date Brenda Jones executed her affidavit of identity to run for U.S. Congress for the 13th

Congressional District, she had not to filed with the Wayne County Clerk's officer her postelection statement required under Mich.Comp.Laws §168.848.

138.    The ballot for the democratic primary for the office of U.S. Congress for the 13th Congressional District was **not** printed in accordance with Michigan Election Law because it included the name of Brenda Jones, whose name should not have been printed thereon.

139.    Brenda Jones' name should not have been printed on the August 4, 2020 primary election ballot as a candidate for U.S.C Congress because (1) Brenda Jones  failed to file 2 copies of her affidavit of identity as required under Mich.Comp.Laws §168.558(1); and (2) Brenda Jones submitted an affidavit of identity that contained a false statement in violation of Mich.Comp.Laws §168.558(4).

140.    Thus, pursuant to Mich.Comp.Laws §168.560, the votes cast for Brenda Jones cannot be counted by the Defendant Wayne County Board of Canvassers.

141.    The counting, tallying and certification of the votes cast for
Brenda Jones by the Defendant Wayne County Board of
Canvassers will dilute the lawful votes cast by Plaintiff Jordan for
Rashida Tlaib.

142.    The dilution of Plaintiff Jordan's lawful vote violates
Plaintiff Jordan's fundamental right to vote and to have his vote
counted.

143.     The lawful vote cast by Plaintiff Jordan for Rahida Tlaib
will be nullified and cancelled out by the Defendant Wayne
County Board of Canvassers' actions of counting and certifying the
improper votes cast for Brenda Jones.

144.    Chief Judge Kenny's decision in the state-court case
amounted to an officially-sponsored election procedure, which in
its basis respects was flawed to the level of fundamental
unfairness.

145.    Plaintiff Jordan has a fundamental right to have his vote
counted, which can only be achieved by the Defendant Wayne
County Board of Canvassers not being permitted to count, tally or
certify any votes cast for Brenda Jones.

**WHEREFORE**, Plaintiff Jordan requests this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

a. compensatory damages in whatever amount above $75,000.00 Plaintiff Jordan is found to be entitled;

b. an award of exemplary and punitive damages;

c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

d. a declaration that Plaintiff Jordan's substantial due process rights were violated by the Defendant Wayne County Board of Canvassers with the counting, tallying and certification of votes cast for Brenda Jones;

e. a declaration that Plaintiff Jordan's vote has been diluted with votes cast for Brenda Jones in the August 4, 2020 primary election being counted and certified by the Defendant Wayne County Board of Canvassers;

f. a declaration that Defendant Wayne County Board of Canvassers cannot count and/or certify any votes cast for Brenda Jones in the August 4, 2020 primary election;

g. a declaration that the ballots printed with Brenda Jones' name on them were not printed in accordance with Michigan Election Law and thus, pursuant to Mich.Comp.Laws §168.560, said ballots cannot be counted by the Defendant Wayne County Board of Canvassers;

h. a declaration that Brenda Jones submitted an affidavit of identity containing a false statement in violation of Mich.Comp.Laws §168.558;

i. a declaration that Brenda Jones failed to file 2 copies of her affidavit of identity in violation of Mich.Comp.Laws §168.558;

j. an injunction enjoining the Defendant Wayne County Board of Canvassers from counting, tallying, and/or certifying any votes cast for Brenda Jones in the August 4, 2020 primary election; and

k. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: August 7, 2020      Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

## JURY DEMAND

Plaintiffs, through counsel, respectfully demand a jury trial on all issues triable to a jury.

Dated: August 7, 2020      Respectfully submitted,
*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

# EXHIBIT 3

# UNITES STATES DISCTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ROBERT DAVIS, VENIAS JORDAN
JR., and LEIGH REED-PRATT,

      Plaintiffs,

vs.                                  Case No. 20-cv-12127
                                       Hon. Nancy G. Edmunds

WAYNE COUNTY BOARD OF
CANVASSER,

      Defendants.

and

KYM WORTHY

      Intervenor-Defendant.

---

| | |
|---|---|
| Andrew A. Paterson, JR. (P18690) | Melvin Butch Hollowell (P37834) |
| *Attorney for Plaintiffs* | Angela L. Baldwin (P81565) |
| 2893 E. Eisenhower Pkwy | THE MILLER LAW FIRM, P.C. |
| Ann Arbor, MI 48108 | *Attorneys for Intervenor-Defendant* |
| (248) 568-9712 | 1001 Woodward, Suite 850 |
| Aap43@outlook.com | Detroit, Michigan 48226 |
| | (313) 483-0880 |
| | mbh@millerlawpc.com |
| | alb@millerlawpc.com |
| | |
| | James W. Heath (P65419) |
| | *Wayne County Corporation Counsel* |
| | Janet Anderson-Davis (P29499) |
| | *Assistant Corporation Counsel* |
| | *Attorneys for Defendant Wayne County* |
| | Boards of Canvassers |
| | 500 Griswold, 21st Floor |
| | Detroit, Michigan 48226 |
| | (313) 347-5813 |
| | jandersn@waynecounty.com |

# PROSECUTOR KYM L. WORTHY'S
## MOTION TO INTERVENE

Wayne County Prosecutor Kym L. Worthy ("Prosecutor Worthy"), by and through her attorneys, moves to intervene as a defendant in this matter pursuant to MCR 2.209(A) and MCR 2.209(B), relies upon the attached Brief in Support of her Motion to Intervene, and states as follows:

1.    The heart of this litigation arises out of the Wayne County Third Circuit Court Case No. 20-007116-AW, where Prosecutor Worthy was a candidate for re-election to the position of Wayne County Prosecuting Attorney and her candidacy was unsuccessfully challenged.

2.    Plaintiff Robert Davis unsuccessful in his attempt to intervene in that case and his motion was denied as competing candidate for Wayne County Prosecutor was already a party and was vigorously represented by legal counsel.

3.    Plaintiff is currently challenging Prosecutor Worthy's candidacy in this matter for the August 4, 2020 Primary and November 4, 2020 General Election.

4.    Plaintiff has filed similar challenges arising out of the same facts in Wayne County Circuit Court, Michigan Court of Appels, Michigan Supreme Court, and the U.S. Eastern District of Michigan before Judge Leitman which was recently dismissed.[1]

---

[1] On August 17, 2020 Judge Letiman declined to exercise supplemental jurisdiction and dismissed the state law claim.The federal claims are pending in Case Number 20-cv-11991.

1

5. Prosecutor Worthy seeks to intervene as a matter of right in this action pursuant to MCR 2.209(A) and permissively under MCR 2.209(B).

6. Prosecutor Worthy, as candidate for office, is a party with an interest relating to the subject of the action whose rights cannot be adequately represented by the parties in this matter.

7. MCR 2.209 should be liberally construed to allow intervention when the applicants interest otherwise may be inadequately represented. *Precision Pipe & Supply, Inc. v. Meram Construction, Inc.*, 195 Mich. App. 153, 156; 489 N.W.2d 166 (1992).

8. Prosecutor Worthy's Motion is timely and permitting her invention will, in no way, unduly delay or prejudice the adjudication of the rights of the original parties because this suit is in its initial phase.

WHEREFORE, for the foregoing reasons, Intervening Defendant Prosecutor Worthy requests that this Honorable Court grant the instant Motion to Intervene pursuant to MCR 2.209(A) and MCR 2.209(B).

Respectfully Submitted,

/s/ *Angela L. Baldwin*
Melvin Butch Hollowell (P37834)
Angela L. Baldwin (P81565)
THE MILLER LAW FIRM, P.C.
*Attorneys for Intervenor Defendant*
1001 Woodward, Suite 850
Detroit, Michigan 48226
(313) 483-0880

Dated: August 21, 2020

2

# UNITES STATES DISCTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT DAVIS, VENIAS JORDAN
JR., and LEIGH REED-PRATT,

      Plaintiffs,

vs.                                  Case No. 20-cv-12127
                                         Hon. Nancy G. Edmunds

WAYNE COUNTY BOARD OF
CANVASSER,

      Defendants.

and

KYM WORTHY

      Intervenor-Defendant.

| | |
|---|---|
| Andrew A. Paterson, JR. (P18690) | Melvin Butch Hollowell (P37834) |
| *Attorney for Plaintiffs* | Angela L. Baldwin (P81565) |
| 2893 E. Eisenhower Pkwy | THE MILLER LAW FIRM, P.C. |
| Ann Arbor, MI 48108 | *Attorneys for Intervenor-Defendant* |
| (248) 568-9712 | 1001 Woodward, Suite 850 |
| Aap43@outlook.com | Detroit, Michigan 48226 |
| | (313) 483-0880 |
| | mbh@millerlawpc.com |
| | alb@millerlawpc.com |
| | |
| | James W. Heath (P65419) |
| | *Wayne County Corporation Counsel* |
| | Janet Anderson-Davis (P29499) |
| | *Assistant Corporation Counsel* |
| | *Attorneys for Defendant Wayne County* |
| | Boards of Canvassers |
| | 500 Griswold, 21st Floor |
| | Detroit, Michigan 48226 |
| | (313) 347-5813 |
| | jandersn@waynecounty.com |

## PROSECUTOR KYM L. WORTHY'S BRIEF IN SUPPORT
## OF HER MOTION TO INTERVENE

Around June 3, 2020 Victoria Burton-Harris ("Burton-Harris") submitted a letter to the  Wayne County Clerk ("County Clerk") challenging the candidacy of Prosecutor Worthy for the Office of Wayne County Prosecutor in the August 4, 2020 Primary Election. On June 4, 2020 Prosecutor Worthy filed her response with the County Clerk. At its June 5, 2020 meeting, the Wayne County Election Commission rejected the challenge. Under advice of County Corporation Counsel and after oral argument, the County Clerk properly determined that Prosecutor Worthy had complied with the mandatory statute. As a result, Prosecutor Worthy's candidacy was approved to appear on the August 4, 2020 Primary Election ballot.

On June 5, 2020, Burton-Harris filed a Verified Complaint for a Writ of Mandamus, Injunctive and Declaratory Relief, and an Ex Parte Emergency Motion for Temporary Restraining Order ("TRO") in Wayne County Third Circuit Court. Chief Judge Kenny denied the Ex Parte Motion for TRO and entered an Order for Defendants to Show Cause why a Writ of Mandamus and Preliminary Injunction should not be issued.[2] On June 11, 2020, Plaintiff, Robert Davis, ("Plaintiff" or "Davis") filed an Emergency Motion to Intervene. On June 15, 2020 after extensive

---

[2] Burton-Harris filed an Emergency Application for Leave to Appeal Judge Kenny's Order denying her Ex Parte Motion for TRO, which was also denied by the Court of Appeals. (Docket No. 353770).

1

briefing and oral arguments, the court denied Davis' Motion to Intervene and denied Burton-Harris' Motion for Writ of Mandamus and Declaratory Judgment. Two weeks later, on June 29, 2020, Davis filed an appeal with the Michigan Court of Appeals not only with respect to the denial of his Motion to Intervene, but also with Chief Judge Kenny's substantive ruling on Burton-Harris' Motion even though he was not a party. This matter remains pending before the Michigan Court of Appeals Docket No. 353999. Simultaneously, Davis filed with the Michigan Supreme Court a bypass application and application to appeal the Michigan Court of Appeals July 1, 2020 Order. This was also denied by the Michigan Supreme Court.

Davis' essentially seeks the same type of relief in the Michigan Court of Appeals as he seeks with this Court, and that is to overturn Wayne County Circuit Court Chief Judge Kenny's ruling and find that Prosecutor Worthy's name should not have appeared on the August 4, 2020 Primary Election ballot nor the November 3, 2020 General Election ballot. It should be noted that on August 4, 2020 the voters elected Prosecutor Worthy over Democratic challenger Burton-Harris with 62.3% of the vote.[3] Based on the Complaint, Plaintiff attempts to interfere with the will of the people in selecting the candidate of their choosing.

---

[3] Wayne County Clerk's Office, Elections Division, Elections Summary Report, August 4th, 2020 – Primary Election, Unofficial Results https://www.waynecounty.com/elected/clerk/election-results.aspx

Prosecutor Worthy seeks to intervene as a matter of right in this action, as a party with a direct interest relating to the subject of the action and whose rights cannot be adequately represented by the parties in this matter. MCR 2.209 should be liberally construed to allow intervention when the applicants interest otherwise may be inadequately represented. *Precision Pipe & Supply, Inc. v. Meram Construction, Inc.*, 195 Mich. App. 153, 156; 489 N.W.2d 166 (1992). MCR 2.209(A) governs intervention of right and provides:

> (A) Intervention of Right. On timely application a person has a right to intervene
> in an action:
>
> (1) when a Michigan statute or court rule confers an unconditional right to intervene;
>
> (2) by stipulation of all parties; or
>
> (3) when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicants interest is adequately represented by existing parties.

Prosecutor Worthy is directly named in Count I and II of Plaintiff's Complaint. She has an unconditional right to intervene in this matter because it directly impacts and relates to her candidacy for the Office of Wayne County Prosecutor in the November

3, 2020 General Election and her interests are not adequately represented by the parties in this matter.

In addition, Prosecutor Worthy should be permitted to intervene because her response will raise questions of law and fact in common with the present lawsuit. MCR 2.209 (B) governs permissive intervention and provides:

> (B) Permissive Intervention. On timely application a
> person has a right to intervene in an action:
> * * *
> (2) when an applicant's claim or defense and the main
> action have a question of law or fact in common….

Plaintiff's pleadings in this litigation has many of the same claims, defenses, and questions of law in common with the aforementioned state court actions. Prosecutor Worthy's Motion is timely and permitting her invention will, in no way, unduly delay or prejudice the adjudication of the rights of the original parties because this suit is in its initial phase. Lastly, Prosecutor Worthy sought concurrence in the Motion to Intervene from all parties in this matter. Defendants do not oppose this Motion to Intervene, however Plaintiff did not timely respond to the request for concurrence.

WHEREFORE, for the foregoing reasons, Intervening Defendant Prosecutor Worthy requests that this Honorable Court grant the instant Motion to Intervene pursuant to MCR 2.209(A) and MCR 2.209(B).

Respectfully Submitted,

 /s/ *Angela L. Baldwin*
Melvin Butch Hollowell (P37834)
Angela L. Baldwin (P81565)
THE MILLER LAW FIRM, P.C.
*Attorneys for Intervenor Defendant*
1001 Woodward, Suite 850
Detroit, Michigan 48226
(313) 483-0880

Dated: August 21, 2020

**PROOF OF SERVICE**

I hereby certify that on August 21, 2020, I electronically filed the foregoing document using the ECF system which will send notification of such filing to all attorneys of record.

/s/ Angela L. Baldwin_____
Melvin Butch Hollowell (P37834)
Angela L. Baldwin (P81565)
THE MILLER LAW FIRM, P.C.
1001 Woodward Ave., Suite 850
Detroit, MI 48226
(313) 483-0880
alb@millerlawpc.com
*Attorney for Intervenor-Defendant*
*Kym Worthy*

# EXHIBIT 4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT DAVIS,** and        Case No. 20-cv-12127
**SHANE ANDERS,**            **Hon. Nancy G. Edmunds**
      Plaintiffs,

v.

# WAYNE COUNTY BOARD OF CANVASSERS,
      Defendant.

_____/

| | |
|---|---|
| ANDREW A. PATERSON (P18690) | JAMES HEATH (P65419) |
| Attorney for Plaintiffs | Wayne County Corporation Counsel |
| 2893 E. Eisenhower Pkwy | JANET ANDERSON-DAVIS (P29499) |
| Ann Arbor, MI 48108 | Assistant Corporation Counsel |
| (248) 568-9712 | Attorneys for Defendant |
| aap43@outlook.com | 500 Griswold, 21st Floor |
| | Detroit, MI 48226 |
| | (313) 347-5813 |
| | jandersn@waynecounty.com |

_____/

## AMENDED COMPLAINT AND JURY DEMAND

**NOW COME** Plaintiffs, ROBERT DAVIS and SHANE ANDERS,

by and through their attorney, ANDREW A. PATERSON, and for their

Amended Complaint and Jury Demand ("Amended Complaint"), state

as follows:

## I. NATURE OF PLAINTIFFS' CLAIMS

1. Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367; and, the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C. 1983; 28 U.S.C. §§ 1331, 1332, 1337, 1343, and 1367.

3. This Court also has jurisdiction to render and issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

4. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b)(1). Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Upon information and belief, all of the named Defendants are residents of the State of Michigan or have a place of business in the State of Michigan, and at least one of the Defendants reside in the Eastern District of Michigan. Therefore,

venue is proper within the Eastern District of Michigan under 28 U.S.C. § 1391(b)(1).[1]

5. All events giving rise to the causes of action pleaded and alleged herein occurred in the Eastern District of Michigan.

## III. **PARTIES**

6. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

7. Plaintiff, Robert Davis ("**Plaintiff Davis**"), is a resident and registered voter of the City of Highland Park, County of Wayne, State of Michigan. Plaintiff Davis voted in the August 4, 2020 primary election.

8. Plaintiff, Shane Anders ("**Plaintiff Anders**"), is a resident and registered voter of the City of Dearborn, County of Wayne, State of Michigan. Plaintiff Anders voted in the August 4, 2020 Republican

---

[1] Under 28 U.S.C. § 1391(b)(1) venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Furthermore, under 28 U.S.C. § 1391(c)(2), a corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction." The determination of the proper venue for a civil action in federal court is "generally governed by 28 U.S.C. 1391." *Atlantic Marine Const. Co. v U.S. District. Court for W.Dist. of Texas*, 571 U.S. 49, 55 (2013). "[T]he court must determine whether the case falls within one of the three categories set out in 1391(b). If it does, venue is proper[.]" *Id.* at 55.

primary election and was the sole declared write-in candidate in the
August 4, 2020 Republican primary election for the office of Wayne
County Prosecutor.

9. Defendant, Wayne County Board of Canvassers ("**Defendant
Board of Canvassers**"), pursuant to Mich. Comp. Laws §§168.24a,
168.24c and 168.822, and 168.826, is the four-member board
selected by a majority of the Wayne County Board of
Commissioners that is charged with the statutory duties of
canvassing, certifying, determining and declaring the results of
elections held in Wayne County.  In accordance with MCL 168.821
and 168.822, the Defendant Board of Canvassers "shall meet at the
office of the county clerk no later than 9 a.m. on the Thursday after
any election held in the county" and "shall then proceed without
delay to canvass the returns of votes cast for all candidates for
offices voted for and all questions voted on at the election, according
to the precinct returns filed with the probate judge or presiding
probate judge by the several city and township clerks[.]"

10.     An actual controversy exists between the Plaintiffs and the
named Defendant.

## GENERAL ALLEGATIONS AND STATEMENT OF FACTS

11.    Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

### Candidates Filing To Run For The Office of Wayne County Prosecutor

12.    On November 4, 2019, Victoria Burton-Harris filed an affidavit of identity, along with a $100 filing fee, with the Wayne County Clerk to qualify as a candidate for the Democratic Party for the office of prosecuting attorney for the County of Wayne.

13.    On March 18, 2020, Kym Worthy filed an affidavit of identity, along with a $100 filing fee, with the Wayne County Clerk to qualify as a candidate for the Democratic Party for the office of prosecuting attorney for the County of Wayne. (**See Kym Worthy's affidavit of identity attached as Exhibit A**).

14.    The filing deadline for a candidate to file an affidavit of identity and $100 filing fee to qualify to have their name printed on the August 4, 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor was by 4 p.m. on April 21, 2020.

15.    Kym Worthy and Victoria Burton-Harris were only two (2) candidates who timely filed affidavits of identity and the $100 filing

fee to have their names printed on the August 4, 2020 primary election ballot as candidates for the Democratic Party's nomination for the office of Wayne County Prosecutor.

16.     According to the Wayne County Clerk, no person timely filed an affidavit of identity and $100 filing fee by the filing deadline date to have their name printed on the August 4, 2020 primary election as a candidate for the Republican Party's nomination for the office of Wayne County Prosecutor.

17.     However, on July 23, 2020, pursuant to Mich. Comp. Laws §168.737a(1), Plaintiff Anders timely filed with the Wayne County Clerk a declaration of intent to run as a write-in candidate as a Republican in the August 4, 2020 primary election for the office of Wayne County Prosecutor. (**See Plaintiff Anders' Declaration of Intent to Be A Write-In Candidate attached as Exhibit B**).

18.     Pursuant to Mich. Comp. Laws §168.737a(1), the statutory deadline for a person to file a declaration of intent to be a write-in candidate for any office appearing on the August 4, 2020 primary election ballot was by 4 p.m. on July 24, 2020.

19.    As of Friday, July 31, 2020, Plaintiff Anders was the only candidate who timely filed with the Wayne County Clerk a declaration of intent to run as a write-in candidate as a Republican in the August 4, 2020 primary election for the office of Wayne County Prosecutor.

20.    Pursuant to Mich. Comp. Laws §168.191, Plaintiff Anders' satisfied the statutory requirements to be eligible to run for the office of Wayne County Prosecutor.

## **Victoria Burton-Harris' State-Court Case**

21.    On or about June 2, 2020, Victoria Burton-Harris, who was a democratic candidate for the office of Wayne County Prosecutor, filed a legal challenge with the Wayne County Clerk and Wayne County Election Commission, challenging the certification of Kym Worthy's name to appear on the August 4, 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor for the Democratic Party. (**See Victoria Burton-Harris' Legal Challenge attached as Exhibit C**).

22.    On June 5, 2020, the Wayne County Election Commission convened to formally approve and certify the names of the

candidates whose names would appear on the August 2020 primary election ballot.

23.     However, prior to the June 5, 2020 meeting of the Wayne County Election Commission, the Wayne County Clerk issued a written determination rejecting Victoria Burton-Harris' legal challenge and further advising that the Wayne County Clerk would be certifying Kym Worthy's name to appear on the August 4, 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor for the Democratic Party. (**See Wayne County Clerk's June 5, 2020 Determination letter attached as Exhibit D**).

24.     During the Wayne County Election Commission's June 5th meeting, they also discussed Victoria Burton-Harris' legal challenge. After hearing arguments from counsel representing Victoria Burton-Harris and Kym Worthy, the Wayne County Election Commission voted to approve the Wayne County Clerk's certification of Kym Worthy's name to appear on the August 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor for the Democratic Party.

25. That same day, on June 5, 2020, Victoria Burton-Harris filed a state-court complaint and emergency motion for declaratory judgment, writ of mandamus and temporary restraining order in the Wayne County Circuit Court.

26. Pursuant to the Third Judicial Circuit Court's Local Administrative Order 2017-08, Wayne County Circuit Court Chief Judge Tim Kenny ("Chief Judge Kenny") was automatically assigned Victoria Burton-Harris' election case. (**See Local Administrative Order 2017-08 attached as Exhibit E**).

27. Victoria Burton-Harris also filed an *ex parte* motion for temporary restraining order and order to show cause. However, Chief Judge Kenny did not grant Victoria Burton-Harris' *ex parte* motion for temporary restraining order, but instead, entered an order to show cause requiring the Wayne County Clerk and Wayne County Election Commission to show cause why a writ of mandamus and/or preliminary injunction should not issue.

28. Chief Judge Kenny set a hearing for Victoria Burton-Harris' order to show cause to be heard on June 15, 2020 at Noon.

29.     On June 9, 2020, Victoria Burton-Harris filed with the Michigan Court of Appeals an emergency Application for Leave to Appeal Chief Judge Kenny's June 8, 2020 order denying Victoria Burton Harris' *ex parte* motion for temporary restraining order. See Michigan Court of Appeals Docket No. 353770.

30.     That same day, the Michigan Court of Appeals promptly entered an order denying Victoria Burton-Harris' emergency Application for Leave to Appeal. *See Burton-Harris v Wayne County Clerk*, unpublished order of the Court of Appeals, entered June 9, 2020 (Docket No. 353770).[2]

31.     On June 11, 2020, while the Victoria Burton-Harris election case was pending in the state court, community activist Plaintiff

---

[2] Notably, Chief Judge Kenny's June 8, 2020 order to show cause did not explicitly state that the state-court denied Victoria Burton Harr's *ex parte* motion for temporary restraining order. Thus, one could conclude that the Michigan Court of Appeals lacked jurisdiction over Victoria Burton-Harris' emergency application for leave to appeal. It is well-settled that the Michigan Court of Appeals has jurisdiction to hear appeals from orders, whether they be final orders for purposes of an appeal of right, or interlocutory for purposes of an application for leave to appeal. See, generally, MCR 7.203(A) & (B); *Chen v Wayne State University*, 284 Mich App 172, 192-193; 771 NW2d 820 (2009). Appealable orders, of course, are the written variety, not simply oral rulings made by the court from the bench. *City of Sterling Heights v Chrysler Group LLC*, 309 Mich App 676, 682; 873 NW2d 342 (2015). However, Chief Judge Kenny never signed and entered a written order denying Victoria Burton-Harris' *ex parte* motion for temporary restraining order.

Davis timely filed an Emergency Motion to Intervene as a plaintiff in the case pursuant to MCR 2.209(A)(3) and MCR 2.209(B)(2).

32.     Chief Judge Kenny set a hearing for Plaintiff Davis' emergency motion to intervene to be held on Monday, June 15, 2020 at Noon, on the same day as Victoria Burton-Harris' show cause hearing.

33.     On June 15, 2020, Chief Judge Kenny heard arguments in Victoria Burton-Harris' matter and after hearing arguments, Chief Judge Kenny denied Plaintiff Davis' Emergency Motion to Intervene on the basis of laches and also denied Victoria Burton-Harris' motions for writ of mandamus and declaratory judgment.

34.     That same day, Chief Judge Kenny entered a final order denying the requested relief and dismissing with prejudice Victoria Burton-Harris' case. (**See Chief Judge Kenny's June 15, 2020 Order in Burton-Harris case attached as Exhibit F**).

35.     Victoria Burton-Harris chose not to appeal Chief Judge Kenny's erroneous decision.

36.     However, on June 29, 2020, Plaintiff Davis timely filed a claim of appeal with the Michigan Court of Appeals appealing Chief

Judge Kenny's June 15, 2020 Order denying Plaintiff Davis' motion to intervene. *See* Michigan Court of Appeals Docket No. 353999.

37.　　The next day, on June 30, 2020, Plaintiff Davis filed a motion to expedite the appeal along with a motion for immediate consideration. On July 1, 2020, the Michigan Court of Appeals issued an order granting Plaintiff Davis' motion for immediate consideration, but **denying** Plaintiff Davis' motion to expedite the appeal. *See Vitoria Burton-Harris v Wayne County Clerk*, unpublished order of the Court of Appeals, entered July 1, 2020 (Docket No. 353999).

38.　　Undeterred, on July 6, 2020, Plaintiff Davis filed with the Michigan Supreme Court an emergency bypass application and application for leave to appeal the July 1, 2020 order of the Michigan Court of Appeals.

39.　　On July 15, 2020, the Justices of the Michigan Supreme Court entered an order granting immediate consideration, but denying Plaintiff Davis' emergency bypass application and application for leave to appeal because the Michigan Supreme Court was "not persuaded that the remaining questions presented should be

reviewed by this Court before consideration by the Court of Appeals." (**See Michigan Supreme Court's July 15, 2020 Order attached as Exhibit G**).

40.     Thus, Plaintiff Davis' appeal of Chief Judge Kenny's decision denying Plaintiff Davis' motion to intervene in the Burton-Harris' election case remains pending in the Michigan Court of Appeals. *See* Michigan Court of Appeals Docket No. 353999.

## CAUSES OF ACTION

### COUNT I
**Plaintiff Davis' Right To Vote Was Violated With The Dilution Of Plaintiff Davis' Legitimate Vote By Defendant County Board of Canvassers Counting Improper Votes Cast For Kym Worthy.**

41.     Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

42.     This claim is brought by Plaintiff Davis against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*.

43.     This claim, which is brought by Plaintiff Davis against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

44.     On August 4, 2020, Plaintiff Davis voted in the democratic
primary election and voted for Victoria Burton-Harris for Wayne
County Prosecutor.

45.     On Wednesday, August 5, 2020 at 3 p.m., Defendant Wayne
County Board of Canvassers convened to begin their statutory
duty of tallying, counting and certifying the election results from
the August 4, 2020 primary election.

46.     Prior to their August 5, 2020 meeting, counsel for Plaintiffs
sent members of the Defendant Wayne County Board of
Canvassers and their legal counsel, Janet Anderson-Davis, an
email requesting that the Defendant Wayne County Board of
Canvassers not to count, tally or certify any votes cast for Kym
Worthy.

47.     At the Defendant Wayne County Board of Canvassers'
August 5, 2020 meeting, Plaintiffs' counsel spoke during citizens'
participation and again, requested the members of the Defendant
Wayne County Board of Canvassers not to count, tally or certify
any votes cast for Kym Worthy.

48.      After Plaintiffs' counsel spoke during the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, counsel for the Defendant Wayne County Board of Canvassers advised Plaintiffs' counsel on the record that any and all votes cast for Kym Worthy would be counted, tallied and certified by the Defendant Wayne County Board of Canvassers absent an order for a court ordering the Defendant Wayne County Board of Canvassers not to count said votes cast for Kym Worthy.

49.      Pursuant to Mich.Comp.Laws §§ 168.822, 168.824, 168.825, and 168.826, Defendant Wayne County Board of Canvassers has the statutory duty to count, tally, and certify the election results from the August 4, 2020 primary election.

50.      Pursuant to Mich.Comp.Laws §§ 168.197 and 168.687, the Defendant Wayne County Board of Canvassers has the statutory duty to certify to the Wayne County Election Commission the names of each candidate who received the highest number of votes for each political party for the office of Wayne County Prosecutor.

51.      Mich.Comp.Laws §168.550 provides:

> ***No candidate shall have his name printed upon
> any official primary election ballot of any***

*political party* in any voting precinct in this state unless he shall have filed nominating petitions according to the provisions of this act, **and all other requirements of this act have been complied with in his behalf**, except in those counties qualifying candidates upon the payment of fees. (Emphasis supplied).

52.     However, Michigan Election Law allows candidates to qualify for the office of prosecuting attorney by filing a $100 filing fee in lieu of the nominating petitions.  Mich.Comp.Laws §168.193(2) provides, in relevant part:

> (2) To obtain the printing of the name of a candidate of a political party under the particular party's heading upon the primary election ballots in the various voting precincts of the county, there may be filed by the candidate, in lieu of filing nomination petitions, a filing fee of $100.00 to be paid to the county clerk. **Payment of the fee and certification of the candidate's name paying the fee shall be governed by the same provisions as in the case of nominating petitions**. (Emphasis supplied).

53.     Mich.Comp.Laws §168.560 provides:

> **Ballots other than those furnished by the board of election commissioners, *according to the provisions of this act*, *shall not be used, cast, or counted in any election precinct at any election*.** The size of all official ballots shall be as the board of

election commissioners prescribes. (Emphasis supplied).

54.     As noted, on March 18, 2020, Kym Worthy executed and filed her affidavit of identity, along with the $100 filing, with the Wayne County Clerk and Gil Flowers. (Exhibit A).

55.     Kym Worthy did **not** file two (2) copies of the affidavit of identity when she filed the original affidavit of identity with the Wayne County Clerk and Gil Flowers on March 18, 2020.

56.     On June 1, 2020, Plaintiff Davis sent an email communication to Gil Flowers seeking confirmation as to whether Kym Worthy and Brenda Jones had filed a postelection statement required under Mich. Comp. Laws §168.848 (**See Plaintiff Davis' June 1, 2020 Email to Gil Flowers attached as Exhibit J**).

57.     On June 3, 2020, Gil Flowers responded and advised Activist Davis that, as of June 3, 2020, neither Kym Worthy nor Brenda Jones had filed with the Wayne County Clerk the postelection statement required under Mich. Comp. Laws §168.848. (**See Gil Flowers' June 3, 2020 Response attached as Exhibit J**).

58.     Despite having this information, members of the Defendant County Election Commission convened and voted to certify and

approve Kym Worthy's name to appear on the August 4, 2020

primary election ballot.

59.    Mich. Comp. Laws §168.550 of Michigan Election Law,

states:

> ***No candidate shall have his name printed upon any
> official primary election ballot of any political party*** in
> any voting precinct in this state ***unless he shall have filed
> nominating petitions according to the provisions of
> this act, and all other requirements of this act have
> been complied with in his behalf***, except in those counties
> qualifying candidates upon the payment of fees. (emphasis
> supplied).

60.    Mich. Comp. Laws §168.558(1) of Michigan Election Law,

states in relevant part:

> (1) When filing a nominating petition, qualifying petition,
> filing fee, or affidavit of candidacy for a federal, county,
> state, city, township, village, metropolitan district, or school
> district office in any election, a candidate ***shall file with
> the officer*** with whom the petitions, fee, or affidavit is filed
> ***2 copies of an affidavit of identity***. (emphasis supplied).

61.    Mich. Comp. Laws §168.558(4) of Michigan Election Law,

further provides in pertinent part:

> (4) An affidavit of identity must include a statement that as
> of the date of the affidavit, all statements, reports, late filing
> fees, and fines required of the candidate or any candidate

committee organized to support the candidate's <u>election</u> under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid; and a statement that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both. If a candidate files the affidavit of identity with an officer other than the county clerk or secretary of state, the officer shall immediately forward to the county clerk 1 copy of the affidavit of identity by first-class mail. The county clerk shall immediately forward 1 copy of the affidavit of identity for state and federal candidates to the secretary of state by first-class mail. ***An officer shall not certify to the board of <u>election</u> commissioners the name of a candidate who fails to comply with this section***, ***or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section***. (emphasis supplied).

62.  The ballot for the democratic primary for the office of Wayne County Prosecutor was **not** printed in accordance with Michigan Election Law because it included the name of Kym Worthy, whose name should not have been printed thereon.

63.  Kym Worthy's name should not have been printed on the August 4, 2020 primary election ballot as a candidate for Wayne County Prosecutor because (1) Kym Worthy failed to file 2 copies of her affidavit of identity as required under Mich.Comp.Laws

§168.558(1); and (2) Kym Worthy submitted an affidavit of identity that contained a false statement in violation of Mich.Comp.Laws §168.558(4).

64.    Thus, pursuant to Mich.Comp.Laws §168.560, the votes cast for Kym Worthy cannot be counted by the Defendant Wayne County Board of Canvassers.

65.    The counting, tallying and certification of the votes cast for Kym Worthy by the Defendant Wayne County Board of Canvassers will dilute the lawful vote cast by Plaintiff Davis for Victoria Burton-Harris.

66.    The dilution of Plaintiff Davis' vote violates Plaintiff Davis' fundamental right to vote and to have his vote counted.

67.     The lawful vote cast by Plaintiff Davis for Victoria Burton-Harris will be nullified and cancelled out by the Defendant Wayne County Board of Canvassers' actions of counting and certifying the improper votes cast for Kym Worthy.

68.    Chief Judge Kenny's decision in the Victoria Burton-Harris state-court case amounted to an officially-sponsored election

procedure, which in its basic respects was flawed to the level of fundamental unfairness.

69. Plaintiff Davis has a fundamental right to have his vote counted, which can only be achieved by the Defendant Wayne County Board of Canvassers not being permitted to count, tally or certify any votes cast for Kym Worthy.

**WHEREFORE**, Plaintiff Davis requests this Court to enter judgment against Defendant Wayne County Board of Canvassers as follows:

  a. compensatory damages in whatever amount above $75,000.00 Plaintiff Davis is found to be entitled;
  b. an award of exemplary and punitive damages;
  c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;
  d. a declaration that Plaintiff Davis' fundamental right to vote and to have his vote counted has been violated by the Defendant Wayne County Board of Canvassers by counting and/or certifying votes cast for Kym Worthy;
  e. a declaration that Plaintiff Davis' vote has been diluted with votes cast for Kym Worthy in the August 4, 2020 primary election being counted and certified by the Defendant Wayne County Board of Canvassers;
  f. a declaration that Defendant Wayne County Board of Canvassers cannot count and/or certify any votes cast for Kym Worthy in the August 4, 2020 primary election;
  g. a declaration that the ballots printed with Kym Worthy's name on them were not printed in accordance with Michigan Election Law and thus, pursuant to Mich.Comp.Laws

§168.560, said ballots cannot be counted by the Defendant Wayne County Board of Canvassers;

h. a declaration that Kym Worthy submitted an affidavit of identity containing a false statement in violation of Mich.Comp.Laws §168.558;

i. a declaration that Kym Worthy failed to file 2 copies of her affidavit of identity in violation of Mich.Comp.Laws §168.558;

j. an injunction enjoining the Defendant Wayne County Board of Canvassers from counting, tallying, and/or certifying any votes cast for Kym Worthy in the August 4, 2020 primary election; and

k. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II
### Plaintiff Davis' Substantive Due Process Rights Have Been Violated With The Dilution Of Plaintiff Davis' Legitimate Vote By Defendant County Board of Canvassers Counting Improper Votes Cast For Kym Worthy.

70. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

71. This claim is brought by Plaintiff Davis against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

72. This claim, which is brought by Plaintiff Davis against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

73.     On August 4, 2020, Plaintiff Davis voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor.

74.     On Wednesday, August 5, 2020 at 3 p.m., Defendant Wayne County Board of Canvassers convened to begin their statutory duty of tallying, counting and certifying the election results from the August 4, 2020 primary election.

75.     Prior to their August 5, 2020 meeting, counsel for Plaintiffs sent members of the Defendant Wayne County Board of Canvassers and their legal counsel, Janet Anderson-Davis, an email requesting that the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Kym Worthy.

76.     At the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, Plaintiffs' counsel spoke during citizens' participation and again, requested the members of the Defendant Wayne County Board of Canvassers not to count, tally or certify any votes cast for Kym Worthy.

77.    After Plaintiffs' counsel spoke during the Defendant Wayne County Board of Canvassers' August 5, 2020 meeting, counsel for the Defendant Wayne County Board of Canvassers advised Plaintiffs' counsel on the record that any and all votes cast for Kym Worthy would be counted, tallied and certified by the Defendant Wayne County Board of Canvassers absent an order for a court ordering the Defendant Wayne County Board of Canvassers not to count said votes cast for Kym Worthy.

78.    Pursuant to Mich.Comp.Laws §§ 168.822, 168.824, 168.825, and 168.826, Defendant Wayne County Board of Canvassers has the statutory duty to count, tally, and certify the election results from the August 4, 2020 primary election.

79.    Pursuant to Mich.Comp.Laws §§ 168.197 and 168.687, the Defendant Wayne County Board of Canvassers has the statutory duty to certify to the Wayne County Election Commission the names of each candidate who received the highest number of votes for each political party for the office of Wayne County Prosecutor.

80.    The counting, tallying and certification of the votes cast for Kym Worthy by the Defendant Wayne County Board of

Canvassers will dilute the lawful vote cast by Plaintiff Davis for Victoria Burton-Harris.

81.     The dilution of Plaintiff Davis' lawful vote violates Plaintiff Davis' fundamental right to vote and to have his vote counted.

82.     The lawful vote cast by Plaintiff Davis for Victoria Burton-Harris will be nullified and cancelled out by the Defendant Wayne County Board of Canvassers' actions of counting and certifying the improper votes cast for Kym Worthy.

83.     Chief Judge Kenny's decision in the Victoria Burton-Harris state-court case amounted to an officially-sponsored election procedure, which in its basic respects was flawed to the level of fundamental unfairness.

84.     Plaintiff Davis has a fundamental right to have his vote counted, which can only be achieved by the Defendant Wayne County Board of Canvassers not being permitted to count, tally or certify any votes cast for Kym Worthy.

**WHEREFORE**, Plaintiff Davis requests this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

a. compensatory damages in whatever amount above $75,000.00 Plaintiff Davis is found to be entitled;

b. an award of exemplary and punitive damages;

c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

d. a declaration that Plaintiff Davis' substantive due process rights have been violated by the Defendant Wayne County Board of Canvassers;

e. a declaration that Plaintiff Davis' fundamental right to vote and to have his vote counted has been violated by Defendant Wayne County Board of Canvassers with the counting and/or certification of votes cast for Kym Worthy;

f. a declaration that Plaintiff Davis' vote has been diluted with the counting and certification of votes cast for Kym Worthy in the August 4, 2020 primary election by the Defendant Wayne County Board of Canvassers;

g. a declaration that Defendant Wayne County Board of Canvassers cannot count and/or certify any votes cast for Kym Worthy in the August 4, 2020 primary election;

h. a declaration that the ballots printed with Kym Worthy's name on them were not printed in accordance with Michigan Election Law and thus, pursuant to Mich.Comp.Laws §168.560, said ballots cannot be counted by the Defendant Wayne County Board of Canvassers;

i. a declaration that Kym Worthy submitted an affidavit of identity containing a false statement in violation of Mich.Comp.Laws §168.558;

j. a declaration that Kym Worthy failed to file 2 copies of her affidavit of identity in violation of Mich.Comp.Laws §168.558;

k. an injunction enjoining the Defendant Wayne County Board of Canvassers from counting, tallying, and/or certifying any votes cast for Kym Worthy in the August 4, 2020 primary election; and

l. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT III
**Equal Protection "Class-of-One" Claim- Plaintiff Davis Was Denied Equal Protection Under The Law By Defendant Board of Canvassers Under The Class-of-One Theory By Treating Plaintiff Davis Differently At Defendant's August 18, 2020 Meeting.**

85. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

86. This claim is brought by Plaintiff Davis against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

87. This claim, which is brought by Plaintiff Davis against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

88. On August 18, 2020, the Defendant Board of Canvassers convened to certify the election results from the August 4, 2020 primary election.

89. Due to the COVID-19 pandemic, the Defendant Board of Canvassers' August 18, 2020 public meeting was conducted via Zoom.

90. Plaintiff Davis participated in the Defendant Board of Canvassers' August 18, 2020 public meeting via Zoom.

91.     During the Defendant Board of Canvassers' August 18, 2020
public meeting, staff from the Wayne County Clerk's office
reported that there were numerous errors discovered with the
City of Detroit's tally of votes cast in the August 4, 2020 primary
election.

92.     To their credit, during the meeting, the Defendant Board of
Canvassers allowed members of the public to ask questions of its
members and staff that were present at the August 18, 2020
meeting.

93.     During the citizen's participation portion of the August 18,
2020 meeting, Defendant Board of Canvassers allowed members
of the public to ask lengthy questions of its members and staff and
the Defendant Board of Canvassers permitted and directed its
staff to answer questions posed by members of the public.

94.     During citizen's participation, Plaintiff Davis asked
members of the Defendant Board of Canvassers and staff whether
Plaintiff Anders received any write-in votes in the Republican
primary for the office of Wayne County Prosecutor.

95.     Jennifer Redmond, the deputy director of Elections for
Wayne County, advised Plaintiff Davis that the Defendant Board
of Canvassers tallied 9 votes for Plaintiff Anders.

96.     Plaintiff Davis then asked Jennifer Redmond whether
Plaintiff Anders would be certified by the Defendant Board of
Canvassers as the Republican nominee to appear on the
November 3, 2020 general election ballot.

97.     Jennifer Redmond further advised Plaintiff Davis that
Plaintiff Anders would not be certified by the Defendant Board of
Canvassers as the Republican nominee because MCL 168.582 of
Michigan Election Law required Plaintiff Anders to receive a
minimum of 10 votes.

98.     Plaintiff Davis then proceeded to ask members of the
Defendant Board of Canvassers whether a public notice was
posted informing the public the days, times, and location that the
Defendant Board of Canvassers and its staff were conducting the
canvass of the votes cast in the August 4, 2020 primary election.

99.     The Chairwoman and Jennifer Redmond could not answer
the question directly, but instead indicated members of the public

could have attended and observed the canvass and tallying of votes cast.

100.    Plaintiff Davis then proceeded to ask members of the Defendant Board of Canvassers whether they had approved a resolution naming and authorizing a specific person to post notices of their meetings.

101.     Counsel for the Defendant Board of Canvassers interjected and advised the members of the Defendant Board of Canvassers and staff not to answer Plaintiff Davis' question.

102.    Plaintiff Davis then proceeded to ask members of the Defendant Board of Canvassers who posted the notice for the August 18, 2020 public meeting.

103.    Again, counsel for the Defendant Board of Canvassers interjected and advised the members of the Defendant Board of Canvassers and staff not to answer Plaintiff Davis' question.

104.    The Defendant Board of Canvassers' refusal to answer Plaintiff Davis' questions and its refusal to allow its staff to answer Plaintiff Davis' questions denied Plaintiff Davis equal protection under the law under the "class-of-one" theory.

105.    During the August 18, 2020 meeting, the Defendant Board of Canvassers treated Plaintiff Davis differently than they treated other members of the public.

106.    During the August 18, 2020 meeting, the Defendant Board of Canvassers willingly answered questions posed by members of the public and also allowed its staff to answer questions posed by members of the public, but when it came to the questions posed by Plaintiff Davis, the Defendant Board of Canvassers prohibited its staff to answer the questions Plaintiff Davis asked.

107.    This unequal treatment of Plaintiff Davis is due to the personal animus and ill will members of the Defendant Board of Canvassers and its legal counsel have towards Plaintiff Davis.

108.    The Defendant Board of Canvassers and its members have personal animus and ill will towards Plaintiff Davis because Plaintiff Davis have publicly belittled the members of the Defendant Board of Canvassers, its staff and legal counsel.

109.    The Defendant Board of Canvassers and its members have personal animus and ill will towards Plaintiff Davis because Plaintiff Davis has sued the Defendant Board of Canvassers.

110.     The Defendant Board of Canvassers and its members have personal animus and ill will towards Plaintiff Davis because Plaintiff Davis has made critical statements to the press about the Defendant Board of Canvassers and its members.

111.     In fact, some members of the Defendant Board of Canvassers have publicly criticized Plaintiff Davis and have stated publicly that they disliked Plaintiff Davis.

112.     In fact, some members of the Defendant Board of Canvassers have publicly stated Plaintiff Davis was a "nuisance" and "troublemaker".

113.     One member of the Defendant Board of Canvassers told Plaintiff Davis personally that members of Defendant Board of Canvassers and its legal counsel "hated" and "despised" Plaintiff Davis and was going to do anything to disrupt any matters Plaintiff Davis would bring before the Defendant Board of Canvassers.

114.     A Wayne County employee/official confidentially told Plaintiff Davis that the Defendant Board of Canvassers advised its staff not to provide Plaintiff Davis with information and that

some members of the Defendant Board of Canvassers expressed their disdain and dislike of Plaintiff Davis.

115.    There was no plausible reason for counsel for the Defendant Board of Canvassers to direct the members of the Defendant Board of Canvassers and its staff not to answer the questions posed and asked by Plaintiff Davis during the August 18, 2020 public meeting.

116.    This unequal treatment of Plaintiff Davis was a result of the animus and ill will Defendant Board of Canvassers have against Plaintiff Davis.

**WHEREFORE**, Plaintiff Davis requests this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

    a. compensatory damages in whatever amount above $75,000.00 Plaintiff Davis is found to be entitled;
    b. an award of exemplary and punitive damages;
    c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;
    d. a declaration that Plaintiff Davis was denied equal protection under law by the Defendant Wayne County Board of Canvassers under the "class-of-one" theory by treating Plaintiff Davis differently from the other citizens who asked questions at the August 18, 2020 meeting; and
    e. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT IV
## Mich. Comp. Laws §168.582, On Its Face and As Applied By Defendant Board of Canvassers To Plaintiff Anders, Is Unconstitutionally Vague.

117.   Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

118.   This claim is brought by Plaintiff Anders against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

119.   This claim, which is brought by Plaintiff Anders against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

120.   Plaintiff Anders believes that Mich. Comp. Laws §168.582, on its face and as applied to him, is unconstitutionally vague.

121.   On August 4, 2020, Plaintiff Anders voted in the Republican primary election and voted for himself, by writing his name in for the office of Wayne County Prosecutor.

122.   Plaintiff Anders, his wife and son voted by absentee ballot in the August 4, 2020 primary election.

123.   Plaintiff Anders' wife and son voted for Plaintiff Anders in the August 4, 2020 Republican primary election for the office of

Wayne County Prosecutor by properly writing in his name and filing in the adjacent oval.

124.    However, when the Defendant Board of Canvassers published the tally of votes cast for Plaintiff Anders in the August 4, 2020 primary election, the Defendant Board of Canvassers tallied and certified Plaintiff Anders as having received only 1 vote in the City of Dearborn.

125.    Realizing this was an obvious error, mistake, or fraud, on August 21, 2020, Plaintiff Anders timely filed a sworn petition along with a $100 deposit with the Wayne County Clerk requesting a recount of certain election day and absentee voting precincts, including Plaintiff Anders' very own voting precinct.

126.    On Wednesday, September 2, 2020, the Defendant Board of Canvassers convened a public meeting, via Zoom, to consider Plaintiff Anders' recount petition.

127.    Plaintiff Davis participated in the Defendant Board of Canvassers' September 2, 2020 meeting as an individual citizen, and as a representative and challenger on behalf of Plaintiff Anders.

128.     During the Defendant Board of Canvassers' September 2, 2020 meeting, the democratic members of the Defendant Board of Canvassers and the Director of Elections of Wayne County, whose father is a downriver democratic elected official, attempted to block Plaintiff Anders' request for a recount.

129.     Citing Mich. Comp. Laws §168.582, the democratic members of the Defendant Board of Canvassers and the Director of Elections for Wayne County, stated Plaintiff Anders did not meet the minimum threshold and need some 3,000 plus votes.

130.     On behalf of Plaintiff Anders, Plaintiff Davis quickly interjected and advised the Defendant Board of Canvassers that their reading and interpretation of the vague and ambiguous statute, being Mich. Comp. Laws §168.582, was erroneous and that Plaintiff Anders had a statutory right to a recount of the precincts he requested to be recounted in his sworn petition.

131.     Surprisingly, counsel for Defendant Board of Canvassers also advised the Defendant Board of Canvassers that Plaintiff Anders had a statutory right to a recount.

132.    Ignoring the advice of counsel, the democratic members of the Defendant Board of Canvassers proceeded with a motion to deny Plaintiff Anders' petition and request for a recount.

133.    Thankfully, the democratic members' motion failed on a 2-to-2 vote.

134.    After that vote failed, the Defendant Board of Canvassers the advanced a motion to approve and authorize Plaintiff Anders' request and petition for a recount.

135.    The motion to approve and authorize Plaintiff Anders' request and petition for a recount was unanimously approved with a 4-to-0 vote.

136.    Within 30 minutes after the Defendant Board of Canvassers' September 2, 2020 concluded, Plaintiff Davis received a call on his cell phone from a democratic member of the Defendant Board of Canvassers who informed Plaintiff Davis that the Director of Elections was going to again request and ask the Defendant Board of Canvassers not to certify Plaintiff Anders as the Republican nominee if the recount resulted in Plaintiff Anders receiving a net gain of an additional vote.

137.    The language of Mich. Comp. Laws §168.582 is vague and ambiguous.

138.    The language of Mich. Comp. Laws §168.582 is not precise and inevitably will lead to the Defendant Board of Canvassers enforcing Mich. Comp. Laws §168.582 in an arbitrary and/or discriminatory way against Plaintiff Anders.

139.    The actions of the Defendant Board of Canvassers and its staff at its August 18th and September 2nd, 2020 meetings illustrate the ambiguity and vagueness in the law.

140.    Counsel for the Defendant Board of Canvassers has one interpretation and understanding of the provisions of Mich. Comp. Laws 1§68.582, but the Director of Elections for Wayne County and certain democratic members of the Defendant Board of Canvassers have a different interpretation and understanding of the provisions of Mich. Comp. Laws §168.582.

141.    The vastly different interpretations and understandings of the provisions of Mich. Comp. Laws §168.582 members of the Defendant Board of Canvassers, its staff, and legal counsel maintain, have resulted in the Defendant Board of Canvassers

enforcing Mich. Comp. Laws §168.582 in an arbitrary and/or discriminatory way against Plaintiff Anders.

142.     Plaintiff Anders is unsure and equally unclear as to what standard or threshold, if any, he must meet under Mich. Comp. Laws §168.582 in order to qualify and/or be certified as the nominee of the Republican party for the November 3, 2020 general election for the office of Wayne County Prosecutor.

143.     Plaintiff Anders does not understand the vague and ambiguous language of Mich. Comp. Laws §168.582.

144.     Mich. Comp. Laws §168.582 is unconstitutionally void and thus, as applied to Plaintiff Anders, is void for vagueness.

**WHEREFORE**, Plaintiff Anders requests this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

> a. compensatory damages in whatever amount above $75,000.00 Plaintiff Anders is found to be entitled;
> b. an award of exemplary and punitive damages;
> c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;
> d. a declaration that Mich. Comp. Laws §168.582, as applied to Plaintiff Anders, is unconstitutionally vague, and thus, is void for vagueness;

e. a declaration that Mich. Comp. Laws 168.582, on its face, is unconstitutionally vague, and thus, is void for vagueness;

f. an injunction enjoining the Defendant Wayne County Board of Canvassers from enforcing Mich. Comp. Laws §168.582 against Plaintiff Anders; and

g. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT V
## Mich. Comp. Laws §§168.871(1) and (3), On Their Face and As Applied By Defendant Board of Canvassers To Plaintiff Anders, Violates Plaintiff Anders' Fundamental Right To Vote and To Have It Counted.

145.    Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

146.    This claim is brought by Plaintiff Anders against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

147.    This claim, which is brought by Plaintiff Anders against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

148.    On August 4, 2020, Plaintiff Anders voted in the Republican primary election and voted for himself, by writing his name in for the office of Wayne County Prosecutor.

149.     Plaintiff Anders, his wife and son voted by absentee ballot in

the August 4, 2020 primary election.

150.     Plaintiff Anders' wife and son voted for Plaintiff Anders in

the August 4, 2020 Republican primary election for the office of

Wayne County Prosecutor by properly writing in his name and

filing in the adjacent oval.

151.     However, when the Defendant Board of Canvassers

published the tally of votes cast for Plaintiff Anders in the August

4, 2020 primary election, the Defendant Board of Canvassers

tallied and certified Plaintiff Anders as having received only 1

vote in the City of Dearborn.

152.     Realizing this was an obvious error, mistake, or fraud, on

August 21, 2020, Plaintiff Anders timely filed a sworn petition

along with a $100 deposit with the Wayne County Clerk

requesting a recount of certain election day and absentee voting

precincts, including Plaintiff Anders' very own voting precinct.

153.     On Wednesday, September 2, 2020, the Defendant Board of

Canvassers convened a public meeting, via Zoom, to consider

Plaintiff Anders' recount petition.

154.    At its September 2, 2020 meeting, the Defendant Board of
Canvassers approved and authorized Plaintiff Anders' sworn
petition for a recount of certain election day and absentee voting
precincts, which included Plaintiff Anders' very own voting
precinct in Dearborn.

155.    The recount of the voting precincts Plaintiff Anders
requested to be recounted will be recounted by the Defendant
Board of Canvassers on Friday, September 4, 2020 beginning at 1
p.m.

156.    Plaintiff Davis will be physically present at the September 4,
2020 recount to serve as an official challenger for Plaintiff Anders.

157.    On information and belief, the Defendant Board of
Canvassers will apply the provisions of Mich. Comp. Laws
§§168.871(1) and (3) to prevent the recount of the election day and
absentee voting precincts Plaintiff Anders requested to be
recounted.

158.    Under Mich. Comp. Laws §168.871(1) prevents the
Defendant Board of Canvassers from recounting the votes cast in
a particular precinct if: (1) the seal on the transfer case or ballot

container is determined by the Defendant Board of Canvassers to be broken; (2) the number of ballots to be recounted and the number of ballots issued on election day do not match; and (3) the seal used to seal the ballot label assembly to a voting device in the precinct is broken or bears a different number than that recorded in poll records.

159.    Under Mich. Comp. Laws §168.871(3), "if a board of canvassers conducting a recount pursuant to this chapter determines that the ballots of a precinct are not eligible for recount under this section, the original return of the votes for that precinct shall be taken as correct."

160.    If Plaintiff Anders' voting precinct is unable to be recounted for any of the reasons listed under Mich. Comp. Laws §§168.871(1) and (3), Plaintiff Anders' vote will not be counted.

161.    Mich. Comp. Laws §§168.871(1) and (3) violate Plaintiff Anders' fundamental right to vote and to have it counted.

162.    The enforcement of Mich. Comp. Laws §§168.871(1) and (3) by the Defendant Board of Canvassers against Plaintiff Anders

will result in the dilution of the vote Plaintiff Anders' cast for himself.

**WHEREFORE**, Plaintiff Anders requests this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

    a. compensatory damages in whatever amount above $75,000.00 Plaintiff Anders is found to be entitled;

    b. an award of exemplary and punitive damages;

    c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

    d. a declaration that Mich. Comp. Laws §§168.871(1) and (3), as applied to Plaintiff Anders, are unconstitutional for they violate Plaintiff Anders' fundamental right to vote and to have it counted;

    e. a declaration that Mich. Comp. Laws §§168.871(1) and (3), on their face, are unconstitutional for they violate Plaintiff Anders' fundamental right to vote and to have it counted;

    f. a declaration that the enforcement of Mich. Comp. Laws 168.871(1) and (3) by the Defendant Wayne County Board of Canvassers against Plaintiff Anders would result in the unconstitutional dilution of Plaintiff Anders' vote for himself;

    g. an injunction enjoining the Defendant Wayne County Board of Canvassers from enforcing Mich. Comp. Laws §§168.871(1) and (3) against Plaintiff Anders; and

    h. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT VI
## Mich. Comp. Laws §§168.871(1) and (3) Violates Plaintiff Anders' Fourteenth Amendment Right To Equal Protection Under Law.

163.     Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

164.     This claim is brought by Plaintiff Anders against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

165.     This claim, which is brought by Plaintiff Anders against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

166.     On August 4, 2020, Plaintiff Anders voted in the Republican primary election and voted for himself, by writing his name in for the office of Wayne County Prosecutor.

167.     Plaintiff Anders, his wife and son voted by absentee ballot in the August 4, 2020 primary election.

168.     Plaintiff Anders' wife and son voted for Plaintiff Anders in the August 4, 2020 Republican primary election for the office of Wayne County Prosecutor by properly writing in his name and filing in the adjacent oval.

169.    However, when the Defendant Board of Canvassers published the tally of votes cast for Plaintiff Anders in the August 4, 2020 primary election, the Defendant Board of Canvassers tallied and certified Plaintiff Anders as having received only 1 vote in the City of Dearborn.

170.    Realizing this was an obvious error, mistake, or fraud, on August 21, 2020, Plaintiff Anders timely filed a sworn petition along with a $100 deposit with the Wayne County Clerk requesting a recount of certain election day and absentee voting precincts, including Plaintiff Anders' very own voting precinct.

171.    On Wednesday, September 2, 2020, the Defendant Board of Canvassers convened a public meeting, via Zoom, to consider Plaintiff Anders' recount petition.

172.    At its September 2, 2020 meeting, the Defendant Board of Canvassers approved and authorized Plaintiff Anders' sworn petition for a recount of certain election day and absentee voting precincts, which included Plaintiff Anders' very own voting precinct in Dearborn.

173.    The recount of the voting precincts Plaintiff Anders requested to be recounted will be recounted by the Defendant Board of Canvassers on Friday, September 4, 2020 beginning at 1 p.m.

174.    Plaintiff Davis will be physically present at the September 4, 2020 recount to serve as an official challenger for Plaintiff Anders during the recount.

175.    On information and belief, the Defendant Board of Canvassers will apply the provisions of Mich. Comp. Laws §§168.871(1) and (3) to prevent the recount of the election day and absentee voting precincts Plaintiff Anders requested to be recounted.

176.    Mich. Comp. Laws §§168.871(1) and (3) unconstitutionally prevents the accurate counting of votes cast for Plaintiff Anders.

177.    The enforcement of Mich. Comp. Laws §§168.871(1) and (3) by the Defendant Board of Canvassers against Plaintiff Anders will result in the arbitrary and disparate treatment of votes cast for Plaintiff Anders.

178.    Mich. Comp. Laws §§168.871(1) and (3) on its face, and as applied to Plaintiff Anders, prevents lawful votes cast for Plaintiff Anders not to be properly counted and tallied due to human error.

179.    The application of Mich. Comp. Laws §§168.871(1) and (3) to the precincts Plaintiff Anders has requested to be recounted will result in the dilution of Plaintiff Anders vote and will also result in the arbitrary and disparate treatment of votes cast for Plaintiff Anders in certain precincts as compared to others.

**WHEREFORE**, Plaintiff Anders requests this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

     a. compensatory damages in whatever amount above $75,000.00 Plaintiff Anders is found to be entitled;

     b. an award of exemplary and punitive damages;

     c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

     d. a declaration that Mich. Comp. Laws §§168.871(1) and (3), as applied to Plaintiff Anders, are unconstitutional for they violate Plaintiff Anders' Fourteenth Amendment Right to equal protection under the law;

     e. a declaration that Mich. Comp. Laws §§168.871(1) and (3), on their face, are unconstitutional for they violate Plaintiff Anders' Fourteenth Amendment right to equal protection under the law;

     f. an injunction enjoining the Defendant Wayne County Board of Canvassers from enforcing Mich. Comp. Laws §§168.871(1) and (3) against Plaintiff Anders; and

g. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT VII
### Mich. Comp. Laws §§168.871(1) and (3) Violates Plaintiff Anders' Due Process Rights Under The Fourteenth Amendment.

180. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

181. This claim is brought by Plaintiff Anders against Defendant Wayne County Board of Canvassers pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*.

182. This claim, which is brought by Plaintiff Anders against the Defendant Wayne County Board of Canvassers, seeks prospective declaratory and injunctive relief.

183. On August 4, 2020, Plaintiff Anders voted in the Republican primary election and voted for himself, by writing his name in for the office of Wayne County Prosecutor.

184. Plaintiff Anders, his wife and son voted by absentee ballot in the August 4, 2020 primary election.

185. Plaintiff Anders' wife and son voted for Plaintiff Anders in the August 4, 2020 Republican primary election for the office of

Wayne County Prosecutor by properly writing in his name and filing in the adjacent oval.

186. However, when the Defendant Board of Canvassers published the tally of votes cast for Plaintiff Anders in the August 4, 2020 primary election, the Defendant Board of Canvassers tallied and certified Plaintiff Anders as having received only 1 vote in the City of Dearborn.

187. Realizing this was an obvious error, mistake, or fraud, on August 21, 2020, Plaintiff Anders timely filed a sworn petition along with a $100 deposit with the Wayne County Clerk requesting a recount of certain election day and absentee voting precincts, including Plaintiff Anders' very own voting precinct.

188. On Wednesday, September 2, 2020, the Defendant Board of Canvassers convened a public meeting, via Zoom, to consider Plaintiff Anders' recount petition.

189. At its September 2, 2020 meeting, the Defendant Board of Canvassers approved and authorized Plaintiff Anders' sworn petition for a recount of certain election day and absentee voting

precincts, which included Plaintiff Anders' very own voting precinct in Dearborn.

190.    The recount of the voting precincts Plaintiff Anders requested to be recounted will be recounted by the Defendant Board of Canvassers on Friday, September 4, 2020 beginning at 1 p.m.

191.    On information and belief, the Defendant Board of Canvassers will apply the provisions of Mich. Comp. Laws §§168.871(1) and (3) to prevent the recount of the election day and absentee voting precincts Plaintiff Anders requested to be recounted.

192.    Mich. Comp. Laws §§168.871(1) and (3) unconstitutionally prevents the accurate counting of votes cast for Plaintiff Anders.

193.    The enforcement of Mich. Comp. Laws §§168.871(1) and (3) by the Defendant Board of Canvassers against Plaintiff Anders will result in the arbitrary and disparate treatment of votes cast for Plaintiff Anders.

194.    Mich. Comp. Laws §§168.871(1) and (3) on its face, and as applied to Plaintiff Anders, prevents lawful votes cast for Plaintiff Anders not to be properly counted and tallied due to human error.

195.    The application of Mich. Comp. Laws §§168.871(1) and (3) to the precincts Plaintiff Anders has requested to be recounted will result in the dilution of Plaintiff Anders vote and will also result in the arbitrary and disparate treatment of votes cast for Plaintiff Anders in certain precincts as compared to others.

196.    Under Michigan Election Law and the Michigan Constitution of 1963, as amended, Plaintiff Anders has a statutory and state constitutional rights to a recount of votes lawfully cast for him in the August 4, 2020 Republican primary election.

197.    Mich. Comp. Laws §§168.871(1) and (3) strips Plaintiff Anders of his statutory and state constitutional rights to a recount of votes lawfully cast for him in the August 4, 2020 Republican primary election.

198.    Mich. Comp. Laws §§168.871(1) and (3) violate Plaintiff Anders' procedural due process rights afforded under the Fourteenth Amendment.

199. Michigan Comp. Laws §§168.871(1) and (3) violate Plaintiff

Anders' substantive due process rights afforded under the

Fourteenth Amendment.

**WHEREFORE**, Plaintiff Anders requests this Court enters

judgment against Defendant Wayne County Board of Canvassers as

follows:

      a. compensatory damages in whatever amount above $75,000.00 Plaintiff Anders is found to be entitled;

      b. an award of exemplary and punitive damages;

      c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

      d. a declaration that Mich. Comp. Laws §§168.871(1) and (3), as applied to Plaintiff Anders, are unconstitutional for they violate Plaintiff Anders' Procedural and Substantive Due Process Rights;

      e. a declaration that Mich. Comp. Laws §§168.871(1) and (3), on their face, are unconstitutional for they violate Plaintiff Anders' Procedural and Substantive Due Process Rights;

      f. an injunction enjoining the Defendant Wayne County Board of Canvassers from enforcing Mich. Comp. Laws §§168.871(1) and (3) against Plaintiff Anders; and

      g. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT VIII
**Procedural Due Process Claim- Plaintiffs Anders' and Davis'
Procedural Due Process Rights Were Violated By Defendant
Board of Canvassers When Defendant Board of Canvassers
Failed To Provide Plaintiffs With Copies of Approved and/or
Proposed Minutes From Its Meetings Within The Time Required
Under The Open Meetings Act.**

200.    Plaintiffs repeat, reallege and incorporate, the foregoing

allegations, as though fully set forth and stated herein.

201.    This claim is brought by Plaintiffs Davis Anders against

Defendant Wayne County Board of Canvassers pursuant to 42

U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. §

2201, *et. seq.*

202.    On August 19, 2020, Plaintiffs' counsel sent a written

request, via email, to the Defendant Board of Canvassers

requesting under Michigan's Open Meetings Act (OMA) copies of

approved and/or proposed minutes from its August 13, 2020

meeting, and copies of approved and/or proposed minutes from all

of the meetings the Defendant held during the 14 days in which

the Defendant and members of its staff conducted the canvass of

the votes cast in the August 4, 2020 primary election.

203.    Plaintiffs' counsel's August 19, 2020 request under

Michigan's Open Meetings Act (OMA) also advised Defendant

Board of Canvassers that their website, which was maintained by

the Wayne County Clerk, did not have the approved and/or

proposed minutes from its meetings available on its website.

204.    As of the date of this filing, Plaintiffs' counsel has not

received a response to his OMA request and the approved and/or

proposed minutes from the Defendant Board of Canvassers'

August 13, 2020 special meeting, as well as the proposed minutes

from the meetings held during the 14-day canvass, were not

posted on the Defendant Board of Canvassers website.

205.    Pursuant to Mich. Comp. Laws §§15.269(2) and (3),

Plaintiffs Davis and Anders have a statutory right to publicly

inspect and receive copies of approved and/or proposed minutes

from all meetings held by the Defendant.

206.    Pursuant to Mich. Comp. Laws §15.269(3), the Defendant

has a statutory duty to make proposed minutes from a meeting

available for public inspection within 8 business days after the

date of the meeting and a statutory duty to make approved

minutes available for public inspection within 5 business days after the meeting at which the minutes were approved.

207.    As of the date of this filing, Plaintiffs Anders' and Davis' request made through counsel under the OMA has not been fulfilled and/or honored by the Defendant.

208.    As of the date of this filing, the approved and/or proposed minutes from the Defendant's August 5th, 13th, and 18th, 2020 meetings are not posted on the Defendant's public website.

209.    As of the date of this filing, the approved and/or proposed minutes from the meetings held by the Defendant during the 14-day canvass of the votes cast in the August 4, 2020 primary election have not been prepared and/or made available for public inspection.

210.    Plaintiffs Davis' and Anders' also have a statutory right under the OMA to receive notice of Defendant's regular and/or special meetings.

211.    Mich. Comp. Laws §15.265 of the OMA requires the Defendant to post notices of all of its regular and/or special meetings.

212.     Defendant failed to properly post notices of its meetings held during the 14-day canvass of the votes cast in the August 4, 2020 primary election in accordance with Mich. Comp. Laws §15.265 of the OMA.

213.     Defendant's failure to comply with posting and notice requirements of Mich. Comp. Laws §15.265 of the OMA has violated Plaintiffs Davis' and Anders' procedural due process rights.

214.     Defendant's failure to comply with Mich. Comp. Laws §15.269 has violated Plaintiffs Davis' and Anders' procedural due process rights.

**WHEREFORE**, Plaintiffs Davis and Anders request this Court enters judgment against Defendant Wayne County Board of Canvassers as follows:

    a. compensatory damages in whatever amount above $75,000.00 Plaintiffs are found to be entitled;

    b. an award of exemplary and punitive damages;

    c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

    d. a declaration that Defendant Wayne County Board of Canvassers violated Plaintiffs Davis' and Anders' procedural due process rights by violating the posting

and notice requirements set forth under Mich. Comp. Laws §15.265 of the OMA;

e. a declaration that Defendant Wayne County Board of Canvassers violated Plaintiffs Davis' and Anders' procedural due process rights by violating the publishing of approved and/or proposed minutes from Defendant's meetings as required under Mich. Comp. Laws 15.269 of the OMA;

f. a declaration that Defendant Wayne County Board of Canvassers violated Plaintiffs Davis' and Anders' procedural; due process rights by failing to provide Plaintiffs with copies of approved and/or proposed minutes from its meetings held on August 13th, 2020 and from all of the meetings it held during the 14-day canvass of the votes cast in the August 4, 2020 primary election;

g. a declaration that Mich. Comp. Laws §§168.871(1) and (3), on their face, are unconstitutional for they violate Plaintiff Anders' Procedural and Substantive Due Process Rights;

h. an injunction enjoining the Defendant Wayne County Board of Canvassers from enforcing Mich. Comp. Laws §§168.871(1) and (3) against Plaintiff Anders; and

i. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT IX
### State-Law Claim- Declaratory Judgment Under MCR 2.605 Declaring Mich. Comp. Laws §168.871(2) Requires The Defendant Wayne County Board of Canvassers To Recount Absentee Votes Cast In Absentee Voting Precincts Plaintiff Anders Identified In His Sworn Petition For Recount.

215.     Plaintiffs repeat, reallege and incorporate, the foregoing

allegations, as though fully set forth and stated herein.

216.    This state-law claim is brought by Plaintiffs Anders and
Davis against Defendant Wayne County Board of Canvassers
pursuant to MCR 2.605.

217.    On September 2, 2020, Defendant Board of Canvassers
issued to Plaintiffs' counsel its instructions and adopted policies
that would govern the recount of certain precincts requested to be
recounted by Plaintiff Anders in his sworn petition requesting a
recount.

218.    One of the rules outlined in Defendant Board of Canvassers'
manual is a rule stating the Defendant Board of Canvassers would
not recount a precinct that does not comply with the requirements
set forth under Mich. Comp. Laws §168.871(1).

219.    However, upon reading the chapter of Michigan Election
Law governing recounts, Plaintiffs Anders and Davis are of the
belief and opinion that the provisions of Mich. Comp. Laws
§168.871(1) do **NOT** apply to votes cast by absentee ballots.

220.    Specifically, Plaintiffs Davis and Anders of the belief and
opinion that Mich. Comp. Laws §168.871(2) governs the recount of

votes cast by absentee ballot in a precinct using an absent

counting board.

221.    An actual controversy exists between Plaintiffs and the

Defendant with respect to the proper procedure to recount votes

cast by absentee ballots.

222.    Per the rules established, adopted, and enforced by the

Defendant Board of Canvassers completely ignores the

requirement to recount votes cast by absentee ballots as set forth

under Mich. Comp. Laws §168.871(2).

223.    Regardless of whether any of the irregularities outlined in

Mich. Comp. Laws §168.871(1), Plaintiffs Davis and Anders are of

the opinion and belief that the Defendant Board of Canvassers has

a statutory legal duty to recount votes cast by absentee ballots

pursuant to Mich. Comp. Laws §168.871(2).

**WHEREFORE**, Plaintiffs Anders and Davis request this Court to

enter judgment against Defendant Wayne County Board of Canvassers

as follows:

        a. an award of interest, costs and reasonable attorney fees;
        b. a declaration pursuant to MCR 2.605 that the
            Defendant Wayne County Board of Canvassers must
            recount votes cast by absentee ballots pursuant to Mich.

Comp. Laws §168.871(2) irrespective of any defects or errors that may be present that would otherwise prevent a precinct from being recounted under Mich. Comp. Laws §168.871(1);

c. a declaration pursuant to MCR 2.605 that all of the absentee voting precincts identified in Plaintiff Anders' sworn petition for recount must be recounted by the Defendant Wayne County Board of Canvassers pursuant to Mich. Comp. Laws §168.871(2) irrespective of any defects or errors that may be present that would otherwise prevent a precinct from being recounted under Mich. Comp. Laws §168.871(1); and

d. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

# COUNT X
**State-Law Claim- Defendant Board of Canvassers Violated Michigan's Open Meetings Act By Failing To Provide Plaintiffs With Copies of Approved and/or Draft Minutes From Its Meetings, Having An Unauthorized Person Post Notices of Its Meetings, Failing To Properly Post Notices of Its Special Meetings; Deliberating In Private.**

224. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

225. This state-law claim is brought by Plaintiffs Anders and Davis against Defendant Wayne County Board of Canvassers pursuant to Michigan's Open Meetings Act ("OMA").

226. On August 19, 2020, Plaintiffs' counsel sent a written request via email to the Defendant Board of Canvassers

requesting copies of approved and/or proposed minutes from its August 13, 2020 meeting, and copies of approved and/or proposed minutes from all of the meetings the Defendant held during the 14 days in which the Defendant and members of its staff conducted the canvass of the votes cast in the August 4, 2020 primary election.

227.    Plaintiffs' counsel's August 19, 2020 request under the OMA also advised Defendant Board of Canvassers that their website, which was maintained by the Wayne County Clerk, did not have the approved and/or proposed minutes from its meetings available on its website.

228.    As of the date of this filing, Plaintiffs' counsel has not received a response to his OMA request and the approved and/or proposed minutes from the Defendant Board of Canvassers August 13, 2020 special meeting, as well as the proposed minutes from the meetings held during the 14-day canvass, were not posted on the Defendant Board of Canvassers website.

229.    A review of the Defendant Board of Canvassers' public website shows that no notices were ever posted by the Defendant

Board of Canvassers informing the public, including the Plaintiffs, of the dates, times, and locations where the Defendant Board of Canvassers and its staff were convening and meeting to canvass the votes cast in the August 4, 2020 primary election.

230.    Plaintiffs Davis and Anders desired to attend, but were unaware of the dates, times, and locations where the Defendant Board of Canvassers and its staff were convening and meeting to canvass the votes cast in the August 4, 2020 primary election.

231.    As a result of the Defendant Board of Canvassers failing to provide adequate notice to the public of its special meetings held during the 14-day canvass of votes cast in the August 4, 2020 primary election, Plaintiffs Davis and Anders were unable to attend to witness first-hand the process Defendant Board of Canvassers used to tally votes cast for Plaintiff Anders.

232.    As a result of the Defendant Board of Canvassers failing to provide adequate notice to the public of its special meetings held during he 14-day canvass of votes cast in the August 4, 2020 primary election, Plaintiff Davis and Anders were unable to speak at each of the meetings held during the 14-day canvass, which

would have enabled Plaintiffs to properly advise Defendant prior to the Defendant certifying the election results.

233.    At its August 18, 2020 meeting, the Defendant Board of Canvassers did not thoroughly discuss the full contents of its staff report that detailed the results of the 14-day canvass.

234.    The Defendant Board of Canvassers simply rubber-stamped its staff report, which was developed in private and secret, and certified the election results from the August 4, 2020 primary election.

235.    On information and belief, all of the Defendant Board of Canvassers' meetings have been posted by a person unauthorized to post the notices of said meetings.

236.    On information and belief, the Defendant Board of Canvassers have not approved and/or passed a resolution specifically identifying a person(s) authorized to post notices of its regular and/or special meetings.

237.    On information and belief, the Defendant Board of Canvassers have not adopted a yearly meeting calendar.

238.    Plaintiffs Davis and Anders check the Defendant Board of
Canvassers' public website regularly and as of the date of this
filing, the approved and/or proposed minutes from its meetings
held on August 5th, 13th, and 18th, 2020 are not posted or available
for public inspection.

239.    Defendant continuously violates the provisions of the OMA.

240.    At its meeting held on September 2, 2020, Defendant
approved the minutes from its August 13th and 18th, 2020.

241.    This Court now has jurisdiction to invalidate any and all
actions taken at the Defendant's August 13th and 18th, 2020
meeting.

242.    Plaintiffs believe and request that all of the actions taken by
the Defendant at its August 13th and August 18th, 2020 meetings
should be invalidated in accordance with the OMA because said
meetings were not properly noticed and/or posted in accordance
with the OMA.

243.    Defendant's failure to properly notice and/or post the notices
of its August 13th and August 18th, 2020 meetings impaired

Plaintiffs' and the public's right to be properly informed and provided notices of Defendant's meetings.

244.    Moreover, the Defendant failed to properly notice and post notices of its meetings held during the 14-day canvass of the votes cast in the August 4, 2020 primary election.

245.    Failure to provide the proper notice of the meetings held during the 14-day canvass prevented Plaintiffs and other members of the public from attending and publicly observing the canvass.

246.    The report that was used by the Defendant to certify the election results for the August 4, 2020 primary election were prepared during those meetings held by the Defendant during the 14-day canvass.

247.    The report was adopted by the Defendant at its August 18th, 2020 without Plaintiffs or other members of the public being provided with a copy of the report.

248.    Prior to voting to certify the election results from the August primary election, Defendant did not provide full details of the report with the Plaintiffs or other members of the public.

249.    The Defendant's vote to certify the election results from the August 4, 2020 primary election was a *fiat acccompli*.

250.    The Defendant's meetings held on August 13th and 18th, 2020 were not properly posted and/or held in accordance with the OMA.

251.    Defendant's continuous violations of the OMA illustrates the need for the Court to enjoin the Defendant from violating the provisions of the OMA and to compel their compliance with the OMA.

**WHEREFORE**, Plaintiffs Anders and Davis request this Court to enter judgment against Defendant Wayne County Board of Canvassers as follows:

a. a declaration that Defendant Wayne County Board of Canvassers violated the OMA by failing to provide Plaintiffs with copies of the approved and/or proposed minutes from its August 13, 2020 meeting;

b. a declaration that Defendant Wayne County Board of Canvassers violated the OMA by failing to make approved and/or proposed minutes from its August 13, 2020 meeting available for public inspection on its website within the timeframe set forth under the OMA;

c. a declaration that Defendant Wayne County Board of Canvassers violated the OMA by failing to post notices of its meetings held during the 14-day canvass of the votes cast in the August 4, 2020 primary election;

d. a declaration that Defendant Wayne County Board of Canvassers violated the OMA by failing to adopt a resolution specifically identifying a person (s) that is

authorized to post notices of its regular and/or special meetings;

e. a declaration that Defendant Wayne County Board of Canvassers violated the OMA by allowing an unauthorized person to post notices of its meetings;

f. a declaration that Defendant Wayne County Board of Canvassers' meetings held on August 5th, 13th, and 18th, 2020 should not have been held because the notices of said meetings were posted by an unauthorized person in violation of the OMA;

g. a declaration that Defendant Wayne County Board of Canvassers violated the OMA by failing to have its approved and/or proposed minutes from its meetings available on its public website;

h. an injunction enjoining the Defendant Wayne County Board of Canvassers from violating the provisions of the OMA and injunctive relief to compel Defendant's compliance with the provisions of the OMA;

i. a declaration that all actions taken at Defendant Wayne County Board of Canvassers' August 13th, and 18th, 2020 meetings are invalidated pursuant to Mich. Comp. Laws §15.270(2).

j. award Plaintiffs court costs and attorney's fees pursuant to Mich. Comp. Laws §15.271(4) of the OMA; and

k. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.


Dated: September 4, 2020       Respectfully submitted,

          */s/ ANDREW A. PATERSON*
          ANDREW A. PATERSON (P18690)
          Attorney for Plaintiffs
          2893 E. Eisenhower Pkwy
          Ann Arbor, MI 48108
          (248) 568-9712
          aap43@outlook.com

# JURY DEMAND

Plaintiffs, through counsel, respectfully demand a jury trial on all issues triable to a jury.

Dated: September 4, 2020     Respectfully submitted,
*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

# CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that the foregoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 4th day of September, 2020, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

# EXHIBIT 5

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT DAVIS,** and           Case No. 20-cv-12127
**SHANE ANDERS,**                    **Hon. Nancy G. Edmunds**
      Plaintiffs,

v.

**WAYNE COUNTY BOARD OF CANVASSERS,**
      Defendant.

_____/

| | |
|---|---|
| ANDREW A. PATERSON (P18690) | JAMES HEATH (P65419) |
| Attorney for Plaintiffs | Wayne County Corporation Counsel |
| 2893 E. Eisenhower Pkwy | JANET ANDERSON-DAVIS (P29499) |
| Ann Arbor, MI 48108 | Assistant Corporation Counsel |
| (248) 568-9712 | Attorneys for Defendant |
| aap43@outlook.com | 500 Griswold, 21st Floor |
| | Detroit, MI 48226 |
| | (313) 347-5813 |
| | jandersn@waynecounty.com |

_____/

### PLAINTIFFS' RESPONSE IN OPPOSITION TO PROPOSED INTERVENOR KYM WORTHY'S MOTION TO INTERVENE (ECF NO. 15).

**NOW COME** Plaintiffs, ROBERT DAVIS and SHANE ANDERS,

by and through their attorney, ANDREW A. PATERSON, and for their

Response In Opposition to Proposed Intervenor Kym Worthy's Motion to

Intervene (ECF No. 15), states as follows:

For starters, Proposed Intervenor Kym Worthy's motion to

intervene (ECF No. 15) is deficient on its face because it relies upon

Michigan law, particularly, the Michigan Court Rules ("MCR"), as it

legal basis for intervention.  Intervention in federal cases is governed by

the Federal Rules of Civil Procedure and **not** the Michigan Court Rules.

Rule 24(a) of the Federal Rules of Civil Procedure entitles certain

parties to intervene in a lawsuit as of right:

> Upon timely application anyone shall be permitted to intervene in
> an action ... when the applicant claims an interest relating to the
> property or transaction which is the subject of the action and the
> applicant is so situated that the disposition of the action may as a
> practical matter impair or impede the applicant's ability to protect
> that interest, unless the applicant's interest is adequately
> represented by existing parties.

Fed.R.Civ.P. 24(a).  The Sixth Circuit has "explained that a proposed

intervenor must establish four factors before being entitled to intervene:

(1) the motion to intervene is timely; (2) the proposed intervenor has a

substantial legal interest in the subject matter of the case; (3) the

proposed intervenor's ability to protect their interest may be impaired

in the absence of intervention; and (4) the parties already before the

court cannot adequately protect the proposed intervenor's interest."

*Coalition to Defend Affirmative Action v. Granholm,* 501 F.3d 775, 779

(6th Cir. 2007) (citing *Grutter v. Bollinger,* 188 F.3d 394, 397-98 (6th

Cir. 1999)).  It is the proposed intervenor's burden to "prove each of the

four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris,* 870 F.2d 343, 345 (6th Cir. 1989). The proposed intervenor clearly has not met her burden here.

Among other things, the proposed intervenor must prove that she has "a substantial interest in the subject matter of this litigation." *Coalition to Defend Affirmative Action,* 501 F.3d at 780. Determining whether or not a proposed intervenor has established such an interest is a very "fact-specific" inquiry and not just "any articulated interest will do." *Id.* However, this Court's analysis of the proposed intervenor's interest in the subject matter of this litigation is somewhat constrained by her failure to comply with the rule governing motions to intervene. Pursuant to Fed.R.Civ.P. 24, a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed.R.Civ.P. 24(c). The pending motion to intervene (ECF No. 15) was **not** accompanied by any such pleading. Due to the significant procedural defect and the proposed intervenor's failure to cite the proper federal law and federal rules of civil procedure, the Court should not consider the proposed intervenor's motion to

intervene (ECF No. 15) and should assess sanctions against the proposed intervenor and her counsel for filing such a blatantly frivolous motion.

The Motion to Intervene does not specify whether it seeks intervention as of right or permissive intervention under the *federal rules of civil procedure*. Rather, it repeatedly erroneously cites the *Michigan Court Rules for a state-court action*. (ECF No. 15). This is **not** a state-court action. To the extent that it seeks permissive intervention, that request should also be denied. Rule 24(b) provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). A district court has broad discretion over requests for permissive intervention. *Blount-Hill v. Zelman,* 636 F.3d 278, 287 (6th Cir. 2011).

However, here, the proposed intervenor failed to comply with Rule 24(c)'s requirement that the motion be "accompanied by a pleading that sets out the claim or defense for which intervention is sought" (*see* Fed.R.Civ.P. 24(c)), and the proposed intervenor's motion (ECF No. 15) fails to identify any claim or defense she has that shares a common

question of fact or law with the main action. Moreover, as stated above, the proposed intervenor has failed to establish that she has a substantial legal interest in this lawsuit. Finally, Plaintiffs believe that allowing the proposed intervenor to intervene in this action would inhibit, not promote, the prompt and timely resolution of this matter. Plaintiffs will be filing a separate motion for this Court to assess sanctions against the proposed intervenor and her counsel for filing this blatantly frivolous motion to intervene under the Court's inherent authority to assess sanctions.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiffs pray that this Honorable Court should DENY Proposed Intervenor Kym Worthy's motion to intervene (ECF No. 15) and assess sanctions against the proposed intervenor and her counsel for filing such a frivolous motion.

Dated: September 11, 2020      Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2020, the foregoing

document(s) was electronically filed with the Clerk of the Court using

the ECF system, which will send notification of such filing to all parties

and counsel of record.

Dated: September 11, 2020          Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

# EXHIBIT 6

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT DAVIS,** and
**SHANE ANDERS,**

     Plaintiffs,

v.

**WAYNE COUNTY BOARD OF CANVASSERS,**

    Defendant.

Case No. 20-cv-12127

**Hon. Nancy G. Edmunds**

_____/

ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

JAMES HEATH (P65419)
Wayne County Corporation Counsel
JANET ANDERSON-DAVIS (P29499)
Assistant Corporation Counsel
Attorneys for Defendant
500 Griswold, 21st Floor
Detroit, MI 48226
(313) 347-5813
jandersn@waynecounty.com

_____/

## PLAINTIFFS' SECOND EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PROPOSED INTERVENING DEFENDANT KYM WORTHY'S MOTION TO INTERVENE (ECF NO. 15) PURSUANT TO FED.R.CIV.P 6(b)(1)(B).

NOW COMES PLAINTIFFS, ROBERT DAVIS and SHANE

ANDERS (collectively "Plaintiffs"), by and through their attorney,

ANDREW A. PATERSON, and for their Second Emergency Motion for

Extension of Time to File Response to Proposed-Intervening Defendant

Kym Worthy's motion to intervene (ECF No. 15) Pursuant to

Fed.R.Civ.P. 6(b)(1)(B), states the following:

## I.    Introduction

Prior to filing the instant motion, pursuant to Local Court Rule

7.1(a), counsel for Plaintiffs sought concurrence from counsel for

Defendant Wayne County Board of Canvassers and counsel for Proposed-

Intervening Defendant Kym Worthy, but concurrence was not timely

received and/or was expressly denied, thus necessitating the filing of this

motion.

On August 21, 2020, Proposed Intervening Defendant Kym

Worthy filed a motion to intervene in the above-entitled matter

incorrectly citing the Michigan Court Rules (MCR) as the legal basis for

her intervention. (ECF No. 15).  On September 4, 2020, Plaintiffs timely

filed an amended complaint (ECF No. 21) pursuant to Fed.R.Civ.P.

15(a)(1)(B).

In accordance with Local Rule 7.1(e)(2)(B), Plaintiffs' response

Proposed-Intervening Defendant Kym Worthy's motion to intervene

(ECF No. 15) **was due on September 4, 2020**. Accordingly on

September 8, 2020, Plaintiffs' counsel filed an emergency motion for

extension of time, seeking an extension until September 9, 2020. (ECF No. 24). On that same day, this Court granted Plaintiffs' motion (ECF No. 24) via a "text-only" order. However, Plaintiffs' counsel was not able to meet that deadline because he has been involved in a number of high-profile election-related matters in both state and federal courts. As this Court is aware, election-related matters are time sensitive and are often subject to expedited briefing and scheduling orders. Today, Plaintiffs' counsel filed Plaintiffs' response in opposition (ECF No. 32) to Proposed-Intervening Defendant Kym Worthy's motion to intervene (ECF No. 15).

Plaintiffs respectfully request this Honorable Court grants their request for extension of time, extending the time to respond to **today**, September 11, 2020, and accept for filing Plaintiffs' response in opposition to Proposed Intervenor Worthy's motion to intervene (ECF No. 15), which has been properly docketed as ECF No. 32.

## II.    Law and Legal Analysis

When the motion is made (as here) ***after*** the deadline has expired, an extension may be granted if the party "failed to act because of ***excusable neglect***." Fed. R. Civ. P. 6(b)(1)(B). As the Sixth Circuit has

explained, unlike the somewhat amorphous "good cause" test, the heightened "excusable neglect" standard requires a "balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 522 (6th Cir. 2006).

In the case at bar, the five principal factors weigh in favor of granting Plaintiffs' instant motion pursuant to Fed.R.Civ.P. 6(b)(1)(B). There is simply no prejudice to the nonmoving party if Plaintiffs' instant motion is granted because this case is in its early stages and the Court has issued a notice informing the parties that the Proposed-Intervening Defendant Kym Worthy's motion to intervene (ECF No. 15) would be determined on the briefs submitted and without oral argument. (See Notice, ECF No. 20). Moreover, Proposed-Intervening Defendant Kym Worthy nor the Defendant will be prejudiced in any way considering Proposed-Intervening Defendant Kym Worthy will be allowed to file a reply to Plaintiffs' response once it is filed with the Court.

With respect to factor number two, the length of the delay **is just a mere 2 days**. This 2-day delay will not in any way adversely affect the timely adjudication of the pending motion to intervene (ECF No. 15) considering the motion will be decided on the briefs submitted and without oral argument. (See Notice, ECF No. 20).

With respect to the third factor, the reason for the delay was due to Plaintiffs' counsel's heavy case load caused by emergency election-related matters. As this Court is keenly aware, Plaintiffs' counsel is retained counsel on at least 7 election-related cases that are either pending in this Court or in other state courts.

With respect to factor four, although Plaintiffs could have filed the instant motion prior to today, Plaintiffs' counsel honestly could not meet his self-imposed deadline due to the other pressing emergency matters Plaintiffs' counsel has been immersed in. Plaintiffs' counsel apologizes to the Court for not meeting his self-imposed deadline to file Plaintiffs' response to Proposed-Intervening Defendant Kym Worthy's pending motion to intervene (ECF No. 15).

Lastly, with respect to factor five, Plaintiffs and their counsel have certainly acted in good faith. Upon realizing the filing deadline had

been missed, Plaintiffs' counsel promptly sought concurrence from counsel for Proposed-Intervening Defendant Kym Worthy counsel and counsel for the Defendant, and Plaintiffs promptly filed the instant emergency motion once concurrence was denied. Plaintiffs' instant motion does not in any way jeopardize, impair, or delay the Court's ability to timely adjudicate Proposed-Intervening Defendant Kym Worthy's pending motion to intervene (ECF No. 15) and Plaintiffs' request **for a 2-day extension is reasonable**.

In closing, for the forgoing reasons, Plaintiffs have satisfied the five factors establishing reasonable neglect for the untimely filing of Plaintiffs' response to Proposed-Intervening Defendant Kym Worthy's motion to intervene (ECF No. 15). Accordingly, Plaintiffs pray that this Honorable Court grants his request for a 2-day extension to file a response to the motion to intervene (ECF No. 15), thus making Plaintiffs' response **due today, September 11, 2020, and accept for filing Plaintiffs' response in opposition to Worthy's motion to intervene (ECF No. 15), which has been properly docketed as ECF No. 32.**

# CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiffs pray that this Honorable Court GRANT Plaintiffs' Emergency Motion for Extension of Time Pursuant Fed.R.Civ.P. 6(b)(1)(B) and allow Plaintiffs **until today, September 11, 2020,** to file a response to Proposed-Intervening Defendant Kym Worthy's motion to intervene (ECF No. 15), **and accept for filing Plaintiffs' response in opposition to Worthy's motion to intervene (ECF No. 15), which has been properly docketed as ECF No. 32.**

**Dated: September 11, 2020**      Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower
Ann Arbor, MI 48108
(248) 568-9712

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that forgoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 11th day of September, 2020, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

Dated: September 11, 2020        Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com