# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT DAVIS,** and      Case No. 20-cv-12127
**SHANE ANDERS,**      **Hon. Nancy G. Edmunds**
     Plaintiffs,

v.

# WAYNE COUNTY BOARD OF CANVASSERS,
     Defendant.

_____/

| | |
|---|---|
| ANDREW A. PATERSON (P18690) | JAMES HEATH (P65419) |
| Attorney for Plaintiffs | Wayne County Corporation Counsel |
| 2893 E. Eisenhower Pkwy | JANET ANDERSON-DAVIS (P29499) |
| Ann Arbor, MI 48108 | Assistant Corporation Counsel |
| (248) 568-9712 | Attorneys for Defendant |
| aap43@outlook.com | 500 Griswold, 21st Floor |
| | Detroit, MI 48226 |
| | (313) 347-5813 |
| | jandersn@waynecounty.com |

_____/

## PLAINTIFFS' RESPONSE TO PROPOSED INTERVENING DEFENDANT KYM WORTHY'S AMENDED MOTION TO INTERVENE (ECF NO. 45).

NOW COME, PLAINTIFFS, ROBERT DAVIS and SHANE ANDERS, **(collectively referred to herein as "Plaintiffs")**, by and through their attorney, ANDREW A. PATERSON, and for their Response to Proposed Intervening Defendant Kym Worthy's Amended Motion to Intervene (ECF No. 45), state the following:

# I.    Law and Legal Analysis

## a. Intervention By Right Under Fed.R.Civ.P. 24(a)(2) Should Be Denied.

Rule 24(a) of the Federal Rules of Civil Procedure entitles certain parties to intervene in a lawsuit as of right. Pursuant to Rule 24, there are two types of intervention: intervention as of right and permissive intervention. Rule 24(a), dealing with intervention by right, states:

> Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a). With respect to both types of intervention, the Sixth Circuit has held that "Rule 24 should be 'broadly construed in favor of potential intervenors.'" *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir.2000) (quoting *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir.1991)). Of course, "this does not mean that Rule 24 poses no barrier to intervention at all." *Ibid.*

In order to intervene as of right under Rule 24(a)(2)—

> a proposed intervenor must establish the following four elements: (1) the motion to intervene is timely; (2) the

> proposed intervenor has a substantial legal interest in the
> subject matter of the case; (3) the proposed intervenor's
> ability to protect that interest may be impaired in the
> absence of intervention; and (4) the parties already before
> the court may not adequately represent the proposed
> intervenor's interests.

*United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005).

Importantly, the proposed intervenor "must prove each of these four
factors; failure to meet one of the criteria will require that the motion
be denied." *Id.*, quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.
1989). There is no need for the Court to address the first three factors
because Prospective Intervenor Worthy so clearly fails to show that the
current Defendant Wayne County Board of Canvassers may not
adequately protect her interests.

   As an initial matter, Defendant Wayne County Board of
Canvassers shares the exact same objective in this litigation as
Prospective Intervenor Worthy — i.e., securing a holding from the
Court that Plaintiff Davis' lawfully cast vote in the August 4, 2020
primary election for candidate Victoria Burton-Harris for Wayne
County Prosecutor was not diluted by votes cast and subsequently
counted and certified by the Defendant Wayne County Board of

Canvassers for Prospective Intervenor Worthy— and thus there is a presumption that the Defendant Wayne County Board of Canvassers will adequately represent the interests of Prospective Intervenor Worthy. See *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987), quoting *Wade v. Goldschmidt*, 673 F.2d 182, 186, n. 7 (7th Cir. 1982).

An applicant for intervention fails to overcome this presumption — and thus fails to establish inadequate representation — "when no collusion is shown between the representatives and an opposing party, when the representative does not have or represent an interest adverse to the proposed intervenor, and when the representative has not failed in its fulfillment of its duty." *Id*. Defendant Wayne County Board of Canvassers' pending motion to dismiss Plaintiffs' amended complaint [21] (ECF No. 29) clearly establishes that Prospective Intervenor Worthy's interests are adequately represented by the Defendant Wayne County Board of Canvassers. *Id*.

That is precisely the case here. Prospective Intervenor Worthy has not even suggested, much less shown, that the Defendant Wayne County Board of Canvassers is colluding with the Plaintiffs. The Defendant Wayne Board of Canvassers' pending motion to dismiss

(ECF No. 29) clearly shows that the Defendant does **not** have an interest adverse to Prospective Intervenor Worthy.  This case is easily distinguishable from *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997) (reversing denial of motion to intervene under Rule 24(a)(2)), cited extensively by Prospective Intervenor Worthy (ECF No. 45, Pg.ID 1149-1151), because in that case the State's conduct actually "demonstrated that it [would] not protect the interests held by the" proposed intervenor.  Just the opposite is true here. The Sixth Circuit has affirmed the denial of intervention as of right under similar circumstances. See *United States v. Michigan*, 424 F.3d 438 (6th Cir. 2005); *Bradley, supra*.   Accordingly, for the foregoing reasons, Prospective Intervenor Worthy's amended motion to intervene under Rule 24(a)(2) (ECF No. 45) should be DENIED.

## b. Permissive Intervention Under Fed.R.Civ.P. 24(b) Should Be Denied.

Under Federal Rule of Civil Procedure 24(b), "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). However, Rule 24 also states, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or

prejudice the adjudication of the original parties' rights." Fed. R. Civ. P.

(b)(3). "Permissive intervention" under Rule 24(b) "is addressed to the

sound discretion of the trial court." *Afro Am. Patrolman's League v.*

*Duck*, 503 F.2d 294, 298 (6th Cir. 1974) (citing *Hatton v. County Bd. of*

*Educ.*, 422 F.2d 457, 459 (6th Cir. 1970)).

"To intervene permissively, a proposed intervenor must establish

that the motion for intervention is timely and alleges at least one

common question of law or fact." *United States v. Michigan*, 424 F.3d at

445, citing *Michigan State AFL-CIO*, 103 F.3d at 1248. "Once these two

requirements are established, the district court must then balance

undue delay and prejudice to the original parties, if any, and any other

relevant factors to determine whether, in the court's discretion,

intervention should be allowed." *Id*.

Here, the motion to intervene was timely.  However, it is

questionable, at best, whether Prospective Intervenor Worthy

adequately pleads and alleges a common question of law or fact.  Even

if the Court finds that Prospective Intervenor Worthy adequately pleads

and alleges a common question of law or fact, intervention, nonetheless,

is inappropriate. The participation of Prospective Intervenor Worthy

will result in substantial duplication of efforts and will undermine the efficiency of these proceedings.  The arguments made by Prospective Intervenor Worthy were essentially all made by the Defendant Wayne County Board of Canvassers in their pending motion to dismiss (ECF No. 29).  Prospective Intervenor Worthy's potential participation will cause the Plaintiffs and the Court to have to review the same positions twice and Prospective Intervenor Worthy's initial participation in this proceeding has already caused Plaintiffs to respond to Prospective Intervenor Worthy's initial frivolous motion to intervene, which erroneously relied upon the Michigan Court Rules and **not** the Federal Rules of Civil Procedure. (ECF No. 15).

The Court should not be inclined to allow intervention and to thereby afford Prospective Intervenor Worthy a right, at every step of the proceedings, to file duplicative papers.  However, Plaintiffs are more than willing to stipulate to allow Prospective Intervenor Worthy the right to participate in any future proceedings as *amici*.  Allowing her participation as *amici* strikes the proper balance between maintaining efficiency and allowing Prospective Intervenor Worthy the opportunity to be heard when appropriate. The Sixth Circuit has approved of amicus

participation as a substitute to permissive intervention. *See, e.g., Stupak-Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000); Brewer v. Republic Steel Corp., 513 F.2d 1222, 1225 (6th Cir. 1975).

Lastly, Prospective Intervenor Worthy expressly brought her motion pursuant to Rule 24(b)(1); however, she has asserted no claim or defense in common with Plaintiffs or Defendant. See *Diamond*, 476 U.S. at 77. Prospective Intervenor Worthy merely states that the relief Plaintiffs seek may impact her election as the Wayne County Prosecutor. The facts giving rise to Plaintiff Davis' constitutional claims pled and alleged in Counts I and II of the amended complaint (ECF No. 21), which specifically names and mentions Prospective Intervenor Worthy, are **undisputed** and are easily verifiable from the public records on file with the Wayne County Clerk, who statutorily, serves as the secretary to the Defendant Wayne County Board of Canvassers. See Mich.Comp.Laws §168.24e(2). Therefore, Prospective Intervenor Worthy has no such claim or defense of her own because she "asserts no actual, present interest that would permit [her] to sue or be sued . . . in an action sharing common questions of law or fact with those at issue in this litigation." *Diamond,* 476 U.S. at 77.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiffs pray that this Honorable Court DENY Prospective Intervenor Worthy's amended motion to intervene (ECF No. 45).

Dated: October 5, 2020                    Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2020, the foregoing document(s) was electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties and counsel of record.

Dated: October 5, 2020                    Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com