# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT DAVIS,  
And SHANE ANDERS,

      Plaintiffs,

vs.

WAYNE COUNTY BOARD OF CANVASSERS,

      Defendant,

and

KYM WORTHY,

      Proposed Intervenor-Defendant.

Case No. 2:20-cv-12127  
Hon. Nancy G. Edmunds

_____/

Andrew A. Paterson (P18690)  
Attorney for Plaintiffs  
2893 E. Eisenhower Pkwy  
Ann Arbor, MI 48108  
248-568-9712  
aap43@outlook.com

Janet Anderson Davis (P29499)  
Attorney For Board of Canvassers  
500 Griswold, 21st Floor  
Detroit, MI 48226  
313-347-5813  
jandersn@waynecounty.com

Melvin Butch Hollowell (P37834)  
Angela L. Baldwin (P81565)  
THE MILLER LAW FIRM, P.C.  
Attorneys for Intervenor-Defendant  
1001 Woodward, Suite 850  
Detroit, MI 48226  
313-483-0880  
mbh@millerlawpc.com,  
alb@millerlawpc.co

_____/

**BOARD OF CANVASSERS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

# ARGUMENT

## I. Abstention doctrines do preclude this matter.

In their response Plaintiffs argue that *Rooker Feldman* does not apply as the plaintiffs were not a party to the circuit court case and they are not state court losers. The Sixth Circuit Court of Appeals has explicitly rejected that same argument raised by Davis in *Davis v Johnson*, un pub opn, No. 16-2499, November 4, 2016. (Exhibit 1). In that case the Sixth Circuit noted that Davis' federal case "arose out of his interactions with the Wayne County, Michigan court system." The Court determined that the district court lacked subject matter jurisdiction. The Court noted that the various counts involved challenges to state campaign finance statutes and/or facts relating to a state action, *Bailer v Wayne Cty Election Comm'n*, Wayne County Circuit Court Case No. 16-011797-AW "in which Plaintiff and his sister, Desmond White, moved to intervene as parties in an action brought by Penelope Bailer". *Id*, page 5. In the instant state case, *Burton-Harris v Garrett*, (ECF 16-6), Davis also unsuccessfully moved to intervene. This court may also note that Davis was a party to the state court matters, *Davis v Wayne County Election Commission* (ECF 16-14) and *Hill v Winfrey* (ECF 18-1).

Plaintiffs also argue that the Board has not identified "a single state-court action involving the Plaintiffs that is litigating any facts regarding the 10 counts pled, and thus *Colorado River* should not preclude the matter. (ECF 62, page10).

1

*Burton-Harris v Garrett*, (ECF 16-6), *Davis v Wayne County Election Commission* and *Hill v Winfrey* involve fats regarding the counts in this matter.

As in *Davis v Johnson*, the counts in this matter involve challenges to state election statutes. Like the Sixth Circuit did in *Davis v Johnson*, this court should determine that it does not have subject matter jurisdiction.

## II. The court should decline to exercise supplemental jurisdiction.

Plaintiffs' response does not refute that this matter sounds in state law. He also does not dispute that several state law cases are currently pending and that this court risks issuing a decision contrary to those issued by the state courts. Whether this court exercises its supplemental jurisdiction is within its discretion. *United Mine Workers of Am v Gibbs*, 383 US 715 (1966). Dismissal of the state claims could only serve the principle of federal comity.

## III. MCL §168.582 is not unconstitutionally vague.

The Sixth Circuit Court of Appeals has already decided that the relevant statute does not appear vague. *In re Anders*, (ECF 39, page 3).

Plaintiffs argue that Anders did not run in a district race. (ECF 62, page 4). The Secretary of State, the chief elections officer according to MCL §168.21, has a duty to issue rules for the conduct of elections. MCL §168.31(1)(a). The Manual For Boards of County Canvassers advises that races for county-wide offices have their respective counties as their district. (ECF 48-2, page 6). Exhibit 2, page 13.

2

### IV.     MCL §168.871 does not violate due process.

Plaintiffs argue that the Board's determination that precinct #23 could not be recounted violated Anders' fundamental right to vote. (ECF 62, page 14).  It is axiomatic that before a federal court has jurisdiction, there must be a case or controversy.  USCA Const Art III § 2.  When a claim is such that judicial power is capable of acting on it, it is considered a case. *Johnson v Interstate Transit Lines,* 163 F2d 125 (10th Cir 1947).  There must be a statement of facts showing that defendant is acting or is threatening to act in such a way as to invade, or prejudicially affect the rights of plaintiff. *Aetna Life Ins Co of Hartford, Conn v Haworth,* 84 F2d 695, (8th Cir 1936), cert granted 299 US 536, 57 S Ct 190 (1936), revd on other grounds 300 US 227, 57 S Ct 461 (1937), reh den 300 US 687, 57 S Ct 667 (1937).  The Board submits that Plaintiffs have neither a case nor controversy.

Plaintiffs' argument ignores the language of MCL §168.871 which states:

> (1) The board of canvassers conducting a recount pursuant to this chapter shall recount all ballots of a precinct using an electronic voting system unless 1 or more of the following circumstances exist:
> (a) **The seal on the transfer case or other ballot container is broken or bears a different number than that recorded on the poll book, the breaking or discrepancy is not explained to the satisfaction of the board of canvassers, and security of the ballots has not been otherwise preserved**. (Emphasis added).

3

MCL §168.871(1)(a).

The purpose of the statute is to assure that only appropriately sealed containers are recounted. The rule governing the recountability of ballots in unsealed containers has been consistently upheld. In 1922, the Michigan Supreme Court stated:

> The evident purpose of the precautions prescribed in the statute **is to preserve the integrity of the ballots, so that, if necessary to resort to a recount thereof, it may be done with the assurance of having the ballots present the identical verity they bore when cast**. Something considered just as good will not satisfy the statute. **The mandate of the statute must be obeyed**. If not obeyed in every particular the ballots lose their verity in the eye of the law, and no evidence can be permitted to supply such loss. (Emphasis supplied).

*Smith v Bd of Canvassers of Saginaw Cty*, 220 Mich 318, 320; 189 NW 856 (1922).

The Legislature has passed laws that ensure that only ballots from sealed containers are to be recounted, for the purpose of preserving the elective franchise, pursuant to Article II. Michigan courts have consistently held that these requirements are mandatory in a recount.

> We hold, therefore, that, because the ballot box was properly sealed but the ballot bag was not so sealed and the number of names on the poll list did not equal the number of ballots in the box, the ballots are not recountable. Despite the explanation proffered for the discrepancy, we reach this conclusion in light of the statutory purpose to preserve the integrity of the ballots in the event a recount is necessary. (emphasis supplied).

4

*Poole v Bd of Canvassers of Wayne Cty*, 88 Mich App 299, 307; 276 NW2d 587 (1979).

This mandate is so strong that even the risk of an erroneous count cannot circumvent it:

> **The Legislature has evidently decided, however, that the need to guard against alteration of the vote between the original count and a recount outweighs the risk that the original court was erroneous and a recount will be circumvented by election workers**. '(M)andatory provisions must be given full effect, even though it results in disfranchisement of voters or prevention of recount.' (emphasis supplied).

*Ryan v Montgomery*, 396 Mich 213, 218, 240 NW2d 236, 239 (1976).

The Michigan Supreme Court has reaffirmed these principles and emphasized that statutory mandates must be followed:

> This Court has long recognized that "[t]he proceedings for a recount are purely statutory, and the statutory requirements must be observed." Simply put, "[n]oncompliance with statutory requirements concerning recounts precludes a recount."

*Atty Gen v Bd of State Canvassers*, 500 Mich 907; 911; 887 NW2d 786, 789 (Mich 2016).

Were this court to adopt Anders' argument, this court would depart from decades of Michigan election law and employ a non-uniform rule which would violate Due Process:

5

> We have held that "[t]he Due Process clause is implicated, and § 1983 relief is appropriate, in the exceptional case where a state's voting system is fundamentally unfair." "[D]ue process is implicated where the entire election process including as part thereof the state's administrative and judicial corrective process fails on its face to afford fundamental fairness." **Such an exceptional case may arise, for example, if a state employs "non-uniform rules, standards and procedures,"** that result in significant disenfranchisement and vote dilution, or significantly departs from previous state election practice. (internal citations removed) (emphasis supplied).

*Warf v Bd of Elections of Green Cty, Ky*, 619 F3d 553, 559 (6th Cir 2010).

Furthermore, the rule mandating that only ballots within sealed containers can be counted ensures that each ballot cast is valued equally. Discarding this rule would weaken this protection and violate each voter's Equal Protection rights:

> Equal protection applies as well to the manner of its exercise. Having once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another. It must be remembered that the right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise.

*League of Women Voters of Ohio v Brunner*, 548 F3d 463, 477 (6th Cir 2008).

In effect, Anders asks that this court institute a new recounting rule for his recount -- such, would be arbitrary. The provisions of the constitutions of the state of Michigan and the United States compel this court to follow the mandate of Michigan Election Law and only permit the recounting of the ballots within sealed

6

containers. Anders fails to allege any facts that suggest there was any intentional misconduct, practice, or discrimination by the Board.

**V. Anders is not an attorney and cannot serve as Prosecuting Attorney.**

The first state of Michigan constitution provided for the office of county prosecuting attorney by stating:

> There shall be an Auditor General and an Attorney General for the state, and a prosecuting Attorney for each of the respective counties, who shall hold their offices for two years, and who shall be appointed by the Governor, by and with the advice and consent of the senate, and whose powers and duties shall be prescribed by law.

Mich Const art 7§3 (1835). ECF 48-3.

It did not list any eligibility requirements for county prosecuting attorney.

Similarly, the amended constitution of 1850 also did not list eligibility requirements:

> In each organized county there shall be a sheriff, a county clerk, a county treasurer, a register of deeds and a prosecuting attorney, chosen by the electors thereof, once in two years, and as often as vacancies shall happen, whose duties and powers shall be prescribed by law. The board of supervisors in any county may unite the offices of county clerk and register of deeds in one office, or disconnect the same.

Mich Const art 10 §3 (1850). ECF 48-4.

At the general election in November 1852, C.S. May, a non-attorney, ran for prosecuting attorney and won. He was certified by the board of canvassers and was seated for the position. He was successfully challenged and unseated from the

7

office of county prosecuting attorney, in *People ex rel Hughes v May*, 3 Mich 598 (1855). The Michigan Supreme Court pointed out that the natural import of words rules to control its construction. The word "attorney" denotes one who may conduct civil or criminal business in the courts of law. Justice Martin emphasized the requirement that the prosecuting attorney be a member of the bar although the constitution failed to so state:

> [I]t was never supposed, nor would it for a moment have been contended, that any person who was not an attorney at law was eligible to the office of prosecuting attorney….
> No instance occurred, to my knowledge, in which, under that constitution, any persona was ever appointed to either of these offices who was not an attorney at law,…

*People ex rel Hughes v May, Id at* 606.

The statutory duties and powers of the county prosecuting attorney supported the construction that he must be a member of the state bar, and those duties could only be carried out by a licensed attorney. It was the court's duty to support the framers' intent as they "are presumed to have a knowledge of existing laws, and of their construction and the mode of their administration, and to act in reference to that knowledge as much as legislators are, .…" *People ex rel Hughes v May Id* at 610.

The Michigan Constitution was again amended in 1908 and addressed the office of county prosecuting attorney:

8

> There shall be elected biennially in each organized county a sheriff, a county clerk, a county treasurer, a register of deeds and a prosecuting attorney, whose duties and powers shall be prescribed by law. The board of supervisors in any county may unite the offices of county clerk and register of deeds in one office or separate the same at pleasure.

Mich Const art 10 §3 (1908). ECF 48-5.

The current constitution also addresses the office of county prosecuting attorney:

> There shall be elected for four-year terms in each organized county a sheriff, a county clerk, a county treasurer, a register of deeds and a prosecuting attorney, whose duties and powers shall be provided by law. The board of supervisors in any county may combine the offices of county clerk and register of deeds in one office or separate the same at pleasure.

Mich Const art 7 §4.

The tenet that one must be an attorney in order to be county prosecuting attorney remains true. In *Attorney General v Abbott*, 121 Mich 5406; 80 NW 372 (1899), Justice Hooker in his concurring opinion reiterated that previous legal principles are unchanged by the adoption of a new constitution:

> **It is argued that, inasmuch as the Constitution is silent upon the subject of the qualifications requisite to this office, we must recognize the right of any one to hold it**. Aside from the fact that we find few authorities supporting this claim, **we think that it is fallacious.** The Constitution does not say that aliens may not hold many of the highest public offices. Neither does it say that infants may not, nor that persons *non compos mentis* may not. Nor does it say that a man shall be compelled to support his wife, nor that she may pledge his credit for necessaries, nor that she cannot make a valid contract, nor that

9

> the presumption of coercion by her husband shall not attach when she is charged with crime. **Nor did the earlier Constitution declare that only attorneys-at-law could be prosecuting attorneys, yet the court so held in the case of** *People* **v.** *May,* **3 Mich. 610; and all of the other legal principles mentioned were unchanged by the adoption of the Constitution. It must be evident that, when a new Constitution is adopted, the legislative blackboard is not washed clean. On the contrary, existing laws and rights under them remain, except as clearly inconsistent with the terms of the Constitution.** (Emphasis added).

*Attorney General v Abbott*, *Id* at 546.

The interpretation of *People ex rel Hughes v May,* still holds true. Michigan Election law provides for eligibility for prosecuting attorney:

> A county clerk, a county treasurer, a register of deeds, a prosecuting attorney, a sheriff, a drain commissioner, and a surveyor shall be elected at the 2000 general November election and every fourth year after that. However, in a county in which 1 of these offices is abolished or combined as provided by law, no person shall be elected to that office in that county.

MCL §168.191.

That statute does not mention that the prosecuting attorney must be a member of the state bar. However, that statute does not change the constitutional interpretation. *Richardson v Hare*, 381 Mich 304; 60 NW2d 883 (1968) held that,

> Where a constitutional provision has received a settled judicial construction, and is afterward incorporated into a new or revised constitution, or amendment, it will be presumed to have been retained with a knowledge of the previous construction, and courts will feel bound to adhere to it.

*Richardson v Hare, Id* at 311.

Thus, in order to be a candidate for county prosecuting attorney, the contender must be a member of the state bar of Michigan. As Anders is not a member of the State Bar of Michigan, he cannot be sworn into that office.

Plaintiffs have failed to demonstrate sufficient factual matter to survive a motion to dismiss as required by *Bell Atlantic Corp v Twombley*, 550 US 544; 127 SCt 1955 (2007).

## CONCLUSION

Wayne County Board of Canvassers requests that this Honorable Court grant the Motion To Dismiss.

                                        Respectfully submitted,

BY: /s/*Janet Anderson Davis*
      Janet Anderson Davis (P29499)
      Lead Attorney
      Attorneys for Board of Canvassers
      500 Griswold, 21st Floor
      Detroit, Michigan 48226
      313- 347-5813

Dated: October 14, 2020      jandersn@waynecounty.com

## **CERTIFICATE OF SERVICE**

I certify that on October 14, 2020, I filed a copy of *BOARD OF CANVASSERS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT* with the clerk of the court using the electronic filing system, which will send electronic notification of this filing to all parties.

/s/*Susan Sweetman*
Paralegal