# EXHIBIT 1


Neutral
As of: October 8, 2020 7:41 PM Z

# *Davis v. Johnson*

United States Court of Appeals for the Sixth Circuit

November 4, 2016, Filed

File Name: 16a0595n.06

No. 16-2499

**Reporter**
664 Fed. Appx. 446 *; 2016 U.S. App. LEXIS 20353 **; 2016 FED App. 0595N (6th Cir.)

ROBERT DAVIS, Plaintiff-Appellant, v. RUTH JOHNSON, ROBERT J. COLOMBO, JR., CATHY M. GARRETT, and WAYNE COUNTY ELECTION COMMISSION, Defendants-Appellees.

**Notice:** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. *SIXTH CIRCUIT RULE 28* LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE *RULE 28* BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**Prior History:** [**1] ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN.

*Davis v. Wayne Circuit Clerk, 500 Mich. 877, 885 N.W.2d 473, 2016 Mich. LEXIS 2092 (Oct. 12, 2016)*
*Bailer v. Detroit City Clerk, 2016 Mich. App. LEXIS 1748 (Mich. Ct. App., Sept. 21, 2016)*

## Core Terms

Election, declaratory, warranto, ballot, quo, election-related, vexatious, expedite

## Case Summary

### Overview

HOLDINGS: [1]-Plaintiff's federal *42 U.S.C.S. § 1983* claims seeking removal of a state judge from a future matter that plaintiff planned to file were barred by the Rooker-Feldman doctrine. The alleged injuries were purportedly caused by judicial orders previously handed down by the judge; [2]-To the extent that plaintiff raised claims in which there had been no state-court judgment, which arguably were not barred by Rooker-Feldman, the claims were barred by *§ 1983*, which prohibited the granting of injunctive relief against judicial officers for acts taken in their official capacities.

### Outcome

Appeal dismissed; matter remanded with

instructions to dismiss any pending claims.

## LexisNexis® Headnotes

Civil Procedure > Appeals > Standards of Review > De Novo Review

Civil Procedure > ... > Preclusion of Judgments > Full Faith & Credit > Rooker-Feldman Doctrine

### *HN1*[ ] Standards of Review, De Novo Review

A court of appeals reviews de novo a district court's ruling that the Rooker-Feldman doctrine precludes subject matter jurisdiction over claims.

Civil Procedure > ... > Preclusion of Judgments > Full Faith & Credit > Rooker-Feldman Doctrine

### *HN2*[ ] Full Faith & Credit, Rooker-Feldman Doctrine

The Rooker-Feldman doctrine applies when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law. The key inquiry in deciding whether Rooker-Feldman applies is determining the source of the plaintiffs' alleged injury. If the source of the injury is the state court decision, then the Rooker-Feldman doctrine will prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

Civil Procedure > ... > Preclusion of Judgments > Full Faith & Credit > Rooker-Feldman Doctrine

### *HN3*[ ] Full Faith & Credit, Rooker-Feldman Doctrine

A federal claim is inextricably intertwined with a state court judgment and thus implicates Rooker-Feldman when the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

Civil Rights Law > Protection of Rights > Section 1983 Actions > Scope

### *HN4*[ ] Protection of Rights, Section 1983 Actions

By virtue of a 1996 amendment to *42 U.S.C.S. § 1983*, the statute prohibits the granting of injunctive relief against judicial officers for acts taken in their official capacities, except in situations where a declaratory decree has been violated or is unavailable.

Civil Procedure > Judicial Officers > Judges > Discretionary Powers

Civil Procedure > ... > Federal Declaratory Judgments > Discretionary Jurisdiction > Factors

### *HN5*[ ] Judges, Discretionary Powers

Courts exercise discretion in granting declaratory relief. Whether the use of a declaratory action would increase friction between the federal and state courts and improperly encroach upon state jurisdiction is one factor for federal courts to consider when determining whether to exercise their declaratory-judgment authority.

Civil Procedure > ... > Federal Declaratory Judgments > Discretionary Jurisdiction > Factors

HN6[⬇]  **Discretionary Jurisdiction, Factors**

Whether there is an alternative remedy which is better or more effective is a factor weighing against the exercise of declaratory-judgment authority.

Civil Procedure > Dismissal > Involuntary Dismissals

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions

HN7[⬇]  **Dismissal, Involuntary Dismissals**

The U.S. Court of Appeals for the Sixth Circuit has no requirement of always issuing a show cause order when a case is filed in the absence of jurisdiction. A challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question sua sponte. Fed. R. Civ. P. 12(h)(3) provides that if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

Civil Procedure > ... > Preclusion of Judgments > Full Faith & Credit > Rooker-Feldman Doctrine

HN8[⬇]  **Full Faith & Credit, Rooker-Feldman Doctrine**

Federal court review of state court rulings is ordinarily precluded by Rooker-Feldman where the state has made appellate review available in the state courts. The Rooker-Feldman doctrine prevents a party who loses in state court from appealing that decision to the lower federal courts, as only the Supreme Court has appellate jurisdiction over state court decisions.

**Counsel:** For ROBERT DAVIS, Plaintiff - Appellant: Andrew A. Paterson, Jr., Law Office, Novi, MI.

For ROBERT J. COLOMBO, JR., Defendant - Appellee: Ellen Sharf, Third Judicial Circuit Court of Michigan, Detroit, MI.

For CATHY M. GARRETT, WAYNE COUNTY ELECTION COMMISSION, Defendants - Appellees: Janet L. Anderson-Davis, Assistant Corporation Counsel, Wayne County Corporation Counsel, Detroit, MI.

**Judges:** BEFORE: CLAY, GIBBONS, and WHITE, Circuit Judges. HELENE N. WHITE, Circuit Judge, concurring and dissenting.

**Opinion by:** CLAY

## Opinion

 [*447] **CLAY, Circuit Judge**. Plaintiff Robert Davis moves this Court for an emergency order to expedite his appeal pursuant to *Sixth Circuit Court of Appeals Rule 27(f)*. Plaintiff appeals the dismissal of his claims against The Honorable Robert J. Colombo, Jr., Chief

Judge of the Wayne County Circuit Court, for constitutional violations under 42 U.S.C. § 1983 based on his First Amendment right to free speech and Fourteenth Amendment right to due process.

In this appeal, Plaintiff is essentially requesting that this Court prohibit Judge Colombo from presiding over a future election-related *quo warranto* complaint he plans to file on November 9, 2016, which will name Judge **[**2]** Colombo as a defendant and allege election fraud arising from orders Judge Colombo entered in prior state court election-related matters.[1]

For the following reasons, we **DISMISS** this appeal in its entirety for lack of subject matter jurisdiction and **REMAND** to the district court with instructions to dismiss any and all pending claims for lack of subject matter jurisdiction. As a result of this decision, Plaintiff's emergency motion to expedite the briefing schedule and this Court's decision is **DENIED AS MOOT**.

**A. Background**

Plaintiff's suit arises out of his interactions with the Wayne County, Michigan court system. Defendants in the instant complaint are individuals who work for the state government, Wayne County Election Commission, and the state court system, including Judge Colombo. The district court dismissed Plaintiff's claims against Judge Colombo on the basis of the *Rooker-Feldman* doctrine and judicial immunity. The **[**3]** district court also dismissed co-Plaintiff Tawanna Simpson from the case and held all proceedings in abeyance while Plaintiff proceeds with the formal administrative process provided by M.C.L. § 169.215(2).[2]

On appeal, Plaintiff (1) requests that this Court remove Judge Colombo from presiding over the future state election-related matter Plaintiff plans to file on November **[**4]** 9, 2016, and (2) challenges the district court's judicial immunity and *Rooker-Feldman* rulings. Because we determine that this Court and the district court lack subject matter jurisdiction over any of the claims asserted in this action, we only address Plaintiff's challenge to the *Rooker-Feldman* ruling inasmuch as the request to remove Judge Colombo and the judicial immunity challenge should be left to the state court to determine.

**[*448] B. Standard of Review**

**HN1**[↑] This Court reviews *de novo* the district court's ruling that the *Rooker-Feldman* doctrine precluded subject matter jurisdiction over the claims against Judge Colombo. McCormick v. Braverman,f 451 F.3d 382, 389 (6th Cir. 2006). **HN2**[↑] The *Rooker-Feldman* doctrine applies "when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law." McCormick, 451 F.3d at 395. "The key inquiry in deciding whether *Rooker-Feldman*

---

[1] Local Administrative Order 2015-15 for the State of Michigan Third Judicial Circuit provides that all actions involving election issues shall be assigned to Judge Colombo for purpose of administrative efficiency. (*See* R. 10-10, Ex. I, Local Administrative Order 2015-15.)

[2] On October 31, 2016, ten days after Plaintiff filed his notice of appeal, Plaintiff, through his attorney, Andrew Paterson, filed an emergency motion to reopen the case in district court. (*See* R. 28, Emergency Motion to Reopen Case; R. 26, Notice of Appeal.) On November 1, 2016, the district court denied Plaintiff's motion. (*See* R. 29, Order Denying Emergency Motion to Reopen Case.) Because the notice of appeal divested the district court of jurisdiction over those aspects of the case involved in the appeal, the district court should have struck the emergency motion from the docket as an improper filing. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")

applies is determining the source of the plaintiffs' alleged injury." *Reguli v. Guffee, 371 F.App'x 590, 595 (6th Cir. 2010)*. "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent **[\*\*5]** claim." *McCormick, 451 F.3d at 393*.

## C. Analysis

The claims in Plaintiff's instant complaint "could be read as challenges to state court orders which are barred by the *Rooker-Feldman* doctrine." *Reguli, 371 F.App'x at 595*. These allegations arise from state court orders concerning challenges to various candidates on the ballot for the Detroit Community School District Board of Education.

Specifically, Counts I through III of the instant complaint arise from Plaintiff's challenge to a provision of the Michigan Campaign Finance Act, *Mich. Comp. Laws §§ 169.247(1)*, *(6)* (1976), which prohibits the distribution of anonymous campaign literature unless the distributor is acting independently of a candidate or committee. Plaintiff asserts that Judge Colombo and other individuals employed by the state government, the state court system, and the election commission violated his *First Amendment* right to free speech by adversely ruling against him in prior state court actions and by not appealing Judge Colombo's decision as they relate to his challenges to the board of education candidates.

Counts IV through V, and VIII through IX, allege facts relating to the state action, *Bailer v. Wayne Cty. Election Comm'n*, Wayne County Circuit Court Case No. 16-011797-AW, filed on September 14, 2016, in which **[\*\*6]** Plaintiff and his sister, Desmond White, moved to intervene as parties in an action brought by Penelope Bailer. Bailer moved the court to reinstate her on the ballot because the Wayne County Election Commission removed her from the ballot due to the fact that she did not include her ward and precinct number in her Affidavit of Identity. Plaintiff alleges in the instant complaint that he was the one that informed the Wayne County Election Commission of **[\*449]** the deficiencies in Bailer's Affidavit of Identity. Judge Colombo denied Plaintiff and White's motion to intervene as moot and for lack of standing, and granted Bailer's writ of mandamus and ordered the Wayne County Election Commission to place Bailer's name on the ballot as a candidate for the City of Detroit Community School District. Plaintiff appealed to the Michigan Court of Appeals, which held that Plaintiff had no standing to appeal Judge Colombo's order. See *Bailer v. Detroit City Clerk, No. 334823, 2016 Mich. App. LEXIS 1748, 2016 WL 5328522 (Mich. Ct. App. Sept. 21, 2016)*. Plaintiff then sought leave to appeal to the Michigan Supreme Court, which denied his application for leave to appeal. *See Bailer v. Detroit City Clerk, 500 Mich. 860, 884 N.W.2d 788 (Mich. 2016)*. In the instant complaint, Plaintiff alleges that the Wayne County Election Commission retaliated against him by failing to appeal Judge Colombo's **[\*\*7]** order since Plaintiff brought the deficiencies in Bailer's affidavit to the Election Commission's attention. Plaintiff goes on to allege that "[t]he Defendant Election Commission thus so retaliated against Plaintiff Davis for exercising his *First Amendment* Rights by purposefully failing and refusing to appeal Defendant Judge Colombo's erroneous . . . Order." (R. 10, Amended Complaint, PageID# 185.)

Count VI relates to another election case, *Davis v. Garrett*, Wayne County Circuit Court Case No. 16-012226-AW, filed on September 23, 2016, in which Plaintiff and his sister filed a

complaint against Wayne County court employees, the Wayne County Election Commission, Bailer, and the Detroit City clerk. Plaintiff and White sought removal of Bailer's name from the 1,300,000 ballots that had been printed and delivered. Judge Colombo dismissed the complaint as violative of *Michigan Court Rule 2.114(D)(2)*, *(3)* and barred by the doctrine of laches. Judge Colombo found that Plaintiff, White and their attorney, Andrew Paterson, filed a frivolous complaint not grounded in fact and not warranted by existing law or a good-faith argument. Judge Colombo also subjected Plaintiff, White, and Paterson to attorney fees and costs. Plaintiff then filed a motion **[**8]** for disqualification of Judge Colombo which was denied in an order by judge Colombo and in an order entered by The Honorable Timothy M. Kenny, Judge Pro Tem of the Wayne County Circuit Court. Plaintiff filed an application for leave to appeal, which was denied by the Michigan Supreme Court prior to decision by the Michigan Court of Appeals because the Michigan Supreme Court was not persuaded that the questions presented should be reviewed before consideration by the Michigan Court of Appeals. *See Davis v. Wayne Circuit Clerk, 500 Mich. 877, 885 N.W.2d 473 (Mich. 2016)*.

Count VII relates to Judge Colombo's opinion ordering Bailer's name to be put back on the ballot in *Bailer v. Wayne Cty. Election Comm'n*, Wayne County Circuit Court Case No. 16-011797-AW. In the instant complaint, Plaintiff claims that this order created the alleged election fraud which he claims will be the basis of his November 9, 2016 *quo warranto* action against Judge Colombo and other individuals.

Plaintiff is essentially moving the district court and this Court to remove Judge Colombo from a future election-related *quo warranto* matter in Wayne County Circuit Court which he plans to file on November 9, 2016 concerning alleged election fraud stemming from Judge Colombo's prior state court **[**9]** orders. The injuries alleged by Plaintiff in the instant complaint are purportedly caused by the judicial orders handed down by Judge Colombo. *See McCormick, 451 F.3d at 391-92* ("In both [*Rooker* and *Feldman*], the losing party in state court filed suit in federal court after the state court proceedings ended, complaining of an injury caused by the state-court judgment and seeking rejection of that judgment. Plaintiffs in both cases, alleging federal-question jurisdiction, called upon the District Court to overturn an injurious state-court judgment." (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 289, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005))*; *see also Executive Arts Studio, Inc. v. City of Grand Rapids, 391 F.3d 783, 793 (6th Cir. 2004)* (*HN3*[↑]] "[A] federal claim is inextricably intertwined with a state court judgment and thus implicates *Rooker-Feldman* when the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." (internal quotations and citation omitted).) Moreover, the instant complaint fails to assert an independent claim that would bring the case outside the scope of the *Rooker-Feldman* **[*450]** doctrine. *McCormick, 451 F.3d at 393*.

We recognize that there is an argument that *Rooker-Feldman* does not bar Davis' claims where there has been no state-court judgment. The only claims of this type that we have identified relate to Davis' allegations in Counts VI and VII, in which **[**10]** he challenges the local administrative rules requiring all election cases to be submitted to Judge Colombo, including the upcoming case in which Judge Colombo is allegedly going to be a defendant, and asks for the removal of Judge Colombo. But these claims are barred as well, even if *Rooker-Feldman* is inapplicable. *HN4*[↑]] By virtue of a 1996 amendment to *42 U.S.C. §*

*1983*, the statute prohibits the granting of injunctive relief against judicial officers for acts taken in their official capacities, except in situations where a declaratory decree has been violated or is unavailable. *Ward v. City of Norwalk, 640 F. App'x 462, 467 (6th Cir. 2016)*. Davis makes no argument that declaratory relief is unavailable. Of course, HN5[↑] courts exercise discretion in granting declaratory relief and granting Davis relief might well be seen as an improper encroachment on state jurisdiction. *See Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 554 (6th Cir. 2008)* (noting that "whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction" as one factor for federal courts to consider when determining whether to exercise their declaratory-judgment authority). And ripeness would certainly be an issue as well. In addition, Davis has an alternative remedy under Michigan law. **[\*\*11]** *See Mich. Ct. R. 2.003* (outlining the conditions under which a party may request the removal of a judge from its case); *see also Flowers, 513 F.3d at 554* (listing HN6[↑] "whether there is an alternative remedy which is better or more effective" as another factor weighing against the exercise of declaratory-judgment authority). But none of that means the relief is unavailable. Thus, based on the language of *§ 1983*, this Court has no authority to grant any relief to Davis regarding claims asserted in Counts VI and VII.[3]

In conclusion, we find that this entire matter should be **[\*\*12]** in state court since we lack subject matter jurisdiction to entertain it. Therefore, the district court and this Court are precluded from reviewing Plaintiff's challenges to the state court orders.

Although not pertinent to the adjudication of this appeal, we find it important to note that Plaintiff Robert Davis and his attorney, Andrew Paterson, have a prolific history litigating cases in Michigan state courts and federal courts. Their filings could be defined, in many instances, as repetitive, vexatious, and frivolous. As it pertains to this appeal, Plaintiff filed in state court and federal district court a complaint involving the upcoming election, Plaintiff attempted to intervene in another action involving the upcoming election, and Plaintiff filed countless appeals in all three actions. This litigation history encompasses **[\*451]** only those election-related matters from September and October of 2016 that are connected to the instant appeal.

Prolific and vexatious litigators "which abuse[] the judicial process" can be appropriately sanctioned for such conduct. *See generally Chambers v. NASCO, Inc., 501 U.S. 32, 44-45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)* (discussing a court's inherent authority to fashion an appropriate sanction for an attorney who abuses the judicial **[\*\*13]** process and acts in bad faith, vexatiously, wantonly, or for oppressive reasons). Plaintiff's filings related to the instant "emergency" appeal border on the line of vexatious inasmuch as the proper forum for Plaintiff's alleged injuries is clearly the state court.

To the extent that Plaintiff is dissatisfied with the disposition of his matter before the Wayne

---

[3] The separate concurrence/dissent filed in connection with this matter incorrectly asserts that this Court's ruling departs from "this court's usual practice of issuing a show cause order . . . when we question our jurisdiction *sua sponte*." Contrary to this assertion, HN7[↑] our Court has no requirement of always issuing a show cause order when a case is filed in the absence of jurisdiction. *See Kontrick v. Ryan, 540 U.S. 443, 455, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004)* (citing *Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462 (1884)* (challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte*)); *Fed. R. Civ. P. 12(h)(3)* ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

County Circuit Court, there exists an adequate state court appellate process via appeal to the Michigan Court of Appeals and the Michigan Supreme Court. HN8[↑] Federal court review of state court rulings is ordinarily precluded by *Rooker-Feldman* where the state has made appellate review available in the state courts. See McCormick, 451 F.3d at 396 ("The *Rooker-Feldman* doctrine prevents a party who loses in state court from appealing that decision to the lower federal courts, as only the Supreme Court has appellate jurisdiction over state court decisions.") Plaintiff should not be allowed to "waste the court's time and resources with cantankerous conduct." Chambers, 501 U.S. at 53 (citation and internal quotation marks omitted).

### D. Conclusion

Accordingly, we **DISMISS** this appeal in its entirety for lack of subject matter jurisdiction and **REMAND** to the district court with instructions to [**14] dismiss any and all pending claims for lack of subject matter jurisdiction.

**Concur by:** HELENE N. WHITE

**Dissent by:** HELENE N. WHITE

## Dissent

**HELENE N. WHITE, Circuit Judge, concurring and dissenting**.

The sole issue before us is whether to grant Davis's motion to expedite briefing and decision. I join in the denial of that motion. I dissent, however, from the panel's departure from this court's usual practice of issuing a show cause order inviting the appellant's response when we question our jurisdiction *sua sponte*. There is no need to reach the jurisdictional issue at this time, and appellant should be permitted to address the issues raised by this order.

Although it is certainly correct that this court must be sure of its own jurisdiction, Davis appeals only those aspects of the district court's order that dismissed Chief Judge Colombo as a defendant. Only two counts of the complaint (Counts VI and VII) were directed at Chief Judge Colombo, and those counts asked only for prospective declaratory relief. Thus, the doctrine of absolute judicial immunity, applied by the district court, is irrelevant.

As to the *Rooker-Feldman* doctrine, I agree that Count VI—which seeks a declaration that the Wayne Circuit Court's administrative [**15] assignment rule is unconstitutional as applied to Davis's yet-to-be-filed *quo warranto* action because Chief Judge Colombo is actually biased against him--was effectively rejected by the state courts in denying Davis's motion for disqualification of Chief Judge Colombo in a prior state proceeding. Count VII, however, challenges the case-assignment rule in the context of the yet-to-be filed *quo warranto* action on the basis that Chief Judge Colombo will be a party to that action. Davis has not challenged the assignment rule on that basis in state court and I would not dismiss that claim based on the [*452] *Rooker-Feldman* doctrine. Further, Davis expressly seeks declaratory relief, not injunctive relief, thus the 1996 amendatory language is not at issue. Nevertheless, declaratory relief is a matter of discretion, *see* Scottsdale Ins. Co. v Flowers, 513 F.3d 546, 554 (6th Cir. 2008), and I agree that there are other reasons why the Michigan state courts should address the issue of Chief Judge Colombo's recusal in the first instance, after

the state *quo warranto* case is filed and Davis challenges the application of the assignment rule in the context of that case. For this reason, I join in the denial of Davis's motion to expedite this appeal.

It may very well **[**16]** be that defendants have arguments for dismissal of this appeal, but they have not responded to Davis's motion and have not challenged this court's jurisdiction. Further, this court must itself be satisfied that jurisdiction is proper. But the practice of the court is to issue a show cause order when it has reason to believe that an appeal is not properly before it. Here, the court dismisses the appeal and orders the district court to dismiss the case without giving Davis any opportunity to argue against such actions. Davis might be a vexatious litigator, but he is still entitled to notice and an opportunity to be heard, especially when this court grants relief in excess of that ordered by the district court and which defendants do not seek. For these reasons, I would deny the motion for expedited briefing and decision, but would not at this point order *sua sponte* that the appeal be dismissed or that the district court dismiss the case, and instead would permit the parties to address the jurisdictional issue.

**End of Document**