UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS and SHANE ANDERS,

    Plaintiffs,

v.

WAYNE COUNTY BOARD OF
CANVASSERS,

    Defendant.
_____/

Case No. 20-12127

Honorable Nancy G. Edmunds

**ORDER GRANTING MOTION TO INTERVENE AND
DENYING MOTION FOR SANCTIONS [15] [36] [37] [45] [60]**

In this election related lawsuit, Plaintiffs challenge current Wayne County Prosecutor Kim Worthy's inclusion on the November 3, 2020 general election ballot as the Democratic Party's nominee for the office of Wayne County Prosecutor. Plaintiffs seek, among other things, a preliminary injunction against the Wayne County Board of Canvassers preventing the certification of the August 4, 2020 primary results through which Prosecutor Worthy became the Democratic Party's candidate in the upcoming general election.

Prosecutor Worthy believes Plaintiffs' amended complaint directly implicates her rights. Accordingly, she seeks to intervene in this dispute pursuant to Federal Rule of Civil Procedure 24. Her amended motion to intervene is currently pending before the Court.[1] (ECF No. 45.) Plaintiffs oppose the motion to intervene.[2] (ECF No. 59.) Plaintiffs

---

[1] This order also resolves Prosecutor Worthy's original motion to intervene. (ECF No. 15.)

[2] Plaintiffs' response to the amended motion to intervene and their corresponding motion requesting an extension of time to file a response were untimely. Plaintiffs' motion for an extension of time also failed to comply with the Local Rules of this Court. Notwithstanding, the Court will grant Plaintiffs' motion for an extension of time (ECF No. 60) and consider Plaintiffs' response as if it was timely filed.

1

also seek sanctions against Prosecutor Worthy for seeking to intervene. (ECF Nos. 36 & 37.)  Having considered the entire record in this matter, the Court finds Plaintiffs motion for sanctions should be **DENIED**, and Prosecutor Worthy's motion to intervene should be **GRANTED**.

Under Federal Rule of Civil Procedure 24(a)(2), "the court must permit anyone to intervene" who files a "timely motion" and who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Ohio State Conference of N.A.A.C.P. v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) (quoting FED. R. CIV. P. 24(a)(2)).  The Sixth Circuit interprets Rule 24's language to mean that the party seeking to intervene must show that: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Id.* (quoting *Blount–Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011)).

Prosecutor Worthy satisfies this standard.  Her original motion to intervene was filed within two weeks of the filing of Plaintiffs' original complaint, and before Plaintiff Shane Anders even became a party.  Prosecutor Worthy's substantial legal interest in this case is clear: Plaintiffs are challenging her candidacy for the August 4, 2020 Democratic Primary and the November 3, 2020 general election.  She would certainly be impacted by a ruling affecting her candidacy.  And she has demonstrated the Wayne

County Board of Canvassers, a neutral governmental entity, cannot adequately represent her rights in this litigation. Thus she has satisfied Rule 24's standard for intervention.

Plaintiffs, on the other hand, have not established that they are entitled to sanctions. Even if the Court had found that the motion to intervene lacked merit, there is no evidence that the motion is frivolous or that it was brought in bad faith. It also appears that Plaintiffs abandoned their Rule 24(c) argument in their response to Prosecutor Worthy's amended motion to intervene, which was at least part of the original basis for arguing that the motion to intervene lacked merit.

In sum, the Court finds Prosecutor Worthy has satisfied Rule 24 and is entitled to intervene in this dispute. Her motion (ECF No. 45) is hereby **GRANTED.** It is further ordered that Plaintiffs' motion for sanctions (ECF Nos. 36 & 37) are hereby **DENIED**.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  October 28, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 28, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager